# EXHIBIT

# A

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

Michael Patrick Murray, *et al.,*          )
                                            )
            Plaintiffs,                     )
                                            )
                   v.                       )          C.A. No. 01-2631 (TPJ)
                                            )
Motorola, Inc., *et al.,*                   )
                                            )
            Defendants.                     )

Dino Schofield,                             )
                                            )
            Plaintiff,                      )
                                            )
                   v.                       )          C.A. No. 02-0606 (TPJ)
                                            )
Matsushita Electric Corporation             )
Of America, *et al.,*                       )
                                            )
            Defendants.                     )

Pamela Cochran, *et al.,*                   )
                                            )
            Plaintiffs,                     )
                                            )
                   v.                       )          C.A. No. 02-0607 (TPJ)
                                            )
Audiovox Corporation, *et al.,*             )
                                            )
            Defendants.                     )



| | |
|---|---|
| David Keller, *et al.*, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | )    C.A. No. 02-0608 (TPJ) |
| | ) |
| Nokia, Inc., *et al.*, | ) |
| | ) |
| Defendants. | ) |

| | |
|---|---|
| Richard Schwamb, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )    C.A. No. 02-0609 (TPJ) |
| | ) |
| Qualcomm Incorporated, *et al.*, | ) |
| | ) |
| Defendants. | ) |

| | |
|---|---|
| Baldassare Agro, *et al.*, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | )    C.A. No. 02-0610 (TPJ) |
| | ) |
| Motorola, Inc., *et al.*, | ) |
| | ) |
| Defendants. | ) |

## DEFENDANTS' NOTICE OF TAG-ALONG ACTIONS AND MOTION FOR A STAY

This notice is to inform the Court of developments within the past several weeks that significantly affect the above-captioned cases. These developments may warrant a stay of consideration of plaintiffs' pending remand motions until a decision by the Judicial Panel on

Multidistrict Litigation ("JPML") whether to transfer these cases for inclusion in ongoing multidistrict litigation in the District of Maryland.[1]

As the Court is aware, the above cases all assert claims of brain cancer and other injuries allegedly caused by radio frequency ("RF") emissions from wireless telephones; each of the complaints also attacks the adequacy of FCC regulation of RF emissions. On June 18, the JPML transferred a case involving similar claims and allegations against many of the defendants herein from the Southern District of California to be consolidated with *In re Wireless Telephone Radio Frequency Emissions Products Liability Litigation*, MDL-1421, pending before the Honorable Catherine C. Blake in the District of Maryland. Also within the past few weeks, two additional brain cancer cases have been filed in state courts in Georgia and Texas against many of the defendants herein and both have been removed to federal court. Finally, on June 21, in the RF emissions products liability actions previously consolidated by the JPML in the District of Maryland, Judge Blake issued an opinion finding federal question jurisdiction that is highly relevant to the cases before this Court.

Because of the recent filing of new brain cancer cases and the JPML's decision to transfer one of them to the MDL proceeding, defendants in the Texas, Georgia and District of Columbia cases have notified the JPML that all of these cases are "tag-along actions" involving common questions of fact with the actions previously transferred to the MDL proceeding before Judge Blake. These developments and defendants' request for a stay are described in more detail below.

## The MDL Proceeding

---

[1] Pursuant to Local Rule 7.1(m), defendants' counsel conferred with plaintiffs' counsel, who indicated he would oppose this motion for a stay.

In 2000 and 2001, putative class actions were filed in state court in Louisiana, Maryland, Pennsylvania and New York and each was removed to federal court. Most of the defendants in the cases before this Court are defendants in the class actions. The class action plaintiffs did not seek recovery for brain cancer or other manifested physical injury but instead alleged that wireless telephones emitted hazardous levels of RF emissions even though compliant with FCC standards. Under various product liability and tort theories, plaintiffs sought relief in the form of free headsets, warnings and instructions.

On October 31, 2001, the JPML found that these actions involved common questions of fact and accordingly consolidated and transferred these cases to Judge Blake, "who already has relevant experience with some issues likely involved in this litigation." Transfer Order, MDL Docket No. 1421 (Oct. 31, 2001) at 2 (Order attached as Exhibit 1). Judge Blake earlier had been assigned the Maryland class action and was also presiding over a separate brain cancer case.[2] Subsequently, a fifth class action filed in the Northern District of Georgia was noticed as a "tag-along action" and transferred by the JPML to Judge Blake. Transfer Order, MDL Docket No. 1421 (Nov. 28, 2001) (Order attached as Exhibit 2).

In each of the five actions initially consolidated before Judge Blake, plaintiffs had moved to remand to state court. In the Louisiana case, commenced many months before the others, the plaintiff's motion to remand was briefed and denied before the defendants sought consolidation. The transferor judges in the later-filed actions either stayed all proceedings pending the JPML's decision on consolidation or had not decided the remand issue by the time of transfer. Accordingly, Judge Blake became responsible for deciding the federal question issue in those actions. She directed the parties to file consolidated briefs and held oral argument on February

---

[2] Judge Blake held a *Daubert* hearing in the brain cancer case, *Newman v. Motorola*, in February this year and a decision is pending.

15, 2002. Her decision finding federal question jurisdiction was issued on June 21. (Copy

attached as Exhibit 3.)

## The *Brower* Case

*Brower, et al. v. Motorola Inc., et al.,* No. 3:02-56, was filed in California state court by a

husband and wife alleging brain cancer following his use of wireless telephones. Most of the

defendants in *Brower* are defendants in the cases before this Court. Defendants removed the

case to federal court and filed a notice of a "tag-along" action with the JPML after the plaintiffs

amended the complaint to add class action allegations challenging FCC regulation like those in

the actions pending before Judge Blake. On March 22, 2002, Judge Keep in the Southern

District of California granted Motorola's motion to stay further proceedings pending a transfer

decision by the JPML. The JPML recently ordered transfer of *Brower* to the MDL proceeding

"for reasons expressed by the Panel in its original order directing centralization in this docket."

Transfer Order, MDL Docket No. 1421 (Jun. 18, 2002) at 1 (copy attached as Exhibit 4).

## The *Horn* and *Barrett* Cases

On May 6, 2002, *Horn v. Motorola, Inc., et al.,* was filed in Texas state court. As in the

cases before this Court and as in *Brower,* plaintiff alleged brain cancer caused by RF emissions

from wireless telephones. Most defendants in *Horn* are defendants in the cases before this Court.

Defendants removed *Horn* to the United States District Court for the Western District of Texas

on June 14, 2002.

On May 29, 2002, *Barrett, et al. v. Nokia, Corp., et al.,* was filed in Georgia state court.

As in these cases, *Brower* and *Horn, Barrett* involved brain cancer claims allegedly caused by

RF emissions. Most defendants in *Barrett* are defendants in these cases. Defendants removed

*Barrett* to the United States District Court for the Northern District of Georgia on June 28.

- 4 -

## Notice of Tag-Along Actions

When the first of the cases now before this Court was filed (the *Murray* case), defendants were not faced with the present number of cases alleging personal injury from RF emissions. Since the filing of *Murray*, five more cases have been filed in the District of Columbia and, in the past month, two new cases have been filed in Texas and Georgia. Defendants now face the burdens of defending themselves in multiple venues in actions raising common factual and legal issues. These are the very problems that consolidation and transfer pursuant to 28 U.S.C. § 1407 were designed to address.

The *Brower* case first presented the question whether cases including brain cancer claims should be consolidated in the MDL proceeding. The JPML's decision two weeks ago established that the fact issues in such cases are sufficiently related to the products liability class actions to warrant inclusion in the proceeding before Judge Blake. Accordingly, defendants have notified the JPML that the six cases before this Court, *Horn* and *Barrett* are "tag-along actions" that the JPML should evaluate for transfer and consolidation with MDL 1421. (Copy of tag-along notice attached as Exhibit 5.)

## Suggestion for a Stay

Defendants respectfully suggest that the Court stay its consideration of the pending remand motions in order to allow the JPML to determine whether these cases should be consolidated with MDL 1421. If the District of Columbia, Georgia and Texas cases are transferred to Judge Blake, a stay would permit her to make a uniform ruling on removal jurisdiction and, indeed, to do so quickly and efficiently by applying her June 21 rulings on federal question jurisdiction to the additional cases. The JPML has signaled its approval of this

- 5 -

procedure. *See Brower* Transfer Order at 1 ("[T]he pending motion to remand *Brower* to

California state court can be presented to and decided by the transferee judge.").

There is ample case law support for this approach. Courts routinely stay proceedings

pending a decision by the JPML on whether to transfer a case into a multi-district proceeding.

*See, e.g., Portnoy v. Zenith Labs*, No. 86-3512, 1987 WL 10236, at *1 (D.D.C. Apr. 21, 1987).[3]

More specifically, courts routinely allow the transferee judge to decide common jurisdictional

issues to save resources and assure consistent adjudication of critical issues. *See In re*

*Bridgestone/Firestone, Inc., ATX, ATX II & Wireless Tires Prods. Litig.*, 2000 U.S. Dist. LEXIS

15926 at *1, *6-7 (J.P.M.L. Oct. 24, 2000) ("[J]urisdictional and remand motions can be

presented to and decided by the transferee judge.").[4]  Indeed, several judges in the class actions

---

[3] *See also Rivers v. Walt Disney Co.*, 980 F. Supp. 1358, 1362 (C.D. Cal. 1997) ("[A]
majority of Courts have concluded that it is often appropriate to stay preliminary pretrial
proceedings while a motion to transfer and consolidate is pending with the MDL Panel because
of the judicial resources that are concerned."); *Good v. Prudential Ins. Co. of Amer.*, 5 F. Supp.
2d 804, 809 (N.D. Cal. 1998) ("Courts frequently grant stays pending a decision by the MDL
Panel regarding whether to transfer a case"); *Stewart-Sitzmore v. Bridgestone/Firestone, Inc.*,
No. 00-1289 (C.D. Ill. Sept. 14, 2000) (granting stay pending ruling by JPML on transfer and
coordination motion); *Falgoust v. Microsoft Corp.*, No. 00-0779, 2000 U.S. Dist. LEXIS 5417
(E.D. La. Apr. 19, 2000) (same); *Weinke v. Microsoft Corp.*, 84 F. Supp. 2d 989 (E.D. Wis.
2000) (same); *Aikins v. Microsoft Corp.*, No. 00-0242, 2000 WL 310391 (E.D. La. Mar. 24,
2000) (same); *D's Pet Supplies v. Microsoft Cor.*, Nos. 99-76056, 99-76086, 99-76202, 00-
70481, 2000 U.S. Dist. LEXIS 16482 (E.D. Mich. Feb. 7, 2000) (same); *Dumont v. Charles
Schwab & Co.*, No. 99-2840 c/w 99-2841, 2000 U.S. Dist. LEXIS 619 (E.D. La. Jan. 20, 2000)
(same); *Tench v. Jackson Nat'l Life Ins. Co.*, No. 99 C 5182, 1999 U.S. Dist. LEXIS 18023
(N.D. Ill. Nov. 10, 1999) (same); *Aetna U.S. Healthcare, Inc. v. Hoechst Aktiengesellschaft*, 48
F. Supp. 2d 37, 43 (D.D.C. 1999) (same); *American Seafood, Inc. v. Magnolia Processing, Inc.*,
Nos. 92-1030, 92-1086, 1992 WL 102762, at *2 (E.D. Pa. May 7, 1992) ("This court has
determined that a stay pending the disposition of the JPML motion is appropriate under the
circumstances."); *Arthur Magna, Inc. v. Del-Val Fin. Corp.*, No. 90-4378, 1991 WL 13725
(D.N.J. Feb. 1, 1991) (granting stay because it fosters the purpose of the MDL statute to
coordinate related litigation).

[4] *See also In re Ivy*, 901 F.2d 7, 9 (2d Cir. 1990); *Siewert-Sitzmore*, slip op. at 5-6
(granting stay of proceedings, noting that "issues of federal jurisdiction . . . have been raised in
some and are likely to be raised in other pending cases. Based on this Court's experience, this

that have been transferred to MDL 1421 issued a stay pending the JPML's decision on whether to consolidate.

## Judge Blake's Decision

Should the Court decide to address the remand issue, Judge Blake's opinion strongly supports denial of plaintiffs' remand motions. The rationale of her decision is squarely applicable here: "[T]he plaintiffs' suits, though couched in the language of state tort and contract law, have only one goal -- to challenge in state court the validity and sufficiency of the federal regulations on radio frequency radiation from wireless phones. Because plaintiffs' suits are a disguised attack on federal law in an area of national importance, the court will exercise jurisdiction over plaintiffs' claims." Slip op. (Exhibit 3) at 2.

More specifically, Judge Blake found federal jurisdiction under both the substantial federal question doctrine and artful pleading doctrine -- two of the same doctrines relied upon by defendants in these cases. With respect to the substantial federal question doctrine, Judge Blake held that remand to state courts would create "the risk of fifty different states articulating fifty different rules about whether and to what extent they may set RF safety standards. . . ." *Id.* at 21. Such conflicting decisions "could create market instability and prevent the maintenance of an unimpeded national network of rapid and efficient telecommunication service, a goal of significant importance to national commerce and security. With these federal interests figuring so centrally to plaintiffs' case, removal is fully justified." *Id.* at 21-22.

---

case appears to be appropriate for JPML review and consolidation or coordination."); *Falgoust,* 2000 U.S. Dist. LEXIS 5417, at *6-*7 (staying action in deference to pending MDL motion notwithstanding pendency of remand motion); *Weinke,* 84 F. Supp. 2d at 989-90 (same); *Akins,* 2000 U.S. Dist. LEXIS 4371, at *3-*4 (same); *D's Pet Supplies,* 2000 U.S. Dist. LEXIS 16482, at *2 (same); *Tench,* 1999 U.S. Dist. LEXIS 18023, at *3 (same).

Even more so than in the complaints before Judge Blake, the complaints in these cases make a broad attack on the adequacy of FCC regulation of RF emissions. Plaintiffs allege that: (i) there are *no* federal regulations that assure the safety of wireless phones; ii) the FCC's RF emissions regulations do not adequately protect public health; (iii) wireless phones that comply with the FCC's RF emissions regulations are nevertheless "defective" and "unreasonably dangerous" under state law; (iv) the specific absorption rate ("SAR") testing required by the FCC is inadequate; (v) the FCC has failed to exercise independent judgment about the appropriate level of RF emissions; (vi) the wireless phone systems operated by defendants and regulated heavily by the FCC are defective under state law because they have not been "upgraded" to be "portable compatible;" and (vii) the federal government is not able to protect consumers from the alleged dangers of wireless phones. *See generally* Defendants' Consolidated Opposition to Plaintiffs' Motions to Remand at 15-16, 29. Thus, Judge Blake's concerns about disruption of the nationally uniform system of FCC regulation created by Congress apply with even more force in these cases.

Judge Blake also found federal jurisdiction under the artful pleading doctrine because plaintiffs were attempting to relitigate a challenge to the FCC's RF emissions standard that the Second Circuit had rejected in *Cellular Phone Taskforce v. FCC,* 205 F.3d 82 (2d Cir. 2000), *cert. denied,* 510 U.S. 1070 (2001). Judge Blake found that plaintiffs, through the artful pleading device, were trying to disguise a federal claim as a state one: "[R]ather than directly attack the federal requirements in the appropriate forum, plaintiffs are attempting to circumvent the [Federal Communications Act's] comprehensive regulatory scheme by pursuing stricter safety measures . . . under state tort law." *Id.* at 25. She thus found federal jurisdiction because the artfully pled state law claims were really federal ones.

- 8 -

This holding also directly applies to these cases.  Plaintiffs here are attacking the adequacy of the FCC's standard and the safety of wireless telephones on the same grounds rejected in *Cellular Phone Taskforce*. *See* Defendants' Consolidated Opposition to Plaintiffs' Motions to Remand at 44-45.

## Conclusion

For the foregoing reasons, defendants respectfully suggest that it would be appropriate to stay consideration of the pending remand motions in these cases until the JPML determines whether these actions should be transferred to MDL 1421.  Alternatively, defendants respectfully submit that Judge Blake's recent decision strongly supports denial of the pending remand motions.

Respectfully submitted,

Mark F. Horning
D.C. Bar No. 203323
Thomas M. Barba
D.C. Bar No. 414280
STEPTOE & JOHNSON LLP
1330 Connecticut Avenue, N.W.
Washington, D.C.  20036
Telephone:  (202) 429-8126
*Counsel for AT&T Corp. and AT&T Wireless Services, Inc.*[5]

---

[5] Counsel for all other defendants have authorized counsel for defendants AT&T Corp. and AT&T Wireless Services, Inc. to sign on their behalf.

- 9 -