IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| IN RE WIRELESS TELEPHONE RADIO | : | |
| FREQUENCY EMISSIONS PRODUCTS | : | MDL No.1421 |
| LIABILITY LITIGATION | : | |
| | : | |
| | : | |
| THIS DOCUMENT RELATES TO: | : | |
| *Dahlgren v. Audiovox, et al.* | : | |
| No.1:02cv4001 | : | |

**PLAINTIFF'S REPLY TO DEFENDANTS' RESPONSE AND
OPPOSITION TO PLAINTIFFS MOTION FOR REMAND**

Pursuant to this Court's scheduling Order of February 12, 2003, Plaintiff in the above captioned matter hereby submits her Reply to Defendants' Response and Opposition to Plaintiff's Motion for Remand as follows:

## I.  INTRODUCTION

In their "Response and Opposition to Plaintiffs' Motion to Remand," ("Remand Opposition") Defendants base the propriety of their removal on the erroneous and unsupported notion that this case is identical to the *"Pinney* cases" in which remand has already been denied by this Court.[1]  However, Defendants' nearly exclusive reliance on this Court's previous remand ruling is misplaced because significant factual and legal differences exist between the present case and the *Pinney* cases.  These material distinctions render this Court's rulings with respect to those cases largely inapplicable here.

In the first instance, unlike the *Pinney* cases, this case does not involve allegations of common law fraud, battery, strict liability, breach of warranties, or civil conspiracy on the part of the Defendants.[2]  Nor does this case seek damages or relief - such as headsets, enjoinments, or other injunctive relief - that might conflict with the considered (and rejected) findings and regulations of the administrative agencies tasked with regulating wireless communications.

---

[1] *In re Wireless Telephone Radio Frequency Emissions Products Liability Litigation,* 216 F.Supp.2d 474 (D.Md.,2002) (hereinafter, "*In re Wireless*" or, as applicable, the "Pinney" cases).  The "*Pinney* cases" is the collective term that refers to *Pinney, et al. v. Nokia, et al.* (D.Md.), *Farina v. Nokia, et al.* (E.D.Pa.), *Gilliam, et. al. v. Nokia, Inc., et. al.* (S.D.N.Y.), *Gimpelson v. Nokia, Inc., et. al.* (N.D.Ga.), *Naquin, et. al., v. Nokia, Inc., et al.* (E.D.La.), No. MDL 1421, CIV.A. 01-MD-1421.

[2] Plaintiff's Complaint states causes of action against Defendants under the Maryland Consumer Protection Act, MD. Comm. Law Code Ann. § 13-101 *et seq.* ("Maryland CPA"), Complaint, ¶¶ 87 - 95, and the District of Columbia Consumer Protection Procedures Act, D.C. Code § 28-3901 *et seq* ("DC CPPA"), Complaint, ¶¶ 96 - 102.  Plaintiff's Complaint also contains a Count for Unjust Enrichment, ¶¶ 103 - 106.

Importantly, this case <u>does not</u> attack the adequacy of the RFR emissions standards adopted by the FCC, or rely upon the resolution of a substantial federal question in order for Plaintiff to obtain relief.

In the *Pinney* cases, this Court held that "[r]emoval might not be warranted if plaintiffs could prevail without a court evaluating the validity and sufficiency of the federal standards." Federal jurisdiction does not arise here, where Plaintiff does not challenge the validity of federal statutes or regulations, or rely upon the federal law to obtain their proposed remedies.

Plaintiff does not attack the adequacy of the FCC's RFR emissions standards. Plaintiff instead seeks only to apply the state statutory protections afforded consumers from misrepresentations and omissions in consumer transactions. Thus, Defendants assertion that Plaintiff's claims "challenge" the FCC regulations or put them directly "in dispute," Def.'s Brief at 11, 14, is fiction, . Likewise, Defendants' contention that Plaintiff's claims "would undermine Congress's goal of uniform federal regulation" is both baseless and better suited to a preemption argument. Def.'s Brief at 14.

In addition to mischaracterizing both the allegations of Plaintiff's complaint, as well as the relief requested therein, Defendants fail to enunciate, much less apply the standard upon which the determination of removal jurisdiction hinges: that Plaintiff's state law cause of action raises a question of substantial federal importance, *and* that the answer to that question satisfies a necessary element of Plaintiff's cause of action. In fact, Defendants do not even identify the alleged "substantial federal question" supposedly raised by Plaintiff's state law cause of action. Thus, even if Defendants' distortions of the nature of Plaintiffs allegations and claims for relief were true (which they are not), Defendants could not sustain their burden of showing that

removal was proper, since these assertions, standing alone, could not suffice to confer removal jurisdiction.

Notwithstanding Defendants' repeated and mistaken assertions to the contrary, this case does not involve questions of federal law sufficiently substantial to trigger the Court's removal jurisdiction. As both Plaintiff's Complaint and her Motion for Remand make clear, this case would not require this or any other Court to pass on the validity or the effectiveness of the SAR or RFR standards. Rather, Plaintiff cites the exposure standards by way of background in her effort to enforce state law claims. The relief sought by Plaintiff is not only consistent with the federal regulatory scheme surrounding wireless communications, but would complement the regulatory scheme by promoting the uniformity of service and regulation sought by Congress, the FCC, and the Courts through that system.

## II.    ARGUMENT

Defendant removed this action to federal court based on the unsupported contention that Plaintiff's statutory claims require the construction of federal law, that Plaintiff's common law claims arise under federal common law, that the Defendants themselves are federal actors or act under color of federal office, and that Plaintiff's claims are completely preempted by the Communications Act of 1934, § 1, as amended, 47 U.S.C.A. § 151 (hereinafter, the "FCA" or the "Act").[3] Defendants' contentions misconstrue Plaintiff's complaint and the relevant case law regarding federal jurisdiction, including this Court's own rulings.

---

[3] As explained in greater detail in Section 4, below, Defendants have apparently decided, in light of this Court's rulings in *In Re Wireless*, not to offer arguments in support of their contention that federal removal jurisdiction is present based upon the doctrine of complete federal preemption, and their actions under the color or direction of governmental authority, pursuant to 28 U.S.C. §1442.

### A. Standard for Removal Jurisdiction

The federal standards for the propriety of removal are well established. The general federal removal statute, 28 U.S.C. § 1441, allows removal by defendants of any state court action "of which the district courts of the United States have original jurisdiction."[4] *See Mulcahey v. Columbia Organic Chem. Co.,* 29 F.3d 148, 151 (4th Cir. 1994). Where, as here, the removing party does not allege diversity jurisdiction, this Court's original jurisdiction must be based upon an action "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. *Mulcahey*, 29 F.3d at 151; *Rosciszewski v. Arete Assocs., Inc.,* 1 F.3d 225, 230 (4th Cir.1993).

In order to determine if an action arises under federal law, federal Courts apply the well-pleaded complaint rule. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392, 107 S. Ct. 2425, 2429-30 (1987); *see also In Re Wireless,* 216 F. Supp. 2d at 480. This rule provides that federal subject matter jurisdiction exists only when a federal question is pleaded on the face of a properly pleaded complaint. *Id.* As a result, a plaintiff, as master of the complaint, "may avoid federal jurisdiction by exclusive reliance on state law." *Id.* This rule applies even if the facts alleged also would support a claim under federal law. *See Franchise Tax Board of California v. Construction Laborers Vacation Trust,* 463 U.S. 1, 22, 103 S. Ct. 2841 (1983).

In addition, a defendant cannot remove a case "on the basis of a federal defense, including the defense of preemption, even if the defense is anticipated in the plaintiff's complaint,

---

[4] Section 1441 provides, in pertinent part, that "any civil action brought in a state court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441.

and even if both parties concede that the federal defense is the only question truly at issue" since such a defense does not appear on the face of a properly pleaded complaint. *Caterpillar*, 482 U.S. at 393, 107 S. Ct. at 2430.

If, as Defendants here contend, a disputed question of federal law exists as part of Plaintiff's state law cause of action, federal question jurisdiction might still be found. In such a circumstance, a district court's federal-question jurisdiction, "extends over 'only those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law,'" *Christianson v. Colt Indus. Operating Corp.,* 486 U.S. 800, 808, 108 S. Ct. 2166, 2173-74 (1988)(citing *Franchise Tax Board,* 463 U.S. at 27-28). Moreover, jurisdiction exists only if that question "is a necessary element of one of the well-pleaded ... claims." *Id.*, at 13.

A federal question is substantial when the federal issue is decisive because vindication of rights depends on construction of federal law. *Franchise Tax Bd.*, 463 U.S. at 9. A substantial disputed federal question alone, however, is insufficient by itself to confer jurisdiction. Thus, for example, where Plaintiff's causes of action are created by state law, and no disputed question of federal law is a necessary element of one of those state law claims, there is no federal jurisdiction over the matter.

Because removal jurisdiction raises "significant federalism concerns," it therefore must be strictly construed. *Mulcahey,* 29 F.3d at 151 (*citing Shamrock Oil & Gas Corp. v. Sheets,* 313 U.S. 100, 61 S. Ct. 868, 85 L. Ed. 1214 (1941)). The burden of establishing federal jurisdiction is on the party seeking removal. *Id.* (citing *Wilson v. Republic Iron & Steel Co.,* 257 U.S. 92, 42 S. Ct. 35, 66 L. Ed. 144 (1921)). "If federal jurisdiction is doubtful, a remand is necessary." *Id.*

(citing *In re Business Men's Assur. Co. of Am.,* 992 F.2d 181, 183 (8th Cir.1993)); *see also Cheshire,* 758 F. Supp. at 1102.

Here, each of Plaintiff's specifically alleged causes of action – violations of the Maryland CPA and the DC CPPA, – is, on its face, a state law claim. Defendants do not contend that the FCA or any other federal law "created" the causes of action under which Plaintiff has brought her claims. Thus, in order to establish federal question jurisdiction, Defendants must demonstrate that resolution of Plaintiff's claims under District of Columbia and Maryland law will depend on the resolution of a substantial question of federal law, and that the resolution of that question will satisfy a necessary element of Plaintiff's causes of action. As explained more fully below, Defendants cannot sustain that burden..

### B. Plaintiff's Claims Do Not Raise a Substantial Federal Question

As this Court noted in *Maryland v. Philip Morris Inc.,* 934 F. Supp. 173, 178 (D. Md. 1996), "the fact that questions of federal law may need to be determined during the course of state litigation is insufficient to confer federal question jurisdiction under the substantial federal question doctrine. Rather, "the existence of federal question jurisdiction must be determined by 'principled, pragmatic distinctions,' and 'careful judgments about the exercise of federal judicial power'; only where the 'federal interest at stake' is substantial will federal jurisdiction lie." *Custer v. Sweeney,* 89 F.3d 1156, 1168 (4th Cir.1996) (quoting *Merrell Dow Pharm., Inc. v. Thompson,* 478 U.S. 804, 813-14, 814 n. 12, 106 S. Ct. 3229, 92 L. Ed.2d 650 (1986)). "[T]he proper test for federal jurisdiction [is] 'the degree to which federal law must be in the forefront of the case and not collateral, peripheral or remote." *In Re Wireless*, 216 F. Supp.2d at 481 (citing *Mulcahey*, 29 F.3d at 152 (quoting *Merrell Dow,* 478 U.S. at 813 n. 11, 106 S. Ct. 3229)).

Moreover, as noted above, in cases where, as here, Defendants must assert that plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law," *Christianson,* 486 U.S. at 808, 108 S. Ct. at 2173-74, Defendants must *further* show that the federal question to be resolved satisfies "a necessary element of one of the well-pleaded ... claims." Id., at 13, 103 S. Ct. at 2848.   This, Defendants fail to do.

For instance, Defendants' naked assertion that "Dahlgren's Challenges to the Comprehensive Regulatory Scheme Governing Wireless Phone Safety Create Federal Question Jurisdiction," Def.'s Brief at 9, must fail, for at least two reasons.  First, as is plain on the face of Plaintiff's Complaint, Ms. Dahlgren does not, in fact, challenge the regulatory scheme governing wireless phone safety, as the *Pinney* plaintiffs did.  *See*, Cmplnt, ¶¶ 4, Thus, Plaintiff's claims herein do not "put the validity of the federal regulations, and the process by which they were developed, directly into dispute." *In Re Wireless,* 216 F. Supp.2d at 488.  Second, Defendants have not even attempted to identify the specific "Substantial Federal Question" allegedly raised by Plaintiff's consumer protection causes of action, much less identified the  "necessary element" of Plaintiff's state law cause of action which would be satisfied by the answer to the missing federal question, as required by *Fed. Tax. Board* and *Christianson.*  Instead, Defendants merely attempt to draw as many (albeit non-existent) factual and legal parallels between Ms. Dahlgren's case and the *Pinney* cases as possible, in an attempt to mislead the Court into deciding that the cases are interchangeable.  Defendants' "cookie-cutter" approach to pleading is woefully inadequate.  As such, their entreaties for federal jurisdiction should fail.

      **1.**      **Plaintiff's Allegations, Unlike Those Brought in the *Pinney* Cases, Do Not Attack the Validity of the Federal Regulation of Wireless Communications, and Thus Do Not Implicate A Federal Question**

In their responsive pleadings, Defendants first posit the unsupportable argument that the "failure to warn" allegations brought by Plaintiff here are "virtually the same as those made in the Pinney cases." Def's brief at 6. This assertion is mistaken on a number of levels. First, Defendants mischaracterize Plaintiff's claims under the Maryland CPA and the DC DCCPA as "failure to warn" claims, in an apparent effort to lump Plaintiff's consumer protection claims into the same category of strict products liability, fraud, fraudulent concealment, negligence and conspiracy claims brought in the *Pinney* cases, claims which directly attacked the validity of the FCC's regulation of RFR emissions. *See In Re Wireless*, 216 F. Supp.2d at 487. Elsewhere, Defendants expressly refer to Plaintiff's statutory consumer protection claims as "Fraud Claims," Def.'s Brief at 9, and misstate the proof required under the applicable statutes. *Id.* Unlike Plaintiff's claims herein, however, the claims made by the *Pinney* plaintiffs did "put the validity of the federal regulations, and the process by which they were developed, directly into dispute," *id* at 488, resulting in this Court's finding that resolution of the *Pinney* claims would necessarily implicate the resolution of a substantial question of federal law. *Id* at 491; *see also Christianson*, 486 U.S. at 808.

Similarly, Defendants attempt to equate Plaintiff's request for relief in the present case with the damages sought in the *Pinney* cases and, in so doing, wildly distort the actual damages requested by Plaintiff. For instance, Defendants do note correctly that both the *Pinney* plaintiffs and Ms. Dahlgren requested statutory damages and equitable damages in the form of revised warnings. More tellingly, however, Defendants fail to mention that, as the Court noted in *In Re Wireless*, that the *Pinney* plaintiffs demanded that the Court:

>(1) declare that wireless phones that are in compliance with the FCC's safety regulations on radio frequency emissions are "unreasonably dangerous" under state law when sold without headsets;
>
>(2) enjoin defendants from selling FCC-compliant wireless phones without headsets;
>
>(3) order defendants to provide free headsets to all wireless telephone users; and
>
>(4) order defendants to provide "warnings" to consumers about the "dangers" of using FCC-compliant phones.

Based on these demands, this Court denied remand, finding that "[a]s illustrated by the relief requested, the plaintiffs' suits, though couched in the language of state tort and contract law, have only one goal--to challenge in state court the validity and sufficiency of the federal regulations on radio frequency radiation from wireless phones." 216 F. Supp. 2d at 479.

Here, by contrast, Plaintiff has <u>never</u> attacked the validity of FCC wireless regulations by requesting that phones manufactured in compliance with these regulations be deemed "unreasonably dangerous" without headsets. Nor, for that matter, has Plaintiff ever demanded headsets, or compensation for their purchase, which the *Pinney* court characterized as the "gravamen" of the *Pinney* cases. *Id*. at 488 ("the gravamen of these complaints is to attack the lack of a headset requirement under the federal RF safety rules").

Rather than attacking the FCC wireless regulations, Plaintiff's causes of action seek funding of research into the health and safety of cellular telephone use, refund of purchase price, standardized testing protocols to be established by Defendants, and a disclosure of the debate in the scientific community regarding the absolute safety of the cellular phones. Cmplnt., pp. 31-32.

-10-

2.  **Defendants Utterly Fail Either to Identify the Federal Questions at Issue or the "Necessary Element" of Plaintiff's Causes of Action be satisfied by the Resolution of the Federal Question**

As noted above, the burden of establishing federal jurisdiction is on the party seeking removal. *Mulcahey,* 29 F.3d at 151 (*ciations omitted).* Where, as here, Defendant does not assert that federal law creates the Plaintiff's cause of action, Defendant must show that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law,'" *Christianson v. Colt Indus. Operating Corp.,* 486 U.S. 800, 808, 108 S. Ct. 2166, 2173-74 (1988)(citing *Franchise Tax Board,* 463 U.S. at 27-28). Moreover, jurisdiction exists only if that question "is a necessary element of one of the well-pleaded ... claims." *Id.*, at 13. If more than one cause of action is pleaded, Defendant must show that a necessary element of each cause of action must be satisfied by resolution of a federal question. *Greer v. Crown Title Ins.*, 216 F.Supp.2d 519 (D.M.D. 2002).

Here, Defendants simply cannot carry their burden of showing that removal jurisdiction exists, for the simple reason that they have not even attempted to do so. Though Defendants do manage to assert that this action is removable under the "substantial federal question doctrine," Def.'s Brief at 4, nowhere in their brief do Defendants even attempted to enunciated the applicable test, or even a simplified version of it. Instead, their Response and Opposition to Plaintiff's Motion to Remand is devoted exclusively to asserting (mistakenly) the ways in which they believe that the present case is similar to the *Pinney* cases decided by this Court in *In Re Wireless,* presumably because it assumed that this Court would simply rubber stamp the decision in this case based on its previous decision. As a result, Defendants devote nearly fifteen pages to unsupported assertions that Plaintiff's claims in the instant case either attack or challenge the

federal wireless regulatory scheme, thereby bringing the statute in dispute. However as the standard for removal makes clear, that is not enough to confer removal jurisdiction.

Needless to say, because Defendants have not even attempted to tie together the elements necessary to show the propriety of removal, they have failed to meet their burden, and the case should be remanded.

### 3. Plaintiff Has Not Engaged in "Artful Pleading"

In *In Re Wireless*, this Court stated that, "under the doctrine of 'artful pleading,' a court is permitted to look behind a complaint to determine whether a plaintiff is attempting to conceal the federal nature of his claim by fraud or obfuscation." 216 F.Supp.2d at 487 *, citing, Philip Morris Inc., supra,* 934 F.Supp. at 175. The application of artful pleading is "most appropriate in cases where federal law altogether preempts and supplants state law, but plaintiff seeks to avoid the effect of preemption by pleading only state causes of action." *Id.*. However, as this Court has

Though Defendants assert that this action is removable under the artful pleading doctrine, Def.'s Brief at 4, the fail their repeated assertions that the present case is "virtually identical" to the *Pinney* cases could be construed to invoke the issue of "artful pleading," which this Court found to exist in the *Pinney* cases and cited as further reason warranting remand. *Id.,* at 493. Plaintiff will therefore confront the issue by reiterating that she has not engaged in any attempt to distort the nature of her claim, but instead, simply seeks redress under the applicable state statutes.

### 4. Defendants Do Not Even Attempt to Establish Federal Jurisdiction Under the "Federal Officer" Removal Statute, 28 U.S.C. § 1442, or the "Complete Preemption" Doctrine

Finally, in their Remand Opposition, Defendants all but abandon their stated reliance on 28 U.S.C. § 1442, which confers federal auestion jurisdiction based on actions "done under color of the actor's governmental office." Wright, Miller, & Cooper, 14B Fed. Prac. & Proc. Juris.3D § 3727 (2002). As with their Petition to Remove, Defendants fail to offer any argument whatsoever to support their assertion of federal jurisdiction under § 1442.

Defendants also appears to have abandoned hope that this Court will entertain its arguments in support of federal jurisdiction based upon the "complete preemption" doctrine. Instead, in order to preserve the issue for possible appeal, Defendant merely states, in a footnote, that "Defendants also believe that the 'complete preemption' doctrine and 'federal officer' removal statute support removal of *Dahlgren* as they did in the *Pinney* cases." Def.'s Brief at 4, Fn 3.

As Plaintiff noted in her Motion for Remand and her Memorandum in Support thereof, the purpose of § 1442 is "to protect government officials enforcing federal laws." *Ruffin v. Armco Steel Corp.*, 959 F. Supp 770, 772 (S.D. Tex. 1997) (citing *Mesa v. California*, 489 U.S. 121, 126 (1989)). Section 1442(a) was enacted over concern that "state governments hostile to duly enacted federal laws would be able to frustrate the implementation of [federal] laws by bringing (or allowing to be brought) civil or criminal actions in state court against the federal officials responsible for their implementation." *Brown & Williamson Tobacco Corp. v. Wigand*, 913 F. Supp. 530, 533 (W.D. Ky. 1996). The federal subject matter jurisdiction conferred by § 1442(a) allows "those whose federal activity may be inhibited by state court actions to remove to the presumably less biased forum of federal court." *Ryan,* 781 F. Supp. at 939.

The Court in *Mesa,* detailed the requirements that a removing party must meet in order to establish federal jurisdiction under § 1442(a): (1) that the removing party acted under the direction of a federal officer; (2) the existence of a "colorable" federal defense to the plaintiffs' claims; and (3) the presence of a causal nexus between plaintiffs' claims and the acts it performed under the color of a federal office. *See Mesa*, 489 U.S. at 124-25. Defendants have failed to meet any of these requirements, or even provide any argument in support of their burden. For these reasons, Defendants' assertion of federal jurisdiction under § 1442 should be rejected.

### III.  CONCLUSION

In their Remand Opposition, Defendants attempt to graft the facts and law applicable to another class of cases onto the instant case, in an attempt to create "substantial" federal question jurisdiction where none exists. Defendants fail not only to meet their burden of demonstrating the need to resolve a substantial federal question, they fail to properly enunciate that burden. Ms. Dahlgren's claims neither attack the validity of the federal regulation of wireless communications, nor rely upon federal law for her ability to recover. Thus, because Defendants have not and can not meet his burden of demonstrating that federal question jurisdiction exists, Plaintiff respectfully requests that this Court remand the present action, pursuant to 28 U.S.C. § 1447, to the Superior Court of the District of Columbia whence it was removed.

Respectfully submitted,

Date: March 31, 2003

　　/s/ Tracy D. Rezvani
Burton H. Finkelstein (#11558)
Richard M. Volin (#13554)
Tracy D. Rezvani (#MD13281)
**FINKELSTEIN THOMPSON & LOUGHRAN**
The Duvall Foundry

1050 30th Street, N.W.<br>
Washington, DC 20007<br>
(202) 337-8000<br>
(202) 337-8090 fax

Stephen A. Sheller
**SHELLER, LUDWIG & BADEY**
1528 Walnut Street, 3rd Floor
Philadelphia, PA 19102
(215) 790-7300
(215) 546-0942 fax

### CERTIFICATE OF SERVICE

This is to certify that I have this day served a true and correct copy of the within and foregoing document upon all counsel of record via electronic service as ordered by this Court.

Dated: March 31, 2003

  /s/ Charles E. Mangan
**SHELLER, LUDWIG & BADEY**
1528 Walnut Street, 3rd Floor
Philadelphia, PA 19102
(215) 790-7300
(215) 546-0942 fax