FINKELSTEIN, THOMPSON & LOUGHRAN

ESTABLISHED 1977

DUVALL FOUNDRY
1050 30TH STREET, N. W.
WASHINGTON, D. C. 20007

TELEPHONE: (202) 337-8000
FACSIMILE: (202) 337-8090
WWW. FTLLAW. COM

FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2003 JUL -8 P 12: 37

CLERK'S OFFICE
AT BALTIMORE

BY_____ .DEPUTY

June 11, 2003

VIA ECF

Honorable Catherine C. Blake
United States District Court for the District of Maryland
U.S. Courthouse
101 West Lombard Street
Baltimore, MD 21201

RE:   Dahlgren v. Audiovox Communications Corp. et al (CCB-02-4001)

MDL-No - 1421

Dear Judge Blake:

On June 6, 2003, Your Honor requested briefing on *Beneficial National Bank.v. Anderson*, No. 02-306, 2003 WL 21251449 (U.S. June 2, 2003) and the potential impact on Plaintiff Sarah Dahlgren's outstanding motion for remand. Moreover, the Court requested commentary on the advisability of staying the decision on this motion pending the Fourth Circuit's ruling in the *Pinney* matter. I am writing as counsel for Ms. Dahlgren to respond to the Court's requests.

1.    **The Effect of *Beneficial* on *Dahlgren***

The Supreme Court in *Beneficial National Bank.v Anderson*, No. 02-306, 2003 WL 21251449 (U.S. June 2, 2003) stated that: "There is, in short, no such thing as a state-law claim of usury against a national bank." *Id.* at *5. The Court reasoned that, because the National Bank Act ("NBA") provides the sole and exclusive cause of action for usury against nationally-chartered banks such as Beneficial, *any* cause of action for usury brought in *any* court against *any* national bank can arise only under Federal law, and thus, is properly subject to removal jurisdiction. *Id.*

The scenario described in *Beneficial* is in drastic contrast to the allegations contained in the *Dahlgren* complaint, and the majority holding is therefore readily distinguishable. Unlike the non-existent state usury claims asserted in *Beneficial*, state-law consumer fraud claims against telephone companies, (even wireless telephone companies) - as alleged in the *Dahlgren* complaint - are commonplace. Furthermore, unlike the statute cited in *Beneficial*, the statute cited by defendants in *Dahlgren* as the basis for federal question jurisdiction, (the Federal Communications Act or "FCA"), provides neither a prescribed remedy for the damages alleged in the *Dahlgren* complaint nor any

FINKELSTEIN, THOMPSON & LOUGHRAN

*Dahlgren* Letter brief re: *Beneficial National Bank*
Page 2

ordained procedure for obtaining relief. Indeed, far from implying complete preemption, the FCA contains a savings clause that expressly preserves state law causes of action such as those contained in the *Dahlgren* complaint.

As explained below, the Court's holding in *Beneficial* cannot resuscitate Defendant's insufficient efforts to demonstrate that Plaintiff's cause of action arises under federal law or that federal jurisdiction is otherwise appropriate.

A.     The *Beneficial* Decision

The Court's decision in *Beneficial* reiterates the standard for removal if the claim is one that "arises under" federal law. The Court made clear that only a claim that is affirmatively and explicitly brought under federal law is properly removed. Further:

> To determine whether the claim arises under federal law, we examine the "well pleaded" allegations of the complaint and ignore potential defenses: "a suit arises under the Constitution and laws of the United States **only when the plaintiff's statement of his own cause of action** shows that it is based upon those laws or that Constitution. . . . Thus, **a defense that relies on . . . the pre-emptive effect of a federal statute**, [citation omitted], **will not provide a basis for removal**. As a general rule, absent diversity jurisdiction, **a case will not be removable if the complaint does not affirmatively allege a federal claim.**

*Beneficial*, 2003 WL 21251449, at *3 (emphasis added).

The only exception to the "well-pleaded complaint" rule is where Congress has written a statute with an "unusually powerful pre-emptive force" either explicitly, such as the Price-Anderson Act, or impliedly as in the Labor Management Relations Act of 1947 ("LMRA"), and the Employee Retirement Income Security Act of 1974 (ERISA"). *Beneficial*, 2003 WL 21251449, at *3. These statutes were written with pre-emptive force "so powerful as to displace entirely any state cause of action" and any suit touching upon their subject matter would be "purely a creature of federal law". *See id* (citing *Franchise Tax Bd. of Cal. v. Construction Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 23-24 (1983)). The Court concluded:

> Thus, a state claim may be removed to federal court in only two circumstances--when Congress expressly so provides, such as in the

FINKELSTEIN, THOMPSON & LOUGHRAN

*Dahlgren* Letter brief re: *Beneficial National Bank*
Page 3

> Price- Anderson Act, *supra*, . . ., or when a federal statute wholly
> displaces the state-law cause of action through complete pre-emption
> [such as in the LMRA and ERISA statutes].

*Beneficial*, 2003 WL 21251449, at *4.

The Court noted that Congress, in drafting the NBA, did not expressly include a preemptive statement. Thus, the Court looked to whether the statute was written in a manner that implied complete preemption. The Court outlined a test that for such implied complete preemption:

> In the two categories of cases where this Court has found complete
> pre-emption--certain causes of action under the LMRA and
> ERISA--the federal statutes at issue provided the exclusive cause of
> action for the claim asserted and also set forth procedures and
> remedies governing that cause of action.

*Beneficial*, 2003 WL 21251449, at *4. Prior to the *Beneficial* decision, the NBA was repeatedly held to completely preempt the field. *Id.* at *5. Moreover, the NBA outlined elements of a claim against a national bank, provided a statute of limitations, and a remedy. *Id.* at 4. Thus, the plaintiffs' complaint in *Beneficial* satisfied the second prong of the test pronounced by the Supreme Court. Consequently, removal was proper.

**B.    *Dahlgren* Distinguished**

Unlike the statues at issue in *Beneficial*, the FCA does not contain an explicit statement of preemptive powers. In fact, the converse is true. 47 U.S.C. § 414 explicitly notes that, "[n]othing in this chapter contained shall in any way abridge or alter the remedies now existing at common law or by statute, but the provisions of this chapter are in addition to such remedies." The FCA also does not impliedly preempt the field. *Id.* The FCA has specifically carved out broad categories of claims and regulations that are under the purview of state law; specifically, consumer protection matters. 42 U.S.C.A §332(c)(3)(A); H.R. Rep. No. 111, 103rd Cong., 1st Sess. 260 (1993), *reprinted in*, 1993 U.S.C.C.A.N. 378, 588; *see also Kellerman v. MCI Telecomm.Corp.*, 493 N.E.2d 1045 (Ill.1986), *cert. denied*, 107 S. Ct. 434 (state consumer fraud statute not preempted by FCA); *Cooperative Comm., Inc. v. AT & T Corp.*, 867 F. Supp. 1511 (D. Utah 1994)(same). Finally, the FCA does not contain any parameters for the instant consumer protection claims or procedures and remedies governing those claims. *Cf.* 47 U.S.C.A. §401 *et seq.* (procedural and administrative provisions

FINKELSTEIN, THOMPSON & LOUGHRAN

*Dahlgren* Letter brief re: *Beneficial National Bank*
Page 4

governing claims by and against carriers for violations and/or enforcement of the FCA). Thus, under the rubric of *Beneficial*, removal of the *Dahlgren* matter should not stand.[1]

2.    **A Stay Pending The *Pinney* Appeal Is Not Warranted In *Dahlgren***

Although the Fourth Circuit will necessarily look to the *Beneficial* decision when reviewing the *Pinney* appeal, the *Dahlgren* matter is significantly different – both legally and factually - from *Pinney*. First, the *Dahlgren* complaint does not include counts based on common law fraud, battery, strict liability, breach of warranties, or civil conspiracy. Nor does *Dahlgren* seek damages or relief - such as headsets, enjoinments, or other injunctive relief - that might conflict with the considered findings and regulations of the administrative agencies tasked with regulating wireless communications. Importantly, this case does not attack the adequacy of the Radio Frequency Radiation ("RFR") emissions standards adopted by the Federal Communication Commission ("FCC"), or rely upon the resolution of a substantial federal question in order for Plaintiff to obtain such relief. Rather, as the complaint and pleadings in support of remand make clear, the *Dahlgren* case would not require this Court or any other court to pass on the validity or effectiveness of the Specific Absorption Rate ("SAR") or RFR standards. Rather, Plaintiff cites the exposure standards merely in an effort to enforce state law claims. Given those significant differences, Plaintiff Dahlgren submits that the Supreme Court's latest pronouncement on the removal powers of federal courts, although instructive, is neither inconsistent with nor directly applicable to the issues raised in her motion for remand. However, Plaintiff does not object to a stay of the decision on her motion for remand if such a stay would serve the interests of judicial economy.

---

[1]Plaintiff's position is also consistent with additional language offered by Justice Scalia in his dissent, which expands upon the meaning of "federal question jurisdiction":

> Of critical importance here, the rejection of a federal defense as the basis for original federal-question jurisdiction applies with equal force when the defense is on of federal pre-emption. "By unimpeachable authority, **a suit brought upon a state statute does not arise under an act of Congress or the Constitution of the United States** because prohibited thereby." [citation omitted] "[A] case may not be removed to federal court on the basis of ... the defense of pre-emption ...." [citation omitted].

*Beneficial*, 2003 WL 21251449, at *6 (emphasis added).

FINKELSTEIN, THOMPSON & LOUGHRAN

*Dahlgren* Letter brief re: *Beneficial National Bank*
Page 5

Sincerely,

Tracy D. Rezvani

cc:    Charles Mangan