**FARUQI & FARUQI, LLP**

ATTORNEYS AT LAW

320 EAST 39TH STREET
NEW YORK, NEW YORK 10016
(212) 983-9330

TELECOPIER: (212) 983-9331

July 14, 2003

Honorable Catherine C. Blake
United States District Court for the District of Maryland
United States Courthouse
101 West Lombard Street
Baltimore, MD 21201

Re:     Brower v. Motorola, Inc. et al., CCB-02-2089

Dear Judge Blake,

    We write as counsel for the estate of Gibb Brower and his widow Kim Brower, plaintiffs in the above captioned consolidated action. We appreciate the Court affording us the opportunity to comment on the U.S. Supreme Court's recent decision in Beneficial National Bank v. Anderson, 123 S.Ct. 2058 (2003) and its effect on our clients' pending remand motion.

    A trend over the last decade has been the defense bar's persistent attempt to push the doctrine of ordinary preemption into the scope of the doctrine of complete preemption. For purposes of a remand motion, of course, the fact that ordinary preemption may be asserted as a defense does not confer federal jurisdiction. Beneficial at 2064.

    The Beneficial case concerned the existence of a state cause of action for usury against a nationally-chartered bank. The Court held that because the National Bank Act provides the sole cause of action for usury against nationally chartered banks, any such action, regardless of where it is brought or how it is framed, arises under federal law and is properly removable.

    However, Beneficial does not change this Court's analysis of the Browers' remand motion to favor defendants; indeed, it supports remand. The Supreme Court set forth the standard for implied complete preemption:

> In the two categories of cases where this Court has found complete pre-emption – certain causes of action under the LMRA and ERISA – the federal statutes at

FARUQI & FARUQI, LLP

Honorable Catherine C. Blake
Page 2

issue provided the exclusive cause of action for the claim asserted and also set forth procedures and remedies governing that cause of action.

Beneficial at 2063.

Accordingly, since the National Bank Act spelled out the elements of a claim and a remedy for plaintiff's claims, the case was properly removed. It was further clear that Congress intended the National Bank Act's remedy for usury against nationally chartered banks to be exclusive, and that Congress left no room for state regulation in this area. Id. at 2064.

In sharp contrast, the FCA leaves state common law claims to the states.[1] Unlike the National Bank Act, the FCA explicitly contains a savings clause at 47 U.S.C. § 414 which states that, "[n]othing in this chapter contained shall in any way abridge or alter the remedies now existing at common law or by statute, but the provisions of this chapter are in addition to such remedies." No such savings provision is found in the National Bank Act.

For Beneficial to support defendants' arguments, the FCA would have to provide a cause of action and a remedy for tort claims such as personal injury and misrepresentation, which it clearly does not. Accordingly, Beneficial does not lend any support to defendants' argument against remand.

With respect to the pending appeal of the Pinney case, we request this Court stay its decision on plaintiffs' remand motion until the Fourth Circuit renders its decision.

Very truly yours,

Adam Gonnelli

---

[1] See, e.g., Memorandum of Law in Support of the Brower Plaintiffs' Motion for Remand, dated August 19, 2002, at 16-18 (citing cases recognizing that the FCA does not generally preempt state common law claims).