JUDGMENT

FILED: March 16, 2005

UNITED STATES COURT OF APPEALS

for the

Fourth Circuit

NO. 03-1433
CA-01-3899-CCB
CA-01-3261-CCB
CA-01-3260-CCB
CA-01-3259-CCB
CA-01-1456-CCB
CA-01-1421-CCB

J. DOUGLAS PINNEY, M.D.; PATRICIA S. COLONELL, individually and on behalf of all others similarly situated; FRANCIS J. FARINA, individually and on behalf of all those similarly situated; GARRETT J. NAQUIN; RONALD LEBLANC; JUDITH A. KAUFMAN; ASHER RUBENSTEIN; CRYSTALL GILLIAM; DIMITRI MACK; RIEDY GIMPELSON, individually and on behalf of all others similarly situated; SARAH DAHLGREN, on behalf of herself and all others similarly situated; LINDA BARRELL; BLAYNE MINOGUE; BRIAN LANE BARRETT; DIANA BARRETT; DAVID C. KELLER; MARSHA L. KELLER

    Plaintiffs - Appellants

        v.

NOKIA, INCORPORATED, a/k/a Nokia Mobile Phones, Incorporated, a/k/a Nokia Corporation; NEC AMERICA, INCORPORATED; ERICSSON WIRELESS COMMUNICATIONS, INCORPORATED, a/k/a Ericsson, Incorporated; SPRINT PCS LIMITED PARTNERSHIP, a/k/a Sprint PCS, a/k/a Sprint Spectrum, LLP, a/k/a Sprint Spectrum; AUDIOVOX COMMUNICATIONS CORPORATION; NEXTEL COMMUNICATIONS, INCORPORATED, a/k/a Nextel Communications of the Mid-Atlantic, Incorporated, a/k/a Nextel Partners, Incorporated, a/k/a Nextel; MATSUSHITA CORPORATION OF AMERICA, a/k/a Panasonic Corporation; PHILIPS ELECTRONICS NORTH AMERICA CORPORATION; QUALCOMM INCORPORATED; SAMSUNG ELECTRONICS AMERICA, INCORPORATED, a/k/a Samsung Electronics; SANYO NORTH AMERICA, INCORPORATED, a/k/a Sanyo Business Systems Corporation, a/k/a Sanyo North America Group; SONY ELECTRONICS, INCORPORATED; AT&T CORPORATION, a/k/a AT&T; VERIZON MARYLAND, INCORPORATED, a/k/a Verizon, a/k/a Verizon Wireless, formerly known as Bell Atlantic Maryland, Incorporated; VERIZON COMMUNICATIONS, INCORPORATED, formerly known as Bell Atlantic Corporation; VERIZON WIRELESS, a/k/a Nynex, a/k/a Bell Atlantic Nynex, a/k/a Bell Atlantic Mobile, Incorporated, a/k/a Bell Atlantic NYNEX Mobile; CELLCO PARTNERSHIP, d/b/a Verizon Wireless, formerly known as Bell Atlantic NYNEX Mobile,

formerly known as Bell Atlantic Mobile; CINGULAR WIRELESS,
LLC, formerly known as BellSouth Mobility, Incorporated,
a/k/a Southwestern Bell Wireless, formerly known as
Southwestern Bell Mobile Systems, Incorporated; CINGULAR
WIRELESS, a/k/a Washington/Baltimore Cellular Limited
Partnership; SBC COMMUNICATIONS, INCORPORATED; CELLULAR ONE
GROUP, a/k/a Cellular One; VOICESTREAM WIRELESS CORPORATION;
C.E.I., INCORPORATED, a/k/a Communications Electronics,
a/k/a Communications Electronics, Incorporated; BALTIMORE
BUSINESS COMMUNICATIONS, INCORPORATED; COMCAST/METROPHONE;
RADIOFONE; POWERTEL, INCORPORATED; POWERTEL PCS,
INCORPORATED; POWERTEL/ATLANTA, INCORPORATED; MITSUBISHI
WIRELESS COMMUNICATIONS, INCORPORATED; MOTOROLA,
INCORPORATED, a Delaware corporation; CELLULAR
TELECOMMUNICATIONS AND INTERNET ASSOCIATION, a District of
Columbia corporation; CELLULAR TELECOMMUNICATIONS INDUSTRY
ASSOCIATION; TELECOMMUNICATIONS INDUSTRY ASSOCIATION, a/k/a
TIA; NEXTEL PARTNERS OPERATING CORPORATION

   Defendants - Appellees

   and

WESTINGHOUSE COMMUNICATIONS; SOUTHERN TELECOM, INCORPORATED,
a/k/a Southern LINC; JOHN DOES 1-100; LGIC CORPORATION;
PANASONIC CORPORATION; SAMSUNG SDI COMPANY; SANYO
CORPORATION; SONY CORPORATION; PLANET CELLULAR
COMMUNICATIONS, INCORPORATED; VISITOR CELLULAR L.L.C.; BELL
SOUTH MOBILITY; KYOCERA WIRELESS CORPORATION; MCI WORLDCOM
COMMUNICATIONS, INCORPORATED; U.S. WEST WIRELESS, L.L.C., A
Colorado corporation; U. S. WEST COMMUNICATIONS,
INCORPORATED, a Colorado corporation; GTE MOBILNET OF SAN
DIEGO, INCORPORATED, a Delaware corporation; GTE WIRELESS
SAN DIEGO, LLC, a California Limited Liability; CELLULAR
CARRIERS ASSOCIATION OF CALIFORNIA, a California
corporation; AB CELLULAR HOLDINGS, LLC, d/b/a LA Cellular,
d/b/a Los Angeles Cellular Telephone Company

   Defendants

--------------------
Appeal from the United States District Court for the
District of Maryland at Baltimore
--------------------

  In accordance with the written opinion of this Court filed this day, the Court reverses the judgment of the District Court. This case is remanded to the District Court for further proceedings consistent with the Court's opinion.

A certified copy of this judgment will be provided to the District Court upon issuance of the mandate. The judgment will take effect upon issuance of the mandate.

/s/ Patricia S. Connor
---
CLERK