

# VENABLE LLP

Two Hopkins Plaza, Suite 1800  
Baltimore, Maryland 21201-2978

Telephone 410-244-7400  
Facsimile 410-244-7742

www.venable.com

May 20, 2005

**HAND DELIVERY**

The Honorable Catherine C. Blake  
U.S. District Court for the District of Maryland  
101 W. Lombard Street  
1st Floor, Room 110  
Baltimore, Maryland  21201

      Re:    *In re Wireless Telephone Radio Frequency Prods. Liab. Litig.*, MDL No. 1421

Dear Judge Blake:

      We write on behalf of all defendants in the above-entitled proceeding in response to Mr. Allweiss's letter dated May 9, 2005 concerning the *Naquin* action, which was transferred to this Court by the Judicial Panel on Multidistrict Litigation ("MDL Panel") as part of MDL No. 1421. Mr. Allweiss's letter suggests that "*Naquin* is most appropriately returned to the United States District Court for the Eastern District of Louisiana." That suggestion is inconsistent both with established multidistrict litigation practice and with the purposes for which *Naquin* was originally transferred to this Court.

      As an initial matter, the Fourth Circuit's decision in *Pinney v. Nokia, Inc.*, makes clear that this Court retains jurisdiction over *Naquin* until pretrial proceedings are completed. In *Pinney*, plaintiffs argued that, in the absence of subject matter jurisdiction over the other transferred actions, this Court should not have ruled on dispositive motions or other pretrial matters in *Naquin* alone. Plaintiffs argued that, as the "lone remaining case" in MDL No. 1421, *Naquin* should have been transferred to the Eastern District of Louisiana rather than litigated before this Court. The Fourth Circuit held that "[t]here is no merit to th[at] argument," since this Court retains authority over this action under 28 U.S.C. § 1407 as long as "the proceedings [are] still in the pretrial stage." *Pinney*, 402 F.3d 430, 451-52 (4th Cir. 2005).

      The Fourth Circuit's decision concerning this Court's continuing jurisdiction over *Naquin* is consistent with established multidistrict litigation practice, in which a suggestion of remand to the transferor court is appropriate only upon a showing of "good cause." *See In re South Central States Bakery Prods. Antitrust Litig.*, 462 F. Supp. 388, 390 (J.P.M.L. 1978). Ordinarily, "good cause" sufficient to justify a suggestion of remand arises when "the transferee court has reached the completion of consolidated pretrial proceedings." *In re National Century Financial Enterprises, Inc. Financial Investment Litig.*, 2004 U.S. Dist. LEXIS 10605, at *6 (S.D. Ohio Mar. 25, 2004) (citing *In re Integrated Resources, Inc. Real Estate Limited Partnerships Securities Litig.*, 1995 U.S. Dist. LEXIS 5181, at *4 (S.D.N.Y Apr. 21, 1995)). Thus, even in those MDLs that involved one remaining case, both the JPML and MDL courts have explicitly ruled that the "lone remaining case" argument does not constitute "good cause" for remand prior to the

MARYLAND    VIRGINIA    WASHINGTON, DC

# Venable LLP

The Honorable Catherine C. Blake
May 20, 2005
Page 2

completion of pretrial proceedings. *See In re CBS Color Tube*, 342 F. Supp. at 1405 ("[W]e are not convinced by defendants' arguments that an action, in which discovery is not yet completed, should be remanded simply because all other consolidated cases in the transferee court have been dismissed or terminated in some way."); *In re Integrated Resources, Inc. Real Estate Limited Partnerships Securities Litig.*, 1995 U.S. Dist. LEXIS 5181, at *12 (S.D.N.Y Apr. 21, 1995) (stating that "[t]he mere fact that all other cases in a consolidated litigation have been terminated does not constitute 'good cause' as required by the prior decisions of the panel," citing *In re CBS Color Tube*). The MDL court in *Integrated Resources* refused to suggest remand of a lone remaining case so that it could benefit from "the accrual of judicial expertise," which the court identified as "a key principle of the multi-district scheme." *Id.* 1995 U.S. Dist. LEXIS at *11. Put differently, "[a] judge should suggest remand when he or she perceives his or her role in the case has ended or when the function performed by the transferee court has been completed." *In re Ford Motor Co. Bronco II Prod. Liab. Litig.*, 1998 WL 308013, at *2 (E.D. La. June 8, 1998).

Pretrial proceedings are far from complete in *Naquin*. The Court has not yet decided, for example, the threshold issue of whether plaintiffs are able to muster admissible expert evidence supporting their theory that exposure to radio frequency energy emitted by wireless telephones increases the risk of cancer. Under *Daubert v. Merrell Dow Pharms.*, 509 U.S. 579 (1993), this is a threshold pretrial issue with respect to which this Court serves a "gatekeeper" function. Suggesting a transfer of *Naquin* to the Eastern District of Louisiana before ruling on the *Daubert* issue would subvert the very purpose for which the MDL Panel transferred the case to this Court in the first place. The MDL Panel transferred *Naquin* to this Court, after all, because of its "relevant experience with some issues" – namely, the scientific issues it previously addressed in *Newman v. Motorola, Inc.* – "likely involved in this litigation." *In re Wireless Telephone Prods. Liab. Litig.*, 170 F. Supp. 2d 1356, 1358 (J.P.M.L. 2001). Plaintiffs' suggestion that those pretrial scientific issues be presented in the Eastern District of Louisiana thus cannot be reconciled with the MDL Panel's express intention that such issues be addressed by the same court that decided *Newman*.

Class certification also must be decided before any trial in *Naquin*, and that critical pretrial issue has not yet been addressed. The MDL Panel has repeatedly made clear that class certification is an issue to be decided by the transferee court. *See, e.g., In re New Motor Vehicles Canadian Exp. Antitrust Litig.*, 269 F. Supp. 2d 1372, 1373 (J.P.M.L. 2003); *In re Inter-Op Hip Prosthesis Prods. Liab. Litig.*, 149 F. Supp. 2d 931, 933 (J.P.M.L. 2001).

Given that *Daubert*, class certification, and other pretrial issues remain to be decided in *Naquin*, "remand under these circumstances would be nothing more than an abandonment of the Panel's judgment to include [*Naquin*] in this MDL." *In re Bridgestone/Firestone, Inc. Tires Prods. Liab. Litig.*, 128 F. Supp. 2d 1196, 1197 (S.D. Ind. 2001). Defendants thus disagree with plaintiffs' suggestion that *Naquin* should be returned to the Eastern District of Louisiana, and respectfully request that this Court set an appropriate schedule to address the remaining pretrial issues in this forum.

# VENABLE LLP

The Honorable Catherine C. Blake
May 20, 2005
Page 3

                                      Respectfully submitted,

                                      */s/ Paul F. Strain*

                                      Paul F. Strain
                                      VENABLE LLP

                                      */s/ Michael E. Yaggy*

                                      Michael E. Yaggy
                                      DLA PIPER RUDNICK GRAY CARY US LLP

                                      Liaison Counsel for Defendants

cc:     Plaintiffs' Counsel *(by fax)*
          Defendants' counsel *(by e-mail)*

TO1#207347v1