

Two Hopkins Plaza, Suite 1800
Baltimore, Maryland 21201-2978

Telephone 410-244-7400
Facsimile 410-244-7742

www.venable.com

June 8, 2005

Via Hand Delivery

The Honorable Catherine Blake
U.S. District Court for the District of Maryland
101 W. Lombard Street
Baltimore, Maryland 21201

      Re:    In re Wireless Telephone Radio Frequency Emissions Products Liability Litigation, MDL No. 1421

Dear Judge Blake:

On behalf of defendants, we write to the Court to follow-up on the issues discussed at the May 25, 2005 hearing regarding the cases pending in the In re Wireless Telephone MDL.

*Pinney, Gimpelson, Farina, Gilliam and Naquin*

The parties have agreed to a form remand order in *Pinney, Gimpelson, Farina and Gilliam*, which the parties previously provided to the Court. The parties have further agreed to seek a stay of those cases in their respective state courts pending the resolution of defendants' anticipated petition for certiorari seeking Supreme Court review of the Fourth Circuit's decision in *Pinney v. Nokia*, 402 F.3d 430 (4th Cir. 2005). The parties have also agreed to a stay all proceedings in the *Naquin* case, with the exception of the venue issue, pending resolution of proceedings in the Supreme Court in *Pinney*.

*Dahlgren*

The parties have agreed to a form remand order in *Dahlgren*, which is attached as Exhibit A.

*Louther*

With regard to the Louther case, as discussed at the May 25 status conference, counsel for defendants, Seamus C. Duffy, contacted Plaintiff Mary Louther, who is proceeding pro se. Ms. Louther conveyed her intention to proceed with her case and to seek to engage counsel. The parties agreed to provide Ms. Louther a short period of time in which to attempt to engage counsel before discussing a schedule or case management with defendants. The parties agreed that Plaintiff would contact counsel for defendants within thirty (30) days of the date of this letter to report on whether she has retained counsel. Therefore, at this time, the parties respectfully request that the Court refrain from taking any action in the Louther case and that the case continue to be stayed pending further developments. We will report on the status of this case promptly after Ms. Louther reports back to the defendants on the engagement of counsel.

# VENABLE LLP

The Honorable Catherine Blake
June 8, 2005
Page 2

**Brower**

At the May 25, 2005 hearing, defendants agreed to supplement their opposition to the remand motion in *Brower* in light of the Fourth Circuit's decision in *Pinney*. Defendants believe the Fourth Circuit's decision was in error and that Your Honor's analysis of the jurisdictional issues in the *Pinney* cases should have been affirmed. But even assuming the Fourth Circuit was correct, its analysis demonstrates that the allegations in *Brower* give rise to a substantial federal question and, therefore, jurisdiction under 28 U.S.C. § 1331.

In *Pinney*, the Fourth Circuit held that federal jurisdiction exists under the substantial federal question doctrine if: (1) "the plaintiff's right to relief necessarily depends on a question of federal law," and (2) "the question of federal law is substantial."[1] The Fourth Circuit did not dispute this Court's determination that claims challenging the validity of the federal RF emission standards would raise a substantial federal question. Rather, the Fourth Circuit reversed because, in the panel majority's opinion, the *Pinney* plaintiffs' specific claims did not in fact challenge the validity of the federal RF emission standards. According to the Fourth Circuit, "the elements of each of [the *Pinney* plaintiffs'] claims depend only on the resolution of questions of state law."[2]

In making that ruling, the Fourth Circuit relied on the fact that neither the *Pinney* plaintiffs' underlying allegations nor their request for relief -- a requirement that headsets be provided to wireless phone purchasers -- contained language expressly challenging the federal RF standard. Specifically, the Fourth Circuit stated that: (1) "the complaints contain no allegations attacking the federal RF radiation standards;" and (2) "plaintiffs do not allege that [defendants] fraudulently misrepresented the RF radiation standards."[3] In short, the Fourth Circuit's jurisdictional decision in *Pinney* rested on a finding that the complaint allegations in the relevant cases "have nothing to do with the substantive content of the federal regulations."[4]

In contrast, the claims in *Brower* include language specifically attacking the federal standards. For example, the *Brower* plaintiffs allege, on behalf of a class of all wireless phone

---

[1] *Pinney*, 402 F. 3d at 442.

[2] *Id.*

[3] *Id.* at 445, 447.

[4] *Id.* at 447.

# VENABLE LLP

---

The Honorable Catherine Blake
June 8, 2005
Page 3

users in California from 1994 to the present, that the FCC and other government agencies "neglected their duty of care in setting the SAR standard."[5] The result of the government's lack of due care, the *Brower* plaintiffs claim, is a "sham standard" developed with an "inadequate foundation and without consideration of necessary information."[6] The *Brower* plaintiffs further allege that defendants' wireless phones are defective because they were marketed and sold "without development of adequate standards."[7]

Similarly, again in stark contrast to the *Pinney* plaintiffs, the *Brower* plaintiffs specifically allege that defendants misrepresented the federal SAR standards as "valid."[8] They claim that defendants misrepresented that the federal standards are "true and accurate, and "are based on a consideration of all scientific and other evidence."[9] And the *Brower* plaintiffs allege that defendants failed to disclose that the standards are "wholly inadequate and ineffective."[10]

The *Brower* plaintiffs rely on these allegations that the standards are a "sham" and that defendants misrepresented the standards as "true and accurate" to support their claim for an injunction barring defendants from representing that the federal RF standards are valid.[11] Specifically, the *Brower* plaintiffs seek a permanent injunction forbidding defendants from "continuing to advertise to the public that the SAR standard and/or test methods have ***any***

---

[5] Brower FAC, ¶¶ 30-31.

[6] *Id.* ¶¶ 69, 71, 73, 103(a).

[7] *Id.* ¶ 97.

[8] *Id.* ¶ 79.

[9] *Id.* ¶ 82.

[10] *Id.* ¶ 86.

[11] Similarly, Brower seeks: (1) an injunction prohibiting defendants from saying that wireless phones without shielding devices are "safe"; (2) funds for independent studies to "develop accurate SAR formulas"; (3) medical monitoring for all class members; and (4) the return of all monies spent by class members on wireless phones and users. (FAC ¶¶ 62-69 and pp. 45-47) Of course, no court could order much of this relief without first ordering -- contrary to the federal RF regulations -- that the SAR formulas are in fact not "accurate" and that some amendment is necessary.

# VENABLE LLP

The Honorable Catherine Blake
June 8, 2005
Page 4

*validity*."[12] Thus, unlike the Fourth Circuit's construction of the *Pinney* complaints, the *Brower* plaintiffs' claims for injunctive relief have *everything* to do with the substantive content of the federal regulations. No Court can resolve claims that the federal SAR standard is a "sham" without determining whether the standard is, indeed, a "sham." No court likewise can resolve claims that defendants failed to disclose that the federal RF emission standard is "inadequate" without determining whether it is, indeed, "inadequate." And no court can either grant or deny plaintiffs' claim for injunctive relief forbidding defendants from representing that the federal standard is valid without first determining whether the SAR standard has "any validity."[13] The U.S. Supreme Court and other federal appellate courts have uniformly held that where a plaintiff seeks an injunction that cannot be resolved without interpreting a federal law, statute or rule, the claim arises under federal law.[14]

Because the *Brower* plaintiffs' right to injunctive relief "necessarily depends on a question of federal law," the first prong of the substantial federal question analysis is satisfied

---

[12] *Id.* at ¶ 69, pp. 46-47 (emphasis added).

[13] Because every theory supporting plaintiffs' claim for this injunction requires the resolution of the validity of the federal RF emission standard, the Fourth Circuit's decision in *Dixon* does not apply here. In *Dixon* the Fourth Circuit held that that no federal jurisdiction existed because the plaintiff there could avoid the federal question and obtain the same relief. *Dixon v. Coburg Dairy*, 369 F.3d 811, 816 (4th Cir. 2004) (en banc) ("A plaintiff's right to relief for a given claim necessarily depends on a question of federal law only when every legal theory supporting the claim requires the resolution of a federal issue.").

[14] *See, e.g., Mountain Fuel Supply Co. v. Johnson*, 586 F.2d 1375, 1381 (10th Cir. 1978) ("A case 'arises' under the laws of the United States if it clearly and substantially involves a dispute or controversy respecting the validity, construction or effect of such laws which is determinative of the resulting judgment."). *See also Verizon Maryland, Inc. v. Public Service Commission of Maryland*, 535 U.S. 635, 642-43 (2002) (reversing the Fourth Circuit, and holding that an action seeking an injunction against Maryland Public Service Commission provision inconsistent with the Telecommunications Act presents a federal question) (federal courts have jurisdiction "if the right of the petitioners to recover under their complaint will be sustained if the Constitution and laws of the United States are given one construction and will be defeated if they are given another."); *Shaw v. Delta Airlines, Inc.* 463 U.S. 85 (1983) ("A plaintiff who seeks injunctive relief from state regulation, on the ground that such regulation is pre-empted by a federal statute which, by virtue of the Supremacy Clause of the Constitution, must prevail, thus presents a federal question which the federal courts have jurisdiction under Section 1331 to resolve."); *Planned Parenthood of Houston and Southeast Texas v. Sanchez*, 403 F.3d 324, 331 (5th Cir. 2005) (suit to enjoin Texas law restricting federal family planning funds presents federal question because of likely preemption by federal law) ("[W]hen a plaintiff seeks injunctive relief based on a federal statute, federal question clearly exists based on *Shaw*.").

# VENABLE LLP

The Honorable Catherine Blake
June 8, 2005
Page 5

under the Fourth Circuit's *Pinney* opinion.[15] Under this Court's well-reasoned analysis holding that this federal question is "substantial" (an analysis the Fourth Circuit did not address or dispute), the *Brower* complaint satisfies the second prong of the substantial federal question analysis.[16] Altogether, even under the rubric of the Fourth Circuit's *Pinney* decision, the *Brower* complaint raises substantial federal questions justifying the exercise of federal question jurisdiction. And to the extent the Court may determine that some aspects of plaintiffs' claims may not, by themselves, give rise to federal jurisdiction, this Court can, and should, exercise supplemental jurisdiction over those aspects of plaintiffs' claims pursuant to 28 U.S.C. § 1367 (*see* Defendants' 9/10/02 Memorandum Of Law In Opposition to the Brower Plaintiffs' Motion For Remand at p.16). Accordingly, for all of these reasons, the *Brower* plaintiffs' motion to remand should be denied.

Respectfully,

*Paul F. Strain /a*

Paul F. Strain
VENABLE LLP

*Michael E. Yaggy /a*

Michael E. Yaggy
DLA PIPER RUDNICK GRAY CARY US LLP

Liaison Counsel For Defendants

cc: Plaintiffs' counsel (by fax)
    Defendants' Counsel (by e-mail)

---

[15] *Pinney*, 402 F.3d at 442 ("A plaintiff's right to relief necessarily depends on a question of federal law when 'it appears that some disputed question of federal law is a necessary element of one of the well-pleaded state claims.") (citing *Franchise Tax Bd. Of Cal. V. Constr. Laborer's Vacation Trust*, 463 U.S. 1, 13 (1983)).

[16] *In re Wireless Telephone Radio Frequency Emissions Products Liability Litigation*, 216 F. Supp. 2d 474, 490-91 (D. Md. 2002) (claims challenging the validity of the federal RF emission regulations raise a "substantial" federal question) (reversed on other grounds).