

Two Hopkins Plaza, Suite 1800          Telephone 410-244-7400          www.venable.com
Baltimore, Maryland 21201-2978         Facsimile 410-244-7742

June 22, 2005

***VIA HAND DELIVERY***

The Honorable Catherine C. Blake
U.S. District Court for the District of Maryland
101 W. Lombard Street
1st Floor, Room 110
Baltimore, Maryland 21201

> **Re:** ***In re Wireless Telephone Radio Frequency Prods. Liab. Litig.***, **MDL No. 1421**

Dear Judge Blake:

We write on behalf of all defendants in the above-entitled proceeding to bring to the Court's attention the Supreme Court's decision in *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 2005 U.S. LEXIS 4659 (June 13, 2005) (attached at Tab A). In *Grable & Sons*, the Supreme Court unanimously approved jurisdiction under the substantial federal question doctrine in an opinion that supports this Court's jurisdiction over the *Brower* matter. *Grable & Sons* also supersedes *Pinney v. Nokia, Inc.*, 402 F.3d 430 (4th Cir. 2005), as the governing precedent on the substantial federal question doctrine.

*Grable & Sons* involved an action to quiet title to real property that was originally filed in Michigan state court. The plaintiff alleged that the defendant's record title to the property was invalid because the Internal Revenue Service had failed to provide adequate notice of its tax lien and related seizure of the property prior to the sale of the property to the defendant. The defendant removed the action to federal court. In affirming the denial of remand, the Supreme Court noted that it has "recognized for nearly 100 years that in certain cases federal question jurisdiction will lie over state-law claims that implicate significant federal issues." *Grable & Sons*, 2005 U.S. LEXIS 4659, at *9. Rejecting the possibility of any "single, precise, all-embracing test for jurisdiction over federal issues embedded in state-law claims," *id.* at *13 (internal quotes omitted), the Supreme Court stated that the substantial federal question "doctrine captures the commonsense notion that a federal court ought to be able to hear claims recognized under state law that nonetheless turn on substantial questions of federal law, and thus justify resort to the experience, solicitude, and hope of uniformity that a federal forum offers on federal issues[.]" *Id.* at *9. Critical to the Court's determination of a substantial federal question was

# VENABLE LLP

The Honorable Catherine Blake
June 22, 2005
Page 2

the connection between plaintiff's state-law claim and federal tax law. The Court stated that the meaning of the relevant federal tax provision was "an important issue of federal law that sensibly belongs in federal court. The government has a strong interest in the 'prompt and certain collection of delinquent taxes.'" *Id.* at *14.

Recognizing the absence of any claim for relief under federal law, the Supreme Court nonetheless noted that the plaintiff "premised its superior title claim on a failure by the IRS to give it adequate notice, as defined by federal law." *Id.* at *13. *Grable & Sons* thus supports this Court's jurisdiction over *Brower*, where the complaint is explicitly premised on alleged failures by the FCC and other organizations to comply with applicable duties of care in setting federal RF emissions standards (*Brower* FAC ¶¶ 30-31) and on other alleged inadequacies in the regulatory process that led to the adoption of those standards. (*See id.* ¶¶ 69, 71, 73, 97, 103(a).)

While *Brower* satisfies jurisdictional requirements even under the Fourth Circuit's *Pinney* analysis (because its challenge to federal RF emissions standards is specifically stated on the face of the complaint), *Grable & Sons* adopts an analytic framework for analyzing substantial federal question cases that is significantly broader and more flexible than that applied in *Pinney*. *Pinney* held, for example, that an embedded federal issue is not sufficient to confer jurisdiction – "even if both parties admit that [it] is the only question truly at issue in the case" – unless the complaint itself actually contains express allegations relating to the federal issue, or there is absolutely no alternative method of proving an entitlement to recovery except through resolution of the federal issue. *See Pinney*, 402 F.3d at 443. By contrast, *Grable & Sons* emphasizes that the presence of a federal issue as "the only legal or factual issue contested in the case" is a significant factor to be considered in assessing the existence of jurisdiction. *Grable & Sons*, 2005 U.S. LEXIS 4659, at *14.

*Pinney* further held as a matter of law that, where compliance with a federal regulation is "only one factor in assessing" whether liability exists under state law, jurisdiction cannot exist under 28 U.S.C. § 1331. *See Pinney*, 402 F.3d at 446. *Grable & Sons*, however, teaches that the relevant inquiry is not a weighing of the number of federal issues against the number of state issues in a case, but an assessment of the qualitative significance of the federal issue in the case and, particularly, the importance of resolving that issue on a uniform basis in federal court. In *Grable & Sons*, the Supreme Court reasoned that the "Government . . . has a direct interest in the availability of a federal forum to vindicate its own administrative action, and buyers (as well as tax delinquents) may find it valuable to come before judges used to federal tax matters." *Grable & Sons*, 2005 U.S. LEXIS 4659, at *14. So too in *Brower*: the federal government clearly has a direct interest in the availability of a federal forum to adjudicate whether duly promulgated

# VENABLE<sub>LLP</sub>

---

The Honorable Catherine Blake
June 22, 2005
Page 3

federal telecommunications regulations are entitled to uniform national application, or whether they are truly are a "sham" as alleged in the *Brower* complaint.  This strong federal interest requires a federal forum so that these issues can be decided by judges experienced in analyzing complex federal regulatory regimes.

*Pinney*'s holding is perhaps best explained by the panel majority's discomfort with a jurisdictional principle that "does not suggest a standard for determining when a connection [with a federal regulatory regime] is sufficient to render removal proper[.]"  *Pinney*, 402 F.3d at 448.  But the central holding of *Grable & Sons* is that no bright-line standard is either required or possible given the nature of the substantial federal question doctrine.  Indeed, as the unanimous *Grable & Sons* Court noted, "*Merrell Dow* [*Pharms., Inc. v. Thompson*, 478 U.S. 804 (1986)] disclaimed the adoption of any bright-line rule."  *Grable & Sons*, 2005 U.S. LEXIS 4659, at *19. The Court reemphasized the need for what the *Pinney* panel majority rejected – namely, "sensitive judgments about congressional intent" on matters concerning federal question jurisdiction.  *Id.*  Indeed, the interpretation of *Merrell Dow* reflected in *Grable & Sons* cannot be reconciled with that of the *Pinney* panel majority, which read *Merrell Dow* as establishing a strict, bright-line jurisdictional test.  *See Pinney*, 402 F.3d at 449.  *Grable & Sons* renders such an approach untenable; as the unanimous Supreme Court stated:

> *Merrell Dow*, then, did not toss out, but specifically retained the
> contextual inquiry that had been *Smith* [*v. Kansas City Title &*
> *Trust Co.*, 255 U.S. 180 (1921)]'s hallmark for over 60 years.  At
> the end of *Merrell Dow*, Justice Holmes was still dissenting.

*Grable & Sons*, 2005 U.S. LEXIS 4659, at *20.

The jurisdictional rule *Grable & Sons* adopts is thus substantially more flexible than the approach taken by the *Pinney* panel majority.  *Grable & Sons* requires courts to "examin[e] the importance of a having a federal forum for the [federal] issue, and the consistency of a such a forum with Congress's intended division of labor between state and federal courts."  *Id.* at *22. *Grable & Sons* rejects any rule that "would mechanically exclude significant questions of federal law" from consideration by federal courts without regard to the need for uniform interpretation or other contextual considerations.  *Id.* at *23 n.7.  *Grable & Sons* directs the federal courts not to "shirk from federal jurisdiction over . . . dispositive and contested federal issue[s] at the heart of the state-law" claims that may be presented in cases like *Brower*.  *Id.* at *23.

# VENABLE<sub>LLP</sub>

The Honorable Catherine Blake
June 22, 2005
Page 4


In sum, *Grable & Sons* not only directly supports this Court's jurisdiction in *Brower* by authorizing removal of actions that are expressly premised on allegations involving federal regulatory regimes, but also fundamentally clarifies the nature of the substantial federal question doctrine in ways that require a broader and more flexible application of the doctrine than that envisioned by the *Pinney* panel majority.  For these additional reasons, the Court should retain jurisdiction over the *Brower* matter.

Respectfully,

*Paul F. Strain*

Paul F. Strain
VENABLE LLP

*Michael E. Yaggy*

Michael E. Yaggy
DLA PIPER RUDNICK GRAY CARY US LLP


Liaison Counsel for Defendants

cc:    Plaintiffs' Counsel (by fax)
       Defendants' Counsel (by e-mail)