

**PIPER RUDNICK
GRAY CARY**

DLA Piper Rudnick Gray Cary US LLP
The Marbury Building
6225 Smith Avenue
Baltimore, Maryland 21209-3600
T 410.580.3000
F 410.580.3001
W www.dlapiper.com

MICHAEL E. YAGGY
michael.yaggy@dlapiper.com
T 410.580.4288  F 410.580.3288

November 18, 2005

The Honorable Catherine C. Blake
U.S. District Court for the
District of Maryland
Garmatz Federal Courthouse
101 W. Lombard Street
1st Floor, Room 110
Baltimore, Maryland 21201

    Re:    In re Wireless Telephones Radio Frequency Emissions Products Liability Litigation, MDL No. 1421

Dear Judge Blake:

    We write on behalf of all defendants in this matter to confirm the scheduling of a status conference on November 21, 2005 at 10:00 a.m. The call-in number for the conference is (888) 566-5788, passcode 38165. In anticipation of that status conference, we also write to provide several points of background and new information.

    At the last status conference in this matter (held on May 25, 2005), the Court discussed with the parties (a) the status of the *Louther* case, (b) the impact of the Fourth Circuit's *Pinney* decision on plaintiffs' remand motion in the *Brower* class action, and (c) whether this Court should retain the *Naquin* class action as part of this MDL proceeding (as opposed to remanding it to the Eastern District of Louisiana). We note the following on each of those three matters:

- In the *Louther* case, there has been an important new development. Although initially filed as a *pro se* action, the plaintiff in that case has retained counsel and is prepared to proceed. Thus, there are now two actions present in this MDL proceeding – a nationwide class action (*Naquin*) and a wrongful death action (*Louther*) – to which there is no jurisdictional challenge. Both are properly in federal court on diversity jurisdiction grounds.

- As to *Brower*, defendants have submitted two letters on the jurisdictional issue (dated June 8 and June 22, 2005). In light of the stay of proceedings during the pendency of the certiorari petition in *Pinney*, plaintiffs have not yet submitted their letter on the jurisdictional issue.

**Serving clients globally**

**PIPER RUDNICK GRAY CARY**

The Honorable Catherine C. Blake
November 18, 2005
Page 2

- The question whether *Naquin* should remain in this MDL proceeding is now fully briefed. (Defendants submitted a letter dated May 20, 2005, and plaintiffs submitted a letter dated June 21, 2005.) In defendants' view, the presence of two cases (and potentially three cases, if federal jurisdiction is found to exist over *Brower*) strongly recommends the continuation of this MDL proceeding. For all the reasons set forth in defendants' May 20 letter, this Court's retention of responsibility for handling the pre-trial issues in this nationwide class action – a case implicating laws and claims from all 50 states, not just Louisiana – would be consistent with the principles of judicial economy upon which the multidistrict litigation concept is premised.

On that final point, defendants wish to identify an additional reason why this Court should continue with the pending cases and complete its MDL functions in this matter. This Court is already heavily invested in the science issues presented by this litigation by virtue of its work in *Newman v. Motorola, Inc.*, 218 F. Supp. 2d 769 (D. Md. 2002). Indeed, that is one of the reasons why the Judicial Panel on Multidistrict Litigation created an MDL proceeding and assigned it to this Court in the first place. *In re Wireless Telephone Prods. Liab. Litig.*, 170 F. Supp. 1356, 1358 (J.P.M.L. 2001) (noting this Court's "relevant experience with some issues . . . likely involved in this litigation").

Those science issues will be front and center in each of the potential MDL cases. The *Louther* plaintiff's claims are indistinguishable from those asserted in *Newman*; plaintiff claims that RF emissions from wireless phones caused her husband's brain cancer.

In *Brower*, each claim is linked to a central premise – that RF emissions from wireless phones caused Mr. Brower's brain cancer. As in *Louther*, those claims cannot be proven unless it can be demonstrated by admissible evidence that wireless phones actually cause cancer, precisely the issue already addressed by this Court in *Newman*.

The same is true of the claims asserted in the *Naquin* class action. The fundamental basis for each claim in that case is that RF emissions from wireless phones "create[] health risks and adverse effects by causing nerve damage, cellular damage, cellular dysfunction and/or other injury to humans" (*Naquin* First Supplemental and Amending Class Action Complaint ("Compl.") ¶ III) and that defendants failed to warn consumers in this regard. (*Id.* ¶ XLII.) To support these allegations, plaintiffs rely on the same scientific evidence at issue in *Newman*, such as studies and reports by Neil Cherry (*e.g.* Compl. ¶¶ XX, XXII, XXV, XXXI), Henry Lai (*e.g.* Compl. ¶¶ XXVIII - XXX, XXXIX, XLIX), and Jerry Phillips (*e.g.* Compl. ¶¶ CIX - CXI). If in fact there is no admissible scientific evidence that RF emissions from wireless phones causes these health risks – *i.e.* cancer or other legally cognizable physical injury, then there is no defect or any failure to disclose a defect. *See, e.g., In re Benedictin*, 857 F.2d 290, 311 (6th Cir. 1988) ("Even if defendant failed to warn potential users that Benedictin caused birth defects, such failure to warn would be inconsequential if [it] could not have in fact caused birth defects.").

~BALT2:4207108.v1


**PIPER RUDNICK GRAYCARY**

The Honorable Catherine C. Blake
November 18, 2005
Page 3

Thus, the science issues are an "essential element" of each of the claims in the cases pending in this MDL, which supports a *Newman*-type "science-first" case management order followed by summary judgment motions. *Newman v. Motorola, Inc.*, 125 F. Supp. 2d 717, 725 (D. Md. 2000).[1] This Court is uniquely situated to handle such a process, and that is another reason why this MDL proceeding should continue.

We appreciate the Court's prompt scheduling of the status conference next week, and we look forward to discussing these issues at that time.

Respectfully,

Michael E. Yaggy
DLA PIPER RUDNICK GRAY CARY US LLP

Paul F. Strain
VENABLE LLP

Liaison Counsel For Defendants

MEY/pah

cc: Plaintiffs' counsel (by fax)
    Defendants' counsel (by e-mail)

---

[1] Counsel in *Naquin* has acknowledged that examination of science issues is the next logical step in that case. During oral argument on defendants' motion to dismiss in that matter several years ago, Mr. Allweiss responded to the challenge whether he could "bring *Daubert* experts" by saying: "Well, I believe that I absolutely can, and I welcome the challenge, but that's not for right now. To say that I can't do it, ***that's the next step along the way***, and we're glad to do it." (Hr. Tr. Aug. 22, 2001 at p. 27) (emphasis added).)