**FARUQI & FARUQI, LLP**

ATTORNEYS AT LAW

320 EAST 39TH STREET
NEW YORK, NEW YORK 10016
(212) 983-9330

TELECOPIER: (212) 983-9331
EMAIL: www.faruqilaw.com

December 2, 2005

**Via ECF**

The Honorable Catherine Blake
U.S. District Court for the District of Maryland
101 W. Lombard Street
Baltimore, Maryland 21201

      Re:   *In re Wireless Telephone Radio Frequency Prods. Liability Litig.*
              MDL No 1421

Dear Judge Blake:

      Plaintiff Kim Brower respectfully submits this letter brief in response to Defendants' submission by letters dated June 8, 2005 and June 22, 2005.

## INTRODUCTION

      Defendants once again try to manufacture a federal question to justify removal of this action, where quite simply none exists. In their most recent attempt, Defendants have attempted to fabricate differences between the *Brower* Complaint[1] and virtually identical complaints considered by the Fourth Circuit in their recent opinion in *Pinney v. Nokia*, 402 F.3d 430 (4th Cir. 2005). Failing in those efforts, Defendants next ask this Court to misconstrue *Grable & Sons Metal Prods. Inc. v. Darue Eng'g and Mfg.*, 125 S. Ct. 2363; 162 L. Ed. 2d 257, 2005 U.S. LEXIS 4659 (June 13, 2005) to find a new standard which would make virtually any case removable as asserting a federal question.

      The Federal Communications Commission ("FCC") and the Fourth Circuit have effectively held that the *Brower* Complaint asserts solely state law claims exempted from federal regulation which therefore do not present federal questions sufficient to support federal jurisdiction. The FCC has expressly ruled that the Telecommunications Act, governing portable handheld cellular telephones ("PCT") does "not generally preempt state court award of monetary damages by state

---

[1] Hereafter all references herein to "Complaint" are to Gibb Brower's and Kim Brower's First Amended Complaint and all references to "¶__" are to the corresponding paragraphs thereof.

FARUQI & FARUQI, LLP

The Honorable Catherine Blake
December 2, 2005
Page 2 of 6

courts based upon state consumer protection, tort or contract claims." *Wireless Consumers Alliance*, 15 F.C.C.R. at 17022 (¶2) (August 14, 2000). Similarly the Fourth Circuit has held that virtually identical complaints seeking recovery under state law for injuries and damages caused by radio frequency ("RF") radiation emitted by cellular phones "do not arise under federal law," and consequently "the district court lacked jurisdiction over them, making removal improper." *Pinney*, 402 F.3d at 451. Thus, both the FCC and the Fourth Circuit have rejected Defendants' arguments. This Court should likewise summarily reject Defendants' arguments for what they are – yet another failed attempt to re-write both the *Brower* Complaint and governing law to create federal jurisdiction out of thin air.

### The Fourth Circuit's Opinion In *Pinney* Governs This Action

In *Pinney*, the Fourth Circuit analyzed the improper removal of four state court consumer class action complaints that asserted:

> among other things, that (1) wireless telephones emit an unsafe level of RF radiation and (2) Nokia, in knowing this, negligently and fraudulently endangered the consuming public by marketing wireless telephones without headsets.

*Pinney*, 402 F.3d at 440. Based upon these facts, the *Pinney* plaintiffs asserted state law causes of action for strict product liability, failure to warn, violation of state consumer statutes, breach of warranty of merchantability, negligence, fraud, and civil conspiracy, seeking both damages and injunctive relief. *Id.* at 440-45. After a thorough review of each of the causes of action, the Fourth Circuit held:

> We have thoroughly examined the claims asserted by the Pinney plaintiffs in their complaints, and one thing is clear: the elements of each of the claims depend only on the resolution of questions of state law. There is no "substantial, disputed question of federal law [that] is a necessary element of [any] of the well-pleaded state claims."

*Id.* at 445, quoting *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 13 (1983).

The Fourth Circuit went on to note that the District Court "acknowledged that the complaints contain no allegations attacking the federal RF radiation standards," yet it removed the action because "it believed that it could ultimately resolve the case only by passing judgment on the validity of the federal standards." *Id.* The Fourth Circuit, however, rejected this argument, which is virtually identical to the argument made by Defendants in their most recent submissions, holding:

FARUQI & FARUQI, LLP

The Honorable Catherine Blake
December 2, 2005
Page 3 of 6

> The thrust of the claims is that Nokia violated state law by manufacturing and selling a product that it knew, or should have known, was dangerous and by not adequately warning of the dangers. As was the case in *Franchise Tax Board*, **state law establishes a set of elements, without reference to federal law, that the plaintiffs must establish in order to a make out "valid claims for relief."** 463 U.S. at 13. Federal law becomes relevant only as a defense, and only after the Pinney plaintiffs have made out the elements of their state law claims. In this situation, as the Supreme Court has observed, "the most one can say is that a question of federal law is lurking in the background."

*Id.*(emphasis added), quoting *Gully v. First Nat'l Bank*, 299 U.S. 109 (1936).

The *Brower* Complaint asserts virtually identical claims arising under state law for violation of California consumer protection statutes (¶¶70-80), intentional misrepresentation (¶¶81-83), negligent misrepresentation (¶¶84-87), strict products liability (¶¶88-93), failure to warn (¶¶ 94-100), negligence (¶¶101-104), breach of warranty (¶¶105-114), civil conspiracy (¶¶115-123), fraud (¶¶ 124-130), civil battery (¶¶ 131-134) and punitive damages (¶¶135-137). Like Pinney, Brower seeks both damages and injunctive relief. Complaint, Prayer for Relief. Thus, just as in *Pinney*, California "state law establishes a set of elements, without reference to federal law, that the plaintiffs must establish in order to a make out valid claims for relief." *Id.*(quotation omitted).

In their futile attempt to distinguish the *Brower* Complaint, Defendants misrepresent the Complaint to invent claims against governmental agencies that simply do not exist. For example, Defendants claim that ¶¶ 30-31 of the Complaint alleges that the "FCC and other government agencies 'neglected their duty of care in setting the SAR standard.'" Defts' 6/8/05 Letter at 3. In fact the Complaint alleges that "ANSI and IEEE" were negligent. ANSI and IEEE, however, are not government agencies, but rather private trade associations that are named defendants in this action. *See* ¶¶5, 18, 19. Similarly, Defendants attempt to attribute the "sham standard" established for SAR's to some government agency (Defts' 6/8/05 Letter at 3), when in fact the Complaint specifically alleges that ANSI and IEEE established the SAR standard (¶31) and SAR testing was mandated by the FCC in 1996 "*who left it to the manufacturers to design the testing methods and self-certify.*" ¶33 Thus, rather than attribute the sham testing or standards to either the FCC or any government agency, the Complaint alleges that private industry trade groups established the standards and manufacturers designed and implemented their own testing. ¶¶30-31, 33. As stated by the *Pinney* Court, "***This has nothing to do with the substantive content of the federal regulations.***" 402 F.3d at 447 (emphasis added).

FARUQI & FARUQI, LLP

The Honorable Catherine Blake
December 2, 2005
Page 4 of 6

### The Supreme Court's Opinion In *Grable* Demonstrates That The *Brower* Complaint Does Not Raise A Substantial Federal Question

Failing to distinguish the Fourth Circuit's rationale and holding in *Pinney*, Defendants next try to argue that the recent Supreme Court opinion in *Grable & Sons Metal Prods. Inc. v. Darue Eng'g and Mfg.,* 125 S. Ct. 2363; 162 L. Ed. 2d 257, 2005 U.S. LEXIS 4659 (June 13, 2005) supersedes *Pinney* and provides a far more lenient analysis applicable to the determination of what constitutes a "substantial federal question." *See* Deft's Letter dated 6/24/05. In fact, nothing could be further from the truth. In analyzing the standards governing the existence of a substantial federal question, the Court noted "that federal jurisdiction demands not only a contested federal issue, but a substantial one, indicating a serious federal interest in claiming the advantages thought to be inherent in a federal forum." *Id.*, 125 S. Ct. at 2367. The Court further held:

> But even when the state action discloses a contested and substantial federal question, the exercise of federal jurisdiction is subject to a possible veto. *For the federal issue will ultimately qualify for a federal forum only if federal jurisdiction is consistent with congressional judgment about the sound division of labor between state and federal courts governing the application of § 1331.*

*Id.* (emphasis added). Thus, the Court held that the determinative "question is, does a state-law claim necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Id.* at 2368.

In applying these standards to the *Grable* action, the Supreme Court determined that the resolution of the dispute was entirely dependent upon the interpretation and meaning of a federal statute:

> Whether Grable was given notice within the meaning of the federal statute is thus an essential element of its quiet title claim, and *the meaning of the federal statute is actually in dispute; it appears to be the only legal or factual issue contested in the case. The meaning of the federal tax provision is an important issue of federal law that sensibly belongs in a federal court.*

*Id.* (emphasis added) The Court went on to contrast this with *Merrell Dow Pharmaceuticals Inc. v. Thompson*, 478 U.S. 804, 92 L. Ed. 2d 650, 106 S. Ct. 3229 (1986), in which the plaintiff asserted "a state tort claim resting in part on the allegation that the defendant drug company had violated a federal misbranding prohibition, and was thus presumptively negligent under Ohio law." *Grable*, 125 S. Ct. at 2369, citing *Merrell Dow*, 478 U.S. at 806. Despite the fact that a violation of a federal

FARUQI & FARUQI, LLP

The Honorable Catherine Blake
December 2, 2005
Page 5 of 6

statute was "said to be a . . . 'proximate cause' under state law," the Court held that federal question jurisdiction was inappropriate since "Congress had not provided a private federal cause of action for violation of the federal branding requirement, and the Court found 'it would . . . flout, or at least undermine, congressional intent to conclude that federal courts might nevertheless exercise federal-question jurisdiction and provide remedies for violations of that federal statute solely because the violation . . . is said to be a . . . 'proximate cause' under state law'" *Grable*, 125 S.Ct. at 2369, quoting *Merrell Dow*, 478 U.S. at 812.

The *Grable* Court went to state:

> The absence of any federal cause of action affected *Merrell Dow*'s result two ways. The Court saw the fact as worth some consideration in the assessment of substantiality. ***But its primary importance emerged when the Court treated the combination of no federal cause of action and no preemption of state remedies for misbranding as an important clue to Congress's conception of the scope of jurisdiction to be exercised under § 1331***. The Court saw the missing cause of action not as a missing federal door key, always required, but as a missing welcome mat, required in the circumstances, when exercising federal jurisdiction over a state misbranding action would have attracted a horde of original filings and removal cases raising other state claims with embedded federal issues.

*Grable*, 125 S. Ct. at 2370 (emphasis added).

The *Brower* Complaint does not require this Court to either interpret or apply any federal statute. Therefore, it is axiomatic to state that there is no federal cause of action. Moreover, in the words of *Grable* the "welcome mat is not out" in this action, since both Congress and the FCC expressly preserved state law tort, contract and consumer claims. *See* 47 U.S.C. § 332(c)(3)(A)("this paragraph shall not prohibit a State from regulating the other terms and conditions of commercial mobile services"); *Tenore v. AT&T Wireless Servs.*, 136 Wn.2d 322, 337-338 (Wash. 1998); *Wireless Consumers Alliance*, 15 FCC Rcd 17021, 17028-17029 (FCC 2000)("state law claims stemming from state contract or consumer fraud laws governing disclosure of rates and rate practices are not generally preempted under Section 332.").

In this day and age, when there are federal regulations covering everything from baby food to mobile homes, if every action were removable merely because it implicates goods or services subject to federal regulation, it would attract the "horde of original filings and removal cases" the Supreme Court counseled against in *Grable*. 125 S. Ct. at 2370.

FARUQI & FARUQI, LLP

The Honorable Catherine Blake
December 2, 2005
Page 6 of 6

## CONCLUSION

No amount of rhetoric or mischaracterization of the *Brower* Complaint can manufacture a substantial federal question out of Plaintiffs' state law claims against private parties. Therefore, there is no basis to remove this action to federal court.

Respectfully submitted,

*Adam Donnelli / BK*
Adam Gonnelli

AG:bk