IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| IN RE WIRELESS TELEPHONE RADIO FREQUENCY EMISSIONS PRODUCTS LIABILITY LITIGATION | : : : : : | MDL No. 1421 |
| THIS DOCUMENT RELATES TO: | : : : | CIVIL ACTION No. 01-MD-1421 |
| *Louther v. AT&T Wireless.* (M.D. Fla.) | : : : : | |

ANSWER AND JURY TRIAL DEMAND
OF DEFENDANT AT&T WIRELESS SERVICES, INC.

Defendant AT&T Wireless Services, Inc. ("Defendant" or "AWS"), by and through undersigned counsel, hereby responds to the individual paragraphs of Plaintiff's Complaint. AWS was improperly named in the Complaint as AT&T Corporation, and by stipulation filed on January 6, 2006, the parties have agreed that all references to AT&T Corporation in the Complaint are revised to refer to AWS.

1.  Defendant admits the allegation of paragraph 1 that Plaintiff's legal action seeks the damages identified in the Complaint.

2.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 2 and therefore denies those allegations.

3.  Defendant admits that it was at times engaged in the business of providing wireless telephones and wireless telephone service to customers in Seminole County, Florida. Defendant lacks knowledge or information sufficient to determine whether these facts are true for "all times material to this action" and therefore denies that allegation.

4. Defendant admits that Plaintiff filed the Complaint for wrongful death damages. Defendant denies that its conduct "caused or aggravated" any injury alleged by Plaintiff. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 4 and therefore denies those allegations.

5. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 5 and therefore denies those allegations.

6. Defendant admits that it provided wireless telephone service to Plaintiff's decedent to use an AT&T model 3810 wireless phone as of September 21, 1996. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 6 and therefore denies those allegations.

7. Defendant denies the allegations of paragraph 7 to the extent that they are directed towards the Defendant.

8. Defendant is unable to comprehend the meaning of the phrase "provided by the defective" in paragraph 8 of the Complaint and therefore denies the allegations of paragraph 8 to the extent that they are directed at the Defendant. Defendant further denies that it failed to provide any "proper warnings" with regard to the wireless phone used by Plaintiff's decedent.

9. Defendant denies that it was in the business of manufacturing the wireless phone described in the Complaint. Defendant lacks knowledge or information sufficient to form a belief as to the remaining allegations of paragraph 9 and therefore denies those allegations.

10. Defendant denies the allegations of paragraph 10 to the extent they are directed at Defendant.

11. Defendant denies that it committed any wrongful act or omission that was the direct or proximate cause of any injury to Plaintiff and/or to Plaintiff's decedent.

12. Defendant admits that the Complaint purports to state a claim under the Florida Wrongful Death Act.

13. Defendant denies the allegations of Plaintiff's WHEREFORE clause and demand for judgment. All allegations in the Complaint not specifically admitted are hereby denied.

### FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

14. The claims in the Complaint fail to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE
### (Preemption)

15. The claims in the Complaint are preempted by federal law and regulations.

### THIRD AFFIRMATIVE DEFENSE
### (Compliance with Federal Regulations)

16. Any wireless telephones, packing, or instructions about which claims are made in the Complaint and that were sold or distributed by the Defendant complied with the applicable federal regulations which existed at the time of sale.

### FOURTH AFFIRMATIVE DEFENSE
### (No Duty to Warn of Unknown and Unestablished Dangers)

17. The Defendant had no duty to warn about any possible or claimed dangers which were not established or known at the time of the marketing, distribution and/or sale of the products and/or services referenced in the Complaint.

### FIFTH AFFIRMATIVE DEFENSE
### (Laches, Waiver, Release and/or Estoppel)

18. The claims in the Complaint may be barred by the doctrines of laches, waiver, release and/or estoppel.

### SIXTH AFFIRMATIVE DEFENSE
### (Joint Liability)

19. If the Defendant is found to be jointly responsible for Plaintiff's alleged injuries, the liability of the Defendant must be limited in accordance with applicable law governing contribution and indemnity.

### SEVENTH AFFIRMATIVE DEFENSE
### (Primary Jurisdiction)

20. The claims in the Complaint are barred by the doctrine of primary jurisdiction.

### EIGHTH AFFIRMATIVE DEFENSE
### (Failure to Exhaust Administrative Remedies)

21. The claims in the Complaint are barred to the extent that Plaintiff has failed to exhaust administrative remedies.

### NINTH AFFIRMATIVE DEFENSE
### (No Standing)

22. Plaintiff lacks standing to assert the claims alleged in the Complaint.

### TENTH AFFIRMATIVE DEFENSE
### (Notice)

23. The claims in the Complaint are barred because Plaintiff had actual or constructive notice of the characteristics of the phone now alleged to be defects.

### ELEVENTH AFFIRMATIVE DEFENSE
### (Warranty)

24. The claims in the Complaint are barred by the terms of applicable warranties, including any waivers or limitations of those warranties.

### TWELFTH AFFIRMATIVE DEFENSE
### (Terms and Contracts of Sale or Service)

25. The claims in the Complaint are barred by the terms, conditions, and/or limitations of liability contained in any applicable contracts of service and/or sale.

### THIRTEENTH AFFIRMATIVE DEFENSE
### (Filed Tariff Doctrine)

26. The claims in the Complaint may be barred by the filed tariff doctrine.

### FOURTEENTH AFFIRMATIVE DEFENSE
### (Contributory Negligence)

27. The claims in the Complaint may be barred by the doctrine of contributory negligence.

### FIFTEENTH AFFIRMATIVE DEFENSE
### (Sealed Container Doctrine)

28. The claims in the Complaint may be barred by the sealed container doctrine.

### SIXTEENTH AFFIRMATIVE DEFENSE
### (Economic Loss Rule)

29. The claims in the Complaint fail to state a claim for recovery of economic losses under any tort theory.

### SEVENTEENTH AFFIRMATIVE DEFENSE
### (Superceding/Intervening Cause)

30. The claims in the Complaint are barred in whole or in part to the extent that the injuries allegedly sustained by Plaintiff and/or Plaintiff's decedent were caused

by or resulted from natural events and/or the conduct of persons or entities (third parties) and/or a superceding and/or intervening cause.

### EIGHTEENTH AFFIRMATIVE DEFENSE
### (Limit on Non-Economic Damages)

31. Any award for non-economic damages must not exceed applicable constitutional and/or statutory limits.

### NINETEENTH AFFIRMATIVE DEFENSE
### (Statutes of Limitations and/or Repose)

32. The claims in the Complaint are barred by the applicable statutes of limitations and/or repose.

### TWENTIETH AFFIRMATIVE DEFENSE
### (Alteration)

33. Any wireless telephones about which claims are made in the Complaint may have been altered after leaving the possession, custody, or control of the Defendant.

### TWENTY-FIRST AFFIRMATIVE DEFENSE
### (Improper Party)

34. To the extent that the Defendant did not design or manufacture the subject telephone, the Defendant is not a proper party to this action.

### TWENTY-SECOND AFFIRMATIVE DEFENSE
### (State of the Art)

35. The Defendant at all times conformed to the state of the art and the trade and custom in the industry as it existed at the time.

### TWENTY-THIRD AFFIRMATIVE DEFENSE
### (Arbitration)

36. All or some of the claims in the Complaint may be subject to mandatory arbitration pursuant to applicable contracts of service and/or sale.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE
### (Lack of Notice)

37. Plaintiff failed to timely notify the Defendant of any alleged defect or breach of warranty as required by operation of law, express warranty, or agreement.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE
### (Additional Defenses)

38. The Defendant hereby gives notice that it intends to rely on any additional affirmative defenses which become available or apparent during discovery and thus reserves the right to amend this Answer to assert such additional defenses.

### JURY DEMAND

The Defendant hereby demands a trial by jury on all claims and defenses.

Dated: January 10, 2006

Respectfully submitted,

/s/
Brian A. Coleman
DRINKER BIDDLE & REATH LLP
1500 K Street, N.W., Suite 1100
Washington, DC 20005-1208
Telephone: 202-842-8800
Facsimile: 202-842-8465
brian.coleman@dbr.com

Seamus C. Duffy
Nancy Harris Marvel
Susan M. Roach
DRINKER BIDDLE & REATH LLP
One Logan Square
18th & Cherry Streets
Philadelphia, PA 19103
Telephone: 215-988-2700
Facsimile: 215-988-2757
seamus.duffy@dbr.com

Thomas Watson
Curtis Renner
WATSON & RENNER
1900 M Street, N.W.
Suite 850
Washington, DC  20036
Telephone:  202-737-6301
Facsimile:  202-737-7611
tw@w-r.com

*Attorneys for Defendant AT&T Wireless Services, Inc.*

## CERTIFICATE OF SERVICE

I, Brian A. Coleman, hereby certify that on the date set forth below I served the foregoing **Answer and Jury Trial Demand of Defendant AT&T Wireless Services, Inc.** via electronic mail through the Court's ECF system and via first-class mail, postage prepaid, on the following:

> William P. Lightfoot, Esquire
> Kelly Fisher, Esquire
> KOONZ, MCKENNEY, JOHNSON,
> DEPAOLIS & LIGHTFOOT
> James Monroe Building
> 2001 Pennsylvania Avenue, N.W.
> Suite 450
> Washington, DC  20006
>
> *Counsel for Plaintiff Mary Louther*

Dated:  January 10, 2006

/s/
Brian A. Coleman
