IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| IN RE WIRELESS TELEPHONE RADIO | : | |
| FREQUENCY EMISSIONS PRODUCTS | : | |
| LIABILITY LITIGATION | : | MDL NO. 1421 |
| | : | |
| This Document Relates To: | : | |
| *Louther v. ATT Corp.*, (M.D. Fla.), CCB-03-3229 | : | Civil No. 01-MD-1421 |
| *Brower v. Motorola, Inc., et al.* (S.D. CA), CCB-02-2089 | : | |
| *Naquin, et al. v. Nokia, Inc., et al.* (E.D. La.), CCB-01-3259 | : | |

**MEMORANDUM**

Currently remaining before me in this MDL litigation are three cases: *Brower*, a state-wide class action originally filed in California state court and removed to federal court on the basis of federal question jurisdiction; *Naquin*, a nation-wide class action originally filed in Louisiana state court and removed to the Eastern District of Louisiana on the basis of diversity jurisdiction; and *Louther*, a single-plaintiff suit originally filed in Florida state court and removed to the Middle District of Florida on the basis of diversity jurisdiction. All other cases transferred to the District of Maryland as part of this MDL were remanded to state court (or Superior Court for the District of Columbia) following the Fourth Circuit's decision in *Pinney v. Nokia, Inc.*, 402 F.3d 447 (4th Cir. 2005), which overruled this court and found no federal question jurisdiction and no preemption of the state law claims.[1]

After the Supreme Court denied certiorari in *Pinney*, brief oral argument was heard and supplemental letters received through December 2005 stating the parties' positions as to the remaining three cases. My rulings follow.

---

[1] Whether or not the government's proposed amicus brief expressing the FCC's view on preemption would have affected the ruling in *Pinney*, it is unfortunate the Fourth Circuit did not have the opportunity to consider the FCC's position.

First, I will grant the motion to remand *Brower* to state court. A careful review of the allegations in that case does not identify distinctions sufficient to distinguish the controlling precedent set by the Fourth Circuit in *Pinney*. Nor does the intervening Supreme Court opinion in *Grable & Sons Metal Prods., Inc. v. Darue Engineering & Mfg.*, 125 S. Ct. 2363 (2005), while arguably supportive of this court's theory of jurisdiction, in any way overrule *Pinney*. It is at least doubtful that substantial federal question jurisdiction exists under the analysis in *Pinney*, and where jurisdiction is doubtful remand ordinarily is the better course.

The only other remaining class action is *Naquin*. This was removed from the Eastern District of Louisiana, where it was being handled by Judge Ivan Lemelle. Judge Lemelle is of course fully able to manage the case, and would do so having a greater familiarity with Louisiana law than this court.[2]

When the cases were transferred to this District by the MDL Panel, there were multiple motions to dismiss to be decided involving identical questions of law and, had the cases continued toward trial, there would have been substantial overlapping expert discovery to be coordinated and resulting *Daubert* motions to be heard. Only one class action now remains. While there is also a single-plaintiff case, *Louther*, the issues it presents are significantly narrower than those in *Naquin*. *Louther* claims that use of an AT&T model 3810 cell phone from 1995 to 1998 caused James Louther to die of a brain tumor in 2001. In *Naquin*, a purported nation-wide class sues multiple defendants for exposing wireless cell phone users to various

---

[2] The Eastern District of Louisiana was one of the courts originally proposed by the defendants as a suitable transferee court. 170 F.Supp.2d 1356 (2001).

2

...

alleged health dangers of radio frequency radiation ("RFR") without providing headsets.[3]

Thus, much of the work remaining to be done is case-specific.  Accordingly, it is appropriate for me to suggest to the MDL Panel that the *Naquin* and *Louther* cases be remanded, for good cause, to the transferor courts.  *See, e.g., In re Baseball Bat*, 112 F.Supp. 2d 1175; 28 U.S.C. § 1407(a); J.P.M.L.R.P. 7.6(c)(ii).[4]

As to *Brower*, I request plaintiff's counsel to submit a proposed order, agreed on as to form, remanding the case to state court.

A separate Suggestion of Remand as to *Naquin* and *Louther* follows.


 February 15, 2006                                          /s/
          Date                                       Catherine C. Blake
                                                     United States District Judge

---

[3]  All the other "headset" cases have been remanded.

[4]  While this court has some experience with the scientific issues, at least as related to the likelihood of RFR causing brain cancer, the relevant scientific information will likely need to be updated in any event, and the transferor courts will be free to make whatever use they see fit of the opinion issued in *Newman v. Motorola, Inc.*, 218 F.Supp.2d 769 (D. Md. 2002) *aff'd* 78 Fed. Appx. 292 (4th Cir. 2003).

3