IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| IN RE WIRELESS TELEPHONE<br>RADIO FREQUENCY EMISSIONS<br>PRODUCTS LIABILITY LITIGATION | MDL No. 1421 |
| THIS DOCUMENT RELATES TO: | CIVIL ACTION<br>No. 01-MD-1421 |
| *Louther v. AT&T Wireless.* (M.D. Fla.) | |

**REPLY OF DEFENDANT AT&T WIRELESS SERVICES, INC. TO
PLAINTIFF MARY LOUTHER'S OPPOSITION TO
DEFENDANTS' MOTION TO RECONSIDER SUGGESTION OF REMAND**

This Court has already effectively granted defendants' motion for reconsideration by withdrawing its suggestion of remand, and the Judicial Panel on Multidistrict Litigation (the "MDL Panel") has vacated the conditional remand order previously entered. Thus, it appears that Plaintiff Louther's opposition to defendants' motion is moot. Nevertheless, since the Court's order vacating the suggestion of remand referred to the need to complete the briefing of the issue, AT&T Wireless Services, Inc. ("AWS"), the sole defendant in the *Louther* action, submits this reply to plaintiff's opposition.

The recent re-removal of the *Pinney* and *Farina* actions underscores the lack of grounds to reverse the original determination by the MDL Panel that all of these actions, including *Louther,* are suitable for multidistrict treatment.[1] Plaintiff's opposition fails to demonstrate otherwise.

---

[1] The continued vitality of this MDL is further evidenced by the MDL Panel's issuance, on March 13, 2006, of a Conditional Transfer Order re-transferring the *Farina* action to this proceeding. The CTO is not effective until officially transmitted to this Court by the Clerk of the MDL Panel, and the transmittal

The *Louther* complaint alleges that plaintiff's decedent died of a brain tumor allegedly caused by the decedent's use of a wireless telephone. *Louther* Compl. ¶ 4. As the Panel found, *Louther* thus "involves questions of fact which are common to the actions previously transferred" to this Court, *CTO-5*, Docket No. 1421 (J.P.M.L., filed Oct. 21, 2003), which include whether RF radiation from wireless phones poses adverse health risks, including the causation or aggravation of brain cancer. *See In re Wireless Tel. Radio Frequency Emissions Prod. Liab. Litig.*, 170 F. Supp. 2d 1356, 1358 (J.P.M.L. 2001). All of the complaints transferred to this proceeding, including *Louther*, thus raise the critical threshold issue whether the plaintiffs have expert evidence sufficient to show that there is a reliable scientific basis for their theory that exposure to radio frequency emissions from wireless telephones can and did cause or aggravate brain cancer. *See Newman v. Motorola,* 218 F. Supp. 2d 769 (D. Md. 2002), *aff'd* 78 Fed. Appx. 292, 2003 U.S. App. LEXIS 21367 (4th Cir. 2003); *Daubert v. Merrell Dow Pharms.*, 509 U.S. 579 (1993). Indeed, one of the reasons that the Panel selected this Court to conduct the consolidated pretrial proceedings in this multidistrict litigation was the Court's relevant experience with such matters. *In re Wireless Tel.*, 170 F. Supp. 2d at 1358. Plaintiff's continuing failure to acknowledge the existence of this critical common threshold issue does not diminish its significance.[2]

---

has been stayed 15 days as provided by the MDL Panel's rules in order to allow parties the opportunity to oppose the transfer.

[2] Plaintiff argues that "it is difficult for Plaintiff Mary Louther to understand exactly what commonalities the Defendants allege exist between the *Louther* case and the *Pinney* and *Farina* cases" and suggests that defendants have failed to state any reason why *Louther* should not be remanded. Pl. Opp. at 3. These assertions are puzzling in light of defendants' argument in support of reconsideration that "all of the cases present the same fundamental issue of whether plaintiffs can offer reliable and relevant scientific evidence under *Daubert* in support of their theory of causation, specifically whether wireless phone RF causes adverse 'biological effects' or other health risks." Defendants' Mem. at 2.

Plaintiff attempts to distance her case from the others in this proceeding by asserting that her complaint only involves one defendant and "one specific type of cellular phone," rather than "industry wide problems with cellular phones and the injury those phones have caused to the nation as a whole." Pl. Opp. at 2. This attempt fails because all of these matters present the same fundamental question of causation – whether exposure to radio frequency emissions from wireless telephones can cause or aggravate brain cancer, and the threshold *Daubert* determination does not change depending on the nature of an action as an individual or a class action.

In sum, plaintiff (who resides in Pennsylvania and is represented by counsel in Washington, DC) has failed to articulate any basis for remanding the *Louther* complaint to the Middle District of Florida, and the Court should not re-issue its suggestion of remand.

                                              Respectfully submitted,

DATED:  March 21, 2006                          /s/
                                            Brian A. Coleman
                                            DRINKER BIDDLE & REATH LLP
                                            1500 K Street, N.W., Suite 1100
                                            Washington, DC  20005-1208
                                            Telephone:  202-842-8800
                                            Facsimile:  202-842-8465
                                            brian.coleman@dbr.com

                                            Seamus C. Duffy
                                            Nancy Harris Marvel
                                            Christopher M. Arfaa
                                            Susan M. Roach
                                            DRINKER BIDDLE & REATH LLP
                                            One Logan Square
                                            18th & Cherry Streets
                                            Philadelphia, PA  19103
                                            Telephone:  215-988-2700
                                            Facsimile:  215-988-2757
                                            seamus.duffy@dbr.com

                                            Thomas Watson
                                            Curtis Renner
                                            WATSON & RENNER
                                            1900 M Street, N.W.
                                            Suite 850
                                            Washington, DC  20036
                                            Telephone:  202-737-6301
                                            Facsimile:  202-737-7611
                                            tw@w-r.com

                                            *Attorneys for Defendant AT&T Wireless Services, Inc.*

## CERTIFICATE OF SERVICE

I, Brian A. Coleman, hereby certify that on the date set forth below I served the foregoing Reply Of Defendant AT&T Wireless Services, Inc. To Plaintiff Mary Louther's Opposition To Defendants' Motion To Reconsider Suggestion Of Remand via electronic mail through the Court's ECF system and via first-class mail, postage prepaid, on the following:

William P. Lightfoot, Esquire
Kelly Fisher, Esquire
KOONZ, MCKENNEY, JOHNSON,
DEPAOLIS & LIGHTFOOT
James Monroe Building
2001 Pennsylvania Avenue, N.W.
Suite 450
Washington, DC  20006

*Counsel for Plaintiff Mary Louther*

Dated:  March 21, 2006.

_____/s/_____
Brian A. Coleman