A CERTIFIED TRUE COPY

JUN 1 5 2006

ATTEST
FOR THE JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

Case 1:01-md-01421-CCB   Document 156-1   Filed 06/20/06   Page 1 of 2

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JUN 1 5 2006

FILED
CLERK'S OFFICE

DOCKET NO. 1421

*BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION*

*IN RE WIRELESS TELEPHONE RADIO FREQUENCY EMISSIONS PRODUCTS LIABILITY LITIGATION*

*Francis J. Farina v. Nokia, Inc., et al.,* E.D. Pennsylvania, C.A. No. 2:06-724   CCB-06-1577

**BEFORE WM. TERRELL HODGES, CHAIRMAN, JOHN F. KEENAN, D. LOWELL JENSEN, J. FREDERICK MOTZ,[*] ROBERT L. MILLER, JR.,[*] KATHRYN H. VRATIL AND DAVID R. HANSEN, JUDGES OF THE PANEL[**]**

## TRANSFER ORDER

Presently before the Panel is a motion by plaintiff in this action, pursuant to Rule 7.4, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001), to vacate the Panel's order conditionally transferring the action to the District of Maryland for inclusion in the Section 1407 proceedings occurring there in this docket. All responding defendants oppose the motion and favor inclusion of the action in MDL-1421 pretrial proceedings.

On the basis of the papers filed and hearing session held, the Panel finds that this action involves common questions of fact with actions in this litigation previously transferred to the District of Maryland. Transfer of the action to that district for inclusion in the coordinated or consolidated pretrial proceedings occurring there will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. The pending motion to remand to state court can be presented to and decided by the transferee judge. *See, e.g., In re Ivy*, 901 F.2d 7 (2d Cir. 1990); *In re Prudential Insurance Company of America Sales Practices Litigation*, 170 F.Supp.2d 1346, 1347-48 (J.P.M.L. 2001). The Panel further finds that transfer of this action is appropriate for reasons expressed by the Panel in its original order directing centralization in this docket. In that order, the Panel held that the District of Maryland was a proper Section 1407 forum for actions involving allegations that wireless telephone defendants misrepresented and concealed alleged adverse health

---

[*] Judges Motz and Miller took no part in the decision of this matter.

[**] Other Panel members who could be members of the putative class(es) in this litigation have renounced their participation in these classes and have participated in this decision. Alternatively, to the extent that their disqualifications should be determined for any reason to survive the renunciations, the Panel invokes the "rule of necessity" in order to provide the forum created by the governing statute, 28 U.S.C. § 1407. *See In re Wireless Telephone Radio Frequency Emissions Products Liability Litigation*, 170 F.Supp.2d 1356, 1357-58 (J.P.M.L. 2001).

- 2 -

risks of wireless telephone use. *See In re Wireless Telephone Radio Frequency Emissions Products Liability Litigation*, 170 F.Supp.2d at 1358.

    IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, this action is transferred to the District of Maryland and, with the consent of that court, assigned to the Honorable Catherine C. Blake for inclusion in the coordinated or consolidated pretrial proceedings occurring there in this docket.

    FOR THE PANEL:

    Wm. Terrell Hodges
    Chairman