# EXHIBIT A

MICHAEL D. DONOVAN, ESQ.
Attorney I.D. No.: 51895
DONOVAN SEARLES, LLC
1845 Walnut Street, Suite 1100
Philadelphia, PA 19103
(215) 732-6067
(215) 732-8060 Fax

| | |
|---|---|
| Francis J. Farina, individually and on behalf of all those similarly situated,         Plaintiff, | COURT OF COMMON PLEAS PHILADELPHIA COUNTY |
| v. | APRIL TERM, 2001 |
| Nokia, Inc.; NEC America; Ericsson Wireless Communications, Inc.; Motorola, Inc.; Sprint PCS, LP; Audiovox Communications, Inc.; Matsushita Corporation of America; Philips Electronic North America Corp., Qualcomm Incorporated; Samsung Electronics America, Inc.; Sanyo North America, Inc.; Sony Electronics, Inc.; AT&T Corp.; Verizon Communications, Inc.; Verizon Wireless; Cellco Partnership; Cingular Wireless LLC; SBC Communications Inc.; Cellular One Group; Voicestream Wireless Corp.; LG Electronics, Inc., LG Electronics U.S.A., Inc.; Comcast/Metrophone; Cellular Telecommunications Industry Associations; Telecommunication Industry Association and John Does Nos. 1-100,         Defendants. | NO. 02527                              CLASS ACTION |

## PRAECIPE RE: FILING OF PROOF OF SERVICE

TO THE PROTHONOTARY:

       I hereby certify that a copy of a Second Amended Class Action Complaint in the above

matter was served upon defendant, LG Electronics, Inc.; LG Electronics U.S.A., Inc., pursuant to

Pennsylvania Rules of Civil Procedure 403 and 404, by certified mail, return receipt requested.

A copy of the signed receipt is attached hereto.

DONOVAN SEARLES, LLC

MICHAEL D. DONOVAN, ESQ.

DATE:  January 3, 2006

UNITED STATES POSTAL SERVICE

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

• Sender: Please print your name, address, and ZIP+4 in this box •

MICHAEL D. DONOVAN, ESQUIRE
Donovan Searles, LLC
1845 Walnut Street, Ste. 100
Philadelphia, PA 19103

DEC 2 9 2005

RE: Cell Phone Case (NOKIA)

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

LG Electronics, Inc.
LG Electronics, U.S.A.
1000 Sylvan Avenue
Englewood Cliffs, NJ 07632
Attention: Michael Ahn
President

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X ☒ Agent ☐ Addressee

B. Received by ( Printed Name )     C. Date of Delivery 12/27/5

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
☐ Certified Mail   ☐ Express Mail
☐ Registered       ☒ Return Receipt for Merchandise
☐ Insured Mail     ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
(Transfer from service label)   7005 0390 0006 6337 1619

PS Form 3811, February 2004   Domestic Return Receipt   102595-02-M-1540

# EXHIBIT B

# DrinkerBiddle&Reath
### L L P

Nancy Harris Marvel
215-988-2527
nancy.marvel@dbr.com

*Law Offices*

One Logan Square
18TH and Cherry Streets
Philadelphia, PA
19103-6996

215-988-2700
215-988-2757 fax
www.drinkerbiddle.com

NEW YORK
WASHINGTON
LOS ANGELES
SAN FRANCISCO
CHICAGO
PRINCETON
FLORHAM PARK
BERWYN
WILMINGTON

January 12, 2006

Kenneth A. Jacobsen
Jacobsen Law Office LLC
12 Orchard Lane
Wallingford, PA  19086

RE:    Farina v. Nokia, Inc., et al., Court of Common Pleas
        Philadelphia County, April Term, 2001, No. 2527

Dear Mr. Jacobsen:

    I enclose a copy of the Stipulation to extend the time for Defendants to file
Preliminary Objections to Plaintiff's Second Amended Class Action Complaint, the
original of which was filed with the Court today.

                                                Sincerely yours,

                                                Nancy Harris Marvel/saj

NHM/saj

*Established*
*1849*

PHLIT\549872\1

**JACOBSEN LAW OFFICES LLC**
By: Kenneth A. Jacobsen
Pa., Atty. I.D. No.: 31208
12 Orchard Lane
Wallingford, PA 19086
(610) 566-7930                                         *Attorney for Plaintiff*

---

FRANCIS J. FARINA,                  :        COURT OF COMMON PLEAS
on behalf of himself and all                 PHILADELPHIA COUNTY
others similarly situated,          :
                                    :         APRIL TERM, 2001
                *Plaintiff*,                  NO. 2527
                                    :

        v.                          :
                                              CLASS ACTION
NOKIA, INC., et al.,                :
                                              JURY TRIAL DEMANDED
                *Defendants*.
                                    :

## STIPULATION

    Plaintiff and Defendants, by and through their undersigned counsel, hereby

stipulate and agree that Defendants' time to file Preliminary Objections to Plaintiff's

Second Amended Class Action Complaint is hereby extended until and including January

31, 2006.

 

                    **JACOBSEN LAW OFFICES LLC**

                    By: Kenneth A. Jacobsen
                        Attorney I.D. No. 31208
                        12 Orchard Lane
                        Wallingford, PA 19086
                        (610) 566-7930

                    Attorney for Plaintiff

**DRINKER BIDDLE & REATH LLP**

Seamus C. Duffy
Attorney I.D. No. 52501
Susan M. Roach
Attorney I.D. No. 83211
Drinker Biddle & Reath LLP
One Logan Square
18th & Cherry Streets
Philadelphia, PA  19103

**Attorneys for Defendants
Cingular Wireless LLC, SBC
Communications, Inc., and AT&T Wireless
Services, Inc.**

Robert C. Heim (Att. I.D. No. 15758)
R. David Walk, Jr. (Att. I.D. No. 43549)
Dechert LLP
Cira Centre
2929 Arch Street
Philadelphia, PA  19104-2808
(215) 994-4000

Pro Hac Vice Counsel:
Jane F. Thorpe
Scott A. Elder
ALSTON & BIRD LLP
One Atlantic Center
1201 West Peachtree Street
Atlanta, GA 30309-3424
(404) 881-7000

**Attorneys for Defendant Cellco Partnership
d/b/a Verizon Wireless**

_Robert L. Ebby /s/_

Mark A. Aronchik
Robert L. Ebby
Hangley Aronchick Segal & Pudlin
One Logan Square -- 27th Floor
Philadelphia, PA 19103-6933
215.496.7053 (direct)
215.568.0300 (fax)

Pro Hac Vice Counsel:
Charles L. Babcock
David T. Moran
Ryan C. Wirtz
Jackson Walker L.L.P.
901 Main Street, Suite 6000
Dallas, Texas 75202

**Attorneys for Defendant
Ericsson Inc.**

_Walter L. McDonough /s/_

Walter L. McDonough
Swartz Campbell LLC
1601 Market Street
34th Floor
Philadelphia, PA 19103

**Attorneys for Defendant
Sprint Spectrum, L.P.
(incorrectly designated in Plaintiffs'
Complaint as "Sprint PCS LP")**

*Craig E. Ziegler /sy*

Craig E. Ziegler
Montgomery, McCracken, Walker
& Rhoads, LLP
123 South Broad Street
Philadelphia, PA 19109


**Attorneys for Defendant
Audiovox Communications Corporation**

*Theodore C. Flowers /sy*

Walter H. Swayze
Theodore C. Flowers
Segal, McCambridge, Singer & Mahoney, Ltd.
United Plaza
30 South 17th Street, Suite 1700
Philadelphia, PA 19103


**Attorneys for Defendant
Matsushita Electric Corporation of America
(incorrectly identified as Matsushita
Corporation of America a/k/a Panasonic
Corporation)**

*Reena E. Parambath /sy*

Thomas P. Wagner
Reena E. Parambath
Rawle & Henderson LLP
The Widener Building
One South Penn Square
Philadelphia, PA 19107


**Attorneys for Defendant
Philips Electronics North America
Corporation**

*Jana M. Landon /Sy*

Daniel T. Fitch
Jana M. Landon
Stradley, Ronon, Stevens & Young, LLP
2600 One Commerce Square
Philadelphia, PA  19103

Pro Hac Vice Counsel:
John B. Isbister
Harold Walter
Tydings & Rosenberg LLP
100 East Pratt Street
26th Floor
Baltimore, MD  21202
(410) 752-9714
(410) 727-5460

**Attorneys for Defendant**
**Samsung Telecommunications America, L.P.**

*Rochelle M. Fedullo /Sy*

Rochelle M. Fedullo
Wilson, Elser, Moskowitz, Edelman
& Dicker LLP
The Curtis Center, Suite 1130E
Philadelphia, PA  19106

**Attorneys for Defendant**
**SANYO North American Corporation**

*Howard D. Scher /Sy*

Howard D. Scher
Nicole J. Williams
Buchanan Ingersoll PC
1835 Market Street, 14th Floor
Philadelphia, PA  19103

**Attorneys for Defendant**
**Cellular One Group**

_Eugene A. Schoon /Sy_

Susan Herschel, Esquire
The Hoyle Law Firm
One South Broad Street
Suite 1500
Philadelphia, PA 19107

Pro Hac Vice Counsel:
Eugene A. Schoon
Tamar B. Kelber
Sidley Austin LLP
One South Dearborn Street
Chicago, Illinois 60603

**Attorneys for Defendant**
**T-Mobile, USA, Inc. f/k/a**
**VoiceStream Wireless Corporation**

_Lisa A. Mathewson /Sy_

Robert E. Welsh, Jr.
Lisa A. Mathewson
Welsh & Recker, P.C.
2000 Market Street, Suite 2903
Philadelphia, PA 19103
(215) 972-6430

**Attorneys for Defendant**
**CTIA ~ The Wireless Association®**

_Ronald P. Schiller /Sy_

Ronald P. Schiller
Daniel J. Layden
DLA Piper Rudnick Gray Cary US LLP
One Liberty Place, Suite 4900
1650 Market Street
Philadelphia, PA 19103

**Attorneys for Defendant**
**Motorola, Inc.**

_Howard M. Klein / Sy_

William J. O'Brien
Howard M. Klein
Edward J. Murphy
Conrad O'Brien Gellman & Rohn, PC.
1515 Market Street, 16th Floor
Philadelphia, PA 19102

Pro Hac Vice Counsel:
James Ulwick
Kramon & Graham, P.A.
One South Street, Suite 2600
Baltimore, MD 21202-3201
(410) 752-6030

**Attorneys for Defendant
NEC America, Inc.**

_John T. Toner / Sy_

John T. Toner
Seyfarth Shaw LLP
815 Constitution Ave., N.W., Suite 500
Washington, D.C. 20006

**Attorneys for Defendant
Telecommunications Industry Association**

_Robert J. Hafner / Sy_

Robert J. Hafner
Eckert, Seamans, Cherin & Mellott, LLC
1515 Market Street, 9th Floor
Philadelphia, PA 19103

**Attorneys for Qualcomm, Incorporated
and Sony Electronics Inc.**

Steven A. Haber
Obermayer, Rebmann, Maxwell & Hippel, LLP
One Penn Center
1617 John F. Kennedy Boulevard, 19th Floor
Philadelphia, PA 19103-1895

**Attorneys for Nextel Communications of the
Mid-Atlantic, LLC, Nextel Boost of the Mid-
Atlantic LLC, Nextel West Corp., Nextel Boost
West, LLC**

Gibbons, Del Deo, Dolan, Griffinger & Vecchione, P.C.

BY: _Madeline L. Sherry_

Madeline Sherry
Attorneys for Defendant
Nokia Inc.

Of Counsel
Steven M. Zager, Esquire
Akin Gump Strauss Hauer & Feld LLP
1111 Louisiana Street, 44th Floor
Houston, TX 77002-5200

Lance T. Lackey, Esquire
Akin Gump Strauss Hauer & Feld LLP
3000 West 6th Street, Suite 2100
Austin, TX 78701-3911

173421-1

#1046349 v1
102604-55565

CERTIFICATE OF SERVICE

I, Nancy Harris Marvel, hereby certify that I caused a true and correct copy of the

foregoing Stipulation to be served on January 12, 2006 by first class mail, postage

prepaid, upon the following counsel:

Kenneth A. Jacobsen
Attorney I.D. No. 31208
12 Orchard Lane
Wallingford, PA 19086
(610) 566-7930
Attorney for Plaintiff


Robert C. Heim (Att. I.D. No. 15758)
R. David Walk, Jr. (Att. I.D. No. 43549)
Dechert LLP
Cira Centre
2929 Arch Street
Philadelphia, PA  19104-2808
(215) 994-4000

Pro Hac Vice Counsel:
Jane F. Thorpe
Scott A. Elder
ALSTON & BIRD LLP
One Atlantic Center
1201 West Peachtree Street
Atlanta, GA 30309-3424
(404) 881-7000

**Attorneys for Defendant Cellco Partnership d/b/a Verizon
Wireless**

Mark A. Aronchik
Robert L. Ebby
Hangley Aronchick Segal & Pudlin
One Logan Square -- 27th Floor
Philadelphia, PA 19103-6933
215.496.7053 (direct)
215.568.0300 (fax)

Pro Hac Vice Counsel:
Charles L. Babcock
David T. Moran
Ryan C. Wirtz
Jackson Walker L.L.P.
901 Main Street, Suite 6000
Dallas, Texas 75202

**Attorneys for Defendant**
**Ericsson Inc.**


Walter L. McDonough
Swartz Campbell LLC
1601 Market Street
34th Floor
Philadelphia, PA 19103

**Attorneys for Defendant**
**Sprint Spectrum, L.P.**
**(incorrectly designated in Plaintiffs'**
**Complaint as "Sprint PCS LP")**

Craig E. Ziegler
Montgomery, McCracken, Walker
 & Rhoads, LLP
123 South Broad Street
Philadelphia, PA  19109


**Attorneys for Defendant**
**Audiovox Communications Corporation**


Walter H. Swayze
Theodore C. Flowers
Segal, McCambridge, Singer & Mahoney, Ltd.
United Plaza
30 South 17th Street, Suite 1700
Philadelphia, PA  19103

**Attorneys for Defendant**
**Matsushita Electric Corporation of America**
**(incorrectly identified as Matsushita Corporation of America**
**a/k/a Panasonic Corporation)**


Thomas P. Wagner
Reena E. Parambath
Rawle & Henderson LLP
The Widener Building
One South Penn Square
Philadelphia, PA  19107


**Attorneys for Defendant**
**Philips Electronics North America Corporation**

PHLIT\549862\1

Daniel T. Fitch
Jana M. Landon
Stradley, Ronon, Stevens & Young, LLP
2600 One Commerce Square
Philadelphia, PA 19103

Pro Hac Vice Counsel:
John B. Isbister
Harold Walter
Tydings & Rosenberg LLP
100 East Pratt Street
26th Floor
Baltimore, MD 21202
(410) 752-9714
(410) 727-5460

**Attorneys for Defendant**
**Samsung Telecommunications America, L.P.**

Rochelle M. Fedullo
Wilson, Elser, Moskowitz, Edelman
& Dicker LLP
The Curtis Center, Suite 1130E
Philadelphia, PA 19106

**Attorneys for Defendant**
**SANYO North American Corporation**

Howard D. Scher
Nicole J. Williams
Buchanan Ingersoll PC
1835 Market Street, 14th Floor
Philadelphia, PA 19103

**Attorneys for Defendant**
**Cellular One Group**

Susan Herschel, Esquire
The Hoyle Law Firm
One South Broad Street
Suite 1500
Philadelphia, PA 19107

Pro Hac Vice Counsel:
Eugene A. Schoon
Tamar B. Kelber
Sidley Austin LLP
One South Dearborn Street
Chicago, Illinois 60603

**Attorneys for Defendant**
**T-Mobile, USA, Inc. f/k/a**
**VoiceStream Wireless Corporation**

Robert E. Welsh, Jr.
Lisa A. Mathewson
Welsh & Recker, P.C.
2000 Market Street, Suite 2903
Philadelphia, PA 19103
(215) 972-6430

**Attorneys for Defendant**
**CTIA – The Wireless Association®**

Ronald P. Schiller
Daniel J. Layden
DLA Piper Rudnick Gray Cary US LLP
One Liberty Place, Suite 4900
1650 Market Street
Philadelphia, PA 19103

**Attorneys for Defendant**
**Motorola, Inc.**

William J. O'Brien
Howard M. Klein
Edward J. Murphy
Conrad O'Brien Gellman & Rohn, PC.
1515 Market Street, 16th Floor
Philadelphia, PA 19102

Pro Hac Vice Counsel:
James Ulwick
Kramon & Graham, P.A.
One South Street, Suite 2600
Baltimore, MD 21202-3201
(410) 752-6030

**Attorneys for Defendant
NEC America, Inc.**

John T. Toner
Seyfarth Shaw LLP
815 Constitution Ave., N.W., Suite 500
Washington, D.C. 20006

**Attorneys for Defendant
Telecommunications Industry Association**

Robert J. Hafner
Eckert, Seamans, Cherin & Mellott, LLC
1515 Market Street, 9th Floor
Philadelphia, PA 19103

**Attorneys for Qualcomm, Incorporated
and Sony Electronics Inc.**

Steven A. Haber
Obermayer, Rebmann, Maxwell & Hippel, LLP
One Penn Center
1617 John F. Kennedy Boulevard, 19th Floor
Philadelphia, PA 19103-1895

**Attorneys for Nextel Communications of the Mid-Atlantic,
LLC, Nextel Boost of the Mid-Atlantic LLC, Nextel West
Corp., Nextel Boost West, LLC**

Nancy Harris Marvel

# EXHIBIT C

| Subj: | **Farina Case** |
|-------|-----------------|
| Date: | **1/13/06** |
| To: | trager@HughesHubbard.com |
| CC: | Seamus.Duffy@dbr.com, nancy.marvel@dbr.com, GEM@lawpga.com, jokade, mallweiss@jshah.com, mdonovan@donovansearles.com |

Josiah—

It was a pleasure speaking with you today. As I said, I recommend that you contact Seamus Duffy at the Drinker Biddle firm, who has been serving as an informal Liaison Counsel on behalf of all defendants, to discuss Local Counsel, the history of this case (beyond the summary that I gave you earlier today), and other matters.

I will discuss with my colleagues how to amend the case to name LGE Mobilecomm USA as the proper defendant. We probably will not want to amend the entire Complaint since we just did that and it will foul up the agreed upon schedule and deadlines. We will probably make the correction through some sort of Praecipe; I will discuss that with my co-counsel and get back to you. As I mentioned during our call, plaintiffs' and defendants' counsel have worked very cooperatively in the past on similar issues realting to the proper party defendants.

This will confirm that plaintiffs grant your client(s) and extension to January 31, 2006—the same extension granted to all other defendants—to answer, move or otherwise respond to plaintiff's Second Amended Complaint. I suggest that you contact Seamus or Nancy and simply add your name to the Stipulation already executed.

Please let me know if you need any other information, and best regards.

Ken Jacobsen

# EXHIBIT D

# DrinkerBiddle&Reath
L L P

Nancy Harris Marvel
215-988-2527
nancy.marvel@dbr.com

*Law Offices*

One Logan Square
18th and Cherry Streets
Philadelphia, PA
19103-6996

215-988-2700
215-988-2757 fax
www.drinkerbiddle.com

NEW YORK
WASHINGTON
LOS ANGELES
SAN FRANCISCO
CHICAGO
PRINCETON
FLORHAM PARK
BERWYN
WILMINGTON

December 16, 2005

**VIA FACSIMILE**
Kenneth A. Jacobsen, Esq.
Jacobsen Law Offices LLC
12 Orchard Lane
Wallingford, PA 19086

RE:    *Francis J. Farina v. Nokia, Inc., et al.*
       <u>*CCP, Phila. County, April Term, 2001, No. 2527*</u>

Dear Mr. Jacobsen:

        I am writing to follow up on your agreement to try to clean up the caption before plaintiff's second amended complaint is filed. To facilitate this process, we've compiled the following list of issues that have been raised by various defense counsel in this action. The list includes parenthetical references to the requesting counsel in case you need to follow up with any of them on these issues.

        1.       The caption identifies Audiovox Communication Corp. as "A/K/A Audiovox Corp." This reference to Audiovox Corp. should be removed as Audiovox Corp. is a separate entity and should not be named in any way. (call Deborah Ringel at Dickstein Shapiro with any questions - 202-955-6623)

        2.       Nextel Communications, Inc. should be dismissed because it is merely a holding company and, independently, there is not personal jurisdiction over this entity in Pennsylvania. Also, the complaint incorrectly states that Nextel Communications, Inc. is also known as ("A/K/A") Nextel Communications of the Mid-Atlantic, Inc., Nextel Partners, Inc., and Nextel. This is incorrect because Nextel Communications of the Mid-Atlantic, Inc. and Nextel Partners, Inc. are separate entities from Nextel Communications, Inc. and there is no legal entity called "Nextel." The only subsidiary of Nextel Communications, Inc. that provides digital wireless communications services in Pennsylvania is Nextel Communications of the Mid-Atlantic, Inc. (call Andrew Jarzyna at Skadden with any questions - 312-407-0700)

        3.       The Complaint names "AT&T Corp. a/k/a AT&T". This entity should be dismissed because it was not in the wireless business. "AT&T Wireless Services, Inc." is the corporate entity that was involved in the wireless business. (call Seamus Duffy at Drinker Biddle with any questions - 215-988-2440)

        4.       The Complaint names "SBC Communications Inc." This entity should be dismissed because it was not involved in the wireless business. In addition, there is no

*Established
1849*

DrinkerBiddle&Reath
L L P

Kenneth A. Jacobsen, Esq.
December 16, 2005
Page 2

personal jurisdiction over SBC Communications, Inc. (call Seamus Duffy with any
questions)

5.      The Complaint names "Comcast/Metrophone." Comcast/Metrophone
should be removed from the caption because it is not the legal name of any corporation.
(call Seamus Duffy with any questions)

6.      The Complaint names "Sprint PCS Limited Partnership a/k/a Sprint
Spectrum a/k/a Sprint" but "Sprint Spectrum, L.P." is the only proper Sprint entity. (call
Douglas Beck at Shook Hardy with any questions - 816-559-2106)

7.      The name of Defendant Telecommunications Industry Association should
be corrected to read "Telecommunications" (plural) as opposed to Telecommunication
(singular). (call Paul Freehling at Seyfarth Shaw with any questions - 312-781-8618)

8.      Verizon Communications Inc. should be dismissed because it is not in the
wireless business. Verizon Communications Inc. is a holding company that, indirectly, is
one of the ultimate parents of Verizon Wireless. Verizon Wireless and Cellco
Partnership are listed improperly as separate defendants. The proper defendant is Cellco
Partnership d/b/a Verizon Wireless. The references to various predecessor companies as
"also known as" or "formerly doing business as" are not accurate and should be removed.
(Call Bob Heim (215-994-2570) or Scott Elder (Alston & Bird 404-881-7592)
with questions)

9.      The caption and paragraph 16 name "Samsung Electronics America, Inc.
A/K/A Samsung Electronics ("Samsung")" as a defendant. Samsung Electronics
America, Inc., is not involved in the design, manufacturer, marketing and sale of
"WHHPs" and should be removed as a defendant. Samsung Telecommunications
America, L.P., a Delaware limited partnership ("STA") sells and markets mobile phones
and is involved in the after-sale service of mobile phones and some product development
of mobile phones in the United States. STA does not design or manufacture mobile
phones. STA consents to its substitution as a defendant in the case. (Call Hal Walter
(410-752-9720) or John Isbister (410-752-9714) with questions)

## DrinkerBiddle&Reath

Kenneth A. Jacobsen, Esq.
December 16, 2005
Page 3

Thank you for your cooperation with this mater.

Sincerely yours,

Nancy H. Marvel

Nancy Harris Marvel

NHM/saj

cc:     Deborah Ringel, Esq.
        Andrew Jarzyna, Esq.
        Douglas Beck, Esq.
        Paul Freehling, Esq.
        Scott Elder, Esq.
        John Isbister, Esq.
        Seamus Duffy, Esq.

# EXHIBIT E

# ALSTON&BIRD LLP

One Atlantic Center
1201 West Peachtree Street
Atlanta, Georgia 30309-3424

404-881-7000
Fax 404-881-7777
www.alston.com

Scott A. Elder
Direct Dial: 404-881-7592
E-mail: scott.elder@alston.com

December 22, 2005

*Via Facsimile* (610) 566-7940

Kenneth A. Jacobsen
Law Offices of Kenneth A. Jacobsen
22 West Front Street
Media, PA 19063

> Re:    Farina v. Nokia, et al., Philadelphia County Court of Common Pleas, Civil
>        Action No. 2527

Dear Ken:

I understand from Nancy Marvel that you have agreed to dismiss various defendants from this action but that you would like a request from each defendant in addition to Nancy's letter on behalf of a group of defendants.

I represent Verizon Communications Inc. and Verizon Wireless. As noted in Nancy's letter, Verizon Communications should be dismissed because it is not in the wireless business. Verizon Communications Inc. is a holding company that, indirectly, is one of the ultimate parents of Verizon Wireless. In addition, Verizon Wireless and Cellco Partnership are listed improperly as separate defendants. The proper defendant is Cellco Partnership d/b/a Verizon Wireless. Finally, the references to various predecessor companies as "also known as" or "formerly doing business as" are not accurate and should be removed.

Bank of America Plaza
101 South Tryon Street, Suite 4000
Charlotte, NC 28280-4000
704-444-1000
Fax: 704-444-1111

90 Park Avenue
New York, NY 10016
212-210-9400
Fax: 212-210-9444

3201 Beechleaf Court, Suite 600
Raleigh, NC 27604-1062
919-862-2200
Fax: 919-862-2260

601 Pennsylvania Avenue, N.W.
North Building, 10th Floor
Washington, DC 20004-2601
202-756-3300
Fax: 202-756-3333

Kenneth A. Jacobsen
December 22, 2005
Page 2

      Thank you for your cooperation in this matter, and please let me know if you have any questions.

Sincerely,

Scott A. Elder

SAE:sae
cc:  Jane Thorpe

ATL01/12108456v1

# EXHIBIT F

MERITAS LAW FIRMS WORLDWIDE

100 EAST PRATT STREET
26TH FLOOR
BALTIMORE MARYLAND 21202
410.752.9700
FAX 410.727.5460

TOWSON MD OFFICE
410.337.0407
FAX 410.337.3758

WASHINGTON DC OFFICE
202.296.1642
FAX 202.828.4130

www.tydingslaw.com

ATTORNEYS AT LAW

# TYDINGS & ROSENBERG LLP

HAROLD M. WALTER
410.752.9720
hwalter@tydingslaw.com

December 21, 2005

Via Telecopy/First Class Mail
Kenneth A. Jacobsen, Esquire
Jacobsen Law Offices LLC
12 Orchard Lane
Wallingford, PA  19086

Re:   *Francis J. Farina v. Nokia, Inc. et al.*
      *CCP, Phila. County, April Term 2001, No. 2527*

Dear Ken:

I write on behalf of my client, Samsung Telecommunications America, L.P., ("STA") in the above-referenced matter. This will confirm that STA has provided to me, as its counsel, the following information to facilitate correction of the caption:

The current caption and paragraph 16 of the current Complaint names "Samsung Electronics America, Inc. A/K/A Samsung Electronics ("Samsung")" as a defendant. Samsung Electronics America, Inc. is not involved in the design, manufacture, marketing and sale of "WHHPs" and should be removed as a defendant. Samsung Telecommunications America, L.P. a Delaware limited partnership ("STA") sells and markets mobile phones, is involved in the after-sale service of mobile phones, and some product development of mobile phones in the United States. STA does not design or manufacture mobile phones. STA consents to its substitution as a defendant in this case.

Please call me (this week) (410-752-9720) or John Isbister (next week) (410-752-9714) if you have any questions.

Sincerely,

Harold M. Walter

HMW//mh

#495299v.1

# EXHIBIT G

DICKSTEIN SHAPIRO MORIN & OSHINSKY LLP

*2101 L Street NW • Washington, DC 20037-1526*
*Tel (202) 785-9700 • Fax (202) 887-0689*
*Writer's Direct Dial: (202) 955-6623*
*E-Mail Address: RingelD@dsmo.com*

December 21, 2005

**BY FACSIMILE AND U.S. MAIL**

Mr. Kenneth Jacobsen
Jacobsen Law Offices, LLC
12 Orchard Lane
Wallingford, PA 19086

Re:      Cell Phone Litigation – Farina

Dear Mr. Jacobsen:

This letter confirms that Audiovox Communications Corp. is a separate corporate entity from Audiovox Corporation. Audiovox Corporation never manufactured, sold or distributed cell phones, and should not be a party in this litigation. The proper defendant should be Audiovox Communications Corp.; Audiovox Corporation should not be named in the amended *Farina* complaint.

You might also be interested to know that Audiovox Communications Corp. was sold in November, 2005 and is no longer in the cell phone business or industry; but I assume that is an issue for another day.

Thank you for your assistance; we appreciate your attention to this matter in the Amended Complaint.

Sincerely,

Deborah Goldstock Ringel

cc:      Larry Stopol, Esq.
         Craig Ziegler, Esq.
         Mark H. Kolman, Esq.

*1177 Avenue of the Americas • New York, NY 10036-2714*
*Tel (212) 835-1400 • Fax (212) 997-9880*
*www.DicksteinShapiro.com*

DSMDB.2022095.1

# EXHIBIT H

# OBERMAYER

**O R M H**

## REBMANN MAXWELL & HIPPEL LLP

*Attorneys At Law*

Steven A. Haber, Esquire
Direct Dial 215-665-3253
E-mail: steven.haber@obermayer.com

One Penn Center – 19th Floor
1617 John F. Kennedy Boulevard
Philadelphia, PA 19103-1895
P 215-665-3000
F 215-665-3165
www.obermayer.com

December 22, 2005

**VIA TELECOPIER: (610) 566-7940**

Kenneth A. Jacobsen, Esquire
Jacobsen Law Offices, LLC
12 Orchard Lane
Wallingford, PA 19086

Re:   **Francis J. Farina v. Nokia, Inc., et al.**
**Philadelphia County CCP, April Term, 2001; No. 2527**

Dear Mr. Jacobsen:

As you requested in the letter you faxed to defense counsel dated December 21, 2005, I am writing to confirm that the information contained in paragraph "2" of Nancy H. Marvel's December 16, 2005 letter to you is accurate (subject to the additional information provided below) and to accordingly ask that you dismiss Nextel Communications, Inc. from this matter by not including it as a defendant in the Amended Complaint that is due to be filed on Friday, December 23, 2005.

As stated in Ms. Marvel's letter, Nextel Communications, Inc. should be dismissed because it is merely a holding company and, independently, is not subject to a Pennsylvania Court's personal jurisdiction. Also, the Complaint incorrectly states that Nextel Communications, Inc. is also known as ("A/K/A") Nextel Communications of the Mid-Atlantic, Inc., Nextel Partners, Inc., and Nextel. This is incorrect because Nextel Communications of the Mid-Atlantic, Inc. and Nextel Partners, Inc. are separate entities from Nextel Communications, Inc. and there is no legal entity called "Nextel".

Ms. Marvel's letter also states, based upon information I provided, that the only subsidiary of Nextel Communications, Inc. that provides digital wireless communications services in Pennsylvania is Nextel Communications of the Mid-Atlantic, Inc. However, I have recently learned that there are three additional subsidiaries of Nextel Communications, Inc., that also provide digital wireless communications services in Pennsylvania. Those entities are Nextel West Corp., Nextel Boost of the Mid-Atlantic, LLC, and Nextel Boost West, LLC.

Please feel free to call me if you have any questions.

Sincerely,

STEVEN A. HABER

SAH:km

## Over a Century of Solutions

4005535

Philadelphia
Pennsylvania

Harrisburg
Pennsylvania

Pittsburgh
Pennsylvania

Cherry Hill
New Jersey

Wilmington
Delaware

# EXHIBIT I



**Shook,**
**Hardy &**
**Bacon** L.L.P.
www.shb.com

Douglas S. Beck

2555 Grand Blvd.
Kansas City
Missouri 64108-2613
816.474.6550
816.559.2361 DD
816.421.5547 Fax
dwrobinson@shb.com

December 21, 2005

*Via Facsimile – 610-566-7940*
Kenneth A. Jacobsen, Esq.
Jacobsen Law Offices LLC
12 Orchard Lane
Wallingford, Pennsylvania 19086

Re:  **Cell Phone Litigation - Farina**

Dear Mr. Jacobsen:

In response to your December 21, 2005 request, please consider this confirmation on behalf of Sprint Spectrum, L.P. that Sprint Spectrum, L.P. is the only proper Sprint entity that should be named in <u>Farina v. Nokia, Inc., et al.</u> At present, the Complaint names "Sprint PCS Limited Partnership, a/k/a Sprint Spectrum, a/ka Sprint." I understand you have agreed to incorporate the above changes into plaintiffs' anticipated Amended Complaint. Please feel free to contact me directly should you require any further information and I appreciate your professional courtesy in this regard.

Very truly yours,

Douglas S. Beck

DSB/jna

Geneva
Houston
Kansas City
London
Miami
Orange County
Overland Park
San Francisco
Tampa
Washington, D.C.

1839642v1

# EXHIBIT J

**Subj:** **Cell Phone Litigation - Farina**
**Date:** 12/21/05 10:33:57 AM Eastern Standard Time
**From:** PFreehling@seyfarth.com
**To:** jacobsenlaw@aol.com
**CC:** Nancy.Marvel@dbr.com

Mr. Jacobsen - This communication is being sent in response to your letter to Seamus Duffy and Nancy Marvel dated Dec. 21, 2005. The information set forth in Nancy's letter to you dated December 16, 2005 regarding the name of Telecommunications Industry Association is correct.

Paul E. Freehling
Seyfarth Shaw LLP
55 East Monroe Street
Suite 4200
Chicago, IL 60603-5803
312/781-8618
312/269-8869 (fax)

Any tax information or written tax advice contained herein (including any attachments) is not intended to be and cannot be used by any taxpayer for the purpose of avoiding tax penalties that may be imposed on the taxpayer. (The foregoing legend has been affixed pursuant to U.S. Treasury Regulations governing tax practice.)

The information contained in this transmission is attorney privileged and/or confidential information intended for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited.

# EXHIBIT K

# JACOBSEN LAW OFFICES LLC

e-mail: jacobsenlaw@aol.com
website: jacobsenlaw-pa.com

12 Orchard Lane
Wallingford, PA 19086

Telephone: 610-566-7930
Facsimilie: 610-566-7940

December 21, 2005

Seamus C. Duffy, Esquire
Nancy Harris Marvel, Esquire
**DRINKER BIDDLE & REATH LLP**
18th & Cherry Streets
Philadelphia, PA 19103

*Via Telecopy*

Re: *Cell Phone Litigation—Farina*

Dear Seamus and Nancy:

In Nancy's letter of December 16th, she says that Comcast/Metrophone is "not the legal name of any corporation" and therefore should be dropped from the Amended Complaint. However, was a Comcast-affiliated company involved in the manufacture or sale of wireless phones or the provision of wireless services? While we are happy to "clean up" the caption to correct names and drop certain parties, we are hesitant to drop corporate organizations altogether if they were involved in the activities alleged in this case, although under a different name or entity than that alleged by plaintiffs.

Would you please clarify this Comcast issue for us?

Thanks, and best regards.

Very truly yours,

Kenneth A. Jacobsen

cc:    Plaintiffs' counsel (*Via Telecopy*)

# EXHIBIT L

| | |
|---|---|
| **Subj:** | **RE: Farina Case** |
| **Date:** | 1/13/06 12:23:30 PM Eastern Standard Time |
| **From:** | trager@HughesHubbard.COM |
| **To:** | JacobsenLaw@aol.com |
| **CC:** | Seamus.Duffy@dbr.com, nancy.marvel@dbr.com, GEM@lawpga.com, JOkade@aol.com, mallweiss@lshah.com, mdonovan@donovansearles.com |

Thank you, Ken.

It was a pleasure speaking with you, as well, and look forward to hearing from you soon regarding amending the complaint or similar action.

Josiah

---

**From:** JacobsenLaw@aol.com [mailto:JacobsenLaw@aol.com]
**Sent:** Friday, January 13, 2006 12:20 PM
**To:** Trager, Josiah
**Cc:** Seamus.Duffy@dbr.com; nancy.marvel@dbr.com; GEM@lawpga.com; JOkade@aol.com; mallweiss@lshah.com; mdonovan@donovansearles.com
**Subject:** Farina Case

Josiah--

It was a pleasure speaking with you today. As I said, I recommend that you contact Seamus Duffy at the Drinker Biddle firm, who has been serving as an informal Liaison Counsel on behalf of all defendants, to discuss Local Counsel, the history of this case (beyond the summary that I gave you earlier today), and other matters.

I will discuss with my colleagues how to amend the case to name LGE Mobilecomm USA as the proper defendant. We probably will not want to amend the entire Complaint since we just did that and it will foul up the agreed upon schedule and deadlines. We will probably make the correction through some sort of Praecipe; I will discuss that with my co-counsel and get back to you. As I mentioned during our call, plaintiffs' and defendants' counsel have worked very cooperatively in the past on similar issues realting to the proper party defendants.

This will confirm that plaintiffs grant your client(s) and extension to January 31, 2006--the same extension granted to all other defendants--to answer, move or otherwise respond to plaintiff's Second Amended Complaint. I suggest that you contact Seamus or Nancy and simply add your name to the Stipulation already executed.

Please let me know if you need any other information, and best regards.

Ken Jacobsen

****************************************************************************
This email and any files transmitted with it may contain privileged or confidential information. Use, disclosure, copying or distribution of this message by anyone other than the intended recipient is strictly prohibited. If you have received this email in error please notify the sender by reply email and destroy all copies of this message in your possession, custody or control.
****************************************************************************

# EXHIBIT M

| Subj: | **Cell Phone—Farina—Praecipe to Amend Caption and Substitute Party** |
|---|---|
| Date: | 1/19/06 |
| To: | trager@HughesHubbard.com |
| CC: | Seamus.Duffy@dbr.com |

Josiah and Seamus—

This is what we propose. Short and to the point.

Regards, Ken

**JACOBSEN LAW OFFICES LLC**
By: Kenneth A. Jacobsen
Pa.. Atty. I.D. No.: 31208
12 Orchard Lane
Wallingford, PA 19086
(610) 566-7930                    *Attorney for Plaintiff*

---

| | | |
|---|---|---|
| **FRANCIS J. FARINA,** | | COURT OF COMMON PLEAS |
| on behalf of himself and all | : | PHILADELPHIA COUNTY |
| others similarly situated, | | |
| | : | APRIL TERM, 2001 |
| *Plaintiff,* | | NO. 2527 |
| | : | |
| v. | | |
| | : | CLASS ACTION |
| **NOKIA, INC.,** et al., | | |
| | : | JURY TRIAL DEMANDED |
| *Defendants.* | | |
| | : | |

## PRAECIPE TO AMEND CAPTION AND SUBSTITUTE PARTY

TO THE PROTHONOTARY:

Kindly amend the caption in this case to delete the following party:

> LG Electronics U.S.A., Inc.
> 1000 Sylvan Avenue
> Englewood Cliffs, N.J. 07632

and to replace it with the following party:

> LG Electronics Mobilecomm U.S.A., Inc.
> 10225 Willow Creek Road
> San Diego, CA 92131

This substitution of party also applies to paragraph 24 of Plaintiffs' Second

Amended Class Action Complaint.

Defendant LG Electronics U.S.C., Inc. and substitute defendant LG Electronics

Mobilecomm U.S.A., Inc. have no objection to and consent to this substitution.

Dated: January___, 2006            **JACOBSEN LAW OFFICES LLC**

                                   By: Kenneth A. Jacobsen
                                       Attorney I.D. No. 31208
                                       12 Orchard Lane
                                       Wallingford, PA 19086
                                       (610) 566-7930

                                       Attorney for Plaintiff

# EXHIBIT N

| Subj: | **RE: Farina Case** |
|---|---|
| Date: | 1/18/06 12:28:41 PM Eastern Standard Time |
| From: | trager@HughesHubbard.COM |
| To: | JacobsenLaw@aol.com |
| CC: | Seamus.Duffy@dbr.com, nancy.marvel@dbr.com, GEM@lawpga.com, JOkade@aol.com, mallweiss@lshah.com, mdonovan@donovansearles.com |

Ken-

   Thank you for getting back to me so quickly. I have a few questions for you regarding this Praecipe that I'd like to discuss before the draft to make sure we're on the same page. Do you have any time to speak today, preferably with Seamus on the line?

Thanks,
Josiah

---

**From:** JacobsenLaw@aol.com [mailto:JacobsenLaw@aol.com]
**Sent:** Wednesday, January 18, 2006 12:17 PM
**To:** Trager, Josiah
**Cc:** Seamus.Duffy@dbr.com; nancy.marvel@dbr.com; GEM@lawpga.com; JOkade@aol.com; mallweiss@lshah.com; mdonovan@donovansearles.com
**Subject:** Re: Farina Case

Josiah—

I am drafting a Praecipe today and will send it to you and Seamus for review by no later than tomorrow.
                Ken Jacobsen

**************************************************************************
This email and any files transmitted with it may contain privileged or confidential
information. Use, disclosure, copying or distribution of this message by anyone
other than the intended recipient is strictly prohibited. If you have received
this email in error please notify the sender by reply email and destroy all copies
of this message in your possession, custody or control.
**************************************************************************

# EXHIBIT O

# JACOBSEN LAW OFFICES LLC

e-mail: jacobsenlaw@aol.com

website: jacobsenlaw-pa.com

12 Orchard Lane

Wallingford, PA 19086

Telephone: 610-566-7930

Facsimilie: 610-566-7940

January 27, 2006

Honorable Mark I. Bernstein
Judge
Philadelphia County Court of Common Pleas
Room 532 City Hall
Philadelphia, PA 19107

Re: *Farina v. Nokia, Inc. et al.,*
<u>April Term 2001, No. 2527</u>

Dear Judge Bernstein:

I write on behalf of all parties—plaintiff and all defendants—to request that the Court approve the enclosed Stipulation executed by all counsel.

During the past several weeks, the parties have worked cooperatively to identify those wireless companies, often wholly owned subsidiaries other companies, who are properly named as defendants for the claims alleged in plaintiffs' Complaint in this case. Recently, plaintiffs learned that one of the named defendants in plaintiffs' Second Amended Class Action Complaint, LG Electronics U.S.A., Inc., a United States subsidiary of parent LG Electronics Inc. of Korea, was not the proper party and should be replaced with LG Electronics Mobilecomm U.S.C., Inc., a different subsidiary of the same corporate parent.

Counsel for plaintiff and counsel for the various LG Electronics entities have agreed to substitute the correct subsidiary in this lawsuit. However, because this substitution requires the dismissal of a previously named party, the parties believe that any such substitution requires the approval of the Court under Rule 1714(b) of our class action Rules. The enclosed Stipulation accomplishes that change without changing the Complaint in any other manner and without changing any of the existing deadlines for all other defendants to respond to the pleading under the previously agreed timetable (that is, by January 31, 2006).

We respectfully request that Your Honor endorse the Stipulation on the last page as an Order of the Court. I would be happy to answer any questions which the Court may have about the enclosure.

Respectfully,

Kenneth A. Jacobsen

cc: Seamus C. Duffy, Esquire (as liaison for defendants other than LG Electronics)
    Josiah S. Trager, Esquire (counsel for the LG Electronics entities)
    Plaintiffs' Counsel

JACOBSEN LAW OFFICES LLC
By: Kenneth A. Jacobsen
Pa. Atty. I.D. No. 31208
12 Orchard Lane
Wallingford, PA 19086
(610) 566-7930                      Attorney for Plaintiff

---

| | |
|---|---|
| **FRANCIS J. FARINA,** | COURT OF COMMON PLEAS |
| on behalf of himself and all : | PHILADELPHIA COUNTY |
| others similarly situated, | |
| : | APRIL TERM, 2001 |
| *Plaintiff,* | NO. 2527 |
| : | |
| v. | |
| : | CLASS ACTION |
| **NOKIA, INC., et al.,** | |
| : | JURY TRIAL DEMANDED |
| *Defendants.* | |
| : | |

## STIPULATION TO AMEND COMPLAINT AND DISMISS FEWER THAN ALL DEFENDANTS

WHEREAS, Plaintiff filed a Second Amended Complaint in this action on

December 23, 2005;

WHEREAS, Plaintiff's Second Amended Complaint named LG Electronics, Inc.

and LG Electronics U.S.A., Inc. as defendants in this action;

WHEREAS, Plaintiff's counsel has been informed that LG Electronics U.S.A.,

Inc. is not a proper party to this lawsuit, that LG Electronics, Inc. is a Korean company

which has not to date been served, and that LG Electronics.Mobilecomm U.S.A., Inc. is

the party Plaintiff intended to name;

WHEREAS, Plaintiff has agreed to dismiss LG Electronics, Inc. and LG

Electronics U.S.A., Inc. from this action without prejudice;

WHEREAS, Plaintiff wishes to name LG Electronics Mobilecomm U.S.A., Inc. as a defendant in this action;

WHEREAS, the parties do not intend for this Stipulation to alter the agreed upon deadline of January 31, 2006 for defendants other than LG Electronics Mobilecomm U.S.A., Inc. to respond to the operative complaint;

The parties, by and through their undersigned counsel, and pursuant to Rules 229, 1033 and 2232 of the Pennsylvania Rules of Civil Procedure, hereby stipulate and agree as follows:

1.    LG Electronics, Inc. and LG Electronics U.S.A., Inc. are hereby dismissed from this action;

2.    Plaintiff hereby files the attached Third Amended Complaint naming LG Electronics Mobilecomm U.S.A., Inc. as a defendant, amending the captions accordingly, and changing all references to LG Electronics, Inc. and/or LG Electronics U.S.A., Inc. in Plaintiff's Second Amended Complaint to LG Electronics Mobilcomm U.S.A., Inc., but making no other changes.

3.    Counsel for LG Electronics Mobilecomm U.S.A., Inc. agrees that it will waive formal service of process and accept service of process of Plaintiff's Third Amended Complaint, which is attached hereto, as of the date of this Stipulation, but waives no other rights, defenses, or privileges.

2

4.    The defendants other than LG Electronics Mobilecomm U.S.A., Inc. will

answer, move or otherwise plead to the complaint, as hereby amended, by January 31,

2006.

January 20, 2006

JACOBSEN LAW OFFICES LLC

By: Kenneth A. Jacobsen
    Attorney I.D. No. 31208
    12 Orchard Lane
    Wallingford, PA 19086
    (610) 566-7930

    Attorney for Plaintiff


David G. C. Arnold
Royal Bank Plaza
Suite 109
915 Montgomery Avenue
Narberth, Pennsylvania 19072
(484) 562-0008
         and
Daniel H. Weiner
Josiah S. Trager
Hughes Hubbard & Reed LLP
One Battery Park Plaza
New York, New York 10004
(212) 837-6000

Attorneys for Defendant
LG Electronics Mobilcomm U.S.A., Inc.

3

4.    The defendants other than LG Electronics Mobilecomm U.S.A., Inc. will answer, move or otherwise plead to the complaint, as hereby amended, by January 31, 2006.

January 20, 2006

**JACOBSEN LAW OFFICES LLC**

By: Kenneth A. Jacobsen
     Attorney I.D. No. 31208
     12 Orchard Lane
     Wallingford, PA 19086
     (610) 566-7930

Attorney for Plaintiff

David G. C. Arnold
Royal Bank Plaza
Suite 109
915 Montgomery Avenue
Narberth, Pennsylvania 19072
(484) 562-0008
         and
Daniel H. Weiner
Josiah S. Trager
Hughes Hubbard & Reed LLP
One Battery Park Plaza
New York, New York 10004
(212) 837-6000

Attorneys for Defendant
LG Electronics Mobilecomm U.S.A., Inc.

3

DRINKER BIDDLE & REATH LLP

Seamus C. Duffy
Attorney I.D. No. 52501
Susan M. Roach
Attorney I.D. No. 83211
Drinker Biddle & Reath LLP
One Logan Square
18th & Cherry Streets
Philadelphia, PA  19103

**Attorneys for Defendants
Cingular Wireless LLC and
AT&T Wireless Services, Inc.**

Robert C. Heim (Att. I.D. No. 15758)
R. David Walk, Jr. (Att. I.D. No. 43549)
Dechert LLP
Cira Centre
2929 Arch Street
Philadelphia, PA  19104-2808
(215) 994-4000

Pro Hac Vice Counsel:
Jane F. Thorpe
Scott A. Elder
ALSTON & BIRD LLP
One Atlantic Center
1201 West Peachtree Street
Atlanta, GA 30309-3424
(404) 881-7000

**Attorneys for Defendant Cellco Partnership
d/b/a Verizon Wireless**

4

_Robert L. Ebby /Sej_

Mark A. Aronchik
Robert L. Ebby
Hangley Aronchick Segal & Pudlin
One Logan Square — 27th Floor
Philadelphia, PA 19103-6933
215.496.7053 (direct)
215.568.0300 (fax)

Pro Hac Vice Counsel:
Charles L. Babcock
David T. Moran
Ryan C. Wirtz
Jackson Walker L.L.P.
901 Main Street, Suite 6000
Dallas, Texas 75202

**Attorneys for Defendant
Ericsson Inc.**

_Walter L. McDonough /Sej_

Walter L. McDonough
Swartz Campbell LLC
1601 Market Street
34th Floor
Philadelphia, PA 19103

**Attorneys for Defendant
Sprint Spectrum, L.P.
(incorrectly designated in Plaintiffs'
Complaint as "Sprint PCS LP")**

_Craig E. Ziegler /Sy_

Craig E. Ziegler
Montgomery, McCracken, Walker
& Rhoads, LLP
123 South Broad Street
Philadelphia, PA 19109

**Attorneys for Defendant**
**Audiovox Communications Corporation**

_Theodore C. Flowers /Sy_

Walter H. Swayze
Theodore C. Flowers
Segal, McCambridge, Singer & Mahoney, Ltd.
United Plaza
30 South 17th Street, Suite 1700
Philadelphia, PA 19103

**Attorneys for Defendant**
**Matsushita Electric Corporation of America**
**(incorrectly identified as Matsushita**
**Corporation of America a/k/a Panasonic**
**Corporation)**

_Reena E. Parambath /Sy_

Thomas P. Wagner
Reena E. Parambath
Rawle & Henderson LLP
The Widener Building
One South Penn Square
Philadelphia, PA 19107

**Attorneys for Defendant**
**Philips Electronics North America**
**Corporation**

6

*Jana M. Landon /Sej*

Daniel T. Fitch
Jana M. Landon
Stradley, Ronon, Stevens & Young, LLP
2600 One Commerce Square
Philadelphia, PA  19103

Pro Hac Vice Counsel:
John B. Isbister
Harold Walter
Tydings & Rosenberg LLP
100 East Pratt Street
26th Floor
Baltimore, MD  21202
(410) 752-9714
(410) 727-5460


**Attorneys for Defendant
Samsung Telecommunications America, L.P.**

*Rochelle M. Fedullo /Sej*

Rochelle M. Fedullo
Wilson, Elser, Moskowitz, Edelman
& Dicker LLP
The Curtis Center, Suite 1130E
Philadelphia, PA  19106


**Attorneys for Defendant
SANYO North American Corporation**

*Howard D. Scher /Sej*

Howard D. Scher
Nicole J. Williams
Buchanan Ingersoll PC
1835 Market Street, 14th Floor
Philadelphia, PA  19103

**Attorneys for Defendant
Cellular One Group**

7

*Eugene A. Schoon /sej*

Susan Herschel, Esquire
The Hoyle Law Firm
One South Broad Street
Suite 1500
Philadelphia, PA 19107

Pro Hac Vice Counsel:
Eugene A. Schoon
Tamar B. Kelber
Sidley Austin LLP
One South Dearborn Street
Chicago, Illinois 60603

**Attorneys for Defendant
T-Mobile, USA, Inc. f/k/a
VoiceStream Wireless Corporation**

*Lisa A. Mathewson /sej*

Robert E. Welsh, Jr.
Lisa A. Mathewson
Welsh & Recker, P.C.
2000 Market Street, Suite 2903
Philadelphia, PA 19103
(215) 972-6430

**Attorneys for Defendant
CTIA – The Wireless Association®**

*Ronald P. Schiller /sej*

Ronald P. Schiller
Daniel J. Layden
DLA Piper Rudnick Gray Cary US LLP
One Liberty Place, Suite 4900
1650 Market Street
Philadelphia, PA 19103

**Attorneys for Defendant
Motorola, Inc.**

_Howard M. Klein /sy_

William J. O'Brien
Howard M. Klein
Edward J. Murphy
Conrad O'Brien Gellman & Rohn, PC.
1515 Market Street, 16th Floor
Philadelphia, PA 19102

Pro Hac Vice Counsel:
James Ulwick
Kramon & Graham, P.A.
One South Street, Suite 2600
Baltimore, MD 21202-3201
(410) 752-6030

**Attorneys for Defendant
NEC America, Inc.**

_John T. Toner /sy_

John T. Toner
Seyfarth Shaw LLP
815 Constitution Ave., N.W., Suite 500
Washington, D.C. 20006

**Attorneys for Defendant
Telecommunications Industry Association**

_Robert J. Hafner /sy_

Robert J. Hafner
Eckert, Seamans, Cherin & Mellott, LLC
1515 Market Street, 9th Floor
Philadelphia, PA 19103

**Attorneys for Qualcomm, Incorporated
and Sony Electronics Inc.**

9

_Steven A. Haber_

Steven A. Haber
Obermayer, Rebmann, Maxwell & Hippel, LLP
One Penn Center
1617 John F. Kennedy Boulevard, 19th Floor
Philadelphia, PA 19103-1895

**Attorneys for Nextel Communications of the
Mid-Atlantic, LLC, Nextel Boost of the Mid-
Atlantic LLC, Nextel West Corp., Nextel Boost
West, LLC**

_Madeline Sherry_

Madeline Sherry
Gibbons, Del Deo, Dolan, Griffinger &
Vecchione, P.C.
1700 Two Logan Square
18th and Arch Streets
Philadelphia, PA 19103-2709

Pro Hac Vice Counsel:
Steven M. Zager, Esquire
Akin Gump Strauss Hauer & Feld LLP
1111 Louisiana Street, 44th Floor
Houston, Texas 77002-5200

Lance T. Lackey, Esquire
Akin Gump Strauss Hauer & Feld LLP
3000 West 6th Street, Suite 2100
Austin, Texas 78701-3911

**Attorneys for Defendant Nokia Inc.**

**SO ORDERED** this ___ day of January, 2006.

BY THE COURT:

_____ J.

10

## CERTIFICATE OF SERVICE

I, Kenneth A. Jacobsen, hereby certify that on January 30, 2006, I caused a true and correct copy of the foregoing Stipulation to be served via telecopy and e-mail on liaison counsel for defendants as follows:

Seamus C. Duffy, Esquire
**BRINKER BIDDLE & REATH LLP**
One Logan Square
18th and Cherry Streets
Philadelphia, PA 19103

Dated: January 31, 2006

Kenneth A. Jacobsen

# EXHIBIT P

| | |
|---|---|
| **Subj:** | **Fwd: Original of Stip** |
| **Date:** | **1/31/06** |
| **To:** | nancy.marvel@dbr.com |
| **CC:** | Seamus.Duffy@dbr.com |

Nancy--The Messenger just left with the Stipulation (I used a clean copy, with an original signature) so it should be filed in the  Prothy's office by no later than 2:30 p.m. I did not want to amend, and should have stuck with my Instincts, rather than create this eleventh hour crunch. Ken

# EXHIBIT Q

| Subj: | **Farina—Third Amended Class Action Complaint** |
|---|---|
| Date: | 1/30/06 |
| To: | Seamus.Duffy@dbr.com, nancy.marvel@dbr.com, trager@HughesHubbard.com |
| CC: | gMintzer@lawpga.com, rmdonovan@donovansearles.com, mallwelss@lshah.com, jokade |

Counsel—

I am attaching the Third Amended Class Action Complaint that was forwarded to Judge Bernstein on Friday, January 27, with the agreed upon Stinplation for its filing. A copy of my transmittal letter has been sent separately via telecopy to Seamus and Nancy.

As agreed, the only changes made in this amendement were in the caption relating to LG and in paragraph 24, together with adding Friday's date. No other changes were made in any other paragraph or in the caption itself.

Regards, Ken

# EXHIBIT R

# EXHIBIT S

TIA User Account - Member Directory Search                                Page 1 of 2



Standards Development     Policy & Advocacy     Business Opportu



## Member Directory Search

**19 Records where State = 'PA'.**

Member Directory
Submit Member News
Member Benefits
TIA Events
TIA Newsroom

| Company | City |
|---|---|
| Bel Stewart Connectors | Glen Rock |
| C&D Technologies, Inc. | Blue Bell |
| Chorus Call, Inc. | Monroeville |
| Circadiant Systems | Allentown |
| Cobra Wire & Cable, Inc. | Hatboro |
| East Penn Manufacturing Co. Inc. | Lyon Station |
| ECI Telecom Data Networking Div. | Pittsburgh |
| EMKA Inc. | Middletown |
| EnerSys Inc. | Reading |
| Henkels & McCoy Inc. | Blue Bell |
| InterDigital Communications Corp | King of Prussia |
| Marconi | Warrendale |
| Nexans DBA Berk-Tek | New Holland |
| Phoenix Contact | Middletown |
| TruePosition | Berwyn |
| TTM Development Co. | Lansdale |
| Tyco | Harrisburg |
| WK3C Wireless LLC | Emmaus |
| Yazaki NA Inc., Y-Connect Oper. | Middletown |

Return to search

**Conditions and Disclaimer of Database Use**

This database updates nightly. Your company must be an active member of TIA to joi

Users of this site must make their own evaluation of the suitability of products and ser
contacting the companies and making decisions on the information that they provide,
provides.

# EXHIBIT T



Home

About CTIA

Membership

Overview
Member Benefits
Current Members
Membership Categories
Membership Applications
Membership FAQs
Members Only

Industry Topics

Wireless News

Conventions & Events

Research & Statistics

Wireless Resources







# CTIA Membership

*A Department of CTIA -The Wireless Association®*

## OVERVIEW

### Who We Are

CTIA - The Wireless Association, is the international organization that represents all sectors of wireless communications – cellular, personal communication services and enhanced specialized mobile radio. As a nonprofit membership organization founded in 1984, we represent service providers, manufacturers, wireless data and Internet companies and other contributors to the wireless universe.

### What We Do For You

CTIA vigorously represents our members' interests with policymakers in the Executive Branch, the Federal Communications Commission, Congress, the States, and the Courts.

CTIA works with our members to shape the issues they care about – from minimizing regulatory mandates to influencing spectrum management, from enhancing security to reining in taxation, and from expanding the wireless Web to defending network performance and capabilities.

CTIA is a forum for manufacturers, suppliers and providers of new information, entertainment and communications services to come together to push the boundaries of the wireless frontier. We are an aggressive advocate working to protect and expand the market so that all new products and services can reach the marketplace.

CTIA monitors industry trends, speaks out to protect your business, publishes market research, promotes the excitement of wireless products and services to the media, provides the industry's two premier marketplaces, produces consumer education information, and launches industry-led initiatives to put the wireless industry's best corporate face forward.



Everyday more than 200,000 wireless phone calls are made to 9-1-1. That is why the VITA Wireless Samaritan Awards are presented





## MEMBERSHIP CATEGORIES

**General Member – Carrier**

Carrier Members hold a license or construction permit, or have a reasonable expectation of receiving an authorization to offer commercial mobile service from the FCC or other North American regulatory body. Annual dues are based on the company's gross wireless revenue in North America multiplied by a revenue dues multiplier.

**General Member – Supplier**

Supplier Members are companies that provide services or equipment to the commercial mobile radio services industry; and companies that provide wireless Internet related products and services or engage in wireless Internet business activities. Annual dues are based on the company's gross wireless revenue in North America multiplied by a revenue dues multiplier.

**Associate Member**

Associate Members are companies who provide wireless service beyond North America, Consultants, Resellers, Academia, Law Firms, Engineers and others working in the wireless industry.

**Home**

**About CTIA**

**Membership**

Overview
Member Benefits
Current Members
Membership Categories
Membership Applications
Membership FAQs
Members Only

**Industry Topics**

**Wireless News**

**Conventions & Events**

**Research & Statistics**

**Wireless Resources**





The CALL TO PROTECT® initiative is committed to helping charities campaigning against domestic violence. More than 36,000 phones, with



**Home**

**About CTIA**

**Membership**
  Overview
  Member Benefits
  Current Members
  Membership Categories
  Membership Applications
  Membership FAQs
  Members Only

**Industry Topics**

**Wireless News**

**Conventions & Events**

**Research & Statistics**

**Wireless Resources**





Everyday more than 200,000 wireless phone calls are made to 9-1-1. That is why the VITA Wireless Samaritan Awards are presented

## CTIA Membership
*A Department of CTIA –The Wireless Association®*

## CTIA Member Organizations

### Carrier-GM Members

- Alaska Communications Systems
- ALLTEL
- Aloha Partners
- Bluegrass Cellular, Inc.
- Carolina West Wireless
- Cellcom
- Cellular One of Amarillo
- Cellular Properties Inc, dba Cellular One
- Cellular South
- Centennial Communications Corp.
- Cincinnati Bell Wireless
- Cingular Wireless
- Citizens Mohave Cellular
- Dobson Communications Corporation
- Douglas Telecommunications Inc.
- East Kentucky Network LLC dba Appalachian Wireless
- Edge Wireless LLC
- Farmers Wireless
- First Cellular of Southern Illinois
- GUAMCELL Communications
- Gulf Coast Wireless Limited Partnership
- Highland Cellular Inc.

- Illinois Valley Cellular
- Inland Cellular Telephone Compa
- Leap Wireless
- Midwest Wireless
- Mobile Satellite Ventures
- MTA Wireless
- MTS Communications, Inc.
- Nex-Tech Wireless, LLC
- NTELOS, Inc.
- Pioneer/Enid Cellular
- Rural Cellular Corporation
- Smith Bagley, Inc. DBA Cellular C
- SouthernLINC Wireless
- Sprint Nextel
- Suncom Wireless Holdings
- SureWest Wireless
- T-Mobile USA
- TracFone Wireless, Inc
- U.S. Cellular
- Union Telephone Company
- Verizon Wireless
- Westlink Communications, Inc.

### Sup-GM Members

- @Road
- 724 Solutions
- Aeris.Net
- Air2Web Inc.

- Mobile 365
- Motorola
- Motricity
- mxFocus.com

annually to honor people across the United States who used their wireless phone to save lives, stop crime and help in emergencies.

VITA
Wireless Samaritan Awards

**Upcoming Events**

**Wireless Telecommunications Symposium 2006**
April 27-29, 2006

**Wireless Enterprise Summit 2006**
May 8-10, 2006

**Global Mobile 2006**
June 14-16, 2006

- AirCell, Inc.
- AIRVANA
- America Online, Inc.
- AnyDATA, Inc
- ArrayComm LLC
- Asurion
- ATI Technologies Inc.
- BenQ America Corporation
- BeVocal, Inc
- Bluefire Security Technologies
- Bluestreak Network
- Boston Communications Group, Inc
- Brightstar Corporation
- Broadbeam Corporation
- Bytemobile, Inc.
- Cibernet
- Cisco Systems, Inc.
- Compact Power Systems, Inc.
- Comverse Technology, Inc.
- DigiCell International Inc.
- Digit Wireless, LLC
- Ditji Corp.
- Disney Mobile
- EMC Test Systems, L.P., (ETS-Lindgren)
- Ericsson, Inc.
- Essex Corporation
- eWingz Systems, Inc.
- First Avenue Networks, Inc.
- Gemplus Corporation
- Glenayre Technologies, Inc
- Global Locate, Inc.
- Haier America
- Hewlett-Packard Co.
- HOBI International, Inc.
- InfoSpace
- Infrastructure Solutions, LLC
- Intel
- InterOP Technologies, LLC
- Intrado, Inc
- IPWireless, Inc

- Nokia, Inc.
- Nortel Networks Corporation
- OnStar
- Openwave Systems, Inc.
- Parrot Inc.
- Parsons
- PCTEL, Inc.
- PCTest Engineering
- Pharos Science & Applications, In
- Power Products Unlimited, Inc.
- Product Quality Partners, Inc.
- Promptu
- Purcell Systems, Inc.
- Qpass
- Qsent, Inc.
- QUALCOMM, Inc.
- RadioFrame Networks, Inc.
- Recellular, Inc.
- RemoteMDx Inc.
- Research In Motion Limited (RIM)
- Samsung Telecommunications An
- Seven Networks, Inc.
- Siemens COM
- Smith Micro Software, Inc.
- SMS.ac, Inc
- SquareLoop, Inc.
- Sybase, Inc
- Syniverse Technologies, Inc
- Targus Info
- Telcordia Technologies, Inc
- Tele Atlas
- TeleCommunication Systems, Inc
- Telephia, Inc.
- Tellabs
- Telular Corp.
- TensorComm, Inc.
- TestQuest, Inc.
- Texas Instruments, Inc.
- The Howland Company, Inc
- The NPD Group

- ISCO International
- Jumbuck Entertainment LTO
- Level 3 Communications
- LG Electronics MobileComm USA, Inc.
- Lucent Technologies
- m-Qube, Inc.
- M: Metrics, Inc
- MapInfo Corporation
- Meru Networks
- Microsoft Corporation

- The Weather Channel
- Upoc Networks
- UTStarcom Personal Communicat
- Vanu, Inc.
- VeriSign Communications Service
- Vidiator Technology (US) Inc
- WiderThan
- Wireless Facilities, Inc
- Wireless Services Corporation
- Wireless Test Systems

## Associate Members

- Accenture LLP
- Actix
- AeroVoice
- airwide solutions
- Alcatel
- American Roamer Company, Inc.
- Amistar Telecom Inc
- Amol Electronics, Inc
- Andrew Corporation
- Anritsu Company
- ATC Logistics & Electronics
- BearingPoint, Inc
- Bechtel Telecommunications
- Birdstep Technology, Inc
- Brightpoint, Inc.
- Buongiomo Vitaminic Spa
- Cambridge Silicon Radio (CSR)
- Cantor Fitzgerald / ESpeed, Inc.
- Cap Gemini Ernst & Young
- Cascada Mobile
- CDMA Development Group
- CellStar
- Celixion, Inc.
- CETECOM INC.
- CH2M Hill
- Comarco Wireless Technologies, Inc.
- CommScope Inc.
- Convergys Corporation

- Multi-Tech Systems, Inc.
- MVN GO
- Narus
- NAVTEQ
- NeuStar, Inc.
- News IQ Inc.
- NTT DoCoMo USA, Inc.
- Palm, Inc
- Panasonic Computer Solutions Co
- PCI Marketing Progressive Conce|
- PCS Wireless
- Picsel Technologies
- Plateau Telecommunications
- PowerNet Global Communications
- Powerwave Technologies, Inc.
- Premium Power Corporation
- Progressive Telecom, Inc.
- Racal Instruments, Inc.
- Radio Frequency Systems
- RF Micro Devices
- Rohde & Schwarz
- Sage Instruments
- Salmon PCS LLC
- SATIMO
- SES Americom
- SETAR-Servicio Di Telecomunicac
- Sierra Wireless, Inc.
- Sigma Communications, LLC

- CSI Shelter Technologies
- Daniels & Associates
- Deloitte & Touche, LLP.
- Eastern Research, Inc.
- eBay, Inc.
- EMS Wireless
- EnerSys
- Entriq, Inc
- ERM - Environmental Resource Management
- ESRI
- Fibrebond Corporation
- Freescale Semiconductor
- Futurewei Technologies, Inc.
- GENERAC Power Systems, Inc.
- Hop - On Wireless
- Immersion Corporation
- INFONXX, Inc.
- InfoSonics Corporation
- InPhonic, Inc
- Intec Telecom Systems
- InterDigital Communications Corporation
- Intertek - ETL SEMKO
- Jumptap, Inc.
- Kathrein Inc. Scala Division
- Keynote Systems Inc.
- KI-Bi
- LCC International, Inc.
- LetsTalk
- LogicaCMG plc
- Logitech
- Lukas, Nace, Gutierrez & Sachs
- Master Merchant Systems
- mBlox, Inc.
- Metrico Wireless
- Mobitv, Inc
- Mobiliss, Inc

- Skyworks Solutions, Inc
- SnapIn
- Source Check, LTD
- SPEAG (Schmid & Partner Eng. A·
- Strax, Inc
- Summitek Instruments, Inc.
- Superior Communications
- Symbian
- Synchronoss Technologies
- TECORE, Inc.
- TEKELEC
- Tele-Mobile Company
- Teleca USA
- Telecommunications Technology ,
- TenXc Wireless
- TESSCO Technologies Incorporate
- The Management Network Group,
- The Shosteck Group
- The Signal Holdings
- Tira Wireless Inc.
- Transaction Network Services
- Travel Guard International
- Ubiquity Software Corporation
- UIEvolution, Inc.
- UIQ Technology
- USA Wireless Solutions
- Vodafone Americas Inc.
- Wherify Wireless, Inc
- Wiley Rein & Fielding LLP
- Wilkinson Barker Knauer, LLP
- Willkie Farr & Gallagher
- Wilson Electronics, Inc
- Wireless One, Inc.
- Wireless Works
- Xentris, LLC
- ZTE USA, Inc.

Site Map    |    Contact Us    |    Terms Of Use    |    Privacy Policy    |    Text only
CTIA 1400 16th Street, NW, Suite 600, Washington D.C. 20036   202.785.0081

# The Companies

## Signal Holdings



In 1984, The Signal was formed as an insurance agency to address the specialized needs of the emerging wireless industry. The Company functioned as third-party administrator for the claims payment of named peril and all risk insurance policies on wireless phones. As part of a strategy to create a closed loop environment, Telecom RE was created in 1994 to participate in the underwriting of the Wireless program, and CWork Solutions was created in 1999 to handle repair and replacement of wireless phones.

Signal Holdings was formed in 2002 through the fusion of The Signal, an early innovator in wireless claims administration, CWork Solutions, a wireless phone repair and logistic services company formed to create closed loop service delivery, Service Contract Solutions, an extended service contract and administration company and Telecom Re, a Bermuda reinsurance captive.

---

Contact Us    HOME    Privacy Policy     Copyright© Signal Holdings® 2004

# Contact Us

If you have any questions about this privacy statement or would like to learn more about how we protect the confidentiality of personal information, please consult our website, www.thesignal.com, or write to us at Signal Holdings, 151 S. Warner Rd, Suite 200, Wayne, PA 19087-2195.

For general business or sales questions or to contact us by phone, please call 1-888-822-2572.

Contact Us   HOME   Privacy Policy   Copyright© Signal Holdings® 2004







# About The Signal

The Signal insurance program was created 20 years ago to meet the rapidly growin the wireless telecommunications industries to insure wireless equipment. And, beca policies don't usually cover wireless equipment, The Signal provides low cost insura wireless equipment against theft, loss, damage and mechanical or electrical failure.

**Address**

151 S. Warner Road
Suite 200
Wayne, PA 19087
insuranceinfo@thesignal.com

For more informtion on The Signal and its parent company Signal Holdings vi holdings.com.

CA LICENSE #0B03654
All Rights Reserved
CONTACT US PRIVACY POLICY

Copyright© 2004

# EXHIBIT U

About Gemplus



**About Gemplus**

Our company

Corporate governance

Sustainable develop't

WorldWide locations

Address list

Contact us

China overview

US overview

Singapore overview

Events

Investor relations

Partners

Careers

Contact us

| | |
|---|---|
| Gemplus Corp. – 1) General Information<br>For general information for North America<br>USA | Phone: +1 (888) 436-7627<br>Fax: |
| Gemplus Corp. - 2) Main Office Telecom & Wireless<br>Services<br>16633 N. Dallas Parkway, Suite 450<br>Addison, TX 75001<br>USA | Phone: +1 972 726 1870<br>Fax: +1 972 726 1868 |
| Gemplus Corp. - 3) Main Office Financial & Security<br>Services<br>Keith Valley Business Center<br>One Progress Drive, 2nd Floor<br>Horsham, PA 19044<br>USA | Phone: +1 215 390 2000<br>Fax: +1 215 390 2353<br><br>Download map |
| Gemplus Corp. – 4) Gemplus U.S. Federal office<br>Suite 260<br>1655 Fort Myer Drive<br>Arlington, VA 22209<br>USA | Phone: +1 (877) 291-1312<br>Fax: +1 (703) 373-5080<br><br>Download map |
| Gemplus Corp. - 6) Manufacturing Plant<br>101 Park Drive<br>Montgomeryville<br>PA. 18936-9618<br>USA | Phone: +1 215 390 2000<br>Fax: +1 215 390 2353<br><br>Download map |

## Pacific Asia

| | |
|---|---|
| LM Gemplus Pty Ltd (Melbourne Office)<br>1144 Nepean Highway<br>Highett VIC 3190<br>AUSTRALIA | Phone: +61 3 9556 9428<br>Fax: +61 3 9555 8179 |

# EXHIBIT V

1
2
3
4
5
6
7
8                    IN THE UNITED STATES DISTRICT COURT

9                   FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

11    SCOTT ANDERSON, PAUL MILLER,              No. C 06-1120 SBA
      WILLIAM HAWKRIDGE, individually and
12    on behalf of others similarly situated,     **ORDER**

13                    Plaintiffs,

14        v.

15    BANK OF AMERICA, N.A., and
      DOES 1-50,
16
                      Defendants.
17    _____/

18
            This matter comes before the Court on Plaintiffs' Motion to Remand [Docket No. 9].  The
19
      Court has considered the briefs and supporting documents of the parties and determined that
20
      removal was improper.  Accordingly, the Court REMANDS the above-captioned action to the
21
      Superior Court of the State of California, County of San Francisco.
22
                                    **BACKGROUND**
23
            On February 17, 2005, Plaintiffs Scott Anderson, Paul Miller and William Hawkridge
24
      (collectively, "Plaintiffs") filed this action in the Superior Court of California for the County of San
25
      Francisco, against Bank of America, N.A. ("Defendant" or "Bank of America") and Does 1 through
26
      50.  Plaintiffs filed this action on behalf of themselves and a proposed class of California residents
27
      whose Social Security and other government benefits are directly deposited into their Bank of
28

*United States District Court*
*For the Northern District of California*

America accounts. On June 15, 2005, Plaintiffs filed a First Amended Complaint for Damages and Equitable Relief for Fraud; Negligent Misrepresentation; Violation of Public Policy; Violation of Code of Civil Procedure §§ 1750, *et seq.*; Violation of Business and Professions Code §§ 17200, *et seq.*; Violation of Business and Professions Code §§ 17500, *et seq.* (the "Amended Complaint"). In the Amended Complaint, Plaintiffs allege that Bank of America has a practice of seizing Social Security and other government benefits from the direct deposit accounts, even though these benefits are exempt under California law from collection of insufficient funds fees and other debts. *Id.* at ¶¶ 24, 26. Plaintiffs also allege that Bank of America made misrepresentations regarding the safety and security of its direct deposit accounts and the availability of directly deposited public benefits, and that Bank of America concealed the protected status of those benefits. *Id.* at ¶¶ 23, 61, 74-76. All of Plaintiffs' causes of action arise under California law.

A similar action, involving one of the named Plaintiffs and Bank of America as Defendant, was litigated in the Superior Court of California for the County of San Francisco. *See Miller v. Bank of America*, No. 301917. After a trial on the merits, the *Miller* court entered judgement for plaintiffs and the class, awarding them approximately $285 million in damages and restitution for the period of August 13, 1994 through December 31, 2003. *See* Amended Complaint at ¶ 14. Defendant is currently appealing the *Miller* judgment. Pending the appeal, Defendant moved to stay the instant action. The state court granted a stay on October 25, 2005. *See* October 10, 2005 Order by Judge James L. Warren Granting Defendant Bank of America, N.A.'s Motion to Stay Proceedings. In the instant action, Plaintiffs allege that Bank of America's practices found unlawful in *Miller* are ongoing. Therefore, Plaintiffs are suing to obtain equitable relief and damages resulting from these practices for the period from January 1, 2004 through present. *See* Amended Complaint at ¶¶ 12-18.

On February 16, 2006, Bank of America filed a Notice of Removal pursuant to 28 U.S.C. section 1441(a). Defendant removed the case to this Court on the ground that Supreme Court's opinion in *Wachovia Bank, N.A. v. Schmidt*, 126 S.Ct. 941 (2006), decided on January 17, 2006,

2

1  created diversity jurisdiction in this action. *Wachovia Bank* held that a national bank is a citizen of

2  the state in which its main office, as set forth in its articles of association, is located. *Id.* at 945.

3  Bank of America is a national bank; thus, *Wachovia Bank* made Bank of America a citizen of North

4  Carolina, where its main office is located. Defendant claims that *Wachovia Bank* was an an "order

5  or other paper" under 28 U.S.C. section 1441(b), from which Defendant first ascertained that

6  diversity jurisdiction existed in this matter, and therefore, this matter was removable.

7  **LEGAL STANDARD**

8      The federal removal statute, 28 U.S.C. § 1441, provides that "any civil action brought in a

9  State court . . . may be removed by the defendant or the defendants" to federal court on the basis of

10  federal question or diversity jurisdiction. 28 U.S.C. § 1441(a); *Snow v. Ford Motor Co.*, 561 F.2d

11  787, 789 (9th Cir. 1977). The removal statute is to be strictly construed against removal and any

12  doubt is resolved in favor of remand. *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996). The

13  burden of establishing jurisdiction rests with the party effecting removal. *Gaus v. Miles, Inc.*, 980

14  F.2d 564, 566 (9th Cir. 1992). The court must determine whether removal was proper by "look[ing]

15  to the complaint at the time the removal petition was filed." *Chesler/Perlmutter Prods., Inc. v.

16  Fireworks Entm't, Inc.*, 177 F. Supp. 2d 1050, 1058 (C.D. Cal. 2001) (citing *Libhart v. Santa

17  Monica Dairy Co.*, 592 F.2d 1062, 1065 (9th Cir. 1979)).

18      In order to remove on the basis of diversity jurisdiction, the parties must be citizens of

19  different states and the amount in controversy must exceed $75,000. 28 U.S.C. § 1332. For

20  purposes of diversity jurisdiction, a national bank is a citizen of the state in which its main office, as

21  set forth in its articles of association, is located. *Wachovia Bank*, 126 S. Ct. at 945. A natural

22  person is a citizen of the state if he or she is a citizen of the United States and is domiciled in that

23  state. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). A person's domicile is his

24  or her permanent home where he or she resides with an intention to remain, or to which he or she

25  intends to return. A person residing in a particular state is not necessarily domiciled there, and

26  therefore, is not necessarily a citizen of that state. *Id.*

27

28                                           3

United States District Court
For the Northern District of California

1    The jurisdictional amount is normally met if the plaintiff claims a sum greater than the

2  jurisdictional minimum. *Gaus*, 980 F.2d at 566. If, however, the allegations of a complaint filed in

3  state court do not conclusively demonstrate that the amount in controversy exceeds the jurisdictional

4  minimum, the removing party must demonstrate by a preponderance of the evidence that the

5  jurisdictional amount has been met. *See Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404

6  (9th Cir. 2003). "Conclusory allegations as to the amount in controversy are insufficient."

7  *Matheson v. Progressive Speciality Ins. Co.*, 319 F.3d 1089, 1090-91 (9th Cir. 2003). In class

8  actions, members of the class can sometimes aggregate their claims in order to meet the amount-in-

9  controversy requirement. To determine whether aggregation is allowed, the court must look at the

10  nature of plaintiffs' claims, that is, whether their claims are "separate and distinct" or "common and

11  undivided." If the former, the claims cannot be aggregated. The ban on aggregation applies to

12  equitable relief as well as damages. *Kanter*, 265 F.3d at 859.

13    Where federal jurisdiction exists, a defendant may remove an action only if it complies with

14  the following strict deadlines in the removal statute:

15    If the case stated by the initial pleading is not removable, a notice of removal may be filed
      within thirty days after receipt by the defendant, through service or otherwise, of a copy of
16    an amended pleading, motion, order or other paper from which it may first be ascertained
      that the case is one which is or has become removable, except that a case may not be
17    removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year
      after
18    commencement of the action.

19
20  28 U.S.C. §1446(b).

21                                          **ANALYSIS**

22    Defendant claims that its removal is timely because it was filed within thirty days of the

23  United States Supreme Court decision in *Wachovia Bank*. *See* 126 S. Ct. 941. However, *Wachovia*

24  *Bank* is an unrelated decision, involving different parties. Such a decision does not constitute an

25  "order or other paper" that triggers the thirty-day removal period under section 1446(b). *See Allen v.*

26  *Monsanto Co.*, 396 F. Supp. 2d 728, 732 (S.D. West Va. 2005) (decision in an unrelated case is not

27  an "order or other paper" providing basis for removal under section 1446(b)); *Morsani v. Major*

28                                            4

*United States District Court*
*For the Northern District of California*

1    *League Baseball*, 79 F. Supp. 2d 1331, 1333 (M.D. Fla. 1999) (same); *Phillips v. Allstate Ins. Co.*,

2    702 F. Supp. 1466, 1468 (C.D. Cal. 1989) ("other paper" under section 1446(b) does not include

3    intervening statutory or case law changes); *Johnson v. Trans World Airlines, Inc.*, 660 F. Supp. 914,

4    917 (C.D. Cal. 1987) (right to remove does not emanate from subsequent development of case law);

5    *Coman v. Int'l Playtex, Inc.*, 713 F. Supp. 1324, 1327 (N.D. Cal. 1989) (new federal law removing

6    ability to plead Doe defendants is not "other paper" triggering removal window); *Chen v. China*

7    *Airlines Ltd.*, 713 F. Supp. 1322, 1323 (N.D. Cal. 1989) ("other paper" under section 1446(b) refers

8    to a paper in the case); *Holiday v. Travelers Ins. Co.*, 666 F. Supp. 1286, 1289-90 (W.D. Ark. 1987)

9    ("other paper" must be part of underlying suit; recent unrelated Supreme Court decisions not basis

10   for removal).  Because the decision in *Wachovia Bank* is not an "order or other paper" under section

11   1446(b), Defendant's Notice of Removal is untimely.  Thus, removal to this Court was not proper.

12          Even if the Notice of Removal was timely, the Court would have to remand this matter to

13   state court, because there is no diversity jurisdiction here.  Plaintiffs' Amended Complaint,

14   Defendant's Notice of Removal, and the parties' briefing on the Motion to Remand state that

15   Plaintiffs are residents of California.  However, the diversity jurisdiction statute requires diversity of

16   citizenship, not residency.  *See* 28 U.S.C. § 1332.   Neither party mentions Plaintiffs' citizenship.

17   Because Defendant has a burden of proof on this issue, Defendant's failure to specify Plaintiffs'

18   citizenship is fatal to its assertion of diversity jurisdiction.  *See Kanter*, 265 F.3d at 857-58.

19          Finally, there is no diversity jurisdiction here, because Defendant failed to carry its burden of

20   establishing the required amount in controversy.  Plaintiffs' claims are analogous to the ones in

21   *Kanter* which the Ninth Circuit found to be "separate and distinct."[1]  *See* 265 F.3d at 860.  Thus,

22   they cannot be aggregated to meet the amount-in-controversy requirement.  *See id.* at 859-60.

23   Additionally, Defendant argues that this action is so similar to the *Miller* action, where the court

24

25   _____

26          [1] In *Kanter*, the Ninth Circuit found that the right of future consumers to be protected from
     allegedly deceptive advertisement was "separate and distinct." 265 F.3d at 860.  Here, as well, Plaintiffs
     sued Bank of America for, *inter alia*, untrue and misleading advertising regarding Bank of America's
27   direct deposit accounts.  Amended Complaint at ¶¶ 72-80.

28                                              5

1   awarded plaintiffs and the class $285 million in damages and restitution, that the amount-in-

2   controversy is sufficiently established by analogy. However, the class in *Miller* covered a span of

3   nine years, whereas the Plaintiffs' proposed class in the instant case is much shorter (January 1, 2004

4   until present). *See* Amended Complaint at ¶¶ 12-18. Additionally, if Plaintiffs receive any damages

5   in this case, they would have to be divided among over a million class members, since Plaintiffs'

6   claims cannot be aggregated. *See* Amended Complaint at ¶ 21. Consequently, Defendant failed to

7   establish the required amount-in-controversy by preponderance of evidence.

8                                    **CONCLUSION**

9            IT IS HEREBY ORDERED THAT the above-captioned matter is REMANDED to the

10  Superior Court of the State of California, County of San Francisco. All matters calendared in this

11  action are VACATED. The Clerk shall close the file and terminate any pending matters.

12           IT IS SO ORDERED.

13

14  Dated: 4/5/06

15                                    SAUNDRA BROWN ARMSTRONG
                                      United States District Judge
16

17

18

19

20

21

22

23

24

25

26

27

28                                              6