## IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **IN RE WIRELESS TELEPHONE** | ) | **MDL Docket No. 1421** |
| **RADIO FREQUENCY** | ) | **Civil Action No. 01-MD-1421** |
| **LITIGATION** | ) | |

This Document Relates To:

    *Farina v. Nokia, Inc.*, Civil Action No. 2:06-724 (E.D. Pa.).

### PLAINTIFF'S JOINT MOTION AND MEMORANDUM FOR SUGGESTION OF REMAND TO THE TRANSFEROR COURT

    Plaintiff, by and through his undersigned counsel, pursuant to Rule 7.6(c)(ii) of the Rules of the Judicial Panel on Multidistrict Litigation ("MDL"), hereby moves the Court for a Suggestion of Remand of the *Farina* action to the Transferor Court, the United States District Court for the Eastern District of Pennsylvania, and in support hereof, states as follows:

### PROCEDURAL BACKGROUND RELEVANT TO PRESENT MOTION

    1. These coordinated proceedings comprising MDL No. 1421 were created by consolidation of four separate cases originally filed more five years ago in the **state** courts of Louisiana (*Naquin v. Nokia, Inc.*), Maryland (*Pinney v. Nokia, Inc.*), Pennsylvania (*Farina v. Nokia, Inc.*) and New York (*Gilliam v. Nokia, Inc.*). Defendants removed the Louisiana *Naquin* action pursuant to 28 U.S.C. § 1441 to the United States District Court for the Eastern District of Louisiana, which rested its jurisdiction solely under 28 U.S.C. § 1332(a)(1). Each of the remaining actions[1] was improperly removed by defendants pursuant to 28 U.S.C. 1441(b) upon

---

[1] A fifth case originally filed in state court in Georgia (*Gimpleson v. Nokia, Inc.*) was removed by defendants and transferred as a "tag along" action.

defendants' assertion of federal question jurisdiction under 28 U.S.C. § 1331, which arguments were sustained by the Transferee Court despite plaintiffs' timely motions to remand for lack of subject matter jurisdiction. (*See* Opinion at 216 F. Supp.2d 474).

2. On March 16, 2005—a full four years after the cases were originally commenced in their respective state courts—the Fourth Circuit Court of Appeals reversed the decisions of this Court with respect to the issue of federal question jurisdiction and the related issue of preemption. (*See* Opinion at 402 F.3d 430). On June 7, 2005, four of the cases comprising this MDL No. 1421 (*Pinney* (MD), *Farina* (PA), *Gilliam* (NY) and *Gimpelson* (GA)) were remanded by this Court to their respective state court venues under the Fourth Circuit's decision. Defendants filed a Petition for a Writ of Certiorari of the Fourth Circuit's decision to the United States Supreme Court, which Petition was denied on October 31, 2005.

3. Subsequently, the *Gimpelson* case was voluntarily dismissed without prejudice on January 30, 2006. Likewise, the *Gilliam* case was voluntarily dismissed without prejudice on March 2, 2006. Following plaintiffs' technical amendments of their Complaints in the *Pinney* and *Farina* cases, defendants filed notices of removal in both cases on February 17, 2006. Thereafter, the *Pinney* case was voluntarily dismissed on April 6, 2006.

4. In the interim, this Court sent the Panel a Suggestion of Remand on February 15, 2006 for the only two cases remaining in MDL No. 1421, including *Naquin*. Defendants filed a Motion for Reconsideration of the Transferee Court's Suggestion of Remand on February 22, 2006 based entirely on defendants' second removal of the *Pinney* case from Maryland state court and its purported reassignment to MDL No. 1421. Acting on this Court's Suggestion of Remand, the Panel issued a Conditional Remand Order in *Naquin* on March 1, 2006. This Court granted defendants' Motion for Reconsideration and withdrew its Suggestion of Remand of *Naquin* on March 9, 2006. The Panel vacated its Conditional Remand Order in *Naquin* on March 13, 2006.

Defendant LG Electronics removed the *Farina* action to the Transferor Court and then successfully sought transfer of that action by the MDL back to MDL No. 1421.

5. The *Naquin* case, like *Gilliam, Pinney* and *Gimpelson* which triggered these MDL proceedings, also has recently been dismissed. So what remains of MDL No. 1421 are two cases—*Farina*, a case over which plaintiff contends this Court lacks subject matter jurisdiction,[2] and *Louther v. AT&T Corp.*, CCB-03-3229 (M.D. Fla.). *Louther* is a personal injury case and, as such, is totally dissimilar from the consumer protection class actions cases that originally comprised MDL No. 1421. *Louther* should not have been transferred to MDL No. 1421, nor should it remain part of any MDL proceedings. The factual and legal issues in *Louther* are far different from the issues in any of the class action cases, four of which, as noted above, have been dismissed in any event. Defendants seek to retain *Farina*—the only remaining class action brought by a *Pennsylvania* resident on behalf of a *Pennsylvania* class under exclusively *Pennsylvania* state statutory and common law--in MDL No. 1421. In addition to the abject lack of subject matter jurisdiction demonstrated in plaintiff Farina's separate Motion for Remand, there no longer is a need for MDL No. 1421 at all.

6. *Farina* should be returned to the Transferor Court, the United States District Court for the Eastern District of Pennsylvania, where it originated and (if not remanded by this Court to Pennsylvania state court) where it properly belongs. With only one class action remaining    and all claims and legal issues confined exclusively to a single state (Pennsylvania)—the burden for maintaining multidistrict litigation is heightened.

7. Any justification for coordinated multidistrict proceedings no longer exists, and disappeared completely with the dismissal of *Naquin*. The probability—or even the possibility-- of conflicting rulings is eliminated entirely with only one cases remaining as part of MDL No.

---

2 *See* Plaintiffs' Amended Joint Motion and Memorandum for Remand, filed simultaneously herewith.

1421. By contrast, the possibility of erroneous rulings under the unique provisions of Pennsylvania state statutory law at issue in this case and that state's common law—the only law implicated in *Farina*—overshadow this litigation. Any reduction of litigation costs and savings to parties, attorneys, witnesses and judicial time and effort is non-existent with only one case remaining in MDL No. 1421. To the contrary, the exact opposite is true. The *Farina* case has no connection whatsoever with Maryland, and involves issues of consumer protection law unique to Pennsylvania—issues with which even the federal courts in those jurisdictions are much more familiar. Plaintiff Farina and his primary counsel are from Pennsylvania, and will bear undue burden and expense litigating extensive pretrial activity (already successfully delayed by defendants for more than 5-1/2 years) in a venue with little or no connection whatsoever to the parties or their counsel. Indeed, a review of their appearances reveals that many *defense counsel* are from Pennsylvania as well. With only one case—*Farina*—remaining in MDL No. 1421, coordinated proceedings in this Court are neither warranted nor justified. *See In re Highway Accident in Buffalo County, Nebraska*, 305 F. Supp.2d 1369 (J.P.M.D.L. 2004), *citing In re Eli Lilly and Company (Cephalexin Monohydrate) Patent Litigation*, 446 F. Supp. 242 (J.P.M.D.L. 1974); *In re USS Trenton Disaster Litigation*, 383 F. Supp. 1406 (J.P.M.D.L. 1974).

8. The only major issues addressed by this Court thus far since the inception of MDL No. 1421 on October 31, 2001 have been remand and federal preemption. Discovery has not yet begun in any of the cases. Motions to dismiss—which involve unique issues of Pennsylvania law--have yet to be filed, let alone undecided.[3] There is a heavy burden on those requesting coordinated proceedings when only one case exists and where the inconvenience of the parties and witnesses overcome any conceivable benefits of coordination which, with only one case, are nonexistent anyway. *In re Raymond Lee Organization, Inc. Securities Litigation*, 446 F. Supp.

---

3 Under the revised stipulated schedule, defendants are filing those motions later this week.

1266 (J.P.M.D.L. 1978). *See also In re Ecuadorian Oil Concession Litigation*, 487 F. Supp. 1364

(J.P.M.D.L. 1980). Quite simply, and bluntly, there is nothing to "coordinate."

## CONCLUSION

For the foregoing reasons, the Court should issue a Suggestion of Remand in *Farina*.


Dated: November 6, 2006                                          Respectfully submitted,


**H. Russell Smouse**                                   **JACOBSEN LAW OFFICES LLC**
Glenn E. Mintzer                                        By:_____
**LAW OFFICES OF**                                      Kenneth A. Jacobsen
**PETER G. ANGELOS, P.C.**                              12 Orchard Lane
One Charles Center                                      Wallingford, PA 19086
100 North Charles Street                                (610) 566-7930
Baltimore, MD 21201
(410) 649-2000

Michael R. Allweiss                                     Joseph A. O'Keefe
**LOWE, STEIN, HOFFMAN, ALLWEISS**                      **O'KEEFE & SHER, P.C.**
**& HAUVER, LLP**                                       15019 Kutztown Road
701 Poydas Street                                       Kutztown, PA 19530
One Shell Square                                        (610) 683-0771
Suite 3600
New Orleans, LA 70139
(504) 581-2450


Michael D. Donovan
**DONOVAN SEARLES, LLC**
1845 Walnut Street
Suite 1100
Philadelphia, PA 19103
(215) 732-6067


Attorneys for Plaintiffs

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| IN RE WIRELESS TELEPHONE | ) | |
| RADIO FREQUENCY | ) | MDL Docket No. 1421 |
| LITIGATION | ) | Civil Action No. 01-MD-1421 |

This Document Relates To:

    *Farina v. Nokia, Inc.*, Civil Action No. 2:06-724 (E.D. Pa.).

## ORDER

    **AND NOW**, this_____day of_____200_, upon consideration of Plaintiff's Joint Motion and Memorandum for Suggestion of Remand to the Transferor Court, it is hereby **ORDERED** that Plaintiff's Motion is **GRANTED**.

    The Court suggests remand of the above captioned *Farina* action to the United States District Court for the Eastern District of Pennsylvania

                **HONORABLE CATHERINE C. BLAKE**
                **UNITED STATES DISTRICT JUDGE**

## CERTIFICATE OF SERVICE

I, Kenneth A. Jacobsen, hereby certify that on November 6, 2006, I caused a true and correct copy of the foregoing Plaintiff's Joint Motion and Memorandum for Suggestion of Remand to the Transferor Court to be served on liaison counsel for defendants via United States Mail, First Class, postage prepaid addressed as follows:

> Paul F. Strain, Esquire
> **VENABLE LLP**
> Two Hopkins Plaza
> Suite 1800
> Baltimore, MD 21201
>
> Michael E. Yaggy, Esquire
> **DLA PIPER RUDNICK GRAY CARY US LLP**
> 6225 Smith Avenue
> Baltimore, MD 21209

I further certify that the foregoing Joint Motion and Memorandum also was sent via e-mail on this same date to Terry Dee, Esquire, of Kirkland & Ellis for forwarding electronically to all other defense counsel.


Dated: November 6, 2006                        _____
                                               Kenneth A. Jacobsen