IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| IN RE WIRELESS TELEPHONE RADIO FREQUENCY EMISSIONS PRODUCTS LIABILITY LITIGATION | MDL No. 1421 |
| THIS DOCUMENT RELATES TO: | CIVIL ACTION No. 01-MD-1421 |
| *Louther v. AT&T Corp.* (M.D. Fla.) | |

**PLAINTIFF MARY LOUTHER'S OPPOSITON TO DEFENDANTS' MOTION TO REFER QUESTIONS REGARDING STATUTORY AND AGENCY PREEMPTION TO THE FCC UNDER THE DOCTRINE OF PRIMARY JURISDICTION**

COMES NOW the Plaintiff Mary Louther, by and through the undersigned counsel, hereby files this Opposition to Defendants' Motion to Refer Questions regarding Statutory and Agency Preemption to the FCC under the Doctrine of Primary Jurisdiction. In support of her Opposition, Plaintiff states as follows:

1. Defendants' Motion is premature. The Court has before it a Motion to Remand filed by counsel in *Farina v. Nokia, Inc.* On December 7, 2006, Plaintiff Mary Louther filed a Motion to Remand adopting the reasoning and arguments outlined in the *Farina* Motion. The Court should defer ruling on Defendants' Motion while the Motions to Remand are pending. If the cases are remanded, the new trial judge should determine whether or not referral to the FCC is appropriate. Further, Plaintiff Louther will likely have new counsel if her case is referred to Florida. In such an event, it would be more appropriate for her new counsel who will ultimately represent her at trial to respond to the referral question rather than current counsel who may not remain involved in the case once remanded.

LAW OFFICES
KOONZ, MCKENNEY,
JOHNSON, DEPAOLIS
& LIGHTFOOT
JAMES MONROE BUILDING
2001 PENNSYLVANIA AVE., N.W.
SUITE 450
WASHINGTON, D.C. 20006

(202) 659-5500

  2. If the Court does not remand the *Louther* case to Florida, Plaintiff asks for additional time to respond substantively to Defendants' Motion. Given the significance of the issue and the fact that it is being addressed in other courts throughout the country, Plaintiff would request additional time to respond to Defendant's Motion. This additional time will allow Plaintiff's counsel to consult with other attorneys who have confronted this issue.

              Respectfully submitted,

              KOONZ, MCKENNEY, JOHNSON,
               DEPAOLIS & LIGHTFOOT, L.L.P.


                /s/
              William P. Lightfoot, Esquire
              Paulette E. Chapman, Esquire
              2001 Pennsylvania Avenue, N.W., Suite 450
              Washington, D.C. 20006
              (202) 659-5500
              wlightfoot@koonz.com

              Attorneys for Plaintiff

LAW OFFICES
KOONZ, MCKENNEY,
JOHNSON, DEPAOLIS
& LIGHTFOOT
JAMES MONROE BUILDING
2001 PENNSYLVANIA AVE., N.W.
SUITE 450
WASHINGTON, D.C. 20006

(202) 659-5500

## CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that on this 8th day of December, 2006 a copy of the foregoing Opposition to Defendants' Motion to Refer Questions regarding Statutory and Agency Preemption to the FCC under the Doctrine of Primary Jurisdiction was served via the Court's electronic filing system on all parties in the above captioned case.

                                                           /s/
                                               William P. Lightfoot

LAW OFFICES
KOONZ, MCKENNEY,
JOHNSON, DEPAOLIS
& LIGHTFOOT
JAMES MONROE BUILDING
2001 PENNSYLVANIA AVE., N.W.
SUITE 450
WASHINGTON, D.C. 20006

(202) 659-5500

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| IN RE WIRELESS TELEPHONE RADIO FREQUENCY EMISSIONS PRODUCTS LIABILITY LITIGATION : | MDL No. 1421 |
| THIS DOCUMENT RELATES TO: : | CIVIL ACTION No. 01-MD-1421 |
| *Louther v. AT&T Corp.* (M.D. Fla.) : | |

### ORDER GRANTING PLAINTIFF'S MOTION TO REMAND

Upon consideration of Defendants' Motion to Refer Questions regarding Statutory and Agency Preemption to the FCC under the Doctrine of Primary Jurisdiction, the Opposition thereto, and the entire record herein, it is this _____ day of December, 2006,

**ORDERED** that Defendants' Motion to Refer Questions regarding Statutory and Agency Preemption to the FCC under the Doctrine of Primary Jurisdiction is **DENIED**.

_____
Judge Catherine C. Blake

LAW OFFICES
KOONZ, MCKENNEY,
JOHNSON, DEPAOLIS
& LIGHTFOOT
JAMES MONROE BUILDING
2001 PENNSYLVANIA AVE., N.W.
SUITE 450
WASHINGTON, D.C. 20006
(202) 659-5500