**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION**

| | |
|---|---|
| **IN RE WIRELESS TELEPHONE RADIO FREQUENCY EMISSIONS PRODUCTS LIABILITY LITIGATION** | **MDL NO. 1421** |
| This Memorandum Relates To: *Farina v. Nokia, Inc., et al.* (E.D. Pa.) | **Civil No. 01-MD-1421** |

**DEFENDANTS' JOINT MEMORANDUM OF LAW IN OPPOSITION
TO PLAINTIFF'S AMENDED JOINT MOTION TO REMAND**

# TABLE OF CONTENTS

**Page**

INTRODUCTION ............................................................................................................1

BACKGROUND ............................................................................................................3

    I.      PRE-CAFA Litigation ................................................................................3

    II.    Post-CAFA Amendments ...........................................................................4

I.      PLAINTIFF'S OBJECTIONS TO THE TIMELINESS OF REMOVAL ARE BOTH UNTIMELY AND WITHOUT MERIT ..................................................6

    A.    Plaintiff Has Waived His Procedural Objection to the Removal ...........6

    B.    Even If the Court Could Address the Timeliness of Removal, LG MobileComm Removed Within the Appropriate 30-Day Period ..........7

II.     FEDERAL JURISDICTION EXISTS IN THIS CASE UNDER CAFA ..........9

    A.    CAFA Applies to This Action Because Plaintiff Commenced This Action After the Enactment of CAFA................................................................9

          1.    Plaintiff Commenced a New Action After February 18, 2005 Within the Meaning of CAFA by Filing a Second Amended Complaint on December 23, 2005 ...........................................10

          2.    Plaintiff's "Relation-Back" Argument is Irrelevant to Whether He Commenced a New Action By Filing the Second Amended Complaint on December 23, 2005 ...........................................13

    B.    Plaintiff Has Not Met His Burden to Prove That the Court Should Decline Its Jurisdiction Under the Local Controversy Exception....................16

CONCLUSION............................................................................................................21

# TABLE OF AUTHORITIES

Page

## Cases

*Adams v. Fed. Materials Co., Inc.*
No. Civ.A. 5:05CV-90-R, 2005 WL 1862378 (W.D. Ky. July 28, 2005)..................................11

*Andrews v. Link-Belt Constr. Equip.*
No. 3:06cv465, 2006 U.S. Dist. LEXIS 62584 (E.D. Va. Sept. 1, 2006)..................................7

*Ariel Land Owners, Inc. v. Dring*
351 F.3d 611 (3d Cir. 2003) ..................................................................................................7

*Braud v. Transport Service Co. of Ill.*
No. 445 F.3d 801 (5th Cir. 2006) ........................................................................................10

*Cabbell v. Resorts Int'l Hotel Casino*
26 Pa. D. & C. 3d 64 (Pa. Ct. Common Pleas 1982) ............................................................8

*Cades v. H & R Block, Inc.*
43 F.3d 869 (4th Cir. 1994) ..................................................................................................7

*Dahlgren v. Audiovox Comms. Corp.*
No. 02-ca-007884 (D.D.C.) (December 9, 2005) ................................................................21

*Eakins v. Pella Corp.*
No. 05-0224, 2006 WL 2930110 (E.D.N.C. Sep. 27, 2006) ................................................20

*Evans v. Walter Indus.*
449 F.3d 1159 (11th Cir. 2006) ..........................................................................................16

*Farina v. Nokia, Inc.*
No. 06-0724 (E.D. Pa. filed Feb. 17, 2006) ....................................................................5, 6

*Frazier v. Pioneer Americas LLC*
455 F.3d 542 (5th Cir. 2006) ........................................................................................16, 17

*Gimpelson v. Nokia Inc.*
C.A. No. 1:01-1615 (N.D. Ga.) ..............................................................................................4

*Gozdonovic v. Pleasant Hills Realty Co.*
53 A.2d 73 (Pa. 1947) ..........................................................................................................15

*Hart v. FedEx Ground Package System, Inc.*
457 F.3d 675 (7th Cir. 2006) ..............................................................................................16

*In re FedEx Ground Package Sys.*
2006 U.S. Dist. LEXIS 1219 (N.D. Ind. Jan. 13, 2006) ......................................................16

*In re Wireless Tel. Radio Frequency Emissions Prods. Liab. Litig.*
216 F. Supp. 2d 474 (D. Md. 2002) ......................................................................................4

*In re Wireless Tel. Radio Frequency Emissions Prods. Liab. Litig.*
248 F. Supp. 2d 452 (D. Md. 2003) ......................................................................................4

*In re Wireless Tel. Radio Frequency Emissions Prods. Liab. Litig.*
MDL No. 1421, C.A. No. 1:01-1421 (D. Md. June 7, 2005) ................................................4

*Knudsen v. Liberty Mutual Ins. Co.*
411 F.3d 805 (7th Cir. 2005) ..............................................................................................10

*Louther v. ATT Corp.*
CCB-03-3229 (M.D. Fla.) ......................................................................................................5

# TABLE OF AUTHORITIES

**Page**

*Mattera v. Clear Channel Communications, Inc.*
  No. 06-1878, 2006 WL 3290836 (S.D.N.Y. Nov. 14, 2006) ...................................................17
*Morgan v. American International Group, Inc.*
  2005 WL 2172001 (N.D. Cal. Sept. 8, 2005) ........................................................................12
*Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*
  526 U.S. 344 (1999).......................................................................................................1, 8
*Naquin v. Nokia Mobile Phones, Inc.*
  01-MD-1421 (D. Md. Sept. 20, 2002) ..................................................................................20
*New Century Health Quality Alliance, Inc. v. Blue Cross and Blue Shield of Kansas City, Inc.*
  Case No. 05-0555-CV-W-SOW, 2005 WL 2219827 (W.D. Mo. Sept. 13, 2005) ...................13
*Paulish v. Bakaitis*
  275 A.2d 318 (Pa. 1971) ............................................................................................14, 15
*Pavone v. Mississippi Riverboat Amusement Corp.*
  52 F.3d 560 (5th Cir. 1995) ................................................................................................6
*Pinney v. Nokia Inc.*
  402 F.3d 430 (4th Cir. 2005) ..............................................................................................4
*Plubell v. Merck & Co.*
  434 F.3d 1070 (8th Cir. 2006) ..........................................................................................12
*Pritchett v. Office Depot, Inc.*
  420 F.3d 1090 (10th Cir. 2005) ........................................................................................12
*Rashid v. Schenck Construction Co., Inc.*
  843 F. Supp. 1081 (S.D. W. Va. 1993) ..................................................................................6
*Robinson v. Cheetah Transportation*
  No. Civ. A. 06-0005, 2006 WL 468820 (W.D. La. Feb. 27, 2006)..........................................17
*Robinson v. Holiday Universal, Inc.*
  Civ. A. No. 05-5726, 2006 U.S. Dist. LEXIS 7252 (E.D. Pa. Feb. 27, 2006) ..............10, 11, 13
*Saracina v. Cotoia*
  208 A.2d 764 (Pa. 1965) ............................................................................................14, 15
*Schorsch v. Hewlett Packard Co.*
  417 F.3d 748 (7th Cir. 2005) ........................................................................................10, 14
*Schwartz v. Comcast Corp.*
  Civ. A. No. 05-2340, 2006 U.S. Dist. LEXIS 7499 (E.D. Pa. Feb. 28, 2006) .........................18
*Scott v. ING Clarion Partners*
  No. 06-1843, 2006 WL 3191184 (N.D. Ga. Oct. 31, 2006) ...................................................17
*Tiffany v. HomeTown Buffet, Inc. et al.*
  No. C 06-2524 SBA, 2006 WL 1749557 (N.D. Cal. June 22, 2006) ..................................15, 17
*Tork-Hiis v. Commonwealth*
  735 A.2d 1256 (Pa. 1999) ................................................................................................15

## Statutes

28 U.S.C. § 1332(c) ........................................................................................................17, 18
28 U.S.C. § 1332(d) .......................................................................................................passim
28 U.S.C. § 1446(b) ..........................................................................................................6, 7
28 U.S.C. § 1447(c) .............................................................................................................6

# TABLE OF AUTHORITIES

**Page**

**Other Authorities**

16 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE ¶ 107.41(1)(d)(i) (3d ed. 2006) ......6

S. Rep. No. 109-14, at 43 (2005), reprinted in 2005 U.S.C.C.A.N. 3, 41 ..............................17, 19

Secretary of State, Commonwealth of Pennsylvania, Corporate Records, *available at* http://www.lexis.com. ..................................................................................................................18

**Rules**

PA. R. CIV. P. 1714(b)........................................................................................................................5

## INTRODUCTION

On February 17, 2006, less than 30 days after accepting service of a complaint in which it was named for the first time as a defendant, LG Electronics MobileComm U.S.A., Inc. ("LG MobileComm") removed this action to federal court under 28 U.S.C. §§ 1332, 1441 and 1446, and the Class Action Fairness Act of 2005 ("CAFA"), Pub. L. No. 109-2, 119 Stat. 4 (2005). Over eight months later, Plaintiff filed this motion seeking to remand the action to state court. Each of Plaintiff's four arguments in support of remand is without merit.

*First*, Plaintiff has waived any claims that LG MobileComm's removal was untimely. The law is settled that the 30-day removal requirement is a procedural requirement, not a jurisdictional one. And under the clear language of 28 U.S.C. § 1447(c), a plaintiff *must* file any motion urging remand on procedural grounds within 30 days of the filing date of the notice of removal. Plaintiff filed the instant motion far outside that 30-day deadline, and thus waived any objection to the timeliness of LG MobileComm's removal. Moreover, Plaintiff is wrong on the merits: LG MobileComm timely removed this action within 30 days of being served with a copy of a complaint naming it for the first time as a defendant. Plaintiff's argument that LG MobileComm could have and should have removed *a prior* version of the complaint before it was ever named or served as a defendant is contrary to on-point Supreme Court authority. *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344 (1999).

*Second,* Plaintiff's equitable argument is baseless. Plaintiff asserts Defendants misled him into filing the Third Amended Complaint in order to revive the removal rights that the entities newly named in the Second Amended Class Action Complaint ("Second Amended Complaint" or "Sec. Am. Compl.") had purportedly waived. But Plaintiff's own account of the facts reveals that, before any right to remove the Second Amended Complaint had expired,

1

Plaintiff served and filed the Third Amended Class Action Complaint ("Third Amended Complaint" or "Third Am. Compl.") that at once named LG MobileComm and dismissed LG Electronics, Inc. and LG Electronics U.S.A., Inc., which were first named in the Second Amended Complaint. At that point, and only at that point, did LG MobileComm have a right to remove the operative complaint, and it timely did so.

*Third,* Plaintiff's assertion that the Third Amended Complaint did not "commence" a new action because it simply corrected a "misnomer" in the preceding pleading is flawed. Courts have held that an amended complaint filed after CAFA's effective date may not "commence" a new action where the amendment only corrects a misnomer existing in a complaint previously on file *before* CAFA's effective date. But here, neither LG MobileComm nor any other LG entity was a party to this action before CAFA's effective date. Rather, Plaintiff filed the Second Amended Complaint first naming an LG entity long *after* CAFA's effective date of February 18, 2005. Under well-settled law, the filing of that amended complaint, adding a new defendant, "commenced" a new action under CAFA and gave rise to federal jurisdiction – a principle Plaintiff does not dispute. And because LG MobileComm is a new and distinct party from the LG entities named in the Second Amended Complaint, the Third Amended Complaint similarly commenced a new action.

*Fourth,* Plaintiff fails to satisfy his burden of demonstrating that this case falls within CAFA's so-called "Local Controversy Exception." *See* 28 U.S.C. § 1332(d)(4)(A). Among other shortcomings, Plaintiff has not established that any of the named Defendants "from whom significant relief is sought" is a citizen of Pennsylvania. Plaintiff cannot do so because, in fact, *none* of the Defendants is a citizen of Pennsylvania. Plaintiff also cannot establish that the "principal injuries resulting from the alleged conduct or any related conduct" were incurred only

2

in Pennsylvania when the conduct challenged is a nationwide business practice.  The now-voluntarily dismissed *Naquin* lawsuit (filed by some of the same lawyers representing Mr. Farina) alleged a ***nationwide*** class of wireless telephone users challenging the same conduct complained of here and seeking the same relief.  CAFA's legislative history makes clear that the Local Controversy Exception does ***not*** to apply to a class action that is single-state in scope but challenges a nationwide business practice.

## BACKGROUND

I.    PRE-CAFA LITIGATION

As the Court knows, this is one of several purported class actions filed in recent years alleging that wireless telephones pose a health risk to users.  Plaintiffs in these cases have alleged that wireless telephone manufacturers, distributors, and service providers conspired to conceal the dangers of RF emissions from wireless telephones.

Plaintiff filed his initial complaint in the Philadelphia County Court of Common Pleas on April 19, 2001, naming as defendants several national wireless telephone companies – not including LG MobileComm or any LG entity for that matter – as well as two national trade associations.  *See* Class Action Complaint, attached hereto at Tab A.  The complaint sought to certify a class of all past and future purchasers of wireless telephones in Pennsylvania.  Defendants removed the case to federal court on the grounds that, *inter alia*, a substantial federal question existed because Plaintiff's claims challenged the federal safety standards for RF emissions of wireless telephones.  After the Judicial Panel on Multidistict Litigation created a

consolidated proceeding, which included this case and three similar actions, before this Court,[1]

the Court held that it had jurisdiction over the cases and that plaintiff's theories were preempted

by federal law. *In re Wireless Tel. Radio Frequency Emissions Prods. Liab. Litig.*, 216 F. Supp.

2d 474, 488 (D. Md. 2002); *In re Wireless Tel. Radio Frequency Emissions Prods. Liab. Litig.*,

248 F. Supp. 2d 452 (D. Md. 2003). The Court of Appeals, in a 2-1 decision, reversed and

remanded the cases. *Pinney v. Nokia Inc.*, 402 F.3d 430 (4th Cir. 2005). This Court then

remanded *Farina* and the other actions removed on federal question grounds to the respective

state courts in which they were originally filed. *In re Wireless Tel. Radio Frequency Emissions

Prods. Liab. Litig.*, MDL No. 1421, C.A. No. 1:01-1421 (D. Md. June 7, 2005).

## II.    POST-CAFA AMENDMENTS

On December 23, 2005, over nine months after CAFA was enacted, Plaintiff filed a

Second Amended Complaint in the Philadelphia County Court of Common Pleas. *See generally*

Sec. Am. Compl., attached hereto at Tab B. In that complaint, Plaintiff named as Defendants,

for the first time, LG Electronics, Inc. of Seoul, Korea and LG Electronics U.S.A., Inc. of

Englewood Cliffs, New Jersey. *See id.* ¶ 24. However, as counsel for LG MobileComm later

informed Plaintiff, neither LG Electronics, Inc. nor LG Electronics U.S.A., Inc. manufactures or

sells wireless telephones in the United States. LG MobileComm's counsel suggested that the

entity Plaintiff most likely intended to name as a defendant was LG MobileComm, a California

company that manufactures wireless telephones. *See* Pl.'s Mot. Remand at Exhibit O. The

parties agree that LG MobileComm is a wholly distinct corporate entity from either LG

Electronics, Inc. or LG Electronics U.S.A., Inc.

---

[1]    Following the Panel's ruling, several other actions with similar claims joined *Farina*, *Pinney*, *Gilliam*, and
*Naquin* in the MDL, including *Gimpelson v. Nokia Inc.*, C.A. No. 1:01-1615 (N.D. Ga.) and *Louther v. ATT Corp.*,

On January 20, 2006, by stipulation, LG MobileComm waived formal service of process and, on February 3, 2006, Plaintiff filed his Third Amended Complaint, naming LG MobileComm as a Defendant for the first time and dismissing LG Electronics, Inc. and LG Electronics U.S.A., Inc. *See* Pl.'s Mot. Remand at Exhibit O; Third Am. Class Action Compl. ¶ 24, attached hereto at Tab C. The complaint was accepted for filing by the court on February 9, 2006, as required by Rule 1714(b) of the Pennsylvania Rules of Civil Procedure. *See* PA. R. CIV. P. 1714(b) (requiring court approval prior to the dismissal of any defendant in a class action).

On February 17, 2006, 28 days after LG MobileComm stipulated to service and eight days after the court accepted the filing of Plaintiff's Third Amended Complaint, LG MobileComm removed the action to the United States District Court for the Eastern District of Pennsylvania. *See* Notice of Removal, *Farina v. Nokia, Inc.*, No. 06-0724 (E.D. Pa. filed Feb. 17, 2006).

Plaintiff did not move to remand within 30 days of LG MobileComm's notice of removal on February 17, 2006.[2] The case was eventually transferred back to this Court as part of the MDL proceeding. *See Farina v. Nokia, Inc.*, No. 2:06-724 (J.P.M.L. Jun. 15, 2006) (order denying motion to vacate conditional transfer order). Over eight months after LG MobileComm filed its notice of removal, Plaintiff filed this motion seeking a remand to state court.

---

CCB-03-3229 (M.D. Fla.).

[2]    LG MobileComm filed a motion with the District Court in *Farina* to stay proceedings pending transfer of the action to the MDL, which the District Court granted over Plaintiff's objection on March 22, 2006. *Farina v. Nokia Inc.*, C.A. No. 06:0724 (E.D. Pa. Mar. 22, 2006) (order granting motion to stay).

## ARGUMENT

### I.    PLAINTIFF'S OBJECTIONS TO THE TIMELINESS OF REMOVAL ARE BOTH UNTIMELY AND WITHOUT MERIT.

Plaintiff first argues that LG MobileComm waived its right to remove by filing its notice of removal after the 30-day period for removal set forth in 28 U.S.C. § 1446(b).  *See* Pl.'s Mot. Remand at 3-6.  In particular, he claims that LG MobileComm's removal period began on December 23, 2005, when Plaintiff served his ***Second Amended Complaint***, which named as defendants for the first time LG Electronics, Inc. and LG Electronics U.S.A., Inc.  *See id.* at 4. The Second Amended Complaint did not, however, name LG MobileComm as a defendant. Plaintiff's argument is both untimely and without merit.

#### A.    PLAINTIFF HAS WAIVED HIS PROCEDURAL OBJECTION TO THE REMOVAL.

"A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction ***must be made*** within 30 days after the filing of the notice of removal."  28 U.S.C. § 1447(c) (emphasis added).  As already noted, LG MobileComm filed its notice of removal on February 17, 2006, meaning that Plaintiff's last day to file a motion to remand based on procedural defects in the removal was ***March 20, 2006***.[3]  *See* 28 U.S.C. 1447(c).  Plaintiff

---

[3]    Plaintiff's thirty days to file a motion for remand ran from the date the notice of removal was filed, not from when he was served with the notice.  *Pavone v. Mississippi Riverboat Amusement Corp.*, 52 F.3d 560, 566 (5th Cir. 1995) ("Rule 6(e) does not extend the thirty-day period of § 1447(c), as that rule applies only when a party is required to act within a prescribed period after *service*, not after *filing*."); *Rashid v. Schenck Construction Co., Inc.*, 843 F. Supp. 1081, 1084 (S.D. W. Va. 1993) ("plaintiffs are not entitled to the additional three days afforded under Rule 6(e)"); 16 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE ¶ 107.41(1)(d)(i) (3d ed. 2006) ("The 30-day period runs from the date that the notice of removal is filed, not from when the plaintiff is served with the notice.  The time limit is not extended if the defendant mails the notice to the plaintiff.").  Even assuming that Plaintiff's time to file ran from the time of service by mail under Fed. R. Civ. P. 6(e) and Judge Padova entered the stay on March 22, 2006 before Plaintiff's thirty days were up, Plaintiff's time still expired long ago.  Judge Padova ordered that proceedings be stayed only "until the CTO either becomes final and effective or is vacated." *Farina v. Nokia, Inc.*, No. 06-0724 (E.D. Pa. Mar. 22, 2006) (order granting stay).  The transfer order became effective on June 15, 2006 when the JPML denied Plaintiff's motion to vacate the CTO, 144 days before Plaintiff filed his motion to remand.  Similarly, the entrance of a scheduling order long after Plaintiff's thirty days had expired did nothing to revive Plaintiff's opportunity to object to procedural defects in removal.  *See Andrews v. Link-Belt*

instead filed this motion on **November 6, 2006**, 263 days after LG MobileComm filed its notice of removal and 233 days too late under 28 U.S.C. § 1447(c).

The only question, then, is whether Plaintiff's attack on the timeliness of LG MobileComm's removal is procedural or jurisdictional in nature. It is "**well established** that the 30-day time limit for removal in the first paragraph of 1446(b) is procedural, and that a case may not be remanded for failure to comply with the 30-day time limit absent a timely motion." *Ariel Land Owners, Inc. v. Dring*, 351 F.3d 611, 614 (3d Cir. 2003) (emphasis added). The United States Court of Appeals for the Fourth Circuit follows this well-established rule. *See, e.g., Cades v. H & R Block, Inc.*, 43 F.3d 869, 873 (4th Cir. 1994) ("A motion to remand the case because of a defect in the removal procedure must be made within 30 days after filing the notice of removal. An untimely removal is a defect in removal procedure.") (internal citations omitted). Thus, the clear terms of the removal statute bar Plaintiff's objections to the timing of LG MobileComm's removal.

### B.     EVEN IF THE COURT COULD ADDRESS THE TIMELINESS OF REMOVAL, LG MOBILECOMM REMOVED WITHIN THE APPROPRIATE 30-DAY PERIOD.

Plaintiff does not – indeed, cannot – dispute that LG MobileComm removed the case within 30 days of the filing and service of the first complaint naming it as a defendant. *See* 28 U.S.C. 1446(b). He contends, instead, that the 30-day period was triggered earlier, when Plaintiff filed the Second Amended Complaint on December 23, 2005. Plaintiff is incorrect. The Second Amended Complaint did not name LG MobileComm as a Defendant. It instead named LG Electronics, Inc. and LG Electronics, U.S.A., Inc. – distinct corporate entities. Although those distinct companies could have removed the case in their own right, they could

---

*Constr. Equip.*, No. 3:06cv465, 2006 U.S. Dist. LEXIS 62584, at *3 (E.D. Va. Sept. 1, 2006) (scheduling order

not waive the rights of other distinct companies like LG MobileComm that had not yet been named.[4]

This is not a debatable proposition.  In *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344 (1999), the Supreme Court held that a defendant's 30-day time period for removal does not begin until it has been served with, or waived service of, a state-court complaint.  *Id.* at 347-51.  The Supreme Court held that "a defendant's time to remove is triggered by service of the summons and complaint, but ***not by mere receipt of the complaint unattended by any formal service***."  *Id.* at 347-48 (emphasis added).  If a defendant's time to remove is not triggered by "receipt" of a complaint naming ***it*** as a defendant, it necessarily follows that it could not be triggered by receipt of (or awareness of) a complaint that does not even name it as a defendant.  *See Cabbell v. Resorts Int'l Hotel Casino*, 26 Pa. D. & C. 3d 64, 67 (Pa. Ct. Common Pleas 1982) (holding that service of one subsidiary was inadequate to invoke personal jurisdiction over the sister subsidiary named in the complaint).

Nor can Plaintiff evade the dictates of *Murphy Brothers* by insisting that he was duped into filing the Third Amended Complaint by counsel for Cingular Wireless LLC.  Plaintiff claims that it was Cingular Wireless LLC's counsel who suggested that Plaintiff should file an amended complaint adding LG MobileComm in an attempt to "manufacture jurisdiction" when the entities named in the Second Amended Complaint had "***blown***" the deadline to remove.  Pl.'s

---

entered by district court after removal did not alter thirty day time limit under Section 1447(c)).

[4]    Regardless whether counsel for LG MobileComm became aware of the existence of the Second Amended Complaint, such awareness failed to confer on LG MobileComm the right to remove a complaint in which it was not a party.  Lacking the legal right to remove, LG MobileComm certainly had no legal obligation to do so, as Plaintiff incorrectly implies.  Although LG Electronics, Inc. and LG Electronics U.S.A., Inc. had the right to remove the case after they were named for the first time in the Second Amended Complaint, Plaintiff dismissed the complaint against them before their time to remove had expired and named LG MobileComm, an entirely new and legally distinct entity, as a defendant in the Third Amended Complaint, thereby triggering for the first time ***its*** right to remove.

Mot. Remand at 6-7 (emphasis added).

That is demonstrably false. Under Plaintiff's own account of the facts, the pertinent discussions occurred during the week of January 18, 2006. And by January 20, 2006, LG MobileComm had stipulated to service of the Third Amended Complaint. At both of those points in time, LG Electronics, Inc. and LG Electronics U.S.A., Inc. were still within the 30-day period to remove the Second Amended Complaint, which did not expire until January 23, 2006. There was thus no need to "manufacture jurisdiction." Indeed, given that, as Plaintiff admits, the case could have been removed even when the "wrong" legal entities were improperly named, there was no need to "trick" Plaintiff's counsel in order to invoke CAFA. Accordingly, even if the equities could somehow unravel federal jurisdiction (and legally, they cannot), they do not favor Plaintiff.

## II.    FEDERAL JURISDICTION EXISTS IN THIS CASE UNDER CAFA.

Plaintiff claims that CAFA does not provide federal jurisdiction here for two reasons. First, he claims that CAFA, which applies only to actions "commenced" after February 18, 2005, does not apply because Plaintiff did not commence a new action when he filed the Third Amended Complaint. *See* Pl.'s Mot. Remand at 10-19. Second, he claims that, even if jurisdiction exists under CAFA, this Court should decline that jurisdiction because this action falls within CAFA's so-called "Local Controversy Exception," 28 U.S.C. § 1332(d)(4). *See* Pl.'s Mot. Remand at 7-10. Plaintiff is incorrect on both counts.

### A.    CAFA APPLIES TO THIS ACTION BECAUSE PLAINTIFF COMMENCED THIS ACTION AFTER THE ENACTMENT OF CAFA.

Plaintiff subjected this action to CAFA *twice*: the first time on December 23, 2005, when he filed a Second Amended Complaint with new Defedants LG Electronics, Inc. and LG

Electronics U.S.A., Inc., and a second time when he filed a Third Amended Complaint on February 9, 2006, adding LG MobileComm as a new Defendant. **Neither** of these amendments "relates-back" to Plaintiff's pre-CAFA complaint.

      1.    PLAINTIFF COMMENCED A NEW ACTION AFTER FEBRUARY 18, 2005 WITHIN THE MEANING OF CAFA BY FILING A SECOND AMENDED COMPLAINT ON DECEMBER 23, 2005.

Courts have made it clear that the addition of a new defendant to a previously filed lawsuit "commences" a new action against that defendant for purposes of CAFA. For example, the United States Court of Appeals for the Fifth Circuit recently held that the filing of a post-CAFA amended complaint naming a new defendant opens a new window of removal, even if the prior complaint was filed before CAFA's effective date. *Braud v. Transport Service Co. of Ill.*, No. 445 F.3d 801, 807-08 (5th Cir. 2006). The Seventh Circuit Court of Appeals agrees. *See Schorsch v. Hewlett Packard Co.*, 417 F.3d 748, 749 (7th Cir. 2005) ("[A] defendant added after February 18 could remove because suit against it would have been commenced after the effective date."); *Knudsen v. Liberty Mutual Ins. Co.*, 411 F.3d 805, 807 (7th Cir. 2005) ("the ***addition of a new defendant***, or any other step sufficiently distinct that courts would treat it as independent for limitations purposes, could well commence a new piece of litigation for federal purposes even if it bears an old docket number for state purposes") (emphasis added).

Federal district courts are equally clear. "When a plaintiff adds a new defendant, a new action is 'commenced' for purposes of that defendant." *Robinson v. Holiday Universal, Inc.*, Civ. A. No. 05-5726, 2006 U.S. Dist. LEXIS 7252, at *5 (E.D. Pa. Feb. 27, 2006). In *Robinson*, for example, the plaintiffs alleged that certain health and fitness centers charged grossly excessive initiation fees in violation of state law. Although the plaintiffs filed their original suit prior to CAFA's enactment, the plaintiffs requested, and were granted, leave to join as a new

defendant a subsidiary corporation of a party already named as a defendant in the lawsuit. *Id.* at *3. The plaintiffs filed their new complaint naming the new defendant several months after CAFA became law. *Id.* The Court concluded that the plaintiffs had "commenced" a new action for purposes of CAFA, observing that "the simple fact of the matter is that the plaintiffs did not file a complaint against [the new defendant] until September 28, 2005, well after the effective date of CAFA." Accordingly, the case was properly removed and the plaintiffs' remand motion was denied. *Id.* at *6. *See also Adams v. Fed. Materials Co., Inc.*, No. Civ.A. 5:05CV-90-R, 2005 WL 1862378, at *4 (W.D. Ky. July 28, 2005) ("Plaintiffs' decision to add . . . a defendant presents precisely the situation in which it can and should be said that a new action has 'commenced' for purposes of removal pursuant to the CAFA."). In short, the addition of a new defendant to a pre-CAFA case commences a new action under CAFA and no appellate court has reached a contrary conclusion.

The rationale of these cases applies with equal force here. Plaintiff's original complaint, which did not name LG MobileComm or any other LG entity, was filed in 2001. LG Electronics, Inc. and LG Electronics U.S.A., Inc. were added by way of amended complaint on **December 23, 2005** – nine months after CAFA became law. The addition of those parties after CAFA's enactment opened a new window of removal under CAFA, and CAFA applied to this action from that moment on. *See Robinson,* 2006 U.S. Dist. LEXIS 7252, at *2 (holding that CAFA applied from the moment plaintiffs added a new defendant, even though they later dismissed that defendant in a failed attempt to dissolve federal jurisdiction). Likewise, Plaintiff commenced a new action against LG MobileComm by filing the Third Amended Complaint.

None of Plaintiff's cases support a contrary conclusion. The cases proffered by Plaintiff address entirely different situations. For example, in *Pritchett v. Office Depot, Inc.*, 420 F.3d

11

1090 (10th Cir. 2005) (cited in Pl.'s Mot. Remand at 11), the plaintiffs had filed only one

complaint, and had filed it prior to the enactment of CAFA.  *Id.* at 1094.  The defendant sought

to remove under CAFA, arguing that the removal *itself* commenced a new action that justified

the removal.  *Id.*  The United States Court of Appeals for the Tenth Circuit rejected the

defendant's arguments.  *Pritchett* is in no way analogous to the situation here.

  Similarly, *Plubell v. Merck & Co.*, 434 F.3d 1070 (8th Cir. 2006) (cited in Pl.'s Mot.

Remand at 13), is inapplicable.  Plaintiff incorrectly claims that *Plubell* "[s]pecifically

address[ed] the issue of whether a post-CAFA amendment which added a defendant

'commenced' a new action under CAFA."  Pl.'s Mot. Remand at 13.  The court actually

addressed the distinct question of whether adding a new *plaintiff* commenced a new action –

obviously not the situation here.  *Plubell*, 434 F.3d at 1073 ("Both the original and the amended

pleadings set forth exactly the same conduct by Merck; the only difference is the class

representative.").

  Plaintiff's remaining cases deal not with the addition of a new defendant, but with the

correction of a "misnomer" in the caption of the complaint.  For example, *Morgan v. American

International Group, Inc.*, 2005 WL 2172001, at *2-3 (N.D. Cal. Sept. 8, 2005) (cited in Pl.'s

Mot. Remand at 15), involved a post-CAFA amendment to a class action complaint that did not

add a new defendant to a pre-CAFA case, but merely corrected the pre-CAFA complaint to

clarify and rename a misidentified defendant.  The amendment with respect to the new defendant

was simply made to correct a "misnomer" – the *Morgan* court specifically noted that the

amended complaint merely corrected Plaintiffs' use of "the wrong name in identifying" the

party.  2005 WL 2172001, at *3.  Plaintiff also cites *New Century Health Quality Alliance, Inc.

v. Blue Cross and Blue Shield of Kansas City, Inc.*, Case No. 05-0555-CV-W-SOW, 2005 WL

2219827 (W.D. Mo. Sept. 13, 2005) (cited in Pl.'s Mot. Remand at 17), for the proposition that "an amendment of a complaint to name as a defendant a different subsidiary than the company named in prior pleadings did not 'commence' a new 'civil action' under CAFA." Pl.'s Mot. Remand at 17. But *New Century* does not stand for that proposition at all. The amendment in *New Century*, like the one in *Morgan*, involved nothing more than a mere misnomer – "the Plaintiffs' original petition had mistakenly named Ingenix Health Intelligence Inc., rather than Ingenix, Inc., as a defendant." 2005 WL 2219827, at *2. In other words, no new party was actually added to the litigation – the naming of both parties in the amended petition "was [simply] a correction" intended to clarify the "exact names" of the parties.[5] *Id.* at *1, *3.

Here, the ***Second*** Amended Complaint, which itself post-dated CAFA, did not fix a "misnomer" from some prior version of the complaint. Rather, it named the LG entities for the very first time. Accordingly, it "commenced" a new action under CAFA, thereby conferring jurisdiction upon this Court. And that jurisdiction did not disappear because Plaintiff dismissed those LG entities from the Third Amended Complaint while substituting an entirely different, legally distinct LG entity. *See Robinson*, 2006 U.S. Dist. LEXIS 7252, at *2. Moreover, as explained in more detail below, even the Third Amended Complaint did not correct a "misnomer," but commenced a new action against a wholly distinct corporate entity.

> **2. PLAINTIFF'S "RELATION-BACK" ARGUMENT IS IRRELEVANT TO WHETHER HE COMMENCED A NEW ACTION BY FILING THE SECOND AMENDED COMPLAINT ON DECEMBER 23, 2005.**

Plaintiff attempts to sidestep the fact that the Second Amended Complaint "commenced"

---

[5]     *New Century* is further distinguishable from this case because *New Century* was predicated in part on the grounds that (1) the corrections to the amended petition were made prior to any defendant being served and (2) the state court which had granted Plaintiffs' motion for leave to amend explicitly noted that "such amended petition shall relate back to the original filing of this action." 2005 WL 2219827, at *1. Neither condition is present here.

a new action under CAFA by focusing the Court's attention on the Third Amended Complaint. He argues that the ***Third Amended Complaint*** did not commence a new action against LG MobileComm, but merely corrected a clerical error in the Second Amended Complaint, to which it "related-back." Even if true, this assertion would be of no moment; and, in any event, the assertion is false.

In the first place, the relation-back theory has no bearing on whether this action is subject to CAFA. Putting aside the Third Amended Complaint, there is no question that Plaintiff commenced a new action when he added LG Electronics, Inc. and LG Electronics U.S.A., Inc. as new Defendants in the Second Amended Complaint filed on December 23, 2005. Plaintiff makes no argument that the additions in that version of the complaint were "technical" or in any way related-back to the pre-CAFA complaints. Nor could he make such an argument. Those additions were not technical at all. Thus, the addition of new Defendants in the Second Amended Complaint commenced a new action for purposes of CAFA.

On the second point, the Third Amended Complaint added a new, distinct entity and thus does not "relate-back" to the Second Amended Complaint. To determine whether an amendment relates-back to an earlier complaint for purposes of commencement under CAFA, courts look to state law. *Schorsch*, 417 F.3d at 750. Pennsylvania courts have held that an amendment to a complaint will relate-back to an earlier complaint when the amendment changes the designation of a single entity, but ***not*** when the amendment changes a defendant to "a new and distinct party." *Saracina v. Cotoia*, 208 A.2d 764, 765 (Pa. 1965). Thus, Pennsylvania courts distinguish between the situation where "***a right party was sued but under a wrong designation***" and where, as here, "a wrong party was sued and the amendment was designated to substitute another and distinct party." *Paulish v. Bakaitis*, 275 A.2d 318, 321 (Pa. 1971) (emphasis added).

Relation-back "is permissible in the former situation: in the latter it is not." *Paulish*, 275 A.2d at 321.

For example, the Pennsylvania Supreme Court in *Gozdonovic v. Pleasant Hills Realty Co.*, 53 A.2d 73 (Pa. 1947), permitted amendment after the statute of limitations had run when the plaintiff had originally named "Pleasant Hills Realty Company, a corporation," but then discovered the entity was in fact a partnership. The Court noted, by way of contrast, that relation-back would clearly be impermissible if the plaintiff had instead attempted to name the members of the partnership, who would have been new and separate defendants. *Gozdonovic*, 53 A.2d at 73; *see also Tork-Hiis v. Commonwealth*, 735 A.2d 1256, 1259 (Pa. 1999) (refusing to relate-back an amendment substituting the Commonwealth as defendant for one of its agencies where the two were "distinct legal entities" with assets that were "not congruent"); *Saracina*, 208 A.2d at 766 (refusing to relate-back an amendment when the plaintiff sought to replace the original defendant with that defendant's son in the new complaint).

Under this law, the Third Amended Complaint did not relate back to the Second Amended Complaint. There is no question that LG MobileComm is a separate corporation and therefore a separate entity for purposes of Pennsylvania's relation-back doctrine. *See Tork-Hiis*, 735 A.2d at 1259 (designating the Commonwealth and its agency as separate entities for purposes of relation-back); *Gozdonovic*, 53 A.2d at 73 (noting that individual partners would be separate entities from the partnership for purposes of relation-back). If Plaintiff had added an entirely new legal entity after the limitations expired, that claim would have been time-barred for the same reasons. The Third Amended Complaint thus "commenced" a new action against LG MobileComm. *See also Tiffany v. HomeTown Buffet, Inc. et al.*, No. C 06-2524 SBA, 2006 WL 1749557, at *8 (N.D. Cal. June 22, 2006) (holding that because plaintiffs were not "correcting an

15

honest error in the name of a correctly named party" but were rather "joining a new party in the

litigation for the first time under the guise of a claim of misnomer" a new action commenced

with the filing of the amended complaint).

### B. PLAINTIFF HAS NOT MET HIS BURDEN TO PROVE THAT THE COURT SHOULD DECLINE ITS JURISDICTION UNDER THE LOCAL CONTROVERSY EXCEPTION.

Alternatively, Plaintiff suggests that, assuming federal jurisdiction exists, this Court

should decline that jurisdiction under CAFA's "Local Controversy Exception." That remand

provision states that courts shall decline to exercise CAFA's jurisdictional principles over certain

class actions where:

- at least one defendant "from whom significant relief is sought" and "whose alleged conduct forms a significant basis for the claims . . . is a citizen of the state in which the action was filed" and "greater than two-thirds of the members of the proposed plaintiff classes . . . are citizens of the State in which the action was originally filed"; *and*

- the "principal injuries resulting from the alleged conduct or any related conduct of each defendant were incurred in the State in which the action was originally filed."

28 U.S.C. § 1332(d)(4)(A).

The burden of establishing that one of CAFA's exceptions applies falls to the party

invoking it. *See Evans v. Walter Indus.*, 449 F.3d 1159 (11th Cir. 2006) ("The district court

correctly determined that the plaintiffs bear the burden of establishing that they fall within

CAFA's local controversy exception."); *Frazier v. Pioneer Americas LLC*, 455 F.3d 542 (5th

Cir. 2006); *Hart v. FedEx Ground Package System, Inc.*, 457 F.3d 675 (7th Cir. 2006); *In re

FedEx Ground Package Sys.*, 2006 U.S. Dist. LEXIS 1219, at *26 (N.D. Ind. Jan. 13, 2006) ("A

party seeking the benefit of § 1332(d)(4)(B) bears the burden to show that its provisions apply.");

*Robinson v. Cheetah Transportation*, No. Civ. A. 06-0005, 2006 WL 468820, at *3 (W.D. La.

Feb. 27, 2006) ("the burden of proving the application of CAFA's exceptions rests with the party

opposing removal"); *Scott v. ING Clarion Partners*, No. 06-1843, 2006 WL 3191184, at *3

(N.D. Ga. Oct. 31, 2006); *Mattera v. Clear Channel Communications, Inc.*, No. 06-1878, 2006

WL 3290836, at *10 (S.D.N.Y. Nov. 14, 2006). The "named plaintiff(s) should bear the burden

of demonstrating that a case should be remanded to state court (e.g., the burden of demonstrating

that more than two-thirds of the proposed class members are citizens of the forum state)." S.

Rep. No. 109-14, at 43 (2005), reprinted in 2005 U.S.C.C.A.N. 3, 41.

     Plaintiff must therefore satisfy his burden of establishing all of these requirements, but he

is unable to show that even *one* of the two necessary conditions is present here.

     *First*, to invoke the Local Controversy Exception, Plaintiff must establish that at least one

principal Defendant is a citizen of Pennsylvania. *See, e.g.*, *Frazier v. Pioneer Americas LLC*,

455 F.3d 542, 547 (5th Cir. 2006) ("Under either subsection of § 1332(d)(4), at least one

defendant must be a 'citizen of the State in which the action was originally filed.'"); *Tiffany v.

Hometown Buffett, Inc.*, No. 06-2524, 2006 WL 1749557, at *10 (N.D. Cal. June 22, 2006)

("Because neither of the defendants are citizens of California . . . none of the exceptions to

CAFA diversity jurisdiction apply here."). Absent from Plaintiff's papers is any evidence that

any Defendant is a citizen of Pennsylvania. The most Plaintiff can say is that certain constituent

*members* of the two association Defendants – CTIA - The Wireless Association ("CTIA") and

the Telecommunications Industry Association ("TIA") – are located and, in some cases, have

headquarters in Pennsylvania. *See* Pl.'s Mot. Remand at 8. That is irrelevant. Despite

Plaintiff's assertions, CTIA and TIA are actually corporations and each is "deemed to be a

citizen of any State by which it has been incorporated and of the State where it has its principal

place of business . . . ." 28 U.S.C. § 1332(c)(1). Even if TIA and CTIA were not incorporated,

an "unincorporated association" is likewise deemed by CAFA to be a citizen, not of the states of its members, but of "the State where it has its principal place of business and the State under whose laws it is organized." 28 U.S.C. § 1332(d)(10). Associations like CTIA and TIA, whether incorporated or not, are simply not citizens of every state in which their members are located. Under the controlling definition of citizenship, therefore, neither TIA nor CTIA is a citizen of Pennsylvania, as neither is incorporated or has its principal place of business in the Commonwealth.[6] Accordingly, Plaintiff's sole basis for asserting that a defendant from whom significant relief is sought is a citizen of Pennsylvania is utterly without merit.[7]

**Second**, Plaintiff has made no showing that the principal injuries resulting from the alleged conduct occurred in Pennsylvania. *See* 28 U.S.C. § 1332(d)(4)(A). In order to meet his burden, Plaintiff must show, first, that the "**principal injuries** resulting from the **alleged conduct** or **any related conduct of each defendant** were **incurred** in the State in which the action was

---

[6]     A review of the LEXIS state incorporation records, available at http://www.lexis.com, confirms that CTIA is incorporated and headquartered in Washington, D.C., and is therefore a citizen of Washington, D.C. only, and that TIA is incorporated in Illinois and headquartered in Arlington, Virginia, and is therefore a citizen of Illinois and Virginia only.

      In truth, **not one** Defendant is a citizen of Pennsylvania for purposes of CAFA. A review of the Pennsylvania Department of State registration records reveals that no Defendant is incorporated or has its principal place of business in Pennsylvania. *See* Secretary of State, Commonwealth of Pennsylvania, Corporate Records, *available at* http://www.lexis.com. Therefore, no corporate Defendant is a citizen of Pennsylvania. *See* 28 U.S.C. § 1332(c)(1).

[7]     Moreover, Plaintiff has failed to fulfill his additional burden of establishing that two-thirds of the proposed class members are citizens in Pennsylvania. Plaintiff defines the putative class as "all persons in the Commonwealth of Pennsylvania who purchased or leased [wireless telephones]." Third Amended Complaint at 31. "[A]llegations of residence are not sufficient for purposes of establishing citizenship." *Schwartz v. Comcast Corp.*, Civ. A. No. 05-2340, 2006 U.S. Dist. LEXIS 7499, at *10 (E.D. Pa. Feb. 28, 2006). In *Schwartz*, the court denied a motion to remand under the Local Controversy Exception where the plaintiff had defined the putative class as all persons and entities residing or doing business in Pennsylvania who used the product at issue in that case because citizenship in Pennsylvania was "not a qualification for class membership under the definition stated in the original complaint." *Id.* Similarly, here, Plaintiff's class definition, consisting of all persons "in" Pennsylvania who purchased or leased wireless telephones, is insufficient to show that more than two-thirds of those individuals are citizens of Pennsylvania for purposes of diversity. *See id.* at *11 (observing there could be numerous members of the class who were, in fact, citizens of different states yet resided or did business in Pennsylvania and subscribed to defendant's internet service during the relevant period).

originally filed." 28 U.S.C. § 1332(d)(4)(A)(i)(III) (emphasis added). "[T]he purpose of each of these criteria is to identify a truly local controversy – a controversy that uniquely affects a particular locality to the exclusion of all others." S. Rep. No. 109-14, at 39 (2005).

The allegations of the Third Amended Complaint do not come close to satisfying those criteria. The alleged misconduct of Defendants is, as the Third Amended Complaint states, the decision to sell wireless telephones without headsets or appropriate disclosures. But the "principal injuries" resulting from that alleged misconduct were not "incurred" only in Pennsylvania. On the contrary, Defendants sold wireless telephones without headsets throughout the nation. It is frivolous to suggest that the alleged injuries resulting from the Defendants' conduct is an issue that affects "a particular locality *to the exclusion of all others*." *See* S. Rep. No. 109-14, at 39 (2005) (emphasis added).

The fact that Plaintiff has proposed a single-state class action, rather than a nationwide class action, such as the now voluntarily dismissed *Naquin* class action suit, makes no difference. In the first place, if Congress had intended to bar federal jurisdiction of all single-state class actions, it could easily have done so. Instead, it barred federal jurisdiction only where the "principal injuries resulting from the alleged conduct or any related conduct of each defendant were incurred in the State in which the action was originally filed." 28 U.S.C. § 1332(d)(4)(A). As already noted, it is decidedly not the case that the "principal injuries" resulting from the "alleged conduct" of Defendants – selling wireless telephones without headsets and without making disclosures about alleged safety hazards – were incurred only in Pennsylvania.

Indeed, the "injuries" alleged here, while not legally cognizable, are the same type of "injuries" alleged in *Naquin*: "injuries" allegedly resulting from the sale of wireless telephones without headsets. *See* Second Supplemental and Amending Class Action Complaint, *Naquin v.*

*Nokia Mobile Phones, Inc.*, 01-MD-1421 (D. Md. Sept. 20, 2002). While the *Naquin* plaintiffs ultimately voluntarily dismissed their suit, the mere fact that they alleged a ***nationwide*** class of wireless telephone users that suffered injuries from the sale of telephones without headsets belies Plaintiff's claim here that the principal injuries of which he complains, which also allegedly stem from the sale of wireless phones without headsets, were incurred only in Pennsylvania.

If there were any doubt, the legislative history eliminates it. The very example the Senate Report gives as a case in which federal jurisdiction exists is a proposed single-state class action involving a nationwide sales practice:

> A class action is brought in Florida against an out-of-state automobile manufacturer and a few in-state dealers, alleging that a certain vehicle model is unsafe because of an allegedly defective transmission. ***The vehicle model was sold in all fifty states but the class action is only brought on behalf of Floridians. . . . [T]he case falls outside the Local Controversy Exception*** because the ''principal injuries resulting from the alleged conduct,'' – i.e., selling a vehicle with a defective transmission – were incurred in all fifty states. The fact that the suit was brought as a single-state class action does not mean that the principal injuries were local. In other words, this provision looks at where the principal injuries were suffered by everyone who was affected by the alleged conduct—not just where the proposed class members were injured. Thus, any defendant could remove this case to federal court.

*Id.* at 41 (emphasis added); *see also Eakins v. Pella Corp.*, No. 05-0224, 2006 WL 2930110, at *2 (E.D.N.C. Sep. 27, 2006) ("Merely because the action was brought as a single state class action does not mean the principal injuries were local. . . . Based on [the Senate Report], the Court ascertains several factors important to a determination of whether the local controversy exception warrants remand: (1) whether the product was sold outside of the locality; (2) whether

the injury incurred was specific to the locality; (3) whether the class as a whole seeks relief against the local defendant.").[8]

Thus, for each of these independent reasons, the Local Controversy Exception is inapplicable and federal jurisdiction exists under CAFA.

## **CONCLUSION**

Plaintiff has waived any right to object to any procedural defects in LG MobileComm's removal, federal jurisdiction exists in this action under CAFA, and Plaintiff has failed to prove that the Local Controversy Exception requires the Court to decline its jurisdiction. Therefore, Defendants respectfully request that the Court deny Plaintiff's Motion to Remand.

---

[8]     In addition, the Local Controversy Exception does not apply where "no other class action has been filed asserting similar factual allegations against any defendant on behalf of the same or other persons" "during the 3-year period preceding the filing of that class action. 28 U.S.C. § 1332(d)(4)(A). The Local Controversy Exception does not apply here for the independent and additional reason that similar actions have been filed within the prior three years. 28 U.S.C. § 1332(d)(4)(A)(ii). *See* Am. Class Action Compl., *Dahlgren v. Audiovox Comms. Corp.*, No. 02-ca-007884 (D.D.C.) (December 9, 2005). Plaintiff's assertion that some of these actions have since been dismissed is irrelevant, *see* Motion at 8, n.14, as CAFA concerns itself only whether such actions were filed in the first place. 28 U.S.C. § 1332(d)(4)(A)(ii).

Dated:  December 13, 2006                    Respectfully submitted,


                                             _____/s/_____
                                             John H. Beisner
                                             O'MELVENY AND MYERS LLP
                                             1625 Eye Street, NW
                                             Washington, DC  20006
                                             202.383.5300 (phone)
                                             202.383.5414 (fax)

                                             Paul F. Strain
                                             VENABLE LLP
                                             Two Hopkins Plaza
                                             Suite 1800
                                             Baltimore, MD  21201
                                             (410) 244-7400

                                             Jane F. Thorpe
                                             ALSTON & BIRD LLP
                                             One Atlantic Center
                                             1201 West Peachtree Street
                                             Atlanta, GA  30309
                                             (404) 881-7000

                                             *Attorneys for Defendant*
                                             *Cellco Partnership*
                                             *and on behalf of all counsel below.*

Seamus C. Duffy
Nancy H. Marvel
Susan M. Roach
DRINKER BIDDLE & REATH LLP
One Logan Square
18th & Cherry Streets
Philadelphia, Pennsylvania 19103-6996
215.988.2700 (phone)
215.988.2757 (fax)

*Counsel for Defendants*
*Cingular Wireless LLC and*
*AT&T Wireless Services, Inc.*


Mark A. Aronchik
Robert L. Ebby
Hangley Aronchick Segal & Pudlin
One Logan Square – 27th Floor
Philadelphia, PA 19103-6933
215.496.7053 (direct)
215.568.0300 (fax)

Pro Hac Vice Counsel:
Charles L. Babcock
David T. Moran
Jackson Walker L.L.P.
901 Main Street, Suite 6000
Dallas, Texas  75202

*Attorneys for Defendant*
*Ericsson Inc.*


Walter L. McDonough
Swartz Campbell LLC
1601 Market Street
34th Floor
Philadelphia, PA  19103

*Attorneys for Defendant*
*Sprint Spectrum, L.P.*
*(incorrectly designated in Plaintiffs'*
*Complaint as "Sprint PCS LP")*

Mark H. Kolman
Deborah Goldstock Ringel
Kenneth B. Trotter
DICKSTEIN SHAPIRO LLP
1825 Eye Street, NW
Washington, DC  2006
(202) 420-2912

*Attorneys for Defendant*
*Audiovox Communications Corporation*


Walter H. Swayze
Theodore C. Flowers
Segal, McCambridge, Singer & Mahoney, Ltd.
United Plaza
30 South 17th Street, Suite 1700
Philadelphia, PA  19103

*Attorneys for Defendant*
*Matsushita Electric Corporation of America*
*(incorrectly identified as Matsushita*
*Corporation of America a/k/a Panasonic*
*Corporation)*


Raymond B. Biagini
Lisa M. Norrett
McKenna Long & Aldridge LLP
1900 K Street, NW
Washington, DC  20006

*Attorneys for Defendant Philips Electronics*
*North America Corporation*


Daniel T. Fitch
Jana M. Landon
Stradley, Ronon, Stevens & Young, LLP
2600 One Commerce Square
Philadelphia, PA  19103

Pro Hac Vice Counsel:

John B. Isbister
Tydings & Rosenberg LLP
100 East Pratt Street
26th Floor
Baltimore, MD  21202
(410) 752-9700
(410) 727-5460

*Attorneys for Defendant*
*Samsung Telecommunications America, L.P.*

Rochelle M. Fedullo
Wilson, Elser, Moskowitz, Edelman
& Dicker LLP
The Curtis Center, Suite 1130E
Philadelphia, PA  19106

*Attorneys for Defendant*
*SANYO North American Corporation*

Susan Herschel
The Hoyle Law Firm
One South Broad Street
Suite 1500
Philadelphia, PA 19107
(215) 981-5770

Pro Hac Vice Counsel:

Eugene A. Schoon
Tamar B. Kelber
Sidley Austin LLP
One South Dearborn Street
Chicago, Illinois  60603
(312) 853-7000

*Attorneys for Defendant*
*T-Mobile, USA, Inc. f/k/a*
*VoiceStream Wireless Corporation*

Robert E. Welsh, Jr.
Lisa A. Mathewson
Welsh & Recker, P.C.
2000 Market Street, Suite 2903
Philadelphia, PA  19103
(215) 972-6430

Robert B. Green
The World Trade Center, Suite 1800
401 E. Pratt Street
Baltimore, MD 21202
(410) 832-0111

*Attorneys for Defendant*
*CTIA – The Wireless Association®*


Michael E. Yaggy
DLA Piper Rudnick Gray Cary US LLP
6225 Smith Avenue
Baltimore, MD  21209

Ronald P. Schiller
Daniel J. Layden
DLA Piper Rudnick Gray Cary US LLP
One Liberty Place, Suite 4900
1650 Market Street
Philadelphia, PA  19103

*Attorneys for Defendant*
*Motorola, Inc.*


William J. O'Brien
Howard M. Klein
Edward J. Murphy
Conrad O'Brien Gellman & Rohn, PC.
1515 Market Street, 16th Floor
Philadelphia, PA  19102

Pro Hac Vice Counsel:

James Ulwick
Kramon & Graham, P.A.
One South Street, Suite 2600

Baltimore, MD 21202-3201
(410) 752-6030

*Attorneys for Defendant*
*NEC America, Inc.*


John T. Toner
Seyfarth Shaw LLP
815 Constitution Ave., N.W., Suite 500
Washington, D.C. 20006

*Attorney for Defendant*
*Telecommunications Industry Association*


Robert J. Hafner
Eckert, Seamans, Cherin & Mellott, LLC
1515 Market Street, 9th Floor
Philadelphia, PA  19103

Pro Hac Vice Counsel:

Francis A. Citera
Greenberg Trarig LLP
77 West Wacker Drive, Suite 2500
Chicago, IL  60601

*Attorneys for Qualcomm, Incorporated*
*and Sony Electronics Inc.*


Steven A. Haber
Obermayer, Rebmann, Maxwell & Hippel,
LLP
One Penn Center
1617 John F. Kennedy Boulevard, 19th Floor
Philadelphia, PA  19103-1895

*Attorney for Nextel Communications of the*
*Mid-Atlantic, Inc., Nextel Boost of the Mid-*
*Atlantic LLC, Nextel West Corp., Nextel Boost*
*West, LLC*

27

Madeline Sherry
Gibbons, Del Deo, Dolan, Griffinger &
Vecchione, P.C.
1700 Two Logan Square
18th & Arch Streets
Philadelphia, PA 19103-2709

Pro Hac Vice Counsel:

Steven M. Zager
Akin Gump Strauss Hauer & Feld LLP
1111 Louisiana Street, 44th Floor
Houston, Texas 77002-5200

Lance T. Lackey
Akin Gump Strauss Hauer & Feld LLP
3000 West 6th Street, Suite 2100
Austin, Texas  78701-3911

*Attorneys for Defendants Nokia Inc.*


David G. C. Arnold
Attorney I.D. 49819
Royal Bank Plaza
Suite 109
915 Montgomery Avenue
Narberth, Pennsylvania 19072
(484) 562-0008

Daniel H. Weiner
Josiah S. Trager
Hughes Hubbard & Reed LLP
One Battery Park Plaza
New York, New York 10004
(212) 837-6000

*Attorneys for Defendant*
*LG Electronics MobileComm U.S.A., Inc.*


Thomas R. Kline
Andrews Kurth LLP
1350 I Street NW, Suite 1100

Washington, DC 20005
(202) 662-2700

Pro Hac Vice Counsel:

Charles L. Perry
Andrews Kurth LLP
1717 Main Street, Suite 3700
Dallas, TX  75201
(214) 659-4681

*Attorneys for Defendant Cellular One Group*