**TAB D**



IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

- - - - - - - - - - - - - - - - - - - - - - - - - x

FRANCIS J. FARINA,
577 Gregory Lane
Devon, PA 19333

    *individually and on behalf of:*
    *all those similarly situated,*
                    Plaintiff,

    v.

NOKIA INC.
6000 Connection Drive
Irving, TX 75039

    and

NEC AMERICA
8 Old Sod Farm Road
Melville, NY 11747

    and

ERICSSON WIRELESS COMM., INC.
740 East Campbell Road
Richardson, Texas 75081

    and

MOTOROLA, INC.
5725 E. River Road
Chicago, Illinois 60631

    and

SPRINT PCS, L.P.
4900 Main Street, 12th Floor
Kansas City, Missouri 64112

    and

06 - 724

Civil Action No. _____

Class Action

AUDIOVOX COMMUNICATIONS                :
CORPORATION                            :
150 Marcus Boulevard                   :
Hauppauge, New York 11788              :
                                       :
    and                                :
                                       :
NEXTEL COMMUNICATIONS OF               :
THE MID-ATLANTIC, INC.                 :
2001 Edmund Halley Drive               :
Reston, Virginia  20191                :
                                       :
    and                                :
                                       :
MATSUSHITA CORPORATION OF              :
AMERICA                                :
A/K/A Panasonic Corporation            :
9401 West Grand Avenue                 :
Franklin Park, Illinois  60131         :
                                       :
    and                                :
                                       :
PHILIPS ELECTRONIC NORTH               :
AMERICA CORP.                          :
100 East 42nd Street              :
New York, NY  10017                    :
                                       :
    and                                :
                                       :
QUALCOMM INCORPORATED                  :
A/K/A Qualcomm, Inc.                   :
6455 Lusk Boulevard                    :
San Diego, California  92121           :
                                       :
    and                                :
                                       :
SAMSUNG TELECOMMUNICATIONS             :
AMERICA, L.P.                          :
105 Challenger Road                    :
Ridgefield Park, NJ  07660             :
                                       :
    and                                :

SANYO NORTH AMERICA, INC. :
A/K/A Sanyo North America Group :
218 State Route 17 North :
Rochelle Park, New Jersey 07662 :
:
  and :
:
SONY ELECTRONICS, INC. :
The Corporation Trust Incorporated :
300 East Lombard Street :
Baltimore, Maryland 21202 :
:
  and :
:
AT&T WIRELESS SERVICES, INC. :
195 Broadway :
New York, New York :
:
  and :
:
CELLCO PARTNERSHIP :
d/b/a Verizon Wireless :
Mobile, 180 Washington Valley Road :
Bedminster, New Jersey 07921 :
:
  and :
:
CINGULAR WIRELESS LLC :
Formerly Known As: :
Southwestern Bell Mobile Systems, Inc. :
A/K/A Southwester Bell Wireless :
2711 Centerville Road, Suite 400 :
Wilmington, DE 19808 :
:
  and :
:
CELLULAR ONE GROUP :
A/K/A Cellular One :
5001 Lyndon B. Johnson Freeway :
Suite 700 :
Dallas, Texas 75244 :
:
  and :

3

VOICESTREAM WIRELESS         :
CORPORATION                  :
A/K/A VoiceStream Wireless   :
3650 131st Avenue SE, Suite 200   :
Bellvue, Washington 98006    :
                             :
    and   :
                             :
LG ELECTRONICS MOBILECOMM    :
U.S.A., INC.                 :
10225 Willow Creek Road      :
San Diego, CA  92131         :
                             :
    and   :
                             :
CELLULAR TELECOMMUNICATION   :
INDUSTRY ASSOCIATION         :
1250 Connecticut Avenue, N.W., :
Suite 200                    :
Washington, D.C. 20036       :
    SERVE ON: :
    Resident Agent :
    John M. Townsend :
    1775 I Street N.W. , Suite 600 :
    Washington, D.C. 20006 :
                             :
    and   :
                             :
TELECOMMUNICATIONS INDUSTRY  :
ASSOCIATION                  :
A/K/A TIA                    :
Washington,D.C.              :
    SERVE ON: :
    Resident Agent :
    Mathew T. Kranz :
    1201 Pennsylvania Avenue, NW :
    Suite 315 :
    Washington, D.C. 20044 :
                             :
    and   :
                             :
JOHN DOES NOS. 1-100,        :
                             :
                      *Defendants.* :
- - - - - - - - - - - - - - - - - - - - - - - - - - - x

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that defendant LG Electronics Mobilecomm U.S.A., Inc. ("LG"), through its undersigned counsel, hereby removes this action from the Court of Common Pleas of Philadelphia County, Pennsylvania to the United States District Court for the Eastern District of Pennsylvania, pursuant to 28 U.S.C. §§ 1332, 1441, 1446 and 1453, and respectfully states:

1. This action involves allegations regarding wireless telephones and radio frequency emissions ("RF") generated by those telephones.

2. On information and belief, on or about April 19, 2001, plaintiff Francis J. Farina filed a Class Action Complaint in the Court of Common Pleas of Philadelphia County, Pennsylvania, which was docketed as Number 2527, April Term, 2001. On or about February 9, 2006, plaintiff filed a Third Amended Class Action Complaint ("Third Am. Compl."). The Third Amended Class Action Complaint named LG as a defendant for the first time.

3. As more fully set out below, this case is properly removed to this Court pursuant to 28 U.S.C. § 1441 because LG satisfies the procedural requirements for removal, the Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1332 and 1441, and the jurisdictional principles of the recently enacted Class Action Fairness Act of 2005 ("CAFA"), Pub. L. No. 109-2, 119 Stat. 4 (2005), properly apply.

### I. DEFENDANT LG SATISFIES THE PROCEDURAL REQUIREMENTS FOR REMOVAL.

4. On February 9, 2006, plaintiff filed the Third Amended Class Action Complaint pursuant to Court Order dated February 3, 2006 and entered February 9, 2006, and LG has stipulated to receipt of service. Accordingly, this Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b).

5. The Court of Common Pleas of Philadelphia County is located within the Eastern District of Pennsylvania. Therefore, venue is proper in this Court pursuant to 28 U.S.C. § 118(a) because it lies within the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

6. Pursuant to CAFA, LG need not obtain the consent of any other defendant to remove this action. *See* 28 U.S.C. § 1453(b).

7. Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings and orders served upon LG, including the Third Amended Class Action Complaint, is attached hereto as Exhibit A.

8. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served on counsel for plaintiff and a copy will be filed promptly with the Prothonotary of the Court of Common Pleas of Philadelphia County.

## II. REMOVAL IS PROPER BECAUSE THE COURT HAS SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. §§ 1332, 1441 AND 1453.

9. This case is subject to removal pursuant to CAFA.

10. As set forth below, this is a putative class action in which: (a) there are 100 or more members in plaintiff's proposed class; (b) at least some members of the proposed class have citizenship different than that of some defendants; (c) the claims of the proposed class members exceed the sum or value of $5,000,000 in the aggregate; and (d) new class litigation was commenced for purposes of CAFA as to LG on February 9, 2006, upon the filing and service of the Third Amended Class Action Complaint. Thus, the Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1332(d), 1441(b) and 1453.

### A. The Proposed Class Consists of 100 Or More Members.

11. In his complaint, plaintiff purports to represent a class of

6

>(a) all persons in the Commonwealth of Pennsylvania who purchased or leased [wireless telephones] who have not been diagnosed with any illness or injury resulted from the use of [wireless telephones] and (b) all future purchasers and lessees of [wireless telephones] who have not been diagnosed with any illness or injury resulting from the use of [wireless telephones].

(Third Am. Compl. ¶ 115.)

12. Plaintiff alleges that the putative class members number "hundreds of thousands, if not millions." (Third Am. Compl. ¶ 117.)

13. Based on these and other allegations, the aggregate number of members of plaintiff's proposed class is far greater than 100 for purposes of 28 U.S.C. § 1332(d)(5)(B).

### B. Diversity Of Citizenship Exists.

14. Plaintiff is a citizen of the Commonwealth of Pennsylvania. (Third Am. Compl. ¶ 5.)

15. LG is, and was at the time plaintiff commenced this action against it, a corporation organized under the laws of the State of California with its principal place of business at 10225 Willow Creek Road, San Diego, CA 92131, and therefore is a citizen of the State of California for purposes of determining diversity. 28 U.S.C. § 1332(a)(2), (c)(1).

16. On information and belief, none of the named defendants is a citizen of the Commonwealth of Pennsylvania.

17. CAFA does not require complete diversity, but rather only that at least one proposed class member and one defendant are diverse. As plaintiff is diverse from at least one defendant, the jurisdictional requirement of minimal diversity is met. 28 U.S.C. §1332(d)(2)(A).

### C. The Amount-In-Controversy Requirement Is Satisfied.

18. Plaintiff in this case alleges that defendants "failed to adequately disclose to the consuming public the fact that [wireless telephones] emit [RF] that causes . . . biological effects."

7

(Third Am. Compl. ¶ 3.) Plaintiff seeks "maximum legal and equitable relief from those corporations and entities that are responsible for producing and placing into the stream of commerce [wireless telephones] which create and cause these biological effects." (Third Am. Compl. ¶ 4.)

19. Plaintiff alleges claims for relief based on civil conspiracy, breach of implied warranties pursuant to 13 Pa. C.S.A. §§ 2-314, 2-315 and the common law, breach of express warranty pursuant to 13 Pa. C.S.A. § 2313 and the common law, violation of the Magnuson-Moss Warranty Improvement Act, 15 U.S.C. §§ 2301-2312, and violation of the Unfair Trade Practices and Consumer Protection Law, 73 P.S. § 201-1 *et seq.* (Third Am. Compl. ¶¶ 124-170.) Plaintiff asks for, among other things, the greater of $100 for each proposed class member or the cost of a headset for each, the funds necessary to modify or replace each wireless telephone to permit safe use, and compensation for repair costs or headsets, and punitive damages. (Third Am. Compl. ¶¶ 135, 155.)

20. The claims of individual class members in a purported class action are aggregated to determine if the amount in controversy exceeds the sum or value of $5,000,000. *See* 28 U.S.C. 1332(d)(6). Under this standard, plaintiff's claim meets the jurisdictional threshold.

21. Plaintiff in this action seeks, as noted above, at least $100 for each person who purchased or leased a wireless telephone from defendants in the Commmonwealth of Pennsylvania. (Third Am. Compl. ¶¶ 115, 155, 158, 165, 170.) Accordingly, the purported class need only consist of 50,000 persons for the aggregate amount in controversy to be established. It does. (*See* Third Am. Compl. ¶ 117 (alleging that the putative class members number in the "hundreds of thousands, if not millions").) Plaintiff also requests punitive damages pursuant to his civil conspiracy claim. (Third Am. Compl. ¶ 135.) Given the breadth of the class and the

nature of the relief sought, the aggregate value of plaintiff's proposed relief easily exceeds $5,000,000. Thus, the jurisdictional threshold is satisfied.

**D.     The Action Commenced After February 18, 2005.**

22.     CAFA applies to any civil action commenced after February 18, 2005. Class Action Fairness Act of 2005, Pub. L. No. 109-2, § 9, 119 Stat. 4 (2005). Because plaintiff commenced this action as to LG when plaintiff filed his Third Amended Class Action Complaint on February 9, 2006, CAFA applies. *See Adams v. Fed. Materials Co.*, No. 5:05CV-90-R, 2005 U.S. Dist. LEXIS 15324, at *13 (W.D. Ky. July 28, 2005); *see also Knudsen v. Liberty Mut. Ins. Co.*, 411 F.3d 805, 807 (7th Cir. 2005) ("*the addition of a new defendant*, or any other step sufficiently distinct that courts would treat it as independent for limitations purposes, could well commence a new piece of litigation for federal purposes even if it bears an old docket number for state purposes") (emphasis added); *Schorsch v. Hewlett-Packard Co.*, 417 F.3d 748, 749 (7th Cir. 2005) ("*[a]mendments could in principle initiate litigation . . . a defendant added after February 18[, 2005] could remove because suit against it would have been commenced after the effective date [of CAFA]*") (emphasis added).

23.     In *Adams*, the defendants sought to remove under CAFA a putative class action originally filed in 2004 where the plaintiffs filed a post-CAFA amended complaint adding a new party-defendant. *Adams*, 2005 U.S. Dist. LEXIS 15324, at *6-7. The defendants argued, and the court agreed, that the term "commencement" under CAFA is properly construed from the point of view of each defendant, not the plaintiff. *Id.* at *16. Accordingly, the court concluded that "[p]laintiffs' decision to add [the new defendant] presents precisely the situation in which it can and should be said that a new action has 'commenced' for purposes of removal pursuant to the CAFA. This is both a logical extension of pre-existing removal practice and in keeping with the

9

general intent of Congress in passing the CAFA – that is, extending the privilege of removal to federal district courts to defendants in large class actions on the basis of minimal diversity." *Id.* at *13-14.

24. That is precisely the situation presented here. Plaintiff added LG as a defendant by way of an amended complaint. (Third Am. Compl. ¶ 24.) Plaintiff filed his Third Amended Complaint, naming LG as a defendant for the first time, on February 9, 2006 – over eleven months after the date on which CAFA became law. Consequently, plaintiff's filing of the Third Amended Class Action Complaint opened "a new window of removal" to which CAFA's jurisdictional principles apply. *Adams*, 2005 U.S. Dist. LEXIS 15324, at *12 (quoting *Knudsen*, 411 F.3d at 807).

### E. The Court Should Resolve Any Questions Regarding Removal In Favor Of Federal Jurisdiction.

25. The Court should resolve any questions or ambiguities regarding LG's right to remove in favor of federal jurisdiction. CAFA's legislative history makes clear that doubts regarding the maintenance of interstate class actions in state or federal court are to be resolved in favor of federal jurisdiction. *See, e.g.*, S. Rep. No. 109-14, at 43 (2005) ("Overall, new section 1332(d) is intended to expand substantially federal court jurisdiction over class actions. Its provisions should be read broadly, with a strong preference that interstate class actions should be heard in a federal court if properly removed by any defendant."), *id.* at 35 (the intent of CAFA "is to strongly favor the exercise of federal diversity jurisdiction over class actions with interstate ramifications."), *id.* at 27 ("The Committee believes that the federal courts are the appropriate forum to decide most interstate class actions because these cases usually involve large amounts of money and many plaintiffs, and have significant implications for interstate commerce and national policy.").

WHEREFORE, LG respectfully removes this action from the Court of Common Pleas of Philadelphia County, bearing number 2527, April Term, 2001, to this Court pursuant to §§ 1332, 1441, 1446 and 1453.

*/s/ Daniel G. C. Arnold* (DA1299)
David G. C. Arnold
Pennsylvania Attorney Identification No. 49819
Suite 109, Royal Plaza
915 Montgomery Avenue
Narberth, Pennsylvania 19072
(484) 562-0008

Daniel H. Weiner
Josiah S. Trager
Hughes Hubbard & Reed LLP
One Battery Park Plaza
New York, New York 10004
(212) 837-6000

Attorneys for Defendant
LG Electronics Mobilecomm U.S.A., Inc.

CERTIFICATE OF SERVICE

I, David G. C. Arnold, Esquire, hereby certify that I served a true and correct copy of the attached document on the counsel identified below on February 17, 2006, by mailing same via United States First Class Mail postage prepaid to the addresses set forth below.

Michael D. Donovan
Donovan Searles, LLC
1845 Walnut Street
Suite 1100
Philadelphia, PA 19103
(215) 732-6067

H. Russell Smouse
Glenn E. Mintzer
Law Offices of Peter G. Angelos, P.C.
One Charles Center
100 North Charles Street
Baltimore, MD 21201

Kenneth A. Jacobsen
Jacobsen Law Offices LLC
12 Orchard Lane
Wallingford, PA 19086
(610) 566-7930

Lowe, Stein, Hoffman, Allweiss & Hauver, LLP
701 Poydras Street
One Shell Square, Suite 3600
New Orleans, LA 70139

Joseph A. O'Keefe
O'Keefe & Sher, P.C.
15109 Kutztown Road
Kutztown, PA 19530-9276

**Attorneys for Plaintiff**

Seamus C. Duffy
Susan M. Roach
Drinker Biddle & Reath LLP
One Logan Square
18th & Cherry Streets
Philadelphia, PA 19103
(215) 988-2700

**Attorneys for Defendants**
**Cingular Wireless LLC, and AT&T Wireless Services, Inc.**

Robert C. Heim
R. David Walk, Jr.
Dechert LLP
Cira Centre
2929 Arch Street
Philadelphia, PA 19104-2808
(215) 944-4000

Jane F. Thorpe
Scott A. Elder
ALSTON & BIRD LLP
One Atlantic Center
1201 West Peachtree Street
Atlanta, GA 30309-3424
(404) 881-7000

**Attorneys for Defendant**
**Cellco Partnership**

Mark A. Aronchick
Robert L. Ebby
Hangley Aronchick Segal & Pudlin
One Logan Square -- 27th Floor
Philadelphia, PA 19103-6933
(215) 496-7053

Charles L. Babcock
David T. Moran
Ryan C. Wirtz
Jackson Walker L.L.P.
901 Main Street, Suite 6000
Dallas, Texas 75202

**Attorneys for Defendant**
**Ericsson Inc.**

Walter L. McDonough
Swartz Campbell LLC
1601 Market Street
34th Floor
Philadelphia, PA 19103
(215) 564-5190

**Attorneys for Defendant**
**Sprint Spectrum, L.P. (incorrectly designated in Plaintiffs' Complaint as "Sprint PCS LP")**

Craig E. Ziegler
Montgomery, McCracken, Walker
 & Rhoads, LLP
123 South Broad Street
Philadelphia, PA 19109
(215) 772-1500

**Attorneys for Defendant**
**Audiovox Communications Corporation**

Walter H. Swayze
Theodore C. Flowers
Segal, McCambridge, Singer & Mahoney, Ltd.
United Plaza
30 South 17th Street, Suite 1700
Philadelphia, PA 19103
(215) 972-8015

**Attorneys for Defendant**
**Matsushita Electric Corporation of America (incorrectly identified as Matsushita Corporation of America a/k/a Panasonic Corporation)**

Thomas P. Wagner
Reena E. Parambath
Rawle & Henderson LLP
The Widener Building
One South Penn Square
Philadelphia, PA 19107
(215) 575-4200

**Attorneys for Defendant**
**Philips Electronics North America Corporation**

Daniel T. Fitch
Jana M. Landon
Stradley, Ronon, Stevens & Young, LLP
2600 One Commerce Square
Philadelphia, PA 19103
(215) 564-8000

John B. Isbister
Harold Walter
Tydings & Rosenberg LLP
100 East Pratt Street
26th Floor
Baltimore, MD 21202
(410) 752-9714

**Attorneys for Defendant**
**Samsung Telecommunications America, L.P.**

Rochelle M. Fedullo
Wilson, Elser, Moskowitz, Edelman
& Dicker LLP
The Curtis Center, Suite 1130E
Philadelphia, PA 19106
(215) 627-6900

**Attorneys for Defendant**
**SANYO North American Corporation**

Howard D. Scher
Nicole J. Williams
Buchanan Ingersoll PC
1835 Market Street, 14th Floor
Philadelphia, PA 19103
(215) 665-8700

**Attorneys for Defendant**
**Cellular One Group**

Susan Herschel
The Hoyle Law Firm
One South Broad Street
Suite 1500
Philadelphia, PA 19107
(215) 981-5770

Eugene A. Schoon
Tamar B. Kelber
Sidley Austin LLP
One South Dearborn Street
Chicago, Illinois 60603

**Attorneys for Defendant
T-Mobile, USA, Inc. f/k/a VoiceStream Wireless Corporation**

Robert E. Welsh, Jr.
Lisa A. Mathewson
Welsh & Recker, P.C.
2000 Market Street, Suite 2903
Philadelphia, PA 19103
(215) 972-6430

**Attorneys for Defendant
CTIA – The Wireless Association®**

Ronald P. Schiller
Daniel J. Layden
DLA Piper Rudnick Gray Cary US LLP
One Liberty Place, Suite 4900
1650 Market Street
Philadelphia, PA 19103
(215) 656-3300

**Attorneys for Defendant
Motorola, Inc.**

William J. O'Brien
Howard M. Klein
Edward J. Murphy
Conrad O'Brien Gellman & Rohn, PC.
1515 Market Street, 16th Floor
Philadelphia, PA 19102
(215) 864-9600

James Ulwick
Kramon & Graham, P.A.
One South Street, Suite 2600
Baltimore, MD 21202-3201
(410) 752-6030

**Attorneys for Defendant**
**NEC America, Inc.**

John T. Toner
Seyfarth Shaw LLP
815 Constitution Ave., N.W., Suite 500
Washington, D.C. 20006

**Attorneys for Defendant**
**Telecommunications Industry Association**

Robert J. Hafner
Eckert, Seamans, Cherin & Mellott, LLC
1515 Market Street, 9th Floor
Philadelphia, PA 19103
(215) 851-8400

**Attorneys for Defendants**
**Qualcomm, Incorporated**
**and Sony Electronics Inc.**

Steven A. Haber
Obermayer, Rebmann, Maxwell & Hippel, LLP
One Penn Center
1617 John F. Kennedy Boulevard, 19th Floor
Philadelphia, PA 19103-1895
(215) 665-3000

**Attorneys for Defendants**
**Nextel Communications of the Mid-Atlantic, LLC, Nextel Boost of the Mid-Atlantic LLC, Nextel West Corp., Nextel Boost West, LLC**

Madeline Sherry
Gibbons, Del Deo, Dolan Griffinger & Vecchione, P.C.
1700 Two Logan Square
18th and Arch Streets
Philadelphia, Pennsylvania 19103-2709
(215) 446-6201

Steven M. Zager
Akin Gump Strauss Hauer & Feld LLP
1111 Louisiana Street, 44th Floor
Houston, Texas 77002-5200

Lance T. Lackey
Akin Gump Strauss Hauer & Feld LLP
3000 West 6th Street, Suite 2100
Austin, Texas 78701-3911

**Attorneys for Defendant
Nokia Inc.**

_____(DA1299)
David G. C. Arnold

Pennsylvania Attorney Identification No. 49819

Suite 109, Royal Plaza
915 Montgomery Avenue
Narberth, Pennsylvania 19072
(484) 562-0008

Counsel for Defendant,
LG Electronics Mobilecomm U.S.A, Inc.

7