# JACOBSEN LAW OFFICES LLC

e-mail: jacobsenlaw@aol.com

website: jacobsenlaw-pa.com

12 Orchard Lane

Wallingford, PA 19086

Telephone: 610-566-7930

Facsimilie: 610-566-7940

April 7, 2006

Michael J. Beck
Clerk of the Panel
**Judicial Panel on Multidistrict Litigation**          *Via Federal Express*
Thurgood Marshall Federal Judiciary Building
One Columbus Circle, NE
Room G-255, North Lobby
Washington, D.C. 20002

Re: *In re Wireless Telephone Radio Frequency Litigation*,
     MDL No. 1421
     This Document Relates To:
     *Farina v. Nokia, Inc.*, Civil Action No. 2:06-724 (E.D. Pa.)

Dear Mr. Beck:

Enclosed herewith for filing in the above reference action please find the original and four copies of each of the following:

1) Plaintiffs' Motion to Vacate Conditional Transfer Order;
2) Plaintiff's Brief in Support of His Motion to Vacate Conditional Transfer Order;
3) Exhibits to Plaintiff's Motion to Vacate Conditional Transfer Order; and
4) Certificate of Service.

I also am enclosing, per the instructions of the Court, a computer readable disk in Windows format containing items 1, 2 and 4.

Very truly yours,

Kenneth A. Jacobsen

KAJ/abh
cc: Counsel on Attached Service List (w/encls.)

## BEFORE THE JUDICIAL PANEL
## ON MULTIDISTRICT LITIGATION

| | |
|---|---|
| **IN RE WIRELESS TELEPHONE** ) | |
| **RADIO FREQUENCY** ) | **MDL Docket No. 1421** |
| **LITIGATION** ) | |

This Document Relates To:

    *Farina v. Nokia, Inc.*, Civil Action No. 2:06-724 (E.D. Pa.).

### PLAINTIFF'S BRIEF IN SUPPORT OF HIS MOTION TO VACATE CONDITIONAL
### TRANSFER ORDER

Plaintiff, by and through his undersigned counsel, submits this Brief in support of his

Motion to Vacate Conditional Transfer Order ("Plaintiff's Motion" or the "Motion") pursuant to

Rule 7.2(a)(1) of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation. For the

sake of brevity and convenience of the Panel, plaintiff incorporates by reference the factual

information and legal arguments contained in his Motion, which will not be repeated at length

here.

### BACKGROUND FACTS AND PROCEDURAL HISTORY RELEVANT TO
### PLAINTIFF'S MOTION

As discussed in Plaintiff's Motion, this consumer class action was brought by a

Pennsylvania plaintiff in Pennsylvania state court alleging claims solely on behalf of residents of

Pennsylvania under Pennsylvania state statutory and common law against manufacturers and

sellers of cell phones who conduct substantial business in Pennsylvania. Plaintiff alleges that

defendants, manufacturers and sellers of cell phones and the companies which transmit the

1

signals (called radio frequency radiation or "RFR") emanating from those cell phones, violated Pennsylvania consumer protection laws by failing to disclose to users of those cell phones (*i.e.*, Pennsylvania residents, members of the putative class here) that the cell phones emit RFRs which may cause adverse biological effects to the users. Defendants also are alleged to have breached warranties relating to their products. Also named as defendants are two trade associations to which defendants belong and through which defendants are alleged to have coordinated their campaign of suppression of information to members of the putative Pennsylvania class.

Plaintiff does not allege, either individually or on behalf of any class member, any claims for personal injury arising out of defendants' conduct. Rather, this case involves solely and exclusively defendants' failure to warn Pennsylvania consumers of the potential risks of these RFR emissions so that class members could make an informed choice in purchasing and using their cell phones and employing preventative devices (*e.g.*, headsets, sold separately by defendants) which have been proven to reduce or eliminate exposure to RFR emissions.

This is the second time that defendants have improperly removed this case from its proper state forum to the federal courts, where it does not belong. The first time, it took a decision of the United States Court of Appeals for the Fourth Circuit (and a failed petition for *certiorari* by defendants to the United States Supreme Court), to reaffirm that the federal courts lack jurisdiction over this case and, after more than four full years of delay and procedural maneuvering by defendants, return it to Pennsylvania state court where it was commenced in April 2001. *See Pinney v. Cellco Partnership,* 402 F.3d 430 (4th Cir. 2005), *cert. denied,* Nos. 05-207 and 05-198 (October 24, 2005).

Plaintiff's initial Complaint in this case, scrutinized by the Fourth Circuit in deciding that the federal courts lacked jurisdiction over plaintiff's entirely state law claims, named as

2

defendants 24 separate business entities. After remand of this case to Pennsylvania state court by the Fourth Circuit Court of Appeals, plaintiff added as defendants in his Second Amended Complaint a Korean manufacturer of cell phones, LG Electronics, Inc. and its American subsidiary, LG Electronics U.S.A., Inc. (jointly, "LG" or the "LG defendants"), since LG had manufactured one of the cell phones used by plaintiff. Plaintiff filed his Second Amended Complaint on December 23, 2005 pursuant to a schedule stipulated by the parties, and served that pleading on LG four days later on December 27, 2005. Significantly for purposes of Plaintiff's Motion, LG did nothing to remove this case or otherwise invoke federal jurisdiction under 28 U.S.C. § 1446 within the thirty (30) day deadline for removal under subsection (b) of Section 1446. Instead, LG's counsel prevailed on plaintiff to drop the Korean holding company of LG as a defendant and to substitute as a defendant a different American subsidiary of LG for one which, according to LG's counsel, had been mistakenly named by plaintiff as a defendant in plaintiff's Second Amended Complaint. This request followed prior efforts by other defendants, at defendants' specific request to plaintiff, to drop, add and substitute several other defendants to name the proper parties and to correct other misnamed defendants. Plaintiff agreed to effect the substitution of the American LG subsidiary by way of a purely technical amendment to the Second Amended Complaint (which had never been removed by the LG defendants) and executed a Stipulation to file a Third Amended Complaint with the Pennsylvania state court. No other changes were made to this pleading--no new claims were added, no new parties were added (except the substitution of the proper LG subsidiary agreed to by all parties), and no other changes of any sort were made in the Third Amended Complaint.

## ARGUMENT

## I. TRANSFER IS INAPPROPRIATE SINCE FEDERAL JURISDICTION OVER THIS ACTION IS DEMONSTRABLY LACKING

Section 1447(c) of Title 28 provides that "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case ***shall be remanded***" to the state court from which it was removed. 28 U.S.C. § 1447(c) (emphasis added). For the reasons demonstrated in Plaintiff's Motion and summarized below, there is a manifest lack of federal jurisdiction over this case, which has been successfully tied up by defendants in the federal courts for half a decade. There cannot conceivably be any "just and efficient conduct of [this] action" –one of the requirements for transfer under Section 1407--by further prolonging its involuntary captivity in the federal system. Under Section 1447(c), the Panel should remand it directly to state court in Pennsylvania, where it was commenced five full years ago in April 2001 and where it has twice been improperly removed by defendants. Furthermore, given the few remaining cases comprising the *Wireless Telephone* MDL proceedings, the Panel should, respectfully, consider whether further coordinated pretrial proceedings are necessary or appropriate generally.

Where federal jurisdiction exists, a defendant may remove an action only if it complies with the following strict deadlines in the removal statute:

> "The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based...."

28 U.S.C. § 1446(b). As demonstrated in Plaintiff's Motion and the supporting Exhibits thereto, the LG defendants were served with plaintiff's Second Amended Complaint on December 27, 2005. (*See* Plaintiff's Motion ¶ 8 and Exhibit C). Even if the filing and service on LG of plaintiff's Second Amended Complaint fell within the jurisdictional provisions of the Class

4

Action Fairness Act ("CAFA"), P. L. 109-2, 119 Stat. 4 (2005), the LG defendants took no action to remove this case within the 30 day deadline of Section 1446(b). *See Anderson v. Bank of America*, No. C 06-1120 SBA (N.D. Cal., April 5, 2006 Order) ("*Anderson*") (Exhibit 1 hereto).

Having missed the deadline for removal under Section 1446(b), LG and its co-defendants, through their liaison counsel, concocted a scheme to try to resurrect removal jurisdiction. They persuaded plaintiff, through false pretenses, to file a Third Amended Complaint whose only purpose was to correct the misnamed LG subsidiary--as plaintiff had done cooperatively with other defendants in the past (including just weeks before, at defendants' specific request, in plaintiff's Second Amended Complaint). Plaintiffs' Third Amended Complaint was filed and docketed with the Pennsylvania state court on February 9, 2006 (44 days after the LG defendants had been served with plaintiff's Second Amended Complaint), as was the Stipulation and Order authorizing its filing—agreed to and signed by all defendants.

LG's entire basis for removal and assertion of federal jurisdiction is that the substitution of the correct American subsidiary of the organization—*at LG's and every other defendants' specific request* and with express assurances that no tactical advantages would be taken by the amendment—via a technical correction to plaintiff's operative pleading "commenced" a new "civil action" under CAFA. As demonstrated in Plaintiff's Motion, LG's argument conflicts not only with the clear language of CAFA but also with federal decisions which have rejected virtually identical arguments made by LG to try to create federal jurisdiction where none exists.

Section 1332(d)(2), added by CAFA to the diversity jurisdiction provisions of Title 28, confers original (but not exclusive) jurisdiction on the federal courts over any "*civil action* in which the matter in controversy exceeds the sum or value of $ 5,000,000, exclusive of interest and costs, and is a class action in which…any member of a class of plaintiffs is a citizen of a

State different from any defendant." 28 U.S.C. § 1332(d)(2) (emphasis added). On its face, CAFA refers to a "civil action"—that is, the entire case—not separate claims or causes of action against one or more defendants. Furthermore, CAFA applies only to a "civil action" commenced after its effective date of February 18, 2005.

Because federal courts are tribunals of only limited jurisdiction, removal statutes are to be strictly construed against removal and any doubt must be resolved in favor of remand. *Anderson*, Exhibit 1 hereto at 3, *citing Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996). The burden of establishing federal jurisdiction rests on the party seeking removal. *Id.*, *citing Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

LG's sole basis for removal—and therefore its assertion of federal jurisdiction over this entire "civil action" against all defendants--is that the substitution of the correct LG American subsidiary as a defendant through the purely technical correction in plaintiffs' Third Amended Complaint constituted the "commencement" of a new "civil action" under CAFA. LG is wrong.

In *Morgan v. American Int'l Group, Inc.*, 2005 WL 2172001, *2-3 (N.D. Cal., Sept. 8, 2005), plaintiffs filed a class action in California state court against various entities accused of predatory lending. Defendants removed the case to federal court on grounds of both diversity of citizenship and federal question jurisdiction. Plaintiffs moved for remand and, as part of those proceedings, it was discovered that plaintiffs had named as defendants two entities which, although appearing on certain legal documents, actually did not exist. The federal court remanded the case to state court and after remand (and after the adoption of CAFA effective February 18, 2005), plaintiffs filed an amended complaint to replace the "non-existent" defendants with the correct entity. Defendants removed the case again—this time under CAFA— arguing that the amendment added a "new party" and that a new "civil action" was therefore

"commenced" against that new party under CAFA who had a right to litigate the claims in federal court under the Act.

The district court rejected defendants' argument, and remanded the case again to California state court. Looking to California state law for guidance on when a "civil action" is "commenced," the district court found that the California Rules of Procedure expressly allow an amendment to an existing pleading to add new parties without resulting in the "commencement" of a new "action" either under California law or under CAFA. Finding that the relevant inquiry was whether the amendment "substantially changed" the nature of the action, the court found that the amended complaint did not alter the claims in any way and that the substitution of the correct defendant had no effect on the date of the initial "commencement" of the action years earlier. Accordingly, the court held that the amendment related back to the date of the original commencement of the action, and that CAFA did not apply.

As with the virtually identical California procedural rules at issue in *Morgan*, the Pennsylvania Rules of Civil Procedure in this case expressly authorize the amendment of a complaint "at any time" to "correct the name of a party" or even to add a "new cause of action." Pa.R.Civ.P. 1033. Of equal applicability for purposes of this Motion, Rule 2232(c) of the Pennsylvania Rules of Civil Procedure expressly authorizes the amendment of a complaint to add a new party:

> "At any stage of an action, the court may order the joinder of any additional person...who could have been joined in the action...."

Pa.R.Civ.P. 2232(c). *See Hercules v. Jones*, 609 A.2d 837, 839-40 (Pa. Super. 1992). Amendments under either or both of these Rules do not "commence" new "civil actions;" they merely alter to some degree the issues and parties in existing cases.

*Morgan* is directly applicable to this case. Here, the Pennsylvania state court formally approved the parties' Stipulation to file a Third Amended Complaint (*i.e.*, "ordered" the joinder

7

of LG) which the LG defendants—and all other defendants--themselves demanded and signed. That technical amendment did nothing but correct the misnamed American subsidiary of LG. No new claims were added, and no other changes of any kind were made in the new pleading--filed at defendants' specific insistence.

Reaching the same result as *Morgan*, the court in *New Century Health Quality Alliance, Inc. v. Blue Cross and Blue Shield of Kansas City, Inc.*, 2005 WL 2219827, *4-5 (W.D. Mo., Sept. 13, 2005) held that an amendment of a complaint to name as a defendant a different subsidiary than the company named in prior pleadings did not "commence" a new "civil action" under CAFA. The *New Century* court observed that, while dicta in the initial *Knudsen* decision by the Seventh Circuit to the effect that the addition of a new defendant might trigger the removal provisions of CAFA, the Seventh Circuit in *Knudsen* "did not specifically address the relation back issue" raised by such an amendment. *Id.* *3. Citing Rule 15(c)(3) of the Federal Rules of Civil Procedure which specifically addresses the "relation back" of amendments to pleadings which change or add new parties,[1] the court in *New Century* noted that an amendment will relate back when the new defendant:

> "(A) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and
> (B) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party."

*Id.* at *4, quoting Fed.R.Civ.P. 15(c)(3). The *New Century* court observed that the relation back provisions of Rule 15(c)(3) are most often applied where, as in that case and this one, the plaintiff names the wrong subsidiary or other affiliate of a corporation as a defendant. *Id.* at *4, citing *Robert v. Michaels*, 219 F.3d 775, 778 (8th Cir. 2000). The court further observed that

---

1 The court noted that the federal rule on amendment of pleadings and its state court counterpart in Missouri are "virtually identical," so that the result would be the same under each. *Id.* *3, n. 2.

federal courts "are required to resolve all doubts in favor of remand." *Id.* at \*3, *quoting In re Business Men's Assurance Co. of America,* 992 F.2d 181, 183 (8th Cir. 1993).

Like *Morgan, New Century* is on all fours with this case. No new "civil action" was "commenced" under either Pennsylvania state law or federal law by the filing of the Third Amended Complaint to correct the misnamed LG subsidiary *at LG's specific request*, even if that substituted party was a separate corporate affiliate of the originally named defendant. *See also Eufaula Drugs, Inc. v. Scipsolutions,* 2005 WL 2465746, \*4 (M.D. Ala. Oct. 6, 2005).

Plaintiff's Motion includes other compelling authority which demonstrates the lack of federal jurisdiction over this case and explains why this Panel should intervene to prevent further manifest injustice to plaintiff and the Pennsylvania class he seeks to represent. For the sake of brevity, plaintiff will not repeat that entire discussion here. Suffice it to say that the time has come to return this case for once and for all to the Pennsylvania state court from which it has twice been abruptly and improperly seized by defendants.

## CONCLUSION

For the foregoing reasons, addressed in greater detail in Plaintiff's Motion, the Panel should grant Plaintiff's Motion to vacate its Conditional Transfer Order in *Farina*, and immediately remand this case to Pennsylvania state court.

Dated: April 7, 2006                                  Respectfully submitted,


H. Russell Smouse                              **JACOBSEN LAW OFFICES LLC**
Glenn E. Mintzer                               By: _____
**LAW OFFICES OF**                             Kenneth A. Jacobsen
**PETER G. ANGELOS, P.C.**                     12 Orchard Lane
One Charles Center                             Wallingford, PA 19086
100 North Charles Street                       (610) 566-7930
Baltimore, MD 21201
(410) 649-2000

Michael R. Allweiss
**LOWE, STEIN, HOFFMAN, ALLWEISS**
**& HAUVER, LLP**
701 Poydas Street
One Shell Square
Suite 3600
New Orleans, LA  70139
(504) 581-2450

Joseph A. O'Keefe
**O'KEEFE & SHER, P.C.**
15019 Kutztown Road
Kutztown, PA 19530
 (610) 683-0771

Michael D. Donovan
**DONOVAN SEARLES, LLC**
1845 Walnut Street
Suite 1100
Philadelphia, PA 19103
(215) 732-6067

Attorneys for Plaintiffs

# Exhibit 1

United States District Court
For the Northern District of California

1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9              FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

11   SCOTT ANDERSON, PAUL MILLER,              No. C 06-1120 SBA
     WILLIAM HAWKRIDGE, individually and
12   on behalf of others similarly situated,   **ORDER**

13            Plaintiffs,

14   v.

15   BANK OF AMERICA, N.A., and
     DOES 1-50,
16
              Defendants.
17   _____/

18

19         This matter comes before the Court on Plaintiffs' Motion to Remand [Docket No. 9].  The

20   Court has considered the briefs and supporting documents of the parties and determined that

21   removal was improper.  Accordingly, the Court REMANDS the above-captioned action to the

22   Superior Court of the State of California, County of San Francisco.

23                              **BACKGROUND**

24         On February 17, 2005, Plaintiffs Scott Anderson, Paul Miller and William Hawkridge

25   (collectively, "Plaintiffs") filed this action in the Superior Court of California for the County of San

26   Francisco, against Bank of America, N.A. ("Defendant" or "Bank of America") and Does 1 through

27   50.  Plaintiffs filed this action on behalf of themselves and a proposed class of California residents

28   whose Social Security and other government benefits are directly deposited into their Bank of

1  America accounts. On June 15, 2005, Plaintiffs filed a First Amended Complaint for Damages and

2  Equitable Relief for Fraud; Negligent Misrepresentation; Violation of Public Policy; Violation of

3  Code of Civil Procedure §§ 1750, *et seq.*; Violation of Business and Professions Code §§ 17200, *et*

4  *seq.*; Violation of Business and Professions Code §§ 17500, *et seq.* (the "Amended Complaint"). In

5  the Amended Complaint, Plaintiffs allege that Bank of America has a practice of seizing Social

6  Security and other government benefits from the direct deposit accounts, even though these benefits

7  are exempt under California law from collection of insufficient funds fees and other debts. *Id.* at ¶¶

8  24, 26. Plaintiffs also allege that Bank of America made misrepresentations regarding the safety and

9  security of its direct deposit accounts and the availability of directly deposited public benefits, and

10 that Bank of America concealed the protected status of those benefits. *Id.* at ¶¶ 23, 61, 74-76. All of

11 Plaintiffs' causes of action arise under California law.

12         A similar action, involving one of the named Plaintiffs and Bank of America as Defendant,

13 was litigated in the Superior Court of California for the County of San Francisco. *See Miller v. Bank*

14 *of America*, No. 301917. After a trial on the merits, the *Miller* court entered judgement for plaintiffs

15 and the class, awarding them approximately $285 million in damages and restitution for the period

16 of August 13, 1994 through December 31, 2003. *See* Amended Complaint at ¶ 14. Defendant is

17 currently appealing the *Miller* judgment. Pending the appeal, Defendant moved to stay the instant

18 action. The state court granted a stay on October 25, 2005. *See* October 10, 2005 Order by Judge

19 James L. Warren Granting Defendant Bank of America, N.A.'s Motion to Stay Proceedings. In the

20 instant action, Plaintiffs allege that Bank of America's practices found unlawful in *Miller* are

21 ongoing. Therefore, Plaintiffs are suing to obtain equitable relief and damages resulting from these

22 practices for the period from January 1, 2004 through present. *See* Amended Complaint at ¶¶ 12-18.

23

24         On February 16, 2006, Bank of America filed a Notice of Removal pursuant to 28 U.S.C.

25 section 1441(a). Defendant removed the case to this Court on the ground that Supreme Court's

26 opinion in *Wachovia Bank, N.A. v. Schmidt*, 126 S.Ct. 941 (2006), decided on January 17, 2006,

27

28                                          2

*United States District Court*
For the Northern District of California

**United States District Court**
For the Northern District of California

1   created diversity jurisdiction in this action. *Wachovia Bank* held that a national bank is a citizen of

2   the state in which its main office, as set forth in its articles of association, is located. *Id.* at 945.

3   Bank of America is a national bank; thus, *Wachovia Bank* made Bank of America a citizen of North

4   Carolina, where its main office is located. Defendant claims that *Wachovia Bank* was an an "order

5   or other paper" under 28 U.S.C. section 1441(b), from which Defendant first ascertained that

6   diversity jurisdiction existed in this matter, and therefore, this matter was removable.

7                                            **LEGAL STANDARD**

8          The federal removal statute, 28 U.S.C. § 1441, provides that "any civil action brought in a

9   State court . . . may be removed by the defendant or the defendants" to federal court on the basis of

10  federal question or diversity jurisdiction. 28 U.S.C. § 1441(a); *Snow v. Ford Motor Co.*, 561 F.2d

11  787, 789 (9th Cir. 1977). The removal statute is to be strictly construed against removal and any

12  doubt is resolved in favor of remand. *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996). The

13  burden of establishing jurisdiction rests with the party effecting removal. *Gaus v. Miles, Inc.*, 980

14  F.2d 564, 566 (9th Cir. 1992). The court must determine whether removal was proper by "look[ing]

15  to the complaint at the time the removal petition was filed." *Chesler/Perlmutter Prods., Inc. v.*

16  *Fireworks Entm't, Inc.*, 177 F. Supp. 2d 1050, 1058 (C.D. Cal. 2001) (citing *Libhart v. Santa*

17  *Monica Dairy Co.*, 592 F.2d 1062, 1065 (9th Cir. 1979)).

18         In order to remove on the basis of diversity jurisdiction, the parties must be citizens of

19  different states and the amount in controversy must exceed $75,000. 28 U.S.C. § 1332. For

20  purposes of diversity jurisdiction, a national bank is a citizen of the state in which its main office, as

21  set forth in its articles of association, is located. *Wachovia Bank*, 126 S. Ct. at 945. A natural

22  person is a citizen of the state if he or she is a citizen of the United States and is domiciled in that

23  state. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). A person's domicile is his

24  or her permanent home where he or she resides with an intention to remain, or to which he or she

25  intends to return. A person residing in a particular state is not necessarily domiciled there, and

26  therefore, is not necessarily a citizen of that state. *Id.*

27

28                                                   3

**United States District Court**
For the Northern District of California

1    The jurisdictional amount is normally met if the plaintiff claims a sum greater than the

2  jurisdictional minimum. *Gaus*, 980 F.2d at 566. If, however, the allegations of a complaint filed in

3  state court do not conclusively demonstrate that the amount in controversy exceeds the jurisdictional

4  minimum, the removing party must demonstrate by a preponderance of the evidence that the

5  jurisdictional amount has been met. *See Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404

6  (9th Cir. 2003). "Conclusory allegations as to the amount in controversy are insufficient."

7  *Matheson v. Progressive Speciality Ins. Co.*, 319 F.3d 1089, 1090-91 (9th Cir. 2003). In class

8  actions, members of the class can sometimes aggregate their claims in order to meet the amount-in-

9  controversy requirement. To determine whether aggregation is allowed, the court must look at the

10  nature of plaintiffs' claims, that is, whether their claims are "separate and distinct" or "common and

11  undivided." If the former, the claims cannot be aggregated. The ban on aggregation applies to

12  equitable relief as well as damages. *Kanter*, 265 F.3d at 859.

13    Where federal jurisdiction exists, a defendant may remove an action only if it complies with

14  the following strict deadlines in the removal statute:

15    If the case stated by the initial pleading is not removable, a notice of removal may be filed
    within thirty days after receipt by the defendant, through service or otherwise, of a copy of
16    an amended pleading, motion, order or other paper from which it may first be ascertained
    that the case is one which is or has become removable, except that a case may not be
17    removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year
    after
18    commencement of the action.

19
20  28 U.S.C. §1446(b).

21                                  **ANALYSIS**

22    Defendant claims that its removal is timely because it was filed within thirty days of the

23  United States Supreme Court decision in *Wachovia Bank*. *See* 126 S. Ct. 941. However, *Wachovia*

24  *Bank* is an unrelated decision, involving different parties. Such a decision does not constitute an

25  "order or other paper" that triggers the thirty-day removal period under section 1446(b). *See Allen v.*

26  *Monsanto Co.*, 396 F. Supp. 2d 728, 732 (S.D. West Va. 2005) (decision in an unrelated case is not

27  an "order or other paper" providing basis for removal under section 1446(b)); *Morsani v. Major*

28                                      4

*League Baseball*, 79 F. Supp. 2d 1331, 1333 (M.D. Fla. 1999) (same); *Phillips v. Allstate Ins. Co.*,

702 F. Supp. 1466, 1468 (C.D. Cal. 1989) ("other paper" under section 1446(b) does not include

intervening statutory or case law changes); *Johnson v. Trans World Airlines, Inc.,* 660 F. Supp. 914,

917 (C.D. Cal. 1987) (right to remove does not emanate from subsequent development of case law);

*Coman v. Int'l Playtex, Inc.*, 713 F. Supp. 1324, 1327 (N.D. Cal. 1989) (new federal law removing

ability to plead Doe defendants is not "other paper" triggering removal window); *Chen v. China*

*Airlines Ltd.*, 713 F. Supp. 1322, 1323 (N.D. Cal. 1989) ("other paper" under section 1446(b) refers

to a paper in the case); *Holiday v. Travelers Ins. Co.*, 666 F. Supp. 1286, 1289-90 (W.D. Ark. 1987)

("other paper" must be part of underlying suit; recent unrelated Supreme Court decisions not basis

for removal). Because the decision in *Wachovia Bank* is not an "order or other paper" under section

1446(b), Defendant's Notice of Removal is untimely. Thus, removal to this Court was not proper.

Even if the Notice of Removal was timely, the Court would have to remand this matter to

state court, because there is no diversity jurisdiction here. Plaintiffs' Amended Complaint,

Defendant's Notice of Removal, and the parties' briefing on the Motion to Remand state that

Plaintiffs are residents of California. However, the diversity jurisdiction statute requires diversity of

citizenship, not residency. *See* 28 U.S.C. § 1332. Neither party mentions Plaintiffs' citizenship.

Because Defendant has a burden of proof on this issue, Defendant's failure to specify Plaintiffs'

citizenship is fatal to its assertion of diversity jurisdiction. *See Kanter*, 265 F.3d at 857-58.

Finally, there is no diversity jurisdiction here, because Defendant failed to carry its burden of

establishing the required amount in controversy. Plaintiffs' claims are analogous to the ones in

*Kanter* which the Ninth Circuit found to be "separate and distinct."[1] *See* 265 F.3d at 860. Thus,

they cannot be aggregated to meet the amount-in-controversy requirement. *See id.* at 859-60.

Additionally, Defendant argues that this action is so similar to the *Miller* action, where the court

---

[1] In *Kanter*, the Ninth Circuit found that the right of future consumers to be protected from allegedly deceptive advertisement was "separate and distinct." 265 F.3d at 860. Here, as well, Plaintiffs sued Bank of America for, *inter alia*, untrue and misleading advertising regarding Bank of America's direct deposit accounts. Amended Complaint at ¶¶ 72-80.

United States District Court
For the Northern District of California

1  awarded plaintiffs and the class $285 million in damages and restitution, that the amount-in-

2  controversy is sufficiently established by analogy. However, the class in *Miller* covered a span of

3  nine years, whereas the Plaintiffs' proposed class in the instant case is much shorter (January 1, 2004

4  until present). *See* Amended Complaint at ¶¶ 12-18. Additionally, if Plaintiffs receive any damages

5  in this case, they would have to be divided among over a million class members, since Plaintiffs'

6  claims cannot be aggregated. *See* Amended Complaint at ¶ 21. Consequently, Defendant failed to

7  establish the required amount-in-controversy by preponderance of evidence.

8                                    **CONCLUSION**

9          IT IS HEREBY ORDERED THAT the above-captioned matter is REMANDED to the

10  Superior Court of the State of California, County of San Francisco. All matters calendared in this

11  action are VACATED. The Clerk shall close the file and terminate any pending matters.

12          IT IS SO ORDERED.

13

14  Dated: 4/5/06

15                                    SAUNDRA BROWN ARMSTRONG
                                      United States District Judge

16

17

18

19

20

21

22

23

24

25

26

27

28                                    6

*United States District Court*
*For the Northern District of California*

**BEFORE THE JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION**

| | | |
|---|---|---|
| **IN RE WIRELESS TELEPHONE** | ) | |
| **RADIO FREQUENCY** | ) | **MDL Docket No. 1421** |
| **LITIGATION** | ) | |

This Document Relates To:

    *Farina v. Nokia, Inc.*, Civil Action No. 2:06-724 (E.D. Pa.).

**PLAINTIFF'S MOTION TO VACATE CONDITIONAL TRANSFER ORDER**

    Plaintiff, by and through his undersigned counsel, pursuant to Rule 7.4(d) of the Rules of

Procedure of the Judicial Panel on Multidistrict Litigation (the "Rules"), hereby moves to vacate

the March 13, 2006 Conditional Transfer Order (CTO-6) entered by the Panel in *Farina v.*

*Nokia, Inc.,* Civil Action No. 2:06-724 (E.D. Pa.). In support hereof, plaintiff states the

following:

**I. BACKGROUND FACTS AND PROCEDURAL HISTORY RELEVANT TO
PLAINTIFF'S MOTION**

    1. This class action was brought by a *Pennsylvania* plaintiff in *Pennsylvania* state court

alleging claims solely on behalf of residents of *Pennsylvania* exclusively under *Pennsylvania*

state law against manufacturers and sellers of cell phones who conduct substantial business in

*Pennsylvania.*[1]

---

1 *See* Plaintiff's Third Amended Complaint, Exhibit A hereto.

2. This is the second time that defendants have improperly removed this case from its proper state forum to the federal courts, where it does not belong. The first time, it took a decision of the United States Court of Appeals for the Fourth Circuit (and a failed petition for *certiorari* by defendants to the United States Supreme Court), to reaffirm that the federal courts lack jurisdiction over this case and, after more than four full years of delay and procedural maneuvering by defendants, return it to Pennsylvania state court where it was commenced in April 2001. *See Pinney v. Cellco Partnership,* 402 F.3d 430 (4th Cir. 2005), *cert. denied,* Nos. 05-207 and 05-198 (October 24, 2005).

3. But proceedings in that proper forum had barely resumed when defendants once again removed the action to federal court, and sought again to transfer it to the District of Maryland for coordinated pretrial proceedings in the *Wireless Telephone* Multidistrict Litigation proceedings pending there.

4. Respectfully, enough is enough. Through their machinations, defendants have forestalled any forward progress in this case for half a decade. Plaintiff and the class he seeks to represent have suffered severe prejudice from these interminable delays. The time has come once and for all to return this case to its proper venue—Pennsylvania state court—so that the proceedings there can be allowed to run their course without further interference or disruption by defendants in a case over which federal jurisdiction is so manifestly lacking.

5. This Panel not only is the appropriate forum for deciding the threshold jurisdictional issues raised in this Motion, it is the only practical forum for promptly correcting what has been yet another patently improper removal by defendants. *See* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.") The putative Transferor Court (the Eastern District of Pennsylvania), at defendants' insistence and relying specifically on this Court's Conditional Transfer Order, has

stayed the action, closed the case and placed it in the Civil Suspense File. Under these circumstances, the putative Transferor Court will not consider any remand motion to remedy defendants' second improper removal. *See also* 28 U.S.C. § 1447(c) (a motion to remand a case "on the basis of any defect other than lack of subject matter jurisdiction" must be made within 30 days after the filing of the notice of removal, while a request based on lack of federal jurisdiction can be made at any time "before final judgment."

6. Nor is it a desirable solution to transfer this action to Judge Blake, who is handling the *Wireless Telephone* MDL No. 1421 proceedings, for determination of these core jurisdictional issues. *See In re New England Mutual Life Ins. Co. Sales Practices Lit.*, 324 F. Supp.2d 288 (D. Mass. 2004) (MDL transferee court has authority to remand cases directly back to their originating state courts). First, that would reward defendants for a second improper removal, something that the Panel certainly should not want to encourage in this or any other case. Second, plaintiff and the class he seeks to represent will suffer still further prejudice from the additional delay in what is not even a "close call" when it comes to the lack of federal jurisdiction. This Panel has the full authority to decide the jurisdictional issue now, in the context of the Conditional Transfer Order, and spare both plaintiff and the federal courts yet more wasted time and inefficiencies. *See* 28 U.S.C. § 1407 (transfer should not be made unless it will "be for the convenience of the parties and witnesses and will promote the just and efficient conduct of such actions."). There is nothing "just and efficient" in transferring a case over which there is such a manifest lack of federal jurisdiction. And there certainly is no "convenience" to plaintiff and the class he seeks to represent from any further delay in a case which, because of defendants' procedural ploys, is five years old yet has not progressed beyond the pleading stage.

3

## II. DEFENDANTS' CONTRIVED AND WHOLLY IMPROPER BASIS FOR REMOVAL AND THE MANIFEST LACK OF FEDERAL JURISDICTION

7. Plaintiff's initial Complaint in this case, scrutinized by the Fourth Circuit in deciding that the federal courts lacked jurisdiction over plaintiff's entirely state law claims, named as defendants 24 separate business entities involved in the manufacture, sale and distribution of cell phones and companies involved in the transmission of wireless signals from those cell phones (called radio frequency radiation or "RFR"), together with two trade associations to which defendants belong.

8. After remand of this case to Pennsylvania state court by the Fourth Circuit Court of Appeals, plaintiff added as a defendants in his Second Amended Complaint[2] a Korean manufacturer of cell phones, LG Electronics, Inc. and its American subsidiary, LG Electronics U.S.A., Inc. (jointly, "LG" or the "LG defendants"), since LG had manufactured one of the cell phones used by plaintiff. Plaintiff filed his Second Amended Complaint on December 23, 2005 pursuant to a schedule stipulated by the parties, and served that pleading on LG two days later on December 27, 2005, an evidenced by the proof of service attached hereto as Exhibit C. Significantly for purposes of this Motion, *LG did nothing to remove this case or otherwise invoke federal jurisdiction under 28 U.S.C. § 1446 within the thirty (30) day deadline for removal under subsection (b) of Section 1446*. To the contrary, *all* defendants—including specifically the LG defendants—requested and received from plaintiff's counsel an extension of time to file preliminary objections (the Pennsylvania state procedure equivalent to a Rule 12(b)(6) motion to dismiss) to plaintiff's Second Amended Complaint.[3]

---

2 Plaintiff had amended his Complaint once in September 2002 while this *Farina* action was part of the prior MDL proceedings before Judge Blake.

3 *See* Exhibit D hereto. The LG defendants requested, and received, independent written confirmation from plaintiff's counsel that they were covered by the same stipulation extending the time for filing preliminary objections to plaintiffs' Second Amended Complaint as all other defendants. *See* Exhibit E.

9. In the interim, at defendants' specific request, undersigned plaintiffs' counsel and liaison counsel for all defendants, Seamus C. Duffy, Esquire, participated in discussions to drop some defendants from the as yet unfiled Second Amended Complaint (typically, holding companies of wireless subsidiaries) who were not involved in violations of law alleged by plaintiff, to substitute correct defendants for entities which had been incorrectly named in plaintiff's initial and amended pleading, and to reflect changes in the corporate structures of the named defendants—including those arising from mergers and other corporate reorganizations—during the 3 ½ years that this case was improperly part of the federal MDL proceedings.[4] The parties worked cooperatively to add some defendants, to dismiss others, and to substitute still others to name the right parties and to reflect current relationships and affiliations among them.[5]

10. As part of that same effort, LG's counsel prevailed upon plaintiff's counsel not only to drop the Korean holding company of LG as a defendant but also to substitute as a defendant a different American subsidiary of LG for one which, according to LG's counsel, had been mistakenly named by plaintiff as a defendant in plaintiff's Second Amended Complaint. LG's counsel indicated that the substitution could be accomplished through "amending the complaint *or some similar action.*"[6] Since plaintiff had just filed his Second Amended Complaint less than three weeks earlier, plaintiff opposed amending the pleading again just to substitute a party, particularly in light of the parties' recent efforts, at defendants' specific request, to drop, add and substitute several other defendants to name the proper parties and to correct other misnamed defendants. Instead, plaintiff proposed filing a "Praecipe to Amend Caption and Substitute Party" which plaintiff sent to both LG's counsel and to liaison counsel for all other defendants, Mr. Duffy.[7] LG's counsel did not object to the concept of a Praecipe to substitute a different

---

4 *See* Exhibit F.
5 See Exhibits G, H, I, J, K, L and M.
6 Exhibit N (emphasis added).
7 Exhibits O.

5

American subsidiary of LG as the proper defendant. To the contrary, he specifically proposed to plaintiff's counsel that the parties "discuss the draft [of the Praecipe] to make sure we're on the same page."[8]

11. Several days later, counsel for LG and Mr. Duffy, liaison counsel for defendants, apparently had a change of heart. They now insisted that the substitution be made via another amendment to the Complaint. Plaintiff's counsel opposed that procedure as being unnecessary and unduly cumbersome. Both LG's counsel and defendants' liaison counsel, Mr. Duffy, affirmatively represented to plaintiff's counsel that any new amendment would be nothing more than merely a formality and technicality, like the many other dismissals and substitutions of defendants which had occurred just weeks before. However, they now insisted that the substitution of LG had to take place by way of a formal amendment to plaintiffs' pleading, rather than through the filing of a simple Praecipe to substitute a party, purportedly because of the requirements of Rule 1714(b) of the Pennsylvania Rules of Civil Procedure, which requires court approval prior to the dismissal of any defendant in any class action (a condition which defendants had never previously insisted upon while prevailing on plaintiff to dismiss several other defendants from the case just weeks earlier). On the strength of defense counsel's express representations, and not wanting to delay this case any further, plaintiff agreed to effect the substitution of the American LG subsidiary by way of a purely technical amendment to the Second Amended Complaint (which had never been removed by the LG defendants) and executed a Stipulation to file a Third Amended Complaint with the Pennsylvania state court.[9] No other changes were made to this pleading--no new claims were added, no new parties were added

---

8 Exhibit P.

9 *See* Exhibits Q and R hereto. Of course, plaintiffs' counsel did not know at the time that we were being "set up" by these representations for defendants' removal petition to follow and their renewed effort to bog down this case in the federal MDL proceedings in Maryland.

(except the substitution of the proper LG subsidiary agreed to by all parties), and no other changes of any sort were made in the Third Amended Complaint.

12. As the docket entries attached to defendants' removal papers themselves confirm, neither plaintiffs' Third Amended Complaint nor the Stipulation authorizing its filing was entered by the Pennsylvania state court until February 9, 2006—more than thirty days after the LG defendants had been served with plaintiff's Second Amended Complaint on December 27, 2005. LG failed to timely remove this action within the thirty day period mandated by Section 1446(b). That is no doubt why defendants concocted this scheme—after repeatedly dropping some defendants and substituting others in the past—to sandbag plaintiff into filing a Third Amended Complaint. But this purely technical amendment to plaintiff's pleading—consented to by LG and all other defendants—to substitute the proper American subsidiary at LG's specific request, did nothing to extend that blown deadline. And defendants' attempt to manufacture jurisdiction where none exists to avoid the consequences of LG's failure to timely remove this action is fatal to any exercise of jurisdiction over this case by the federal courts, and to the transfer of this action by the Panel for coordinated MDL proceedings.

### III. THIS ACTION IS EXPRESSLY EXCLUDED FROM REMOVAL UNDER THE CLASS ACTION FAIRNESS ACT, UNDER WHICH IT WAS IMPROPERLY REMOVED BY DEFENDANTS

13. Apart from this patent procedural defect, which totally undermines any conceivable basis for federal jurisdiction, the express language of the Class Action Fairness Act ("CAFA")[10] itself underscores the absence of federal jurisdiction in this case and exposes defendants' failed attempt to manufacture jurisdiction where none exists.

---

10 Pub. L. 109-2, 119 Stat. 4 (2005), codified, *inter alia*, at 28 U.S.C. §§ 1332(d) and 1453.

14. CAFA applies only to "civil actions" commenced after February 18, 2005.[11] Under Section 1332(d)(1) added by CAFA, a federal district court "***shall decline to exercise jurisdiction***" (*i.e.*, a mandatory prohibition) over any class action in which:

(1) greater than two thirds of the members of the proposed class are citizens of the State in which the action was originally filed;

(2) at least one defendant from whom significant relief is sought is a citizen of the state in which the action originally was filed;

(3) during the previous three year period before the action was commenced, no similar action was filed on behalf of the same class of Pennsylvania purchasers and users of cell phones; and

(4) two thirds of the members of the proposed class in the aggregate, and the primary defendants, are citizens of the state in which the action originally was filed.

28 U.S.C. § 1332(d)(4).

15. In this case, ***all*** of the putative class members are from Pennsylvania, thereby easily satisfying the requirement of Section 1332(d)(4) mandating that the federal district courts "decline to exercise jurisdiction" over this case under CAFA.

16. Furthermore, no similar actions have been initiated on behalf of the same Pennsylvania class, thereby fulfilling the second requirement under which the district courts must, under the express statutory mandate of CAFA, "decline to exercise jurisdiction." 28 U.S.C. § 1332(d)(4).

17. The third requirement confirming the absence of federal jurisdiction also appears to be satisfied, in that at least one of the defendants from whom significant relief is sought may be a citizen of Pennsylvania. Under Section 1332(d)(10) added by CAFA, unincorporated

---

11 *Id.* § 9.

associations such as partnerships, trade associations, joint ventures, labor unions and joint stock companies are treated like corporations under Section 1332(c)(1), and are deemed to be citizens of the states in which they have their principal places of business and under whose laws they are organized. 28 U.S.C. § 1332(d)(10).

18. Plaintiff's Third Amended Complaint names as defendants two wireless industry trade associations—Cellular Telecommunications Internet Association ("CTIA") and Telecommunications Industry Association ("TIA")—to which virtually all of the other defendants belong, and which were actively involved in the misconduct alleged by plaintiff in this action. (*See* Third Amended Complaint ¶¶ 25, 26, 67-86) (detailing in more than 20 paragraphs CTIA's and TIA's active role in the unlawful conduct alleged by plaintiff in this case). TIA'a own website indicates that at least 19 of its members are headquartered in Pennsylvania.[12]  Similarly, CTIA's website lists among its membership companies whose primary—and in some instances sole—business location is in Pennsylvania.[13]

19. There is evidence that some of the other defendants—in addition to being active members of TIA and CTIA, through which much of the concerted activity alleged in this case was conducted--may be citizens of Pennsylvania for purposes of the Section 1332(d)(4)(A)(II) analysis. At least six of the named defendants in this case are partnerships. (*See* Third Amended Complaint ¶¶ 10, 12, 16, 20, 22, 23). Other defendants are corporations. (*Id.* ¶¶ 6, 7, 8, 9, 11, 12, 13, 14, 15, 17, 18, 19, 21). It is well settled that the headquarters or home office of a corporate defendant (and now, under CAFA, a partnership or other unincorporated association as well) is not determinative of where that entity has its "principal place of business" for purposes of Section 1332. *See, e.g., Delome v. Union Barge Line Co.*, 444 F.2d 225 (5th Cir.), *cert. denied*, 404 U.S. 995 (1971); *Neat-N-Tidy Co. v. Tradepower Holdings Ltd.*, 777 F. Supp. 1153

_____

12 Exhibit S.

(S.D.N.Y. 1991); *Gavin v. Read Corp.*, 356 F. Supp. 483 (E.D. Pa. 1973). Rather, a court must

look to the total activity of a corporation in determining its principal place of business. *See, e.g.,*

*Capitol Indem. Corp. v. Russellville Steel Co.*, 367 F.3d 831 (8th Cir. 2004); *Vareka Investments,*

*N.V. v. American Inv. Properties, Inc.*, 724 F.2d 907 (11th Cir. 1984), *cert. denied*, 469 U.S. 826

(1985); *Toms v. Country Quality Meats*, 610 F.2d 313 (5th Cir.. 1980). [14] Furthermore, as the

Second Circuit observed in *Herrick Co. v. SCS Communications, Inc.*, 251 F.3d 315 (2d Cir.

2001):

> "Furthermore, it is well established that '[t]he party seeking to invoke
> jurisdiction under 28 U.S.C. § 1332 bears the burden of demonstrating that the
> grounds for diversity exist and that diversity is complete.'"

*Id.* at 322-23, *quoting Advani Enter., Inc. v. Underwriters at Lloyds*, 140 F.3d 157, 160 (2d Cir.

1998), *citing McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936);

*Strawbridge v. Curtis*, 7 U.S. (3 Cranch) 267 (1806).

    20. In this case, the corporate, partnership and associational defendants have failed to

demonstrate that none of them are citizens of Pennsylvania, as is their burden under *Herrick.* If

any defendant is a citizen of Pennsylvania, that would satisfy the third requirement of Section

1332(d)(4)(A)(III), and separately mandate that the federal courts "decline to exercise

jurisdiction" over this case.

    21. Because this case may fit squarely into the provisions of CAFA under which the

federal courts must "decline to exercise jurisdiction," transfer is inappropriate.

---

13 Exhibits T and U.

14 Although plaintiff's third Amended Complaint admittedly includes certain allegations about the state or
organization and principal places of business of the defendants, those allegations may not be entirely correct, and
certainly are not dispositive for purposes of the jurisdictional analysis. For example, although defendants themselves
provided the information to plaintiff which resulted in the substitutions and other changes to the parties made in
plaintiffs' Second Amended Complaint, at least two defendants continue to assert in defendants' removal and
transfer papers that they are "incorrectly identified" in plaintiff's amended pleadings.

## IV. THIS ACTION FAILS OTHER REQUIREMENTS OF CAFA NECESSARY FOR FEDERAL JURISDICTION

22. In addition to the procedural defects and express prohibitions of CAFA under which the federal courts must "decline to exercise jurisdiction" over this action, other provisions of CAFA similarly reaffirm the absence of federal jurisdiction over this case.

23. As noted above, this case was originally filed more than five years ago against 24 corporations and limited partnerships involved in the manufacture and sale of cell phones and the transmission of wireless signals from those cell phones, together with two trade associations to which those companies belong. This action is—and always has been—grounded solely and exclusively on provisions of Pennsylvania state statutory and common law which protect Pennsylvania consumers from deceptive practices and provide remedies for breaches of product warranties. The case does not involve any claims for personal injury or constitute a "mass tort" or "mass action" under either 28 U.S.C. § 1332(d)(11)((B)(i) or any previously understood meaning of those terms prior to their codification in CAFA.

24. CAFA applies only to a "civil action" commenced after its effective date of February 18, 2005.[15] LG's entire basis for removal—and therefore federal jurisdiction over this entire action against all defendants--is that the substitution of the correct LG American subsidiary as a defendant through the filing of plaintiffs' Third Amended Complaint constituted the "commencement" of a new "civil action" under CAFA. Defendants in general (who joined in LG's removal petition) and LG in particular (who removed this case to federal court on the basis of that argument) omit from their removal papers compelling authority which overwhelmingly and conclusively demonstrates that plaintiff did not "commence" any new "civil action" under CAFA merely by correcting the identity of the proper American subsidiary of LG in this case, *at defendants' specific request*, in an amended pleading.

11

21. In *Pritchett v. Office Depot, Inc.*, 420 F.3d 1090 (10th Cir. 2005), the Court of

Appeals, interpreting CAFA and the filing of a notice of removal after the effective date of that

statute, acknowledged the "general federal rule" that a "cause of action is commenced when it is

first brought in an appropriate court, which here was when it was brought in state court." *Id.* at

1094. The Tenth Circuit reaffirmed this "general federal rule" later in its opinion when, in an

"analysis governed by traditional rules of statutory construction and rules pertaining to federal

jurisdiction," it repeated "the general federal rule that a lawsuit is commenced at a discrete

moment in time: the filing of the original complaint in a court of competent jurisdiction." *Id.*[16]

22. The Tenth Circuit noted that "[i]t is well established that statutes conferring

jurisdiction upon the federal courts, and particularly removal statutes, are to be narrowly

construed in light of our constitutional role as limited tribunals." *Id.* at 1094-95. Based on this

observation, the Court of Appeals concluded:

> "Thus, if there is any ambiguity as to whether the instant statute [CAFA]
> confers federal jurisdiction over this case, we are compelled to adopt a
> reasonable, narrow construction."

*Id.* at 1095. According to the Tenth Circuit, that "construction" compelled the conclusion that the

"action" was "commenced" in that case when it was originally filed in state court, not when it

was subsequently removed by the defendants.

23. The Court of Appeals also looked to the legislative history of CAFA, and its

evolution through Congress, to conclude not only that "Congress signaled an intent to narrow the

removal provisions of the Act to exclude currently pending suits" but confirming as consistent

with its "construction of the Act" floor statements in Congress that "[a] case filed before the date

---

15 Pub. L. 109-2, 119 Stat. 9 (2005).

16 The Tenth Circuit also observed that "some states provide that service of process may commence a suit." 420
F.3d at 1094. Pennsylvania Rules provide that an "action" is "commenced" by filing either a complaint or a writ of
summons. Pa.R.Civ.P. 1007.

12

of enactment will be unaffected by any provision of this legislation." *Id.* at 1096, *quoting and citing, inter alia,* 151 Cong. Rec. S1080 (Feb. 8, 2005); 151 Cong. Rec. H753 (Feb. 17, 2005).

24. The Tenth Circuit in *Pritchett* found additional support for its determination of when a "civil action" is "commenced" under CAFA from public policy considerations, including principles of "federal-state comity and the settled expectations of the litigants." 420 F.3d at 1097. In language particularly applicable to defendants' persistent attempts to obtain federal court jurisdiction over this case, the Court of Appeals observed that CAFA was specifically designed to "curtail jurisdictional gaming and forum shopping"—the precise conduct engaged in by defendants here. As for the "settled expectations of the litigants," certainly after one failed attempt at removal and years of wasted time, plaintiff fully and legitimately expects this case to finally be heard in a Pennsylvania state court where it was originally filed in April 2001, and where a Pennsylvania state court judge will decide unique and exclusive issues of Pennsylvania state law.[17]

25. Other federal decisions squarely reject defendants' similar attempts to manufacture federal jurisdiction where none exists, as defendants do here. For example, in *Morgan v. American Int'l Group, Inc.*, 2005 WL 2172001, \*2-3 (N.D. Cal., Sept. 8, 2005), plaintiffs filed a class action in California state court against various entities accused of predatory lending. Defendants removed the case to federal court on grounds of both diversity of citizenship and federal question jurisdiction. Plaintiffs moved for remand and, as part of those proceedings, it was discovered that plaintiffs had named as defendants two entities which, although appearing on certain legal documents, actually did not exist. The federal court remanded the case to state

---

17 As noted above, defendants here have filed Preliminary Objections to plaintiff's Third Amended Complaint—the Pennsylvania state court equivalent of motion to dismiss under Fed.R.Civ.P. 12(b)(6)—challenging the sufficiency of plaintiff's allegations for violations of state statutory law under Pennsylvania's Unfair Trade Practices and Consumer Protection Law the Pennsylvania Declaratory Judgments Act, and plaintiffs' Pennsylvania common law claims for civil conspiracy, breach of warranty and other state law violations. This case has been assigned to the

13

court and after remand (and after the adoption of CAFA effective February 18, 2005), plaintiffs filed an amended complaint to replace the "non-existent" defendants with the correct entity. Defendants removed the case again—this time under CAFA—arguing that the amendment added a "new party" and that a new "civil action" was therefore "commenced" against that new party under CAFA who had a right to litigate the claims in federal court under the Act.

26. The district court rejected defendants' argument, and remanded the case again to California state court. Looking to California state law for guidance on when a "civil action" is "commenced," the district court found that the California Rules of Procedure expressly allow an amendment to an existing pleading to add new parties without resulting in the "commencement" of a new "action" either under California law or under CAFA. Finding that the relevant inquiry was whether the amendment "substantially changed" the nature of the action, the court found that the amended complaint did not alter the claims in any way and that the substitution of the correct defendant had no effect on date of the initial "commencement" of the action years earlier. Accordingly, the court held that the amendment related back to the date of the original commencement of the action, and that CAFA did not apply.

27. As with the virtually identical California procedural rules at issue in *Morgan*, the Pennsylvania Rules of Civil Procedure in this case expressly authorize the amendment of a complaint "at any time" to "correct the name of a party" or even to add a "new cause of action." Pa.R.Civ.P. 1033. Of equal applicability for purposes of this Motion, Rule 2232(c) of the Pennsylvania Rules of Civil Procedure expressly authorizes the amendment of a complaint to add a new party:

> "At any stage of an action, the court may order the joinder of any additional person...who could have been joined in the action...."

special "Class Action Program" established by the Pennsylvania courts to handle these types of cases and the unique issues of Pennsylvania state law and procedure which they involve. *See* Exhibits V and W.

Pa.R.Civ.P. 2232(c). *See Hercules v. Jones*, 609 A.2d 837, 839-40 (Pa. Super. 1992).

Amendments under either or both of these Rules do not "commence" new "civil actions;" they

merely alter to some degree the issues and parties in existing cases.

28. *Morgan* is directly applicable to this case. Here, the Pennsylvania state court formally

approved the parties' Stipulation to file a Third Amended Complaint (*i.e.*, "ordered" the joinder

of LG) which the LG defendants—and all other defendants--themselves demanded and signed.

That technical amendment did nothing but correct the misnamed American subsidiary of LG. No

new claims were added, and no other changes of any kind were made in the new pleading--filed

at defendants' specific insistence.

29. Reaching the same result as *Morgan*, the court in *New Century Health Quality*

*Alliance, Inc. v. Blue Cross and Blue Shield of Kansas City, Inc.*, 2005 WL 2219827, *4-5 (W.D.

Mo., Sept. 13, 2005) held that an amendment of a complaint to name as a defendant a different

subsidiary than the company named in prior pleadings did not "commence" a new "civil action"

under CAFA. The *New Century* court observed that, while dicta in the initial *Knudsen* decision

by the Seventh Circuit to the effect that the addition at a new defendant might trigger the

removal provisions of CAFA, the Seventh Circuit in *Knudsen* "did not specifically address the

relation back issue" raised by such an amendment. *Id.* *3. Citing Rule 15(c)(3) of the Federal

Rules of Civil Procedure which specifically addresses the "relation back" of amendments to

pleadings which change or add new parties,[18] the court in *New Century* noted that an amendment

will relate back when the new defendant:

> "(A) has received such notice of the institution of the action that the party will not
> be prejudiced in maintaining a defense on the merits, and
> (B) knew or should have known that, but for a mistake concerning the identity of
> the proper party, the action would have been brought against the party."

---

18 The court noted that the federal rule on amendment of pleadings and its state court counterpart in Missouri are
"virtually identical," so that the result would be the same under each. *Id.* *3, n. 2.

*Id.* at *4, quoting Fed.R.Civ.P. 15(c)(3). The *New Century* court observed that the relation back provisions of Rule 15(c)(3) are most often applied where, as in that case and this one, the plaintiff names the wrong subsidiary or other affiliate of a corporation as a defendant. *Id.* at *4, *citing Robert v. Michaels,* 219 F.3d 775, 778 (8th Cir. 2000). The court further observed that federal courts "are required to resolve all doubts in favor of remand." *Id.* at *3, *quoting In re Business Men's Assurance Co. of America,* 992 F.2d 181, 183 (8th Cir. 1993).

30. Like *Morgan, New Century* is on all fours with this case. No new "civil action" was "commenced" under either Pennsylvania state law or federal law by the filing of the Third Amended Complaint to correct the misnamed LG subsidiary, even if that substituted party was a separate corporate affiliate of the originally named defendant. *See also Eufaula Drugs, Inc. v. Scipsolutions,* 2005 WL 2465746, *4 (M.D. Ala. Oct. 6, 2005).

31. Other Circuit and District Courts have similarly held that a substantial expansion of the class definition or a "scrivener's error" adding a new defendant does not "commence" a case or give rise to a new "civil action" under CAFA. *See, e.g., Schillinger v. Union Pacific RR*, 425 F.3d 330 (7th Cir. 2005); *See also Lee v. Citimortgage, Inc.*, 2005 WL 2456955 (E.D. Mo., Oct. 5, 2005) (amendment of complaint to add more factual detail after dismissal of original pleading does not commence new action under CAFA). In *Schorsch v. Hewlett-Packard Co.*, 417 F.3d 748 (7th Cir. 2005), the Court of Appeals held that an amendment to the complaint which expanded the class did not constitute the "commencement" of a new "action" under CAFA, stating unequivocally:

> "*Knudsen* and *Pfizer* hold, and we reiterate, that creative lawyering will not be allowed to smudge the line drawn by the 2005 Act: class actions 'commenced' in state court on or before February 18, 2005, remain in state court."

16

417 F.3d at 751, *citing Knudsen v. Liberty Mutual Ins. Co.*, 411 F.3d 805 (7th Cir. 2005), *Pfizer,*

*Inc. v. Lott*, 417 F.3d 725 (7th Cir. 2005).[19] *See also Plubell v. Merck & Co.*, 434 F.3d 1070 (8th

Cir. 2006) (an amendment to a complaint to replace the plaintiff/class representative related back

to the date of its original filing under Rule 15(c) of the Federal Rules of Civil Procedure, and

action was therefore not removable under CAFA).

## V. <u>TRANSFER IS INAPPROPRIATE UNDER THE CRITERIA OF SECTION 1407</u>

32. It goes without saying that a case over which the federal courts lack jurisdiction

cannot possibly satisfy the criteria of Section 1407, which permit transfer "for the convenience

of the parties and witnesses" and to "promote the just and efficient conduct of such actions." 28

U.S.C. § 1407. Transferring this case will be the height of *in*efficiency inasmuch as even more

time will be consumed than the five full years already lost to plaintiff and the putative class from

defendants' original improper removal and transfer, during which time no progress was made in

this case at all. Nor is it "convenient" that plaintiff will once again be swept up in federal MDL

proceedings in a remote district where neither he nor his counsel belong. Compounding this

inequity, there are only a handful of cases comprising the *Wireless Telephone* MDL

proceedings[20] which do not justify the sweeping disruption of this *Farina* case which would

---

19 In *Schorsch*, the Seventh Circuit's comments that the amendment to the complaint did not add new "parties" or new "claims" was in direct response to the defendants' specific argument that the amendment had done both, *see* 417 F.3d at 750, not some broad pronouncement about the circumstances under which such an amendment might constitute the "commencement" of a new "civil action" under CAFA. Defendant LG bases its entire removal notice on similar dicta in *Knudson*. In *Knudsen v. Liberty Mutual Ins. Co.*, 435 F.3d 755 (7th Cir. 2006) ("*Knudsen II*"), the Seventh Circuit held that a "novel claim tacked on to an existing case commences new litigation for purposes of the Class Action Fairness Act." *Id*. at 758. In *Knudsen II*, after remand of the case to state court in the first *Knudsen* decision, plaintiffs added a broad and new "distinct claim for relief ('cause of action' in the state's parlance)" against the defendant about which it had no prior notice because the original complaint "did not even hint" that plaintiffs were attempting to hold Liberty Mutual responsible for conduct involving its predecessors, subsidiaries and affiliates ("35 in all") spanning a period of more than 15 years. *Id*. at 756, 758. Compounding the problem, the state court judge in *Knudsen* had entered default judgment against Liberty Mutual for alleged discovery abuse, meaning that the addition of the new claims meant that plaintiffs were "assured of victory…without any opportunity [for Liberty Mutual] to defend itself on the merits…." *Id*. at 758. This is a far cry from the substitution of the correct LG defendant *expressly agreed to by defendants* in this case.

20 In an Order dated April 6, 2006, Judge Blake dismissed *Pinney v. Nokia, Inc.*, Civil Action No. 1:06-CV468 (D. Md., April 6, 2006) (Exhibit X), reducing the number of cases which would comprise the *Wireless Telephone* MDL proceedings to just a few remaining cases.

result from transfer when "alternatives to transfer exist that can minimize whatever possibilities there might be of duplicative discovery and/or inconsistent pretrial rulings." *In re Highway Accident in Buffalo County, Nebraska*, 305 F. Supp.2d 1369, 1360 (J.P.M.D.L. 2004), *citing In re Eli Lilly and Company (Cephalexin Monohydrate) Patent Litigation*, 446 F. Supp. 242, 244 (J.P.M.D.L. 1978); Manual for Complex Litigation (Third) § 31.14 (1995).

## CONCLUSION

For the foregoing reasons, also discussed in the accompanying Brief, the Panel should grant plaintiff's motion to vacate its Conditional Transfer Order in *Farina*, and immediately remand this case to Pennsylvania state court from which it was improperly removed by defendants for the second time.


Dated: April 7, 2006                                      Respectfully submitted,


H. Russell Smouse                                        **JACOBSEN LAW OFFICES LLC**
Glenn E. Mintzer                                         By: _Kenneth A. Jacobsen_
**LAW OFFICES OF**                                       Kenneth A. Jacobsen
**PETER G. ANGELOS, P.C.**                               12 Orchard Lane
One Charles Center                                       Wallingford, PA 19086
100 North Charles Street                                 (610) 566-7930
Baltimore, MD 21201
(410) 649-2000




Michael R. Allweiss                                      Joseph A. O'Keefe
**LOWE, STEIN, HOFFMAN, ALLWEISS**                       **O'KEEFE & SHER, P.C.**
**& HAUVER, LLP**                                        15019 Kutztown Road
701 Poydas Street                                        Kutztown, PA 19530
One Shell Square                                         (610) 683-0771
Suite 3600
New Orleans, LA  70139
(504) 581-2450


18

Michael D. Donovan
**DONOVAN SEARLES, LLC**
1845 Walnut Street
Suite 1100
Philadelphia, PA 19103
(215) 732-6067


Attorneys for Plaintiffs

**BEFORE THE JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION**

| | |
|---|---|
| **IN RE WIRELESS TELEPHONE**    )<br>**RADIO FREQUENCY**    )<br>**LITIGATION**    ) | **MDL Docket No. 1421** |

This Document Relates To:

    *Farina v. Nokia, Inc.*, Civil Action No. 2:06-724 (E.D. Pa.).

**EXHIBITS TO PLAINTIFF'S MOTION TO VACATE CONDITIONAL
TRANSFER ORDER**

H. Russell Smouse
Glenn E. Mintzer
**LAW OFFICES OF**
**PETER G. ANGELOS, P.C.**
One Charles Center
100 North Charles Street
Baltimore, MD 21201
(410) 649-2000

Michael R. Allweiss
**LOWE, STEIN, HOFFMAN, ALLWEISS**
**& HAUVER, LLP**
701 Poydas Street
One Shell Square
Suite 3600
New Orleans, LA  70139
(504) 581-2450

Kenneth A. Jacobsen
**JACOBSEN LAW OFFICES LLC**
12 Orchard Lane
Wallingford, PA 19086
(610) 566-7930

Joseph A. O'Keefe
**O'KEFE & SHER, P.C.**
15019 Kutztown Road
Kutztown, PA 19530
(610) 683-0771

Michael D. Donovan
**DONOVAN SEARLES, LLC**
1845 Walnut Street
Suite 1100
Philadelphia, PA 19103
(215) 732-6067

# EXHIBIT A

# COPY OF THIRD AMENDED COMPLAINT OMITTED FROM SERVICE COPIES

# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

FRANCIS J. FARINA,                        :
individually and on behalf of             :        CIVIL ACTION
all those similarly situated              :
                                          :
        v.                                :
                                          :        NO. 06-0724
NOKIA INC., et al.                        :

**ENTERED**

**CLERK OF COURT**

**FILED MAR 2 2 2006**

## O R D E R

**AND NOW,** this 22nd day of March, 2006, upon consideration of Defendant LG Electronics

Mobilecomm U.S.A., Inc.'s Motion to Stay All Proceedings (Docket No. 1), **IT IS HEREBY**

**ORDERED** that said Motion is **GRANTED.**[1]  **IT IS FURTHER ORDERED** that the Clerk of

Court shall mark this action **CLOSED** for statistical purposes and place the matter in the Civil

Suspense File.

BY THE COURT:

John R. Padova, J.

---

[1] The Judicial Panel on Multidistrict Litigation issued a Conditional Transfer Order ("CTO")
on March 13, 2006, transferring and coordinating this matter with In re Wireless Tel. Radio
Frequency Emissions Prods. Liab. Litig., MDL No. 1421. The Court concludes that the efficient and
equitable solution would be to stay the present litigation until the CTO either becomes final and
effective or is vacated. The Court perceives no prejudice to Plaintiff that would result from a stay.
Accordingly, the Court will grant Defendant's Motion to Stay and place this case in civil suspense.

# EXHIBIT C

**MICHAEL D. DONOVAN, ESQ.**
**Attorney I.D. No.: 51895**
**DONOVAN SEARLES, LLC**
**1845 Walnut Street, Suite 1100**
**Philadelphia, PA 19103**
**(215) 732-6067**
**(215) 732-8060 Fax**

| | |
|---|---|
| Francis J. Farina, individually and on behalf of all those similarly situated, | : COURT OF COMMON PLEAS<br>: PHILADELPHIA COUNTY |
| Plaintiff, | : |
| v. | : APRIL TERM, 2001 |
| Nokia, Inc.; NEC America; Ericsson Wireless Communications, Inc.; Motorola, Inc.; Sprint PCS, LP; Audiovox Communications, Inc.; Matsushita Corporation of America; Philips Electronic North America Corp., Qualcomm Incorporated; Samsung Electronics America, Inc.; Sanyo North America, Inc.; Sony Electronics, Inc.; AT&T Corp.; Verizon Communications, Inc.; Verizon Wireless; Cellco Partnership; Cingular Wireless LLC; SBC Communications Inc.; Cellular One Group; Voicestream Wireless Corp.; LG Electronics, Inc., LG Electronics U.S.A., Inc.; Comcast/Metrophone; Cellular Telecommunications Industry Associations; Telecommunication Industry Association and John Does Nos. 1-100, | : NO. 02527<br>: CLASS ACTION |
| Defendants. | : |

## PRAECIPE RE: FILING OF PROOF OF SERVICE

**TO THE PROTHONOTARY:**

I hereby certify that a copy of a Second Amended Class Action Complaint in the above

matter was served upon defendant, LG Electronics, Inc.; LG Electronics U.S.A., Inc., pursuant to

Pennsylvania Rules of Civil Procedure 403 and 404, by certified mail, return receipt requested.

A copy of the signed receipt is attached hereto.

DONOVAN SEARLES, LLC

MICHAEL D. DONOVAN, ESQ.

DATE:  January 3, 2006

UNITED STATES POSTAL SERVICE

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

• Sender: Please print your name, address, and ZIP+4 in this box •

MICHAEL D. DONOVAN, ESQUIRE
Donovan Searles, LLC
1845 Walnut Street, Ste. 100
Philadelphia, PA 19103

DEC 2 9 2005

RE: Cell Phone Case (NOKIA)

0 53

**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3. Also complete
  item 4 if Restricted Delivery is desired.
■ Print your name and address on the reverse
  so that we can return the card to you.
■ Attach this card to the back of the mailpiece,
  or on the front if space permits.

1. Article Addressed to:

LG Electronics, Inc.
LG Electronics U.S.A., Inc.
1000 Sylvan Avenue
Englewood Cliffs, NJ 07631

Attention: Michael Ahn,
           President

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X _____  ☒ Agent
                    ☐ Addressee

B. Received by ( Printed Name )     C. Date of Delivery
                                    12/27/05

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:        ☐ No

3. Service Type
   ☒ Certified Mail    ☐ Express Mail
   ☐ Registered        ☒ Return Receipt for Merchandise
   ☐ Insured Mail      ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)    ☐ Yes

2. Article Number
   (Transfer from service label)    7005 0390 0006 6337 1619

PS Form 3811, February 2004    Domestic Return Receipt    102595-02-M-1540

# EXHIBIT D

# DrinkerBiddle&Reath
### L L P

Nancy Harris Marvel
215-988-2527
nancy.marvel@dbr.com

*Law Offices*

One Logan Square
18TH and Cherry Streets
Philadelphia, PA
19103-6996

215-988-2700
215-988-2757 fax
www.drinkerbiddle.com

NEW YORK
WASHINGTON
LOS ANGELES
SAN FRANCISCO
CHICAGO
PRINCETON
FLORHAM PARK
BERWYN
WILMINGTON

January 12, 2006

Kenneth A. Jacobsen
Jacobsen Law Office LLC
12 Orchard Lane
Wallingford, PA 19086

RE:    Farina v. Nokia, Inc., et al., Court of Common Pleas
       Philadelphia County, April Term, 2001, No. 2527

Dear Mr. Jacobsen:

I enclose a copy of the Stipulation to extend the time for Defendants to file Preliminary Objections to Plaintiff's Second Amended Class Action Complaint, the original of which was filed with the Court today.

Sincerely yours,

Nancy Harris Marvel /saj

Nancy Harris Marvel

NHM/saj

*Established*
1849

PHLIT\549872\1

JACOBSEN LAW OFFICES LLC
By: Kenneth A. Jacobsen
Pa.. Atty. I.D. No.: 31208
12 Orchard Lane
Wallingford, PA 19086
(610) 566-7930                                  *Attorney for Plaintiff*

---

| | |
|---|---|
| **FRANCIS J. FARINA,** on behalf of himself and all others similarly situated, | COURT OF COMMON PLEAS PHILADELPHIA COUNTY |
| *Plaintiff,* | APRIL TERM, 2001 NO. 2527 |
| v. | CLASS ACTION |
| **NOKIA, INC., et al.,** | JURY TRIAL DEMANDED |
| *Defendants.* | |

## STIPULATION

Plaintiff and Defendants, by and through their undersigned counsel, hereby stipulate and agree that Defendants' time to file Preliminary Objections to Plaintiff's Second Amended Class Action Complaint is hereby extended until and including January 31, 2006.

JACOBSEN LAW OFFICES LLC

By: Kenneth A. Jacobsen
    Attorney I.D. No. 31208
    12 Orchard Lane
    Wallingford, PA 19086
    (610) 566-7930

Attorney for Plaintiff

**DRINKER BIDDLE & REATH LLP**

Seamus C. Duffy
Attorney I.D. No. 52501
Susan M. Roach
Attorney I.D. No. 83211
Drinker Biddle & Reath LLP
One Logan Square
18th & Cherry Streets
Philadelphia, PA  19103

**Attorneys for Defendants
Cingular Wireless LLC, SBC
Communications, Inc., and AT&T Wireless
Services, Inc.**

Robert C. Heim (Att. I.D. No. 15758)
R. David Walk, Jr. (Att. I.D. No. 43549)
Dechert LLP
Cira Centre
2929 Arch Street
Philadelphia, PA  19104-2808
(215) 994-4000

Pro Hac Vice Counsel:
Jane F. Thorpe
Scott A. Elder
ALSTON & BIRD LLP
One Atlantic Center
1201 West Peachtree Street
Atlanta, GA 30309-3424
(404) 881-7000

**Attorneys for Defendant Cellco Partnership
d/b/a Verizon Wireless**

_Robert L. Ebby /s/_

Mark A. Aronchik
Robert L. Ebby
Hangley Aronchick Segal & Pudlin
One Logan Square -- 27th Floor
Philadelphia, PA 19103-6933
215.496.7053 (direct)
215.568.0300 (fax)

Pro Hac Vice Counsel:
Charles L. Babcock
David T. Moran
Ryan C. Wirtz
Jackson Walker L.L.P.
901 Main Street, Suite 6000
Dallas, Texas  75202

**Attorneys for Defendant
Ericsson Inc.**

_Walter L. McDonough /s/_

Walter L. McDonough
Swartz Campbell LLC
1601 Market Street
34th Floor
Philadelphia, PA  19103

**Attorneys for Defendant
Sprint Spectrum, L.P.
(incorrectly designated in Plaintiffs'
Complaint as "Sprint PCS LP")**

_Craig E. Ziegler /Sy_

Craig E. Ziegler
Montgomery, McCracken, Walker
& Rhoads, LLP
123 South Broad Street
Philadelphia, PA  19109

**Attorneys for Defendant**
**Audiovox Communications Corporation**

_Theodore C. Flowers /Sy_

Walter H. Swayze
Theodore C. Flowers
Segal, McCambridge, Singer & Mahoney, Ltd.
United Plaza
30 South 17th Street, Suite 1700
Philadelphia, PA  19103

**Attorneys for Defendant**
**Matsushita Electric Corporation of America**
**(incorrectly identified as Matsushita**
**Corporation of America a/k/a Panasonic**
**Corporation)**

_Reena E. Parambath /Sy_

Thomas P. Wagner
Reena E. Parambath
Rawle & Henderson LLP
The Widener Building
One South Penn Square
Philadelphia, PA  19107

**Attorneys for Defendant**
**Philips Electronics North America**
**Corporation**

_Jana M. Landon / Sy_

Daniel T. Fitch
Jana M. Landon
Stradley, Ronon, Stevens & Young, LLP
2600 One Commerce Square
Philadelphia, PA 19103

Pro Hac Vice Counsel:
John B. Isbister
Harold Walter
Tydings & Rosenberg LLP
100 East Pratt Street
26th Floor
Baltimore, MD 21202
(410) 752-9714
(410) 727-5460

**Attorneys for Defendant**
**Samsung Telecommunications America, L.P.**

_Rochelle M. Fedullo / Sy_

Rochelle M. Fedullo
Wilson, Elser, Moskowitz, Edelman
& Dicker LLP
The Curtis Center, Suite 1130E
Philadelphia, PA 19106

**Attorneys for Defendant**
**SANYO North American Corporation**

_Howard D. Scher / Sy_

Howard D. Scher
Nicole J. Williams
Buchanan Ingersoll PC
1835 Market Street, 14th Floor
Philadelphia, PA 19103

**Attorneys for Defendant**
**Cellular One Group**

*Eugene A. Schoon / Sy*

Susan Herschel, Esquire
The Hoyle Law Firm
One South Broad Street
Suite 1500
Philadelphia, PA 19107

Pro Hac Vice Counsel:
Eugene A. Schoon
Tamar B. Kelber
Sidley Austin LLP
One South Dearborn Street
Chicago, Illinois 60603

**Attorneys for Defendant**
**T-Mobile, USA, Inc. f/k/a**
**VoiceStream Wireless Corporation**

*Lisa A. Mathewson / Sy*

Robert E. Welsh, Jr.
Lisa A. Mathewson
Welsh & Recker, P.C.
2000 Market Street, Suite 2903
Philadelphia, PA 19103
(215) 972-6430

**Attorneys for Defendant**
**CTIA – The Wireless Association®**

*Ronald P. Schiller / Sy*

Ronald P. Schiller
Daniel J. Layden
DLA Piper Rudnick Gray Cary US LLP
One Liberty Place, Suite 4900
1650 Market Street
Philadelphia, PA 19103

**Attorneys for Defendant**
**Motorola, Inc.**

_Howard M. Klein / Sy_

William J. O'Brien
Howard M. Klein
Edward J. Murphy
Conrad O'Brien Gellman & Rohn, PC.
1515 Market Street, 16th Floor
Philadelphia, PA 19102

Pro Hac Vice Counsel:
James Ulwick
Kramon & Graham, P.A.
One South Street, Suite 2600
Baltimore, MD 21202-3201
(410) 752-6030

**Attorneys for Defendant
NEC America, Inc.**

_John T. Toner / Sy_

John T. Toner
Seyfarth Shaw LLP
815 Constitution Ave., N.W., Suite 500
Washington, D.C. 20006

**Attorneys for Defendant
Telecommunications Industry Association**

_Robert J. Hafner / Sy_

Robert J. Hafner
Eckert, Seamans, Cherin & Mellott, LLC
1515 Market Street, 9th Floor
Philadelphia, PA 19103

**Attorneys for Qualcomm, Incorporated
and Sony Electronics Inc.**

_Steven A. Haber / Sy_

Steven A. Haber
Obermayer, Rebmann, Maxwell & Hippel, LLP
One Penn Center
1617 John F. Kennedy Boulevard, 19th Floor
Philadelphia, PA  19103-1895

**Attorneys for Nextel Communications of the
Mid-Atlantic, LLC, Nextel Boost of the Mid-
Atlantic LLC, Nextel West Corp., Nextel Boost
West, LLC**

Gibbons, Del Deo, Dolan, Griffinger & Vecchione, P.C.

BY: _Madeline L Sherry_

Madeline Sherry
Attorneys for Defendant
Nokia Inc.

Of Counsel
Steven M. Zager, Esquire
Akin Gump Strauss Hauer & Feld LLP
1111 Louisiana Street, 44th Floor
Houston, TX  77002-5200

Lance T. Lackey, Esquire
Akin Gump Strauss Hauer & Feld LLP
3000 West 6th Street, Suite 2100
Austin, TX  78701-3911

CERTIFICATE OF SERVICE

I, Nancy Harris Marvel, hereby certify that I caused a true and correct copy of the

foregoing Stipulation to be served on January 12, 2006 by first class mail, postage

prepaid, upon the following counsel:

> Kenneth A. Jacobsen
> Attorney I.D. No. 31208
> 12 Orchard Lane
> Wallingford, PA 19086
> (610) 566-7930
> Attorney for Plaintiff


> Robert C. Heim (Att. I.D. No. 15758)
> R. David Walk, Jr. (Att. I.D. No. 43549)
> Dechert LLP
> Cira Centre
> 2929 Arch Street
> Philadelphia, PA  19104-2808
> (215) 994-4000

> Pro Hac Vice Counsel:
> Jane F. Thorpe
> Scott A. Elder
> ALSTON & BIRD LLP
> One Atlantic Center
> 1201 West Peachtree Street
> Atlanta, GA 30309-3424
> (404) 881-7000

> **Attorneys for Defendant Cellco Partnership d/b/a Verizon**
> **Wireless**

Mark A. Aronchik
Robert L. Ebby
Hangley Aronchick Segal & Pudlin
One Logan Square -- 27th Floor
Philadelphia, PA 19103-6933
215.496.7053 (direct)
215.568.0300 (fax)

Pro Hac Vice Counsel:
Charles L. Babcock
David T. Moran
Ryan C. Wirtz
Jackson Walker L.L.P.
901 Main Street, Suite 6000
Dallas, Texas  75202

**Attorneys for Defendant**
**Ericsson Inc.**


Walter L. McDonough
Swartz Campbell LLC
1601 Market Street
34th Floor
Philadelphia, PA  19103

**Attorneys for Defendant**
**Sprint Spectrum, L.P.**
**(incorrectly designated in Plaintiffs'**
**Complaint as "Sprint PCS LP")**

Craig E. Ziegler
Montgomery, McCracken, Walker
 & Rhoads, LLP
123 South Broad Street
Philadelphia, PA 19109


**Attorneys for Defendant**
**Audiovox Communications Corporation**


Walter H. Swayze
Theodore C. Flowers
Segal, McCambridge, Singer & Mahoney, Ltd.
United Plaza
30 South 17th Street, Suite 1700
Philadelphia, PA 19103

**Attorneys for Defendant**
**Matsushita Electric Corporation of America**
**(incorrectly identified as Matsushita Corporation of America**
**a/k/a Panasonic Corporation)**


Thomas P. Wagner
Reena E. Parambath
Rawle & Henderson LLP
The Widener Building
One South Penn Square
Philadelphia, PA 19107

**Attorneys for Defendant**
**Philips Electronics North America Corporation**

Daniel T. Fitch
Jana M. Landon
Stradley, Ronon, Stevens & Young, LLP
2600 One Commerce Square
Philadelphia, PA  19103

Pro Hac Vice Counsel:
John B. Isbister
Harold Walter
Tydings & Rosenberg LLP
100 East Pratt Street
26th Floor
Baltimore, MD  21202
(410) 752-9714
(410) 727-5460


**Attorneys for Defendant**
**Samsung Telecommunications America, L.P.**


Rochelle M. Fedullo
Wilson, Elser, Moskowitz, Edelman
& Dicker LLP
The Curtis Center, Suite 1130E
Philadelphia, PA  19106


**Attorneys for Defendant**
**SANYO North American Corporation**


Howard D. Scher
Nicole J. Williams
Buchanan Ingersoll PC
1835 Market Street, 14th Floor
Philadelphia, PA  19103

**Attorneys for Defendant**
**Cellular One Group**

Susan Herschel, Esquire
The Hoyle Law Firm
One South Broad Street
Suite 1500
Philadelphia, PA 19107

Pro Hac Vice Counsel:
Eugene A. Schoon
Tamar B. Kelber
Sidley Austin LLP
One South Dearborn Street
Chicago, Illinois  60603

**Attorneys for Defendant**
**T-Mobile, USA, Inc. f/k/a**
**VoiceStream Wireless Corporation**


Robert E. Welsh, Jr.
Lisa A. Mathewson
Welsh & Recker, P.C.
2000 Market Street, Suite 2903
Philadelphia, PA  19103
(215) 972-6430

**Attorneys for Defendant**
**CTIA – The Wireless Association®**

Ronald P. Schiller
Daniel J. Layden
DLA Piper Rudnick Gray Cary US LLP
One Liberty Place, Suite 4900
1650 Market Street
Philadelphia, PA  19103

**Attorneys for Defendant**
**Motorola, Inc.**

William J. O'Brien
Howard M. Klein
Edward J. Murphy
Conrad O'Brien Gellman & Rohn, PC.
1515 Market Street, 16th Floor
Philadelphia, PA 19102

Pro Hac Vice Counsel:
James Ulwick
Kramon & Graham, P.A.
One South Street, Suite 2600
Baltimore, MD 21202-3201
(410) 752-6030

**Attorneys for Defendant
NEC America, Inc.**

John T. Toner
Seyfarth Shaw LLP
815 Constitution Ave., N.W., Suite 500
Washington, D.C. 20006

**Attorneys for Defendant
Telecommunications Industry Association**

Robert J. Hafner
Eckert, Seamans, Cherin & Mellott, LLC
1515 Market Street, 9th Floor
Philadelphia, PA 19103

**Attorneys for Qualcomm, Incorporated
and Sony Electronics Inc.**

Steven A. Haber
Obermayer, Rebmann, Maxwell & Hippel, LLP
One Penn Center
1617 John F. Kennedy Boulevard, 19th Floor
Philadelphia, PA 19103-1895

**Attorneys for Nextel Communications of the Mid-Atlantic, LLC, Nextel Boost of the Mid-Atlantic LLC, Nextel West Corp., Nextel Boost West, LLC**

Nancy Harris Marvel

# EXHIBIT E

| Subj: | **Farina Case** |
| Date: | 1/13/06 |
| To: | trager@HughesHubbard.com |
| CC: | Seamus.Duffy@dbr.com, nancy.marvel@dbr.com, GEM@lawpga.com, jokade, mallweiss@lshah.com, mdonovan@donovansearles.com |

Josiah--

It was a pleasure speaking with you today. As I said, I recommend that you contact Seamus Duffy at the Drinker Biddle firm, who has been serving as an informal Liaison Counsel on behalf of all defendants, to discuss Local Counsel, the history of this case (beyond the summary that I gave you earlier today), and other matters.

I will discuss with my colleagues how to amend the case to name LGE Mobilecomm USA as the proper defendant. We probably will not want to amend the entire Complaint since we just did that and it will foul up the agreed upon schedule and deadlines. We will probably make the correction through some sort of Praecipe; I will discuss that with my co-counsel and get back to you. As I mentioned during our call, plaintiffs' and defendants' counsel have worked very cooperatively in the past on similar issues realting to the proper party defendants.

This will confirm that plaintiffs grant your client(s) and extension to January 31, 2006--the same extension granted to all other defendants--to answer, move or otherwise respond to plaintiff''s Second Amended Complaint. I suggest that you contact Seamus or Nancy and simply add your name to the Stipulation already executed.

Please let me know if you need any other information, and best regards.

Ken Jacobsen

# EXHIBIT F

# DrinkerBiddle&Reath
L L P

Nancy Harris Marvel
215-988-2527
nancy.marvel@dbr.com

*Law Offices*

One Logan Square
18TH and Cherry Streets
Philadelphia, PA
19103-6996

215-988-2700
215-988-2757 fax
www.drinkerbiddle.com

NEW YORK
WASHINGTON
LOS ANGELES
SAN FRANCISCO
CHICAGO
PRINCETON
FLORHAM PARK
BERWYN
WILMINGTON

December 16, 2005

**VIA FACSIMILE**
Kenneth A. Jacobsen, Esq.
Jacobsen Law Offices LLC
12 Orchard Lane
Wallingford, PA  19086

RE:   *Francis J. Farina v. Nokia, Inc., et al.*
       *CCP, Phila. County, April Term, 2001, No. 2527*

Dear Mr. Jacobsen:

I am writing to follow up on your agreement to try to clean up the caption before plaintiff's second amended complaint is filed.  To facilitate this process, we've compiled the following list of issues that have been raised by various defense counsel in this action. The list includes parenthetical references to the requesting counsel in case you need to follow up with any of them on these issues.

1.    The caption identifies Audiovox Communication Corp. as "A/K/A Audiovox Corp." This reference to Audiovox Corp. should be removed as Audiovox Corp. is a separate entity and should not be named in any way.  (call Deborah Ringel at Dickstein Shapiro with any questions - 202-955-6623)

2.    Nextel Communications, Inc. should be dismissed because it is merely a holding company and, independently, there is not personal jurisdiction over this entity in Pennsylvania.  Also, the complaint incorrectly states that Nextel Communications, Inc. is also known as ("A/K/A") Nextel Communications of the Mid-Atlantic, Inc., Nextel Partners, Inc., and Nextel.  This is incorrect because Nextel Communications of the Mid-Atlantic, Inc. and Nextel Partners, Inc. are separate entities from Nextel Communications, Inc. and there is no legal entity called "Nextel." The only subsidiary of Nextel Communications, Inc. that provides digital wireless communications services in Pennsylvania is Nextel Communications of the Mid-Atlantic, Inc.  (call Andrew Jarzyna at Skadden with any questions - 312-407-0700)

3.    The Complaint names "AT&T Corp. a/k/a AT&T". This entity should be dismissed because it was not in the wireless business.  "AT&T Wireless Services, Inc." is the corporate entity that was involved in the wireless business.  (call Seamus Duffy at Drinker Biddle with any questions - 215-988-2440)

4.    The Complaint names "SBC Communications Inc." This entity should be dismissed because it was not involved in the wireless business.  In addition, there is no

*Established 1849*

DrinkerBiddle&Reath

Kenneth A. Jacobsen, Esq.
December 16, 2005
Page 2

personal jurisdiction over SBC Communications, Inc. (call Seamus Duffy with any questions)

5.      The Complaint names "Comcast/Metrophone." Comcast/Metrophone should be removed from the caption because it is not the legal name of any corporation. (call Seamus Duffy with any questions)

6.      The Complaint names "Sprint PCS Limited Partnership a/k/a Sprint Spectrum a/k/a Sprint" but "Sprint Spectrum, L.P." is the only proper Sprint entity. (call Douglas Beck at Shook Hardy with any questions - 816-559-2106)

7.      The name of Defendant Telecommunications Industry Association should be corrected to read "Telecommunications" (plural) as opposed to Telecommunication (singular). (call Paul Freehling at Seyfarth Shaw with any questions - 312-781-8618)

8.      Verizon Communications Inc. should be dismissed because it is not in the wireless business. Verizon Communications Inc. is a holding company that, indirectly, is one of the ultimate parents of Verizon Wireless. Verizon Wireless and Cellco Partnership are listed improperly as separate defendants. The proper defendant is Cellco Partnership d/b/a Verizon Wireless. The references to various predecessor companies as "also known as" or "formerly doing business as" are not accurate and should be removed. (Call Bob Heim (215-994-2570) or Scott Elder (Alston & Bird 404-881-7592) with questions)

9.      The caption and paragraph 16 name "Samsung Electronics America, Inc. A/K/A Samsung Electronics ("Samsung")" as a defendant. Samsung Electronics America, Inc., is not involved in the design, manufacturer, marketing and sale of "WHHPs" and should be removed as a defendant. Samsung Telecommunications America, L.P., a Delaware limited partnership ("STA") sells and markets mobile phones and is involved in the after-sale service of mobile phones and some product development of mobile phones in the United States. STA does not design or manufacture mobile phones. STA consents to its substitution as a defendant in the case. (Call Hal Walter (410-752-9720) or John Isbister (410-752-9714) with questions)

DrinkerBiddle&Reath
L L P

Kenneth A. Jacobsen, Esq.
December 16, 2005
Page 3

Thank you for your cooperation with this mater.

Sincerely yours,

*Nancy H. Marvel*

Nancy Harris Marvel

NHM/saj

cc:    Deborah Ringel, Esq.
       Andrew Jarzyna, Esq.
       Douglas Beck, Esq.
       Paul Freehling, Esq.
       Scott Elder, Esq.
       John Isbister, Esq.
       Seamus Duffy, Esq.

# EXHIBIT G

# ALSTON&BIRD LLP

One Atlantic Center
1201 West Peachtree Street
Atlanta, Georgia 30309-3424

404-881-7000
Fax 404-881-7777
www.alston.com

**Scott A. Elder**
Direct Dial: 404-881-7592
E-mail: scott.elder@alston.com

December 22, 2005

*Via Facsimile* (610) 566-7940

Kenneth A. Jacobsen
Law Offices of Kenneth A. Jacobsen
22 West Front Street
Media, PA  19063

> Re:    Farina v. Nokia, et al., Philadelphia County Court of Common Pleas, Civil
>        Action No. 2527

Dear Ken:

I understand from Nancy Marvel that you have agreed to dismiss various defendants from this action but that you would like a request from each defendant in addition to Nancy's letter on behalf of a group of defendants.

I represent Verizon Communications Inc. and Verizon Wireless.  As noted in Nancy's letter, Verizon Communications should be dismissed because it is not in the wireless business.  Verizon Communications Inc. is a holding company that, indirectly, is one of the ultimate parents of Verizon Wireless.  In addition, Verizon Wireless and Cellco Partnership are listed improperly as separate defendants.  The proper defendant is Cellco Partnership d/b/a Verizon Wireless.  Finally, the references to various predecessor companies as "also known as" or "formerly doing business as" are not accurate and should be removed.

Bank of America Plaza
101 South Tryon Street, Suite 4000
Charlotte, NC 28280-4000
704-444-1000
Fax: 704-444-1111

90 Park Avenue
New York, NY 10016
212-210-9400
Fax: 212-210-9444

3201 Beechleaf Court, Suite 600
Raleigh, NC 27604-1062
919-862-2200
Fax: 919-862-2260

601 Pennsylvania Avenue, N.W.
North Building, 10th Floor
Washington, DC 20004-2601
202-756-3300
Fax: 202-756-3333

Kenneth A. Jacobsen
December 22, 2005
Page 2

Thank you for your cooperation in this matter, and please let me know if you have any questions.

Sincerely,

Scott A. Elder

SAE:sae
cc:    Jane Thorpe

ATL01/12108456v1

# EXHIBIT H

ATTORNEYS AT LAW

# TYDINGS & ROSENBERG LLP

Ⅲ MERITAS LAW FIRMS WORLDWIDE

100 EAST PRATT STREET
26TH FLOOR
BALTIMORE MARYLAND 21202
410.752.9700
FAX 410.727.5460

TOWSON MD OFFICE
410.337.0407
FAX 410.337.3758

WASHINGTON DC OFFICE
202.296.1642
FAX 202.828.4130

www.tydingslaw.com

HAROLD M. WALTER
410.752.9720
hwalter@tydingslaw.com

December 21, 2005

Via Telecopy/First Class Mail
Kenneth A. Jacobsen, Esquire
Jacobsen Law Offices LLC
12 Orchard Lane
Wallingford, PA 19086

> Re:    *Francis J. Farina v. Nokia, Inc. et al.*
> *CCP, Phila. County, April Term 2001, No. 2527*

Dear Ken:

I write on behalf of my client, Samsung Telecommunications America, L.P., ("STA") in the above-referenced matter. This will confirm that STA has provided to me, as its counsel, the following information to facilitate correction of the caption:

The current caption and paragraph 16 of the current Complaint names "Samsung Electronics America, Inc. A/K/A Samsung Electronics ("Samsung")" as a defendant. Samsung Electronics America, Inc. is not involved in the design, manufacture, marketing and sale of "WHHPs" and should be removed as a defendant. Samsung Telecommunications America, L.P. a Delaware limited partnership ("STA") sells and markets mobile phones, is involved in the after-sale service of mobile phones, and some product development of mobile phones in the United States. STA does not design or manufacture mobile phones. STA consents to its substitution as a defendant in this case.

Please call me (this week) (410-752-9720) or John Isbister (next week) (410-752-9714) if you have any questions.

Sincerely,

Harold M. Walter

HMW//mh

#495299v.1

# EXHIBIT I

DICKSTEIN SHAPIRO MORIN & OSHINSKY LLP

2101 L Street NW • Washington, DC 20037-1526
Tel (202) 785-9700 • Fax (202) 887-0689
Writer's Direct Dial: (202) 955-6623
E-Mail Address: RingelD@dsmo.com

December 21, 2005

**BY FACSIMILE AND U.S. MAIL**

Mr. Kenneth Jacobsen
Jacobsen Law Offices, LLC
12 Orchard Lane
Wallingford, PA 19086

Re:    Cell Phone Litigation - Farina

Dear Mr. Jacobsen:

This letter confirms that Audiovox Communications Corp. is a separate corporate entity from Audiovox Corporation. Audiovox Corporation never manufactured, sold or distributed cell phones, and should not be a party in this litigation. The proper defendant should be Audiovox Communications Corp.; Audiovox Corporation should not be named in the amended *Farina* complaint.

You might also be interested to know that Audiovox Communications Corp. was sold in November, 2005 and is no longer in the cell phone business or industry; but I assume that is an issue for another day.

Thank you for your assistance; we appreciate your attention to this matter in the Amended Complaint.

Sincerely,

Deborah Goldstock Ringel

cc:    Larry Stopol, Esq.
       Craig Ziegler, Esq.
       Mark H. Kolman, Esq.

1177 Avenue of the Americas • New York, NY 10036-2714
Tel (212) 835-1400 • Fax (212) 997-9880
www.DicksteinShapiro.com

DSMDB.2022095.1

# EXHIBIT J

# OBERMAYER

### REBMANN MAXWELL & HIPPEL LLP

*Attorneys At Law*

**Steven A. Haber, Esquire**
Direct Dial 215-665-3253
E-mail: steven.haber@obermayer.com

One Penn Center – 19th Floor
1617 John F. Kennedy Boulevard
Philadelphia, PA 19103-1895
P 215-665-3000
F 215-665-3165
www.obermayer.com

December 22, 2005

**VIA TELECOPIER:  (610) 566-7940**

Kenneth A. Jacobsen, Esquire
Jacobsen Law Offices, LLC
12 Orchard Lane
Wallingford, PA  19086

> Re:  **Francis J. Farina v. Nokia, Inc., et al.**
> **Philadelphia County CCP, April Term, 2001; No. 2527**

Dear Mr. Jacobsen:

As you requested in the letter you faxed to defense counsel dated December 21, 2005, I am writing to confirm that the information contained in paragraph "2" of Nancy H. Marvel's December 16, 2005 letter to you is accurate (subject to the additional information provided below) and to accordingly ask that you dismiss Nextel Communications, Inc. from this matter by not including it as a defendant in the Amended Complaint that is due to be filed on Friday, December 23, 2005.

As stated in Ms. Marvel's letter, Nextel Communications, Inc. should be dismissed because it is merely a holding company and, independently, is not subject to a Pennsylvania Court's personal jurisdiction.  Also, the Complaint incorrectly states that Nextel Communications, Inc. is also known as ("A/K/A") Nextel Communications of the Mid-Atlantic, Inc., Nextel Partners, Inc., and Nextel. This is incorrect because Nextel Communications of the Mid-Atlantic, Inc. and Nextel Partners, Inc. are separate entities from Nextel Communications, Inc. and there is no legal entity called "Nextel".

Ms. Marvel's letter also states, based upon information I provided, that the only subsidiary of Nextel Communications, Inc. that provides digital wireless communications services in Pennsylvania is Nextel Communications of the Mid-Atlantic, Inc.  However, I have recently learned that there are three additional subsidiaries of Nextel Communications, Inc., that also provide digital wireless communications services in Pennsylvania.  Those entities are Nextel West Corp., Nextel Boost of the Mid-Atlantic, LLC, and Nextel Boost West, LLC.

Please feel free to call me if you have any questions.

Sincerely,

STEVEN A. HABER

SAH:km

## Over a Century of Solutions

4005535

| Philadelphia | Harrisburg | Pittsburgh | Cherry Hill | Wilmington |
| Pennsylvania | Pennsylvania | Pennsylvania | New Jersey | Delaware |

# EXHIBIT K



**Shook,
Hardy &
Bacon L.L.P.**

www.shb.com

**Douglas S. Beck**

2555 Grand Blvd.
Kansas City
Missouri 64108-2613
816.474.6550
816.559.2361 DD
816.421.5547 Fax
dwrobinson@shb.com

December 21, 2005

*Via Facsimile – 610-566-7940*
Kenneth A. Jacobsen, Esq.
Jacobsen Law Offices LLC
12 Orchard Lane
Wallingford, Pennsylvania 19086

**Re: Cell Phone Litigation - Farina**

Dear Mr. Jacobsen:

In response to your December 21, 2005 request, please consider this confirmation on behalf of Sprint Spectrum, L.P. that Sprint Spectrum, L.P. is the only proper Sprint entity that should be named in Farina v. Nokia, Inc., et al. At present, the Complaint names "Sprint PCS Limited Partnership, a/k/a Sprint Spectrum, a/ka Sprint." I understand you have agreed to incorporate the above changes into plaintiffs' anticipated Amended Complaint. Please feel free to contact me directly should you require any further information and I appreciate your professional courtesy in this regard.

Very truly yours,

Douglas S. Beck

DSB/jna

Geneva
Houston
Kansas City
London
Miami
Orange County
Overland Park
San Francisco
Tampa
Washington, D.C.

1839642v1

# EXHIBIT L

**Subj:**  **Cell Phone Litigation - Farina**
**Date:**   12/21/05 10:33:57 AM Eastern Standard Time
**From:**   PFreehling@seyfarth.com
**To:**     jacobsenlaw@aol.com
**CC:**     Nancy.Marvel@dbr.com

Mr. Jacobsen - This communication is being sent in response to your letter to Seamus Duffy and Nancy Marvel dated Dec. 21, 2005.  The information set forth in Nancy's letter to you dated December 16, 2005 regarding the name of Telecommunications Industry Association is correct.

Paul E. Freehling
Seyfarth Shaw LLP
55 East Monroe Street
Suite 4200
Chicago, IL 60603-5803
312/781-8618
312/269-8869 (fax)

Any tax information or written tax advice contained herein (including any attachments) is not intended to be and cannot be used by any taxpayer for the purpose of avoiding tax penalties that may be imposed on the taxpayer.  (The foregoing legend has been affixed pursuant to U.S. Treasury Regulations governing tax practice.)

The information contained in this transmission is attorney privileged and/or confidential information intended for the use of the individual or entity named above.  If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited.

# EXHIBIT M

# JACOBSEN LAW OFFICES LLC

e-mail: jacobsenlaw@aol.com

website: jacobsenlaw-pa.com

12 Orchard Lane

Wallingford, PA 19086

Telephone: 610-566-7930

Facsimilie: 610-566-7940

December 21, 2005

Seamus C. Duffy, Esquire
Nancy Harris Marvel, Esquire
**DRINKER BIDDLE & REATH LLP**              *Via Telecopy*
18th & Cherry Streets
Philadelphia, PA 19103

Re: *Cell Phone Litigation--Farina*

Dear Seamus and Nancy:

In Nancy's letter of December 16th, she says that Comcast/Metrophone is "not the legal name of any corporation" and therefore should be dropped from the Amended Complaint. However, was a Comcast-affiliated company involved in the manufacture or sale of wireless phones or the provision of wireless services? While we are happy to "clean up" the caption to correct names and drop certain parties, we are hesitant to drop corporate organizations altogether if they were involved in the activities alleged in this case, although under a different name or entity than that alleged by plaintiffs.

Would you please clarify this Comcast issue for us?

Thanks, and best regards.

Very truly yours,

Kenneth A. Jacobsen

cc:      Paintiffs' counsel (*Via Telecopy*)

# EXHIBIT N

| | |
|---|---|
| **Subj:** | **RE: Farina Case** |
| **Date:** | 1/13/06 12:23:30 PM Eastern Standard Time |
| **From:** | trager@HughesHubbard.COM |
| **To:** | JacobsenLaw@aol.com |
| **CC:** | Seamus.Duffy@dbr.com, nancy.marvel@dbr.com, GEM@lawpga.com, JOkade@aol.com, mallweiss@lshah.com, mdonovan@donovansearles.com |

Thank you, Ken.

It was a pleasure speaking with you, as well, and look forward to hearing from you soon regarding amending the complaint or similar action.

Josiah

---

**From:** JacobsenLaw@aol.com [mailto:JacobsenLaw@aol.com]
**Sent:** Friday, January 13, 2006 12:20 PM
**To:** Trager, Josiah
**Cc:** Seamus.Duffy@dbr.com; nancy.marvel@dbr.com; GEM@lawpga.com; JOkade@aol.com; mallweiss@lshah.com; mdonovan@donovansearles.com
**Subject:** Farina Case

Josiah—

It was a pleasure speaking with you today. As I said, I recommend that you contact Seamus Duffy at the Drinker Biddle firm, who has been serving as an informal Liaison Counsel on behalf of all defendants, to discuss Local Counsel, the history of this case (beyond the summary that I gave you earlier today), and other matters.

I will discuss with my colleagues how to amend the case to name LGE Mobilecomm USA as the proper defendant. We probably will not want to amend the entire Complaint since we just did that and it will foul up the agreed upon schedule and deadlines. We will probably make the correction through some sort of Praecipe; I will discuss that with my co-counsel and get back to you. As I mentioned during our call, plaintiffs' and defendants' counsel have worked very cooperatively in the past on similar issues realting to the proper party defendants.

This will confirm that plaintiffs grant your client(s) and extension to January 31, 2006—the same extension granted to all other defendants—to answer, move or otherwise respond to plaintiff's Second Amended Complaint. I suggest that you contact Seamus or Nancy and simply add your name to the Stipulation already executed.

Please let me know if you need any other information, and best regards.

Ken Jacobsen

************************************************************************************
This email and any files transmitted with it may contain privileged or confidential
information. Use, disclosure, copying or distribution of this message by anyone
other than the intended recipient is strictly prohibited. If you have received
this email in error please notify the sender by reply email and destroy all copies
of this message in your possession, custody or control.
************************************************************************************

# EXHIBIT O

| | |
|---|---|
| **Subj:** | **Cell Phone--Farina--Praecipe to Amend Caption and Substitute Party** |
| **Date:** | **1/19/06** |
| **To:** | trager@HughesHubbard.com |
| **CC:** | Seamus.Duffy@dbr.com |

Josiah and Seamus--

This is what we propose. Short and to the point.

Regards, Ken

**JACOBSEN LAW OFFICES LLC**
By: Kenneth A. Jacobsen
Pa.. Atty. I.D. No.: 31208
12 Orchard Lane
Wallingford, PA 19086
(610) 566-7930                              *Attorney for Plaintiff*

---

**FRANCIS J. FARINA,**              COURT OF COMMON PLEAS
on behalf of himself and all    :    PHILADELPHIA COUNTY
others similarly situated,
                                :    APRIL TERM, 2001
                *Plaintiff*,         NO. 2527
                                :
    v.
                                :    CLASS ACTION
**NOKIA, INC.**, et al.,
                                :    JURY TRIAL DEMANDED
                *Defendants*.
                                :

## PRAECIPE TO AMEND CAPTION AND SUBSTITUTE PARTY

TO THE PROTHONOTARY:

Kindly amend the caption in this case to delete the following party:

LG Electronics U.S.A., Inc.
1000 Sylvan Avenue
Englewood Cliffs, N.J. 07632

and to replace it with the following party:

LG Electronics Mobilecomm U.S.A., Inc.
10225 Willow Creek Road
San Diego, CA 92131

This substitution of party also applies to paragraph 24 of Plaintiffs' Second

Amended Class Action Complaint.

Defendant LG Electronics U.S.C., Inc. and substitute defendant LG Electronics

Mobilecomm U.S.A., Inc. have no objection to and consent to this substitution.

Dated: January___, 2006                    **JACOBSEN LAW OFFICES LLC**

                                               By: Kenneth A. Jacobsen
                                                  Attorney I.D. No. 31208
                                                  12 Orchard Lane
                                                  Wallingford, PA 19086
                                                  (610) 566-7930

                                               Attorney for Plaintiff

# EXHIBIT P

| | |
|---|---|
| **Subj:** | **RE: Farina Case** |
| **Date:** | 1/18/06 12:28:41 PM Eastern Standard Time |
| **From:** | trager@HughesHubbard.COM |
| **To:** | JacobsenLaw@aol.com |
| **CC:** | Seamus.Duffy@dbr.com, nancy.marvel@dbr.com, GEM@lawpga.com, JOkade@aol.com, mallweiss@lshah.com, mdonovan@donovansearles.com |

Ken–

   Thank you for getting back to me so quickly.  I have a few questions for you regarding this Praecipe that I'd like to discuss before the draft to make sure we're on the same page.  Do you have any time to speak today, preferably with Seamus on the line?

Thanks,
Josiah

---

**From:** JacobsenLaw@aol.com [mailto:JacobsenLaw@aol.com]
**Sent:** Wednesday, January 18, 2006 12:17 PM
**To:** Trager, Josiah
**Cc:** Seamus.Duffy@dbr.com; nancy.marvel@dbr.com; GEM@lawpga.com; JOkade@aol.com; mallweiss@lshah.com; mdonovan@donovansearles.com
**Subject:** Re: Farina Case

Josiah–

I am drafting a Praecipe today and will send it to you and Seamus for review by no later than tomorrow.
                                              Ken Jacobsen

*************************************************************************************
This email and any files transmitted with it may contain privileged or confidential
information. Use, disclosure, copying or distribution of this message by anyone
other than the intended recipient is strictly prohibited. If you have received
this email in error please notify the sender by reply email and destroy all copies
of this message in your possession, custody or control.
*************************************************************************************

# EXHIBIT Q

**Subj:** **Farina—Third Amended Class Action Complaint**
**Date:** 1/30/06
**To:** Seamus.Duffy@dbr.com, nancy.marvel@dbr.com, trager@HughesHubbard.com
**CC:** gMintzer@lawpga.com, mdonovan@donovansearles.com, mallweiss@lshah.com, jokade

Counsel—

I am attaching the Third Amended Class Action Complaint that was forwarded to Judge Bernstein on Friday, January 27, with the agreed upon Stinplation for its filing. A copy of my transmittal letter has been sent separately via telecopy to Seamus and Nancy.

As agreed, the only changes made in this amendement were in the caption relating to LG and in paragraph 24, together with adding Friday's date. No other changes were made in any other paragraph or in the caption itself.

Regards, Ken

# JACOBSEN LAW OFFICES LLC

e-mail: jacobsenlaw@aol.com

website: jacobsenlaw-pa.com

12 Orchard Lane
Wallingford, PA 19086

Telephone: 610-566-7930
Facsimilie: 610-566-7940

January 27, 2006

Honorable Mark I. Bernstein
Judge
Philadelphia County Court of Common Pleas
Room 532 City Hall
Philadelphia, PA 19107

Re: *Farina v. Nokia, Inc. et al.,*
    <u>April Term 2001, No. 2527</u>

Dear Judge Bernstein:

I write on behalf of all parties—plaintiff and all defendants—to request that the Court approve the enclosed Stipulation executed by all counsel.

During the past several weeks, the parties have worked cooperatively to identify those wireless companies, often wholly owned subsidiaries other companies, who are properly named as defendants for the claims alleged in plaintiffs' Complaint in this case. Recently, plaintiffs learned that one of the named defendants in plaintiffs' Second Amended Class Action Complaint, LG Electronics U.S.A., Inc., a United States subsidiary of parent LG Electronics Inc. of Korea, was not the proper party and should be replaced with LG Electronics Mobilecomm U.S.C., Inc., a different subsidiary of the same corporate parent.

Counsel for plaintiff and counsel for the various LG Electronics entities have agreed to substitute the correct subsidiary in this lawsuit. However, because this substitution requires the dismissal of a previously named party, the parties believe that any such substitution requires the approval of the Court under Rule 1714(b) of our class action Rules. The enclosed Stipulation accomplishes that change without changing the Complaint in any other manner and without changing any of the existing deadlines for all other defendants to respond to the pleading under the previously agreed timetable (that is, by January 31, 2006).

We respectfully request that Your Honor endorse the Stipulation on the last page as an Order of the Court. I would be happy to answer any questions which the Court may have about the enclosure.

Respectfully,

Kenneth A. Jacobsen

cc: Seamus C. Duffy, Esquire (as liaison for defendants other than LG Electronics)
    Josiah S. Trager, Esquire (counsel for the LG Electronics entities)
    Plaintiffs' Counsel

JACOBSEN LAW OFFICES LLC
By:  Kenneth A. Jacobsen
Pa. Atty. I.D. No. 31208
12 Orchard Lane
Wallingford, PA  19086
(610) 566-7930                                  Attorney for Plaintiff

---

| | |
|---|---|
| **FRANCIS J. FARINA,** | COURT OF COMMON PLEAS |
| on behalf of himself and all        : | PHILADELPHIA COUNTY |
| others similarly situated, | |
| : | APRIL TERM, 2001 |
| *Plaintiff,* | NO. 2527 |
| : | |
| v. | |
| : | CLASS ACTION |
| **NOKIA, INC.**, et al., | |
| : | JURY TRIAL DEMANDED |
| *Defendants.* | |
| : | |

## STIPULATION TO AMEND COMPLAINT AND DISMISS FEWER THAN ALL DEFENDANTS

WHEREAS, Plaintiff filed a Second Amended Complaint in this action on

December 23, 2005;

WHEREAS, Plaintiff's Second Amended Complaint named LG Electronics, Inc.

and LG Electronics U.S.A., Inc. as defendants in this action;

WHEREAS, Plaintiff's counsel has been informed that LG Electronics U.S.A.,

Inc. is not a proper party to this lawsuit, that LG Electronics, Inc. is a Korean company

which has not to date been served, and that LG Electronics Mobilecomm U.S.A., Inc. is

the party Plaintiff intended to name;

WHEREAS, Plaintiff has agreed to dismiss LG Electronics, Inc. and LG

Electronics U.S.A., Inc. from this action without prejudice;

WHEREAS, Plaintiff wishes to name LG Electronics Mobilecomm U.S.A., Inc. as a defendant in this action;

WHEREAS, the parties do not intend for this Stipulation to alter the agreed upon deadline of January 31, 2006 for defendants other than LG Electronics Mobilecomm U.S.A., Inc. to respond to the operative complaint;

The parties, by and through their undersigned counsel, and pursuant to Rules 229, 1033 and 2232 of the Pennsylvania Rules of Civil Procedure, hereby stipulate and agree as follows:

1.    LG Electronics, Inc. and LG Electronics U.S.A., Inc. are hereby dismissed from this action;

2.    Plaintiff hereby files the attached Third Amended Complaint naming LG Electronics Mobilecomm U.S.A., Inc. as a defendant, amending the captions accordingly, and changing all references to LG Electronics, Inc. and/or LG Electronics U.S.A., Inc. in Plaintiff's Second Amended Complaint to LG Electronics Mobilcomm U.S.A., Inc., but making no other changes.

3.    Counsel for LG Electronics Mobilecomm U.S.A., Inc. agrees that it will waive formal service of process and accept service of process of Plaintiff's Third Amended Complaint, which is attached hereto, as of the date of this Stipulation, but waives no other rights, defenses, or privileges.

2

4.    The defendants other than LG Electronics Mobilecomm U.S.A., Inc. will answer, move or otherwise plead to the complaint, as hereby amended, by January 31, 2006.

January 20, 2006

JACOBSEN LAW OFFICES LLC

By: Kenneth A. Jacobsen
    Attorney I.D. No. 31208
    12 Orchard Lane
    Wallingford, PA 19086
    (610) 566-7930

    Attorney for Plaintiff


David G. C. Arnold
Royal Bank Plaza
Suite 109
915 Montgomery Avenue
Narberth, Pennsylvania 19072
(484) 562-0008
      and
Daniel H. Weiner
Josiah S. Trager
Hughes Hubbard & Reed LLP
One Battery Park Plaza
New York, New York 10004
(212) 837-6000

Attorneys for Defendant
LG Electronics Mobilcomm U.S.A., Inc.

3

4.    The defendants other than LG Electronics Mobilecomm U.S.A., Inc. will answer, move or otherwise plead to the complaint, as hereby amended, by January 31, 2006.

January 20, 2006

**JACOBSEN LAW OFFICES LLC**

By: Kenneth A. Jacobsen
    Attorney I.D. No. 31208
    12 Orchard Lane
    Wallingford, PA 19086
    (610) 566-7930

    Attorney for Plaintiff

David G. C. Arnold
Royal Bank Plaza
Suite 109
915 Montgomery Avenue
Narberth, Pennsylvania 19072
(484) 562-0008
    and
Daniel H. Weiner
Josiah S. Trager
Hughes Hubbard & Reed LLP
One Battery Park Plaza
New York, New York 10004
(212) 837-6000

Attorneys for Defendant
LG Electronics Mobilecomm U.S.A., Inc.

3

**DRINKER BIDDLE & REATH LLP**

_Susan M. Roach_

Seamus C. Duffy
Attorney I.D. No. 52501
Susan M. Roach
Attorney I.D. No. 83211
Drinker Biddle & Reath LLP
One Logan Square
18th & Cherry Streets
Philadelphia, PA 19103

**Attorneys for Defendants**
**Cingular Wireless LLC and**
**AT&T Wireless Services, Inc.**

_Robert C. Heim_

Robert C. Heim (Att. I.D. No. 15758)
R. David Walk, Jr. (Att. I.D. No. 43549)
Dechert LLP
Cira Centre
2929 Arch Street
Philadelphia, PA 19104-2808
(215) 994-4000

Pro Hac Vice Counsel:
Jane F. Thorpe
Scott A. Elder
ALSTON & BIRD LLP
One Atlantic Center
1201 West Peachtree Street
Atlanta, GA 30309-3424
(404) 881-7000

**Attorneys for Defendant Cellco Partnership**
**d/b/a Verizon Wireless**

4

_Robert L. Ebby /Sej_

Mark A. Aronchik
Robert L. Ebby
Hangley Aronchick Segal & Pudlin
One Logan Square -- 27th Floor
Philadelphia, PA 19103-6933
215.496.7053 (direct)
215.568.0300 (fax)

Pro Hac Vice Counsel:
Charles L. Babcock
David T. Moran
Ryan C. Wirtz
Jackson Walker L.L.P.
901 Main Street, Suite 6000
Dallas, Texas 75202

**Attorneys for Defendant
Ericsson Inc.**

_Walter L. McDonough /Sej_

Walter L. McDonough
Swartz Campbell LLC
1601 Market Street
34th Floor
Philadelphia, PA 19103

**Attorneys for Defendant
Sprint Spectrum, L.P.
(incorrectly designated in Plaintiffs'
Complaint as "Sprint PCS LP")**

5

_Craig E. Ziegler /sy_

Craig E. Ziegler
Montgomery, McCracken, Walker
  & Rhoads, LLP
123 South Broad Street
Philadelphia, PA  19109


**Attorneys for Defendant**
**Audiovox Communications Corporation**

_Theodore C. Flowers /sy_

Walter H. Swayze
Theodore C. Flowers
Segal, McCambridge, Singer & Mahoney, Ltd.
United Plaza
30 South 17th Street, Suite 1700
Philadelphia, PA  19103


**Attorneys for Defendant**
**Matsushita Electric Corporation of America**
**(incorrectly identified as Matsushita**
**Corporation of America a/k/a Panasonic**
**Corporation)**

_Reena E. Parambath /sy_

Thomas P. Wagner
Reena E. Parambath
Rawle & Henderson LLP
The Widener Building
One South Penn Square
Philadelphia, PA  19107


**Attorneys for Defendant**
**Philips Electronics North America**
**Corporation**

6

*Jana M. Landon /Sej*

Daniel T. Fitch
Jana M. Landon
Stradley, Ronon, Stevens & Young, LLP
2600 One Commerce Square
Philadelphia, PA 19103

Pro Hac Vice Counsel:
John B. Isbister
Harold Walter
Tydings & Rosenberg LLP
100 East Pratt Street
26th Floor
Baltimore, MD 21202
(410) 752-9714
(410) 727-5460

**Attorneys for Defendant
Samsung Telecommunications America, L.P.**

*Rochelle M. Fedullo /Sej*

Rochelle M. Fedullo
Wilson, Elser, Moskowitz, Edelman
& Dicker LLP
The Curtis Center, Suite 1130E
Philadelphia, PA 19106

**Attorneys for Defendant
SANYO North American Corporation**

*Howard D. Scher /Sej*

Howard D. Scher
Nicole J. Williams
Buchanan Ingersoll PC
1835 Market Street, 14th Floor
Philadelphia, PA 19103

**Attorneys for Defendant
Cellular One Group**

7

_Eugene A. Schoon /sej_

Susan Herschel, Esquire
The Hoyle Law Firm
One South Broad Street
Suite 1500
Philadelphia, PA 19107

Pro Hac Vice Counsel:
Eugene A. Schoon
Tamar B. Kelber
Sidley Austin LLP
One South Dearborn Street
Chicago, Illinois  60603

**Attorneys for Defendant
T-Mobile, USA, Inc. f/k/a
VoiceStream Wireless Corporation**

_Lisa A. Mathewson /sej_

Robert E. Welsh, Jr.
Lisa A. Mathewson
Welsh & Recker, P.C.
2000 Market Street, Suite 2903
Philadelphia, PA  19103
(215) 972-6430

**Attorneys for Defendant
CTIA – The Wireless Association®**

_Ronald P. Schiller /sej_

Ronald P. Schiller
Daniel J. Layden
DLA Piper Rudnick Gray Cary US LLP
One Liberty Place, Suite 4900
1650 Market Street
Philadelphia, PA  19103

**Attorneys for Defendant
Motorola, Inc.**

8

_Howard M. Klein /Sej_
William J. O'Brien
Howard M. Klein
Edward J. Murphy
Conrad O'Brien Gellman & Rohn, PC.
1515 Market Street, 16th Floor
Philadelphia, PA  19102

Pro Hac Vice Counsel:
James Ulwick
Kramon & Graham, P.A.
One South Street, Suite 2600
Baltimore, MD 21202-3201
(410) 752-6030

**Attorneys for Defendant
NEC America, Inc.**

_John T. Toner /Sej_
John T. Toner
Seyfarth Shaw LLP
815 Constitution Ave., N.W., Suite 500
Washington, D.C. 20006

**Attorneys for Defendant
Telecommunications Industry Association**

_Robert J. Hafner /Sej_
Robert J. Hafner
Eckert, Seamans, Cherin & Mellott, LLC
1515 Market Street, 9th Floor
Philadelphia, PA  19103

**Attorneys for Qualcomm, Incorporated
and Sony Electronics Inc.**

9

*Steven A. Heber/sy*

Steven A. Haber
Obermayer, Rebmann, Maxwell & Hippel, LLP
One Penn Center
1617 John F. Kennedy Boulevard, 19th Floor
Philadelphia, PA 19103-1895

**Attorneys for Nextel Communications of the
Mid-Atlantic, LLC, Nextel Boost of the Mid-
Atlantic LLC, Nextel West Corp., Nextel Boost
West, LLC**

*Madeline Sherry / Sy*

Madeline Sherry
Gibbons, Del Deo, Dolan, Griffinger &
Vecchione, P.C.
1700 Two Logan Square
18th and Arch Streets
Philadelphia, PA 19103-2709

Pro Hac Vice Counsel:
Steven M. Zager, Esquire
Akin Gump Strauss Hauer & Feld LLP
1111 Louisiana Street, 44th Floor
Houston, Texas 77002-5200

Lance T. Lackey, Esquire
Akin Gump Strauss Hauer & Feld LLP
3000 West 6th Street, Suite 2100
Austin, Texas 78701-3911

**Attorneys for Defendant Nokia Inc.**

**SO ORDERED** this ___ day of January, 2006.

BY THE COURT:

_____ J.

10

## CERTIFICATE OF SERVICE

I, Kenneth A. Jacobsen, hereby certify that on January 30, 2006, I caused a true

and correct copy of the foregoing Stipulation to be served via telecopy and e-mail on

liaison counsel for defendants as follows:

Seamus C. Duffy, Esquire
**BRINKER BIDDLE & REATH LLP**
One Logan Square
18th and Cherry Streets
Philadelphia, PA 19103

Dated: January 31, 2006

Kenneth A. Jacobsen

# EXHIBIT R

| | |
|---|---|
| **Subj:** | **Fwd: Original of Stip** |
| **Date:** | **1/31/06** |
| **To:** | nancy.marvel@dbr.com |
| **CC:** | Seamus.Duffy@dbr.com |

**Nancy—The Messenger just left with the Stipulation (I used a clean copy, with an original signature) so it should be filed in the Prothy's office by no later than 2:30 p.m. I did not want to amend, and should have stuck with my instincts, rather than create this eleventh hour crunch. Ken**

# EXHIBIT S

Case 1:01-md-01421-CCB    Document 203-2    Filed 04/30/2007    Page 114 of 137



Standards Development    **Policy & Advocacy**    Business Opportu



Member Directory
Submit Member News
Member Benefits
TIA Events
TIA Newsroom

## Member Directory Search

**19 Records where State = 'PA'.**

| Company | City |
|---------|------|
| Bel Stewart Connectors | Glen Rock |
| C&D Technologies, Inc. | Blue Bell |
| Chorus Call, Inc. | Monroeville |
| Circadiant Systems | Allentown |
| Cobra Wire & Cable, Inc. | Hatboro |
| East Penn Manufacturing Co. Inc. | Lyon Station |
| ECI Telecom Data Networking Div. | Pittsburgh |
| EMKA Inc. | Middletown |
| EnerSys Inc. | Reading |
| Henkels & McCoy Inc. | Blue Bell |
| InterDigital Communications Corp | King of Prussia |
| Marconi | Warrendale |
| Nexans DBA Berk-Tek | New Holland |
| Phoenix Contact | Middletown |
| TruePosition | Berwyn |
| TTM Development Co. | Lansdale |
| Tyco | Harrisburg |
| WK3C Wireless LLC | Emmaus |
| Yazaki NA Inc., Y-Connect Oper. | Middletown |

**Return to search**

**Conditions and Disclaimer of Database Use**

This database updates nightly. Your company must be an active member of TIA to joi

Users of this site must make their own evaluation of the suitability of products and ser
contacting the companies and making decisions on the information that they provide,
provides.

# EXHIBIT T




### CTIA Membership
*A Department of CTIA—The Wireless Association®*

**Home**

**About CTIA**

**Membership**

Overview
Member Benefits
Current Members
Membership Categories
Membership Applications
Membership FAQs
Members Only

**Industry Topics**

**Wireless News**

**Conventions & Events**

**Research & Statistics**

**Wireless Resources**







## OVERVIEW

### Who We Are

CTIA - The Wireless Association, is the international organization that represents all sectors of wireless communications – cellular, personal communication services and enhanced specialized mobile radio. As a nonprofit membership organization founded in 1984, we represent service providers, manufacturers, wireless data and Internet companies and other contributors to the wireless universe.

### What We Do For You

CTIA vigorously represents our members' interests with policymakers in the Executive Branch, the Federal Communications Commission, Congress, the States, and the Courts.

CTIA works with our members to shape the issues they care about – from minimizing regulatory mandates to influencing spectrum management, from enhancing security to reining in taxation, and from expanding the wireless Web to defending network performance and capabilities.

CTIA is a forum for manufacturers, suppliers and providers of new information, entertainment and communications services to come together to push the boundaries of the wireless frontier. We are an aggressive advocate working to protect and expand the market so that all new products and services can reach the marketplace.

CTIA monitors industry trends, speaks out to protect your business, publishes market research, promotes the excitement of wireless products and services to the media, provides the industry's two premier marketplaces, produces consumer education information, and launches industry-led initiatives to put the wireless industry's best corporate face forward.

Everyday more than 200,000 wireless phone calls are made to 9-1-1. That is why the VITA Wireless Samaritan Awards are presented



CTIA is the international association for the wireless telecommunications industry, dedicated to expanding the wir

**Home**

**About CTIA**

**Membership**
Overview
Member Benefits
Current Members
Membership Categories
Membership Applications
Membership FAQs
Members Only

**Industry Topics**

**Wireless News**

**Conventions & Events**

**Research & Statistics**

**Wireless Resources**





The CALL TO PROTECT® initiative is committed to helping charities campaigning against domestic violence. More than 36,000 phones, with



# CTIA Membership

*A Department of CTIA—The Wireless Association®*

## MEMBERSHIP CATEGORIES

General Member – Carrier

Carrier Members hold a license or construction permit, or have a reasonable expectation of receiving an authorization to offer commercial mobile service from the FCC or other North American regulatory body. Annual dues are based on the company's gross wireless revenue in North America multiplied by a revenue dues multiplier.

General Member – Supplier

Supplier Members are companies that provide services or equipment to the commercial mobile radio services industry; and companies that provide wireless Internet related products and services or engage in wireless Internet business actvities. Annual dues are based on the company's gross wireless revenue in North America multiplied by a revenue dues multiplier.

Associate Member

Associate Members are companies who provide wireless service beyond North America, Consultants, Resellers, Academia, Law Firms, Engineers and others working in the wireless industry.





## CTIA Membership
### A Department of CTIA-The Wireless Association®

## CTIA Member Organizations

### Carrier-GM Members

* Alaska Communications Systems
* ALLTEL
* Aloha Partners
* Bluegrass Cellular, Inc.
* Carolina West Wireless
* Cellcom
* Cellular One of Amarillo
* Cellular Properties Inc, dba Cellular One
* Cellular South
* Centennial Communications Corp.
* Cincinnati Bell Wireless
* Cingular Wireless
* Citizens Mohave Cellular
* Dobson Communications Corporation
* Douglas Telecommunications Inc.
* East Kentucky Network LLC dba Appalachian Wireless
* Edge Wireless LLC
* Farmers Wireless
* First Cellular of Southern Illinois
* GUAMCELL Communications
* Gulf Coast Wireless Limited Partnership
* Highland Cellular Inc.

* Illinois Valley Cellular
* Inland Cellular Telephone Compa
* Leap Wireless
* Midwest Wireless
* Mobile Satellite Ventures
* MTA Wireless
* MTS Communications, Inc.
* Nex-Tech Wireless, LLC
* NTELOS, Inc.
* Pioneer/Enid Cellular
* Rural Cellular Corporation
* Smith Bagley, Inc. DBA Cellular C
* SouthernLINC Wireless
* Sprint Nextel
* Suncom Wireless Holdings
* SureWest Wireless
* T-Mobile USA
* TracFone Wireless, Inc
* U.S. Cellular
* Union Telephone Company
* Verizon Wireless
* Westlink Communications, Inc.

### Sup-GM Members

* @Road
* 724 Solutions
* Aeris.Net
* Air2Web Inc.

* Mobile 365
* Motorola
* Motricity
* mxFocus.com





Everyday more than
200,000 wireless phone
calls are made to 9-1-1.
That is why the VITA
Wireless Samaritan
Awards are presented

annually to honor people across the United States who used their wireless phone to save lives, stop crime and help in emergencies.

VITA
Wireless Samaritan Awards

**Upcoming Events**

**Wireless Telecommunications Symposium 2006**
April 27-29, 2006

**Wireless Enterprise Summit 2006**
May 8-10, 2006

**Global Mobile 2006**
June 14-16, 2006

- AirCell, Inc.
- AIRVANA
- America Online, Inc.
- AnyDATA, Inc
- ArrayComm LLC
- Asurion
- ATI Technologies Inc.
- BenQ America Corporation
- BeVocal, Inc
- Bluefire Security Technologies
- Bluestreak Network
- Boston Communications Group, Inc
- Brightstar Corporation
- Broadbeam Corporation
- Bytemobile, Inc.
- Cibernet
- Cisco Systems, Inc.
- Compact Power Systems, Inc.
- Comverse Technology, Inc.
- DigiCell International Inc.
- Digit Wireless, LLC
- Difji Corp.
- Disney Mobile
- EMC Test Systems, L.P., (ETS-Lindgren)
- Ericsson, Inc.
- Essex Corporation
- eWingz Systems, Inc.
- First Avenue Networks, Inc.
- Gemplus Corporation
- Glenayre Technologies, Inc
- Global Locate, Inc.
- Haier America
- Hewlett-Packard Co.
- HOBI International, Inc.
- InfoSpace
- Infrastructure Solutions, LLC
- Intel
- InterOP Technologies, LLC
- Intrado, Inc
- IPWireless, Inc

- Nokia, Inc.
- Nortel Networks Corporation
- OnStar
- Openwave Systems, Inc.
- Parrot Inc.
- Parsons
- PCTEL, Inc.
- PCTest Engineering
- Pharos Science & Applications, In
- Power Products Unlimited, Inc.
- Product Quality Partners, Inc.
- Promptu
- Purcell Systems, Inc.
- Qpass
- Qsent, Inc.
- QUALCOMM, Inc.
- RadioFrame Networks, Inc.
- Recellular, Inc,
- RemoteMDx Inc.
- Research In Motion Limited (RIM)
- Samsung Telecommunications An
- Seven Networks, Inc.
- Siemens COM
- Smith Micro Software, Inc.
- SMS.ac, Inc
- SquareLoop, Inc.
- Sybase, Inc
- Syniverse Technologies, Inc
- Targus Info
- Telcordia Technologies, Inc
- Tele Atlas
- TeleCommunication Systems, Inc
- Telephia, Inc.
- Tellabs
- Telular Corp.
- TensorComm, Inc.
- TestQuest, Inc.
- Texas Instruments, Inc.
- The Howland Company, Inc
- The NPD Group

* ISCO International
* Jumbuck Entertainment LTO
* Level 3 Communications
* LG Electronics MobileComm USA, Inc.
* Lucent Technologies
* m-Qube, Inc.
* M: Metrics, Inc
* MapInfo Corporation
* Meru Networks
* Microsoft Corporation

* The Weather Channel
* Upoc Networks
* UTStarcom Personal Communicat
* Vanu, Inc.
* VeriSign Communications Service
* Vidiator Technology (US) Inc
* WiderThan
* Wireless Facilities, Inc
* Wireless Services Corporation
* Wireless Test Systems

## Associate Members

* Accenture LLP
* Actix
* AeroVoice
* airwide solutions
* Alcatel
* American Roamer Company, Inc.
* Amistar Telecom Inc
* Amoi Electronics, Inc
* Andrew Corporation
* Anritsu Company
* ATC Logistics & Electronics
* BearingPoint, Inc
* Bechtel Telecommunications
* Birdstep Technology, Inc
* Brightpoint, Inc.
* Buongiorno Vitaminic Spa
* Cambridge Silicon Radio (CSR)
* Cantor Fitzgerald / ESpeed, Inc.
* Cap Gemini Ernst & Young
* Cascada Mobile
* CDMA Development Group
* CellStar
* Cellxion, Inc.
* CETECOM INC.
* CH2M Hill
* Comarco Wireless Technologies, Inc.
* CommScope Inc.
* Convergys Corporation

* Multi-Tech Systems, Inc.
* MVN GO
* Narus
* NAVTEQ
* NeuStar, Inc.
* News IQ Inc.
* NTT DoCoMo USA, Inc.
* Palm, Inc
* Panasonic Computer Solutions Cc
* PCI Marketing Progressive Conce
* PCS Wireless
* Picsel Technologies
* Plateau Telecommunications
* PowerNet Global Communications
* Powerwave Technologies, Inc.
* Premium Power Corporation
* Progressive Telecom, Inc.
* Racal Instruments, Inc.
* Radio Frequency Systems
* RF Micro Devices
* Rohde & Schwarz
* Sage Instruments
* Salmon PCS LLC
* SATIMO
* SES Americom
* SETAR-Servicio Di Telecomunicac
* Sierra Wireless, Inc.
* Sigma Communications, LLC

* CSI Shelter Technologies
* Daniels & Associates
* Deloitte & Touche, LLP.
* Eastern Research, Inc.
* eBay, Inc.
* EMS Wireless
* EnerSys
* Entriq, Inc
* ERM - Environmental Resource Management
* ESRI
* Fibrebond Corporation
* Freescale Semiconductor
* Futurewei Technologies, Inc.
* GENERAC Power Systems, Inc.
* Hop - On Wireless
* Immersion Corporation
* INFONXX, Inc.
* InfoSonics Corporation
* InPhonic, Inc
* Intec Telecom Systems
* InterDigital Communications Corporation
* Intertek - ETL SEMKO
* Jumptap, Inc.
* Kathrein Inc. Scala Division
* Keynote Systems Inc.
* Ki-Bi
* LCC International, Inc.
* LetsTalk
* LogicaCMG plc
* Logitech
* Lukas, Nace, Gutierrez & Sachs
* Master Merchant Systems
* mBlox, Inc.
* Metrico Wireless
* Mobitv, Inc
* Mobliss, Inc

* Skyworks Solutions, Inc
* SnapIn
* Source Check, LTD
* SPEAG (Schmid & Partner Eng. A
* Strax, Inc
* Summitek Instruments, Inc.
* Superior Communications
* Symbian
* Synchronoss Technologies
* TECORE, Inc.
* TEKELEC
* Tele-Mobile Company
* Teleca USA
* Telecommunications Technology .
* TenXc Wireless
* TESSCO Technologies Incorporate
* The Management Network Group.
* The Shosteck Group
* The Signal Holdings
* Tira Wireless Inc.
* Transaction Network Services
* Travel Guard International
* Ubiquity Software Corporation
* UIEvolution, Inc.
* UIQ Technology
* USA Wireless Solutions
* Vodafone Americas Inc.
* Wherify Wireless, Inc
* Wiley Rein & Fielding LLP
* Wilkinson Barker Knauer, LLP
* Willkie Farr & Gallagher
* Wilson Electronics, Inc
* Wireless One, Inc.
* Wireless Works
* Xentris, LLC
* ZTE USA, Inc.

Site Map      Contact Us      Terms Of Use      Privacy Policy      Text only
CTIA 1400 16th Street, NW, Suite 600, Washington D.C. 20036   202.785.0081

http://www.ctia.org/membership/ctia_members/index.cfm                4/4/06

# The Companies

## Signal Holdings



In 1984, The Signal was formed as an insurance agency to address the specialized needs of the emerging wireless industry. The Company functioned as third-party administrator for the claims payment of named peril and all risk insurance policies on wireless phones. As part of a strategy to create a closed loop environment, Telecom RE was created in 1994 to participate in the underwriting of the Wireless program, and CWork Solutions was created in 1999 to handle repair and replacement of wireless phones.

Signal Holdings was formed in 2002 through the fusion of The Signal, an early innovator in wireless claims administration, CWork Solutions, a wireless phone repair and logistic services company formed to create closed loop service delivery, Service Contract Solutions, an extended service contract and administration company and Telecom Re, a Bermuda reinsurance captive.

Contact Us    HOME    Privacy Policy    Copyright© Signal Holdings® 2004

# Contact Us

If you have any questions about this privacy statement or would like to learn more about how we protect the confidentiality of personal information, please consult our website, www.thesignal.com, or write to us at Signal Holdings, 151 S. Warner Rd, Suite 200, Wayne, PA 19087-2195.

For general business or sales questions or to contact us by phone, please call 1-888-822-2572.

Contact Us    HOME    Privacy Policy    Copyright©   Signal Holdings® 2004





# About The Signal

The Signal insurance program was created 20 years ago to meet the rapidly growin the wireless telecommunications industries to insure wireless equipment. And, beca policies don't usually cover wireless equipment, The Signal provides low cost insura wireless equipment against theft, loss, damage and mechanical or electrical failure.

**Address**

151 S. Warner Road
Suite 200
Wayne, PA 19087
insuranceinfo@thesignal.com

**For more informtion on The Signal and its parent company Signal Holdings vi holdings.com.**

CA LICENSE #0B03654
All Rights Reserved
CONTACT US  PRIVACY POLICY

Copyright© 2004

# EXHIBIT U



Case 1:01-md-01421-CCB    Document 203-2    Filed 04/30/2007    Page 127 of 137

| | |
|---|---|
| **Gemplus Corp. - 1) General Information**<br>For general information for North America<br>USA | Phone: +1 (888) 436-7627<br>Fax: |
| **Gemplus Corp. - 2) Main Office Telecom & Wireless Services**<br>16633 N. Dallas Parkway, Suite 450<br>Addison, TX 75001<br>USA | Phone: +1 972 726 1870<br>Fax: +1 972 726 1868 |
| **Gemplus Corp. - 3) Main Office Financial & Security Services**<br>Keith Valley Business Center<br>One Progress Drive, 2nd Floor<br>Horsham, PA 19044<br>USA | Phone: +1 215 390 2000<br>Fax: +1 215 390 2353<br><br>▨ Download map |
| **Gemplus Corp. - 4) Gemplus U.S. Federal office**<br>Suite 260<br>1655 Fort Myer Drive<br>Arlington, VA 22209<br>USA | Phone: +1 (877) 291-1312<br>Fax: +1 (703) 373-5080<br><br>▨ Download map |
| **Gemplus Corp. - 6) Manufacturing Plant**<br>101 Park Drive<br>Montgomeryville<br>PA. 18936-9618<br>USA | Phone: +1 215 390 2000<br>Fax: +1 215 390 2353<br><br>▨ Download map |

## Pacific Asia

| | |
|---|---|
| **LM Gemplus Pty Ltd (Melbourne Office)**<br>1144 Nepean Highway<br>Highett VIC 3190<br>AUSTRALIA | Phone: +61 3 9556 9428<br>Fax: +61 3 9555 8179 |

# EXHIBIT V



**IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY**
**FIRST JUDICIAL DISTRICT OF PENNSYLVANIA**
**CIVIL TRIAL DIVISION**

| | |
|---|---|
| *FARINA* | *April Term 2001* |
| *VS* | *No. 02527* |
| *NOKIA INC ETAL* | |

### CLASS ACTION PROGRAM
### NOTICE OF RESCHEDULED CASE MANAGEMENT CONFERENCE
### AND REASSIGNMENT TO JUDICIAL TEAM LEADER JOSEPH DYCH

The case management conference for the above captioned matter has been

administratively rescheduled to Wednesday, February 15, 2006, at 10:00 AM, in Courtroom 426

City Hall, Philadelphia, PA 19107.

Plaintiff's counsel is directed to serve a copy of this notice on all counsel of record, any

attorney entering an appearance subsequent to the issuance of this notice and any party

unrepresented. Counsel must be prepared to address all relevant issues.

Questions concerning this notice and its contents should be directed to Ellen Glass,

Esquire, Program Coordinator, Room 143 City Hall, Philadelphia, Pa. 19107, in writing via

facsimile at 215-686-9566.

*BY THE COURT:*

*JOSEPH DYCH, J.*
*TEAM LEADER*

\NMM87721 (Rev 5/05)

# EXHIBIT W

IN THE COURT OF COMMON PLEAS
OF PHILADELPHIA COUNTY

RECEIVED SEP 2 1 2005

CIVIL TRIAL DIVISION

COPIES SENT
PURSUANT TO Pa.R.C.P. 236(b)

SEP 1 9 2005

FIRST JUDICIAL DISTRICT OF PA
USER I.D. _____

DOCKETED
COMPLEX LIT CENTER

SEP 1 9 2005

J. STEWART

FARINA          :    APRIL TERM, 2001

vs.           :

             :

NOKIA INC, ET AL.    :    NO. 2527

CLASS ACTION INITIATION ORDER

AND NOW, this 15th day of September, 2005, a Class Action having been
commenced, it is hereby ORDERED as follows:

1.    The above captioned Class Action is assigned to the Class Action
Program, the Honorable Mark I. Bernstein, Team Leader.

2.    All parties are directed to appear at a Case Management Conference
rescheduled on Monday, October 17, 2005, beginning at 10:00 a.m. before
the Honorable Mark I. Bernstein in Courtroom 246, City Hall,
Philadelphia, PA.

3.    All parties are directed to be prepared to discuss the following issues:
substance of the claim; discovery needed; and Certification as a Class
Action.

4.    Counsel for the Plaintiff is directed to serve a copy of this Order upon all
other parties and any attorney entering an appearance subsequent to the
issuance of this Order.

Questions concerning this Order may be directed to Mary McGovern in writing

via facsimile (215) 686-5137.

BY THE COURT

MARK I. BERNSTEIN, J.

# EXHIBIT X

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| J. Douglas Pinney, M.D., et al., | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Civil Action No. 1:06-CV-468 |
| | ) |
| Nokia, Inc., et al., | ) |
| Defendants. | ) |

### AGREED ORDER

THIS MATTER COMING TO BE HEARD on agreement of the parties, it is hereby

Ordered that:

This Case is DISMISSED without prejudice pursuant to Rule 41(a)(2), with all parties

to pay their own costs, under the following condition: if the named plaintiffs in the current or

any former action, J. Douglas Pinney, M.D., Gino Anthony Cammarata, Michael J. Haley,

Richard Colonell, Patricia S. Colonell, and Linda Barrell, should re-file this action against

any of the defendants, or should file against any of the defendants any putative class claims

involving the same or similar allegations as set forth in this action's second amended

complaint, the named plaintiffs must re-file the action in a United States District Court.

April 6, 2006                         /s/
                          Judge Catherine C. Blake
                          United States District Court

## BEFORE THE JUDICIAL PANEL
## ON MULTIDISTRICT LITIGATION


**IN RE WIRELESS TELEPHONE**    )
**RADIO FREQUENCY**    )    **MDL Docket No. 1421**
**LITIGATION**    )

This Document Relates To:

    *Farina v. Nokia, Inc.*, Civil Action No. 2:06-724 (E.D. Pa.).

### CERTIFICATE OF SERVICE

    I hereby certify that on the date listed below, I served copies of Plaintiff's Motion to

Vacate Conditional Transfer Order together with Plaintiff's supporting Brief and Exhibits on all

counsel on the attached Panel Service List by depositing same in the United States Mail, First

Class postage prepaid.


Dated: April 7, 2006

                                            Kenneth A. Jacobsen

# PANEL SERVICE LIST (CTO-6)
## DOCKET NO. 1421
## IN RE WIRELESS TELEPHONE RADIO FREQUENCY EMISSIONS PRODUCTS LIABILITY LITIGATION

*Francis J. Farina v. Nokia, Inc., et al.,* E.D. Pennsylvania, C.A. No. 2:06-724  (Judge John R. Padova)

Michael R. Allweiss
Lowe, Stein, Hoffman, Allweiss
& Hauver
One Shell Square
701 Poydras Street
Suite 3600
New Orleans, LA 70139-7735

Charles L. Babcock
Jackson & Walker, L.L.P.
901 Main Street
Suite 6000
Dallas, TX 75202

James W. Bartlett, III
Semmes, Bowen & Semmes
250 West Pratt Street
Baltimore, MD 21201

Raymond B. Biagini
McKenna, Long & Aldridge, L.L.P.
1900 K Street, N.W.
Washington, DC 20006-1108

Jameson B. Carroll
King & Spalding, LLP
191 Peachtree Street, N.E.
Atlanta, GA 30303

Francis A. Citera
Greenberg Traurig, LLP
77 West Wacker Drive
Suite 2500
Chicago, IL 60601

Edward M. Crane
Skadden, Arps, Slate, Meagher
& Flom, LLP
333 West Wacker Drive
Suite 2100
Chicago, IL 60606

Seamus C. Duffy
Drinker, Biddle & Reath, L.L.P.
One Logan Square
18th & Cherry Streets
Philadelphia, PA 19103-6996

Leon Gary, Jr.
Jones, Walker, Waechter, et al.
Four United Plaza
8555 United Plaza Boulevard, 5th Floor
Baton Rouge, LA 70809

Scott A. Hanfling
Kane Laduzinsky & Mendoza, Ltd.
225 West Washington, Suite 1100
Chicago, IL 60606

Carl B. Hilliard, Jr.
Law Office of Carl B. Hilliard, Jr.
1246 Stratford
Del Mar, CA 92014

Mark F. Horning
Steptoe & Johnson, LLP
1330 Connecticut Avenue, N.W.
Washington, DC 20036

James B. Irwin, V
Irwin Fritchie Urquhart & Moore, LLC
400 Poydras Street
Suite 2700
New Orleans, LA 70130

John B. Isbister
Tydings & Rosenberg, LLP
100 East Pratt Street
26th Floor
Baltimore, MD 21202

Mark H. Kolman
Dickstein, Shapiro, Morin  Oshinsky, LLP
2101 L Street, N.W.
Suite 800
Washington, DC 20036

Michael D. Moeller
Shook, Hardy & Bacon, LLP
255 Grand Blvd.
Kansas City, MO 64108

Nathan I. Nahm
Hughes, Hubbard & Reed, LLP
One Battery Park Plaza
New York, NY 10004

Richard E. Regan
Cellular Rentals, Inc.
3324 North Causeway Boulevard
Metairie, LA 70002

John A. Stewart, Jr.
Hulse & Wanek
1010 Common Street, Suite 2800
New Orleans, LA 70112

Pete Swayze
Segal, McCambridge, Singer
& Mahoney, Ltd.
1515 Market Street
Suite 1720
Philadelphia, PA 19102

Ralph A. Taylor, Jr.
Dorsey & Whitney, LLP
1001 Pennsylvania Avenue, N.W.
Suite 400 South
Washington, DC 20004

Marchell Willian
Kirkland & Ellis, LLP
200 East Randolph Drive
Suite 5800
Chicago, IL 60601

Steven M. Zager
Akin, Gump, Strauss, Hauer
& Feld, LLP
1111 Louisiana Street
44th Floor
Houston, TX 77002

David G.C. Arnold
915 Montgomery Avenue
Royal Bank Plaza
Suite 109
Narberth, PA 19072

Mark A. Aronchick
Hangley, Aronchick, Segal
& Pudlin
One Logan Square, 27th Floor
Philadelphia, PA 19103

Michael D. Donovan
Donovan Searles, LLC
1845 Walnut Street, Suite 1100
Philadelphia, PA 19103

Rochelle M. Fedullo
Wilson, Elser, Moskowitz,
Edelman & Dicker, LLP
The Curtis Center
Suite 1130 East
Independence Square West
Philadelphia, PA 19106

Daniel T. Fitch
Stradley, Ronon, Stevens & Young
2600 One Commerce Square
Philadelphia, PA 19103-7098

Theodore C. Flowers
Segal, McCambridge, Singer
& Mahoney, Ltd.
30 South 17th Street
Suite 1700
Philadelphia, PA 19103

Steven A. Haber
Obermayer, Rebmann, Maxwell
& Hippel, LLP
1617 John F. Kennedy Boulevard
19th Floor
Philadelphia, PA 19103

Robert J. Hafner
Eckert Seamans Cherin & Mellott, LLC
1515 Market Street
Ninth Floor
Philadelphia, PA 19102

Susan K. Herschel
Hoyle Fickler Herschel & Mathes, LLP
One South Broad Street
Suite 1500
Philadelphia, PA 19107

Kenneth A. Jacobsen
Jacobsen Law Offices, LLC
12 Orchard Lane
Wallingford, PA 19086

Lance T. Lackey
Akin, Gump, Strauss, Hauer
& Feld, LLP
3000 West 6th Street
Suite 2100
Austin, TX 78701

Daniel J. Layden
DLA Piper Rudnick Gray Cary US LLP
One Liberty Place
1650 Market Street
Suite 4900
Philadelphia, PA 19103-7300

Lisa A. Mathewson
Welsh & Recker, P.C.
2000 Market Street
Suite 2903
Philadelphia, PA 19103

Walter L. McDonough
Swartz, Campbell & Detweiler
1601 Market Street
34th Floor
Philadelphia, PA 19103

Glenn E. Mintzer
Law Offices of Peter G. Angelos, P.C.
One Charles Center
100 North Charles Street
Baltimore, MD 21201-3804

Edward J. Murphy, Jr.
Conrad, O'Brien, Gellman & Rohn, PC
1515 Market Street
16th Floor
Philadelphia, PA 19102

Joseph A. O'Keefe
O'Keefe & Sher, P.C.
15019 Kutztown Road
Kutztown, PA 19530-9276

Reena E. Parambath
Rawle & Henderson, LLC
One South Penn Square
1339 Chestnut Street
Philadelphia, PA 19107

Howard D. Scher
Buchanan Ingersoll, P.C.
Eleven Penn Center, 14th Floor
1835 Market Street
Philadelphia, PA 19103

Eugene A. Schoon
Sidley Austin, LLP
One South Dearborn Street
Chicago, IL 60603

Madeline M. Sherry
Gibbons, Del Deo, Dolan, Griffinger
& Vecchione
1700 Two Logan Square
18th & Arch Streets
Philadelphia, PA 19103

Jane F. Thorpe
Alston & Bird, LLP
One Atlantic Center
1201 W. Peachtree Street
Atlanta, GA 30309

John T. Toner
Seyfarth Shaw LLP
815 Connecticut Avenue, N.W.
Suite 500
Washington, DC 20006

James P. Ulwick
Kramon & Graham, P.A.
Commerce Place
One South Street
Suite 2600
Baltimore, MD 21202

R. David Walk, Jr.
Dechert LLP
Cia Centre
2929 Arch Street
Philadelphia, PA 19104

Harold M. Walter
Tydings & Rosenberg, LLP
100 East Pratt Street
Suite 2600
Baltimore, MD 21202

Craig E. Ziegler
Montgomery, McCracken, Walker
& Rhoads
The Fidelity Building
123 South Broad Street
Philadelphia, PA 19109-1030