IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| IN RE WIRELESS TELEPHONE RADIO FREQUENCY EMISSIONS PRODUCTS LIABILITY LITIGATION | * | |
| | * | MDL No. 1421 |
| THIS DOCUMENT RELATES TO: | * | Civil Action No. 01-MD-1421 |
| *Farina v. Nokia Inc., et al., (E.D. Pa.)*, CCB-01-3261 and CCB-06-1577 | * | |
| *Louther v. AT&T Corp., (M.D. Fla.)*, CCB-03-3229 | | |

**MEMORANDUM**

Once again this court must consider whether to file a Suggestion of Remand with the MDL Panel as to cellphone litigation originally transferred to this District in November 2001 for coordinated or consolidated pretrial proceedings. Assuming familiarity with the earlier opinions in this case, and particularly my Suggestion of Remand issued February 15, 2006, I will state a brief chronology of the events since then and my reasons for recommending to the Panel that the remaining cases be remanded, for good cause, to the transferor courts.

In February 2006 the two cases remaining before me, as to which federal diversity jurisdiction was established, were *Naquin*, a nation-wide class action that had been removed to the Eastern District of Louisiana, and *Louther*, a single-plaintiff suit removed to the Middle District of Florida.[1] Within days after my Suggestion of Remand as to those two cases was filed with the Panel, however, two previously remanded state-wide class actions (*Pinney* in Maryland and *Farina* in Pennsylvania) were removed to federal court by a newly-added defendant on the basis of CAFA jurisdiction.[2] Believing that, if *Pinney* and *Farina* were properly removed, the

---

[1]*Brower*, a California state-wide class action, was remanded to state court in February 2006 for lack of federal jurisdiction.

[2]Class Action Fairness Act, 28 U.S.C. §§ 1332, 1453, 1711-15.

pendency of three similar class actions might well warrant continuation of MDL proceedings in this District, I withdrew the Suggestion of Remand and on March 13, 2006 the Panel vacated its conditional order transferring back the *Naquin* and *Louther* cases. *Farina* was transferred to this District on June 15, 2006.

Before briefing and oral argument could be heard on the parties' motions to remand and to dismiss, however, both *Naquin* and *Pinney* were voluntarily dismissed by the plaintiffs.[3] Thus the only cases pending are *Farina* and *Louther*, which present significantly different issues. In *Louther* the plaintiff claims that use of an AT&T model 3810 cell phone from 1995 to 1998 caused or aggravated a brain tumor which in turn caused the death of James Louther in 2001. *Louther* relies on the Florida Wrongful Death statute in seeking monetary damages. In *Farina,* brought entirely under Pennsylvania law, the state-wide class is limited to those who have purchased or leased cell phones but have not been diagnosed with any illness or injury resulting from their use. The class sues multiple cell phone sellers and manufacturers, as well as two national trade associations, to require the provision of headsets to reduce the risk of adverse biological effects from radio frequency emissions.[4] Common law and statutory claims are asserted for conspiracy, breach of warranty, and unfair trade practices.

In *Farina*, motions to dismiss the Pennsylvania state law claims have been fully briefed. Those motions are not applicable to the claims in *Louther*. Little or no class or merits discovery

---

[3] *Pinney* was dismissed on April 6, 2006; *Naquin* was dismissed on November 6, 2006. The dismissals are without prejudice but with the stipulation that, if refiled, they will be filed in federal court. Plaintiffs' counsel stated at the hearing that "there is no intention to refile those cases." (Remand Hr'g Tr. 37, April 25, 2007.)

[4] The third amended complaint also contains a paragraph alleging that the use of a cell phone without a headset increases the risk of injury while operating a motor vehicle. (¶ 114.)

has begun in either case, and discovery will be much broader in *Farina*, if it proceeds. Admittedly there will be some overlap as to the scientific evidence supporting the plaintiffs' claims of health risk resulting from exposure to RF emissions. Issues of specific causation, however, will be unique to *Louther*. Further, the courts handling *Farina* and *Louther* will have the ability to coordinate the discovery of scientific evidence and any necessary *Daubert* hearings, if they see fit. *See* Manual for Complex Litigation (Fourth) § 20.14 (2004).

Upon careful consideration, and particularly in light of the different case-specific work to be done in these matters, I am not persuaded that whatever expertise I have accumulated in regard to this litigation warrants the continuation of MDL proceedings in this District. *See In re Evergreen Valley Project Litig.*, 435 F. Supp. 923, 924 (J.P.M.L. 1977); *In re Multidistrict Civil Actions Involving the Air Crash Disaster near Dayton, OH*, 386 F. Supp. 908, 909 (J.P.M.L. 1975). That "expertise" does not, of course, extend to Pennsylvania or Florida state law, and the scientific evidence I considered in a prior case, *see Newman v. Motorola, Inc.*, 218 F. Supp. 2d 769 (D. Md. 2002), would in any event require updating given the passage of several years. Accordingly, it is appropriate for me to grant the plaintiffs' joint motion (docket entry no. 173) and suggest to the MDL Panel that the *Farina* and *Louther* cases be remanded, for good cause, to the transferor courts. *See* J.P.M.L.R.P. 7.6(c)(ii).[5]

---

[5] If the Panel accepts this suggestion, presumably Judge John Padova in the Eastern District of Pennsylvania will receive the *Farina* case and should have the opportunity to make his own decision on CAFA jurisdiction and the motion to remand *Farina* to state court. The transcript of the April 25, 2007 hearing will be available if he finds it helpful to review. Nor will I rule on the defendants' motions to dismiss, or their motion to refer questions to the FCC.

A separate Suggestion of Remand follows.

|  |  |
|---|---|
|   May 15, 2007   |   /s/   |
| Date | Catherine C. Blake |
|  | United States District Judge |